Kelly W. Cunningham, Esq., No. 186,229
    *kcunningham@cislo.com*
C. Wook Pak, Esq., No. 244,780
    *wpak@cislo.com*
CISLO & THOMAS LLP
12100 Wilshire Boulevard, Suite 1700
Los Angeles, California 90025
Telephone: (310) 451-0647
Telefax: (310) 394-4477

Attorneys for Defendants
AMP Plus, Inc. d/b/a ELCO Lighting
and ELCO Lighting, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMF, Inc., a California corporation,<br><br>      Plaintiff,<br><br>      vs.<br><br>AMP Plus, Inc. d/b/a ELCO Lighting, a California corporation;<br><br>ELCO Lighting Inc., a California corporation,<br><br>      Defendants.<br>──────────────────<br>AMP Plus, Inc. d/b/a ELCO Lighting, a California corporation;<br><br>      Counterclaimant,<br><br>      vs.<br><br>DMF, Inc., a California corporation,<br><br>      Counter-Defendant. | Case No.  2:18-CV-07090 CAS (GJSx)<br><br>**DEFENDANT AMP PLUS, INC. d/b/a ELCO LIGHTING'S ANSWER TO DMF, INC.'S COMPLAINT AND COUNTERCLAIMS** |

      Defendants AMP Plus, Inc. d/b/a ELCO Lighting and ELCO Lighting, Inc. (collectively, "ELCO") hereby answer Plaintiff DMF, Inc.'s ("DMF") complaint as follows:

## I.    PARTIES

1.    ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1, and on this basis, denies these allegations.

2.    ELCO admits the allegations of paragraph 2.

3.    ELCO Lighting, Inc. is not conducting any business and, on this basis, ELCO denies the allegations of paragraph 3.

4.    ELCO admits the allegations of paragraph 4.

## II.    JURISDICTION AND VENUE

5.    ELCO admits the allegations of paragraph 5.

6.    ELCO admits that this Court has personal jurisdiction over ELCO. ELCO denies all other allegations of paragraph 6.

7.    ELCO admits that venue is proper in this District as alleged.  ELCO denies all other allegations of paragraph 7.

## III.    BACKGROUND

8.    ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, and on this basis, denies these allegations.

9.    ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9, and on this basis, denies these allegations.

10.    ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, and on this basis, denies these allegations.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

### A. DMF's LED Lighting System

11.    ELCO agrees that heat generated by an LED lighting system may affect the system's long-term reliability.  ELCO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11, and on this basis, denies these remaining allegations.

12.    ELCO agrees with the statements in paragraph 12.

13.    ELCO agrees that conventional recessed lighting may or may not include a can.

14.    ELCO disagrees with the statement in paragraph 14 that firebox installation requires "significant" time, labor, and costs.

15.    ELCO agrees that lighting fixture options and placement may or may not vary.

### 1. Michael D. Danesh Alleged Contribution

16.    ELCO denies the allegations of paragraph 16.

17.    ELCO denies the allegations of paragraph 17.

18.    ELCO agrees that recessed lighting systems may have a decorative trim to cover the ceiling hole in which the light fixture is installed, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18, and on this basis, denies these remaining allegations.

19.    ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, and on this basis, denies these allegations.

## 2.   U.S. Patent No. 9,964,266 -- the '266 patent

20.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20, and on this basis, denies these allegations.

21.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, and on this basis, denies these allegations.

22.   ELCO admits the allegations of paragraph 22.

23.   ELCO admits the allegations of paragraph 23.

24.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and on this basis, denies these allegations.

25.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, and on this basis, denies these allegations.

26.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and on this basis, denies these allegations.

27.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, and on this basis, denies these allegations.

## B.   DMF's Products

28.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28, and on this basis, denies these allegations.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

1      29.    ELCO lacks knowledge or information sufficient to form a belief about

2  the truth of the allegations in paragraph 29, and on this basis, denies these

3  allegations.

4      30.    ELCO lacks knowledge or information sufficient to form a belief about

5  the truth of the allegations in paragraph 30, and on this basis, denies these

6  allegations.

7      31.    ELCO lacks knowledge or information sufficient to form a belief about

8  the truth of the allegations in paragraph 31, and on this basis, denies these

9  allegations.

10     32.    ELCO lacks knowledge or information sufficient to form a belief about

11 the truth of the allegations in paragraph 32, and on this basis, denies these

12 allegations.

13     33.    ELCO lacks knowledge or information sufficient to form a belief about

14 the truth of the allegations in paragraph 33, and on this basis, denies these

15 allegations.

16

17 **C.**    **Lighting Industry**

18     34.    ELCO lacks knowledge or information sufficient to form a belief about

19 the truth of the allegations in paragraph 34, and on this basis, denies these

20 allegations.

21     35.    ELCO lacks knowledge or information sufficient to form a belief about

22 the truth of the allegations in paragraph 35, and on this basis, denies these

23 allegations.

24     36.    ELCO lacks knowledge or information sufficient to form a belief about

25 the truth of the allegations in paragraph 36, and on this basis, denies these

26 allegations.

27

28

37.    ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37, and on this basis, denies these allegations.

38.    ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38, and on this basis, denies these allegations.

39.    ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39, and on this basis, denies these allegations.

### D.    ELCO Does Not Knock-Off DMF Products

40.    ELCO denies the allegations of paragraph 40.

41.    ELCO denies the allegations of paragraph 41.

42.    ELCO denies the allegations of paragraph 42.

43.    ELCO denies the allegations of paragraph 43.

44.    ELCO denies the allegations of paragraph 44.

45.    ELCO denies the allegations of paragraph 45.

46.    ELCO denies the allegations of paragraph 46.

47.    ELCO denies the allegations of paragraph 47.

48.    ELCO agrees it directly competes against DMF; ELCO denies the remaining allegations of paragraph 48.

49.    ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49, and on this basis, denies these allegations.

50.    ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50, and on this basis, denies these allegations.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

51. The allegations in paragraph 51 are vague and indeterminate. As a result, ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51, and on this basis, denies these allegations.

52. ELCO admits that it, like any member of the public, had constructive access to DMF's patent application once the Patent Office had published it and, on this basis, agrees with the statements in paragraph 52.

53. ELCO admits that it, like any member of the public, had constructive access to DMF's published patent, but denies the remaining statements in paragraph 53.

54. ELCO denies the allegations of paragraph 54.

55. ELCO denies the allegations of paragraph 55.

56. ELCO denies the allegations of paragraph 56.

57. ELCO agrees that, on August 10, 2018, Mr. Brandon Cohen acknowledged that he had received the Cease & Desist Letter.

## 1. DMF's DRD2 LED Module

58. ELCO denies the allegations of paragraph 58.

59. ELCO admits the allegations of paragraph 59.

60. ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60, and on this basis, denies these allegations.

61. ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61, and on this basis, denies these allegations.

62. ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62, and on this basis, denies these allegations.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

63.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63, and on this basis, denies these allegations.

64.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64, and on this basis, denies these allegations.

65.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65, and on this basis, denies these allegations.

66.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66, and on this basis, denies these allegations.

67.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67, and on this basis, denies these allegations.

68.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68, and on this basis, denies these allegations.

69.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69, and on this basis, denies these allegations.

70.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70, and on this basis, denies these allegations.

71.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71, and on this basis, denies these allegations.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

72. ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72, and on this basis, denies these allegations.

73. ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73, and on this basis, denies these allegations.

74. ELCO denies the allegations of paragraph 74.

75. ELCO admits the allegations of paragraph 75.

76. ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76, and on this basis, denies these allegations.

77. ELCO agrees that its marketing materials promote the benefits of the ELCO ELL LED Module as including its versatile design and convenient twist-lock attachment of an assortment of trim options, but denies the remaining allegations of paragraph 77.

### 2.   DMF's Modular Trims

78. ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78, and on this basis, denies these allegations.

79. ELCO denies the allegations of paragraph 79.

80. ELCO agrees that it sells ELCO Trims to be used with ELCO ELL LED Modules and instructs customers how to install the trims.

81. ELCO agrees with the statements of paragraph 81.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

### 3. DMF's Hanger Junction Box

82. ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82, and on this basis, denies these allegations.

83. Exhibit 19 and Exhibit 20 appear to be as described in paragraph 83, but ELCO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 83, and on this basis, denies these remaining allegations.

84. ELCO admits the allegations of paragraph 84.

85. ELCO admits the allegations of paragraph 85.

86. ELCO admits the allegations of paragraph 86.

87. ELCO denies the allegations of paragraph 87.

88. ELCO admits the allegations of paragraph 88.

### 4. DMF's Products

89. ELCO denies the allegations of paragraph 89.

90. ELCO denies the allegations of paragraph 90.

91. ELCO denies the allegations of paragraph 91.

### 5. No Irreparable Harm

92. ELCO denies the allegations of paragraph 92.

93. ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93, and on this basis, denies these allegations.

94. ELCO denies the allegations of paragraph 94.

95. ELCO denies the allegations of paragraph 95.

96. ELCO denies the allegations of paragraph 96.

97. ELCO denies the allegations of paragraph 97.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

98.   ELCO denies the allegations of paragraph 98.

99.   ELCO denies the allegations of paragraph 99.

### 6.   ELCO Does Not Use a Confusingly Similar Trademark

100.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100, and on this basis, denies these allegations.

101.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101, and on this basis, denies these allegations.

102.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102, and on this basis, denies these allegations.

103.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103, and on this basis, denies these allegations.

104.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104, and on this basis, denies these allegations.

105.   ELCO markets a line of trim products under the trademark UNO™; ELCO denies the remaining allegations of paragraph 105.

106.   ELCO owns and operates the website, elcolighting.com, and markets a line of trim products under the trademark UNO™; ELCO denies the remaining allegations of paragraph 106.

107.   ELCO denies the allegations of paragraph 107.

108.   ELCO denies the allegations of paragraph 108.

109.   ELCO denies the allegations of paragraph 109.

110.   ELCO denies the allegations of paragraph 110.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

111.   ELCO denies the allegations of paragraph 111.

### 7.      ELCO Products

112.   ELCO denies that its products infringe the DMF patents.

113.   ELCO denies the allegations of paragraph 113.

114.   ELCO denies the allegations of paragraph 114.

115.   ELCO denies the allegations of paragraph 115.

116.   ELCO denies the allegations of paragraph 116.

## IV.    COUNT I – INFRINGEMENT OF THE '266 PATENT

117.   ELCO incorporates by reference paragraphs 1 through 116 above.

118.   ELCO denies the allegations of paragraph 118.

### A.      No 35 U.S.C. § 271(a) Direct Infringement

119.   ELCO denies the allegations of paragraph 119.

120.   ELCO denies the allegations of paragraph 120.

121.   ELCO denies the allegations of paragraph 121.

### B.      No 35 U.S.C. § 271(b) Induced Infringement

122.   ELCO denies the allegations of paragraph 122.

123.   ELCO denies the allegations of paragraph 123.

124.   ELCO denies the allegations of paragraph 124.

125.   ELCO denies the allegations of paragraph 125.

126.   ELCO denies the allegations of paragraph 126.

### C.      No 35 U.S.C. § 271(c) Contributory Infringement

127.   ELCO denies the allegations of paragraph 127.

128.   ELCO denies the allegations of paragraph 128.

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

129.  ELCO denies the allegations of paragraph 129.

130.  ELCO denies the allegations of paragraph 130.

131.  ELCO denies the allegations of paragraph 131.

132.  ELCO denies the allegations of paragraph 132.

**D.  No 35 U.S.C. § 284 Damages**

133.  ELCO denies the allegations of paragraph 133.

**E.  No 35 U.S.C. § 284 Willful Infringement**

134.  ELCO denies the allegations of paragraph 134.

135.  ELCO denies the allegations of paragraph 135.

136.  ELCO denies the allegations of paragraph 136.

137.  ELCO denies the allegations of paragraph 137.

138.  ELCO denies the allegations of paragraph 138.

139.  ELCO denies the allegations of paragraph 139.

**F.  No Injunctive Relief**

140.  ELCO denies the allegations of paragraph 140.

141.  ELCO denies the allegations of paragraph 141.

142.  ELCO denies the allegations of paragraph 142.

143.  ELCO denies the allegations of paragraph 143.

144.  ELCO denies the allegations of paragraph 144.

**V.  COUNT II – ALLEGING TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (UNDER 15 U.S.C. §§ 1114 AND 1125(A))**

145.  ELCO incorporates by reference paragraphs 1 through 144 above.

146.  ELCO denies the allegations of paragraph 146.

147.  ELCO denies the allegations of paragraph 147.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

148.   ELCO denies the allegations of paragraph 148.

149.   ELCO denies the allegations of paragraph 149.

150.   ELCO denies the allegations of paragraph 150.

151.   ELCO denies the allegations of paragraph 151.

152.   ELCO denies the allegations of paragraph 152.

153.   ELCO denies the allegations of paragraph 153.

154.   ELCO denies the allegations of paragraph 154.

155.   ELCO denies the allegations of paragraph 155.

156.   ELCO denies the allegations of paragraph 156.

157.   ELCO denies the allegations of paragraph 157.

## VI.   COUNT II [*sic*] – ALLEGING TRADEMARK INFRINGEMENT (UNDER CALIFORNIA LAW)

158.   ELCO incorporates by reference paragraphs 1 through 157 above.

159.   ELCO denies the allegations of paragraph 159.

160.   ELCO denies the allegations of paragraph 160.

161.   ELCO denies the allegations of paragraph 161.

162.   ELCO denies the allegations of paragraph 162.

163.   ELCO denies the allegations of paragraph 163.

164.   ELCO denies the allegations of paragraph 164.

165.   ELCO denies the allegations of paragraph 165.

166.   ELCO denies the allegations of paragraph 166.

167.   ELCO denies the allegations of paragraph 167.

168.   ELCO denies the allegations of paragraph 168.

169.   ELCO denies the allegations of paragraph 169.

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

## VII.    COUNT V [*sic*] – ALLEGING VIOLATIONS OF CAL. BUS. & PROF. CODE §17200 AND COMMON LAW UNFAIR COMPETITION

170.    ELCO incorporates by reference paragraphs 1 through 169 above.

171.    ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 171, and on this basis, denies these allegations.

172.    ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 172, and on this basis, denies these allegations.

173.    ELCO denies the allegations of paragraph 173.

174.    ELCO denies the allegations of paragraph 174.

175.    ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 175, and on this basis, denies these allegations.

176.    ELCO denies the allegations of paragraph 176.

177.    ELCO denies the allegations of paragraph 177.

178.    ELCO denies the allegations of paragraph 178.

179.    ELCO denies the allegations of paragraph 179.

180.    ELCO denies the allegations of paragraph 180.

181.    ELCO denies the allegations of paragraph 181.

## VIII.    ELCO'S ADDITIONAL DEFENSES

1.    DMF's Complaint, and each claim for relief therein, fails to state a claim upon which relief may be granted.

2.    ELCO does not infringe and has not infringed the '266 patent, either directly (35 U.S.C. § 271(a)), contributorily (35 U.S.C. § 271(c)), or by active inducement (35 U.S.C. § 271(b)).

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

3.     The asserted '266 patent is invalid on the grounds of anticipation by known prior art references under 35 U.S.C. Section 102, including as a result of at least U.S. Patent No. 9,222,661; U.S. Patent No. 9,217,560; U.S. Patent Application No. 11/949,185; U.S. Patent Application No. 13/915,868; Imtra Corporation's PowerLED; ELCO's E247 LED module; and Cree's LMH2 LED module, as discussed below and incorporated here by this reference.

4.     The asserted '266 patent is invalid on the grounds of obviousness in view of the combined teaching and suggestions of the prior art under 35 U.S.C. Section 103, including as a result of U.S. Patent Nos. 9,222,661; 9,217,560; 7,566,154; 7,488,097; 9,371,966; 9,285,103; 8,602,601; 9,068,719; 2,038,784; 3,422,261; 6,600,175; 6,515,313; 6,657,236; 6,958,497; 6,906,352; 7,692,182; 7,335,920; 7,446,345; 7,211,833; 7,704,763; 7,213,940; 7,769,192; 7,312,474; 8,659,034; U.S. Patent Application Nos. 11/949,185; 13/915,868; and 10/831,941; China Patent Application No. CN202733693U; Japan Patent Application No. JP2007265961A; Canada Patent Publication No. CA2815067; China Patent Publication No. CN201259125; Imtra Corporation's PowerLED; ELCO's E247 LED module; Lithonia Lighting LED Versi Lite; and Cree's LMH2 LED module, as discussed below and incorporated here by this reference.

5.     The asserted '266 patent is unenforceable on the grounds of inequitable conduct before the United States Patent and Trademark Office, including intentionally hiding and failing to disclose specific known prior art references during prosecution of the patent, including at least the Cree LMH2 module, as well as one or more of the other prior art references listed above in paragraph 4 and incorporated here by this reference.

6.     ELCO does not infringe and has not infringed any of DMF's trademark rights.

7.     ELCO has not committed any acts of unfair competition.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

8.     ELCO has, at all times, acted in good faith within the privileges of free competition.

9.     DMF is barred by unclean hands.

10.    DMF suffered no loss or damages arising from the alleged claims against ELCO.

11.    DMF is not entitled to recover any damages due to a lack of causation.

12.    DMF is barred from recovering damages because any damages possibly available in connection with this action are speculative and uncertain.

13.    DMF is not entitled to recover damages due to its failure to mitigate.

///

///

///

///

///

///

///

17

## IX.    PRAYER FOR RELIEF

WHEREFORE, ELCO prays that this Court enter judgment denying all relief sought by DMF.


Respectfully submitted,

CISLO & THOMAS LLP


Dated:  October 9, 2018            by:      /s/Kelly W. Cunningham
Kelly W. Cunningham, Esq.
C. Wook Pak, Esq.

Attorneys for Defendants
AMP Plus, Inc. d/b/a ELCO Lighting and
ELCO Lighting, Inc.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647      FACSIMILE: (310) 394-4477

## X.   ELCO'S COUNTERCLAIMS

Defendant and Counterclaimant AMP Plus, Inc. d/b/a ELCO Lighting ("ELCO") hereby assert the following counterclaims against Plaintiff and Counterclaim-Defendant DMF, Inc. ("DMF").

### A.   JURISDICTION

1.   These counterclaims seek, among other claims, declaratory judgments of non-infringement and invalidity of the '266 patent and non-infringement of DMF's alleged trademark rights.  This Court has jurisdiction over such declaratory judgment actions pursuant to the Federal Declaratory Judgments statutes, 28 U.S.C. §§ 2201 and 2202.  This Court has jurisdiction over the subject matter of the same pursuant to 28 U.S.C. §§ 1331 and 1338(a) because questions of patent and trademark rights are federal questions arising out of the Acts of Congress, namely, Titles 15 and 35 of the United States Code.  This Court has jurisdiction over the remaining subject matter  pursuant to 28 U.S.C. §§ 1338(b) and 1367 as supplemental

2.   These counterclaims also seek remedies for, among other claims, unfair competition, attempted inducement of breach of contract, intentional interference with contract, and intentional interference with prospective economic advantage.  This Court has jurisdiction over such subject matter pursuant to 28 U.S.C. §§ 1338(b) and 1367 because such matters are joined with the afore-mentioned patent non-infringement and invalidity claims and form part of the same case and controversy under Article III of the U.S. Constitution.

3.   DMF is subject to personal jurisdiction in this judicial district and venue is proper as to DMF by virtue of its submitting to the jurisdiction and venue of this Court by virtue of filing the present direct action in this Court.  In addition, personal jurisdiction and venue are proper in this judicial district because DMF admits that it has a principal place of business in this judicial district.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

## B.    FACTUAL BACKGROUND

4.    ELCO has been in the lighting business for over twenty-five (25) years and has become a trusted name in lighting fixtures throughout the country.  ELCO was founded on the philosophy that high quality lighting products should be sold at a fair market price.  Both customers and competitors alike see ELCO as a leader in luminaire manufacturing. ELCO maintains many electrical engineers on site, and ELCO has become a pioneer in the world of illumination.

5.    ELCO's commitment to this philosophy and dedication to exceptional customer service serve as the very soul of the company. ELCO takes pride in its perpetual commitment to such standards that enable it to continually prosper in a highly competitive and unpredictable industry.

6.    ELCO's several LED product lines include recessed, track, undercabinet, outdoor and emergency lighting.  ELCO stands behind every product it makes -- no exceptions.

## C.    COUNT I -- DECLARATORY JUDGMENT OF INVALIDITY OF THE '266 PATENT

7.    ELCO repeats and incorporates its paragraphs 1 through 6.

8.    DMF alleges in its Complaint that ELCO has infringed DMF's U.S. Patent No. 9,964,266 ("the '266 patent").

9.    ELCO denies that it has in any way infringed the '266 patent or that the '266 patent was correctly and appropriately granted.

10.    As such, an actual and justiciable controversy therefore exists between DMF and ELCO with respect to the validity of the '266 patent.

11.    The '266 patent and some or all of its claims are invalid on the grounds that the subject matter sought to be patented therein fails to comply with the conditions and requirements for patentability set forth in Title 35, United States

1  Code, including, but not limited to, the provisions of 35 U.S.C. Sections 102 and/or

2  103.

3         12.    Each and every limitation of the asserted claims of the '266 patent is

4  taught in prior art references, including, but not limited to, U.S. Patent No.

5  9,222,661; U.S. Patent No. 9,217,560; U.S. Patent Application No. 11/949,185;

6  U.S. Patent Application No. 13/915,868; Imtra Corporation's PowerLED units;

7  ELCO's E247 LED module; and Cree's LMH2 LED modules.

8         13.    The claims of the '266 patent, including claims asserted as being

9  infringed, are rendered obvious by the combined teaching and suggestion of the

10  prior art, including U.S. Patent Nos. 9,222,661; 9,217,560; 7,566,154; 7,488,097;

11  9,371,966; 9,285,103; 8,602,601; 9,068,719; 2,038,784; 3,422,261; 6,600,175;

12  6,515,313; 6,657,236; 6,958,497; 6,906,352; 7,692,182; 7,335,920; 7,446,345;

13  7,211,833; 7,704,763; 7,213,940; 7,769,192; 7,312,474; 8,659,034; U.S. Patent

14  Application Nos. 11/949,185; 13/915,868; and 10/831,941; China Patent

15  Application No. CN202733693U; Japan Patent Application No. JP2007265961A;

16  Canada Patent Publication No. CA2815067; China Patent Publication No.

17  CN201259125; Imtra Corporation's PowerLED; ELCO's E247 LED module;

18  Lithonia Lighting LED Versi Lite; and Cree's LMH2 LED module.

19         14.    The patent claims of the '266 patent recite an LED light source that

20  emits light during operation of the LED module and that LED light source receives

21  regulated power from a donut shaped driver.  These claim limitations, however,

22  recite nothing that is not already in this prior art.

23

24         **1.    The Imtra PowerLED Module**

25         15.    For example, but not exclusively so, ELCO attaches as Exhibit 1 a true

26  and correct copy of pages from a 2012 product catalog from Imtra Corporation, as

27  saved and maintained by archive.org.  The catalog discloses the configuration of an

28  Imtra PowerLED as of at least 2012, which includes an LED light source that emits

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

light during operation of the LED module receiving power from a donut shaped driver ("integrated driver electronics featuring constant current control of LED's"). ELCO attaches as Exhibit 2 a claims chart showing the invalidity of representative claim 1 of the '266 patent in view of this prior art. (ELCO reserves its rights to raise other arguments and defenses, this being only exemplary for purposes of this notice pleading.)

16.     The '266 patent claims recite "a unified casting with a heat conducting closed rear face, a heat conducting sidewall and an open front face wherein the heat conducting sidewall is joined to the heat conducting closed rear face at one end and defines the open front face of the unified casting at another end[.]"  These claim limitations, likewise, recite nothing that is not already in the prior art.

17.     The catalog discloses a module with heat conducting aluminum casting ("Anodized, die-cast aluminum heat-sink housing") with a closed rear face, an open front face, and a cylindrical sidewall there between.  Additionally, the casting has heat-sink fins on the sidewall and rear wall.

18.     Next, the '266 patent claims recite "a reflector positioned inside the first cavity of the unified casting and coupled to and surrounding the light source module such that the reflector directs light produced by the light source module into an area surrounding the compact recessed lighting system while enclosing the driver from exposure to the area surrounding the compact recessed lighting system[.]" Again, nothing new.

19.     The catalog discloses a reflector that, during operation of the LED Module, reflects light emitted from the LED light source out of the open end of the aluminum casting ("highly reflective, plated aluminum reflector for superior optical efficiency") through a lens at the open end of the aluminum casting ("frosted glass lens for glare free illumination").

20.     Next, the claims recite that "the light source module and the driver are positioned inside the first cavity while being coupled to the heat conducting closed

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647      FACSIMILE: (310) 394-4477

1    rear face of the unified casting such that the light source module is closer to the
2    closed rear face of the unified casting than the open front face of the unified
3    casting[.]"  These limitations can also be found in the prior art.

4          21.    The catalog discloses an LED light source, driver, and reflector that are
5    positioned within the aluminum casting. The LED light source is positioned closer
6    to the rear end of the aluminum casting than the open front end of the casting. The
7    lens helps shield the LED light source from outside contamination, such as when
8    the LED Module is being handled for installation or afterwards, while allowing
9    light from the LED light source to pass through the lens during operation of the
10   LED Module ("frosted glass lens for glare free illumination").

11         22.    Next, the '266 patent claims recite that there is a "driver including an
12   electronic device to at least one of supply and regulate electrical energy to the light
13   source module[.]"  This was also common before the '266 patent was filed.

14         23.    Additionally, certain Imtra LED products disclose dimensions such as
15   these.  For example, the Portland Bi-Color LED discloses an aluminum casting
16   module that is sized so that it can fit within a junction box that is 3-1/2 inches wide
17   and 1-1/2 inches deep ("Trim Ring Diameter 3.43 inches and Recessed Depth of
18   0.92 inches"). The width of the closed rear end of the aluminum casting is less than
19   3-1/2 inches.  The height from the outside of the closed rear end to the outside of
20   the open end of the casting is less than 2 inches.  The outside width of the
21   aluminum casting's sidewall between the closed rear end and rim at the open front
22   end of the casting is less than 3-1/2 inches wide.

23

24              **2.    U.S. Patent No. 9,222,661**

25         24.    U.S. Patent No. 9,222,661 discloses a unified casting (housing 100), a
26   light source (400), which is closer to rear wall than the front wall (*see*, Figures 5-6),
27   a driver (500), and a reflector (300), and the reflector encloses the driver (*see*,
28   Figure 5). ELCO attaches as Exhibit 3 a true and correct copy of the '661 patent and

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

1   as Exhibit 4 a claims chart showing how U.S. Patent No. 9,222,661 anticipates the

2   '266 patent.

3

### 3.   The CREE LMH2 LED Module

25.   Furthermore, at least as early as 2012, Mouser Electronics was selling a CREE LMH2 LED Module disclosing electrical wires passing through the closed rear face of the aluminum casting for supplying electrical energy to the driver (labeled as "strain relief" in reference to the LMH2 Assembly).  ELCO attaches as Exhibit 5 a true and correct copy of pages from the Mouser Electronics website, as saved and maintained by archive.org, and attaches as Exhibit 6 a claims chart showing the invalidity of representative claim 1 of the '266 patent in view of this prior art.

26.   Wires that have a connector at one end that, during installation of the LED Module in a building, can be plugged into a corresponding connector of other wires that receive electrical energy, such as 120-volt electrical energy supplied in the building in which the LED module is installed, can be found generally on the archived Mouser Electronics webpages.

27.   Next, the claims of the '266 patent recite that the "unified casting includes a plurality of elements positioned proximate to the open front face so as to align with corresponding tabs of a standard junction box and thereby facilitate holding the unified casting up against the standard junction box when the unified casting is installed in the standard junction box[.]"  Once again, this limitation is in this prior art.

### 4.   The ELCO E247 LED Module

28.   Likewise, well before the priority date of the '266 patent, ELCO itself was selling the E247, which discloses the elements of representative claim 1 of the

'266 patent.  ELCO attaches as Exhibit 7 a claims chart showing the invalidity of representative claim 1 of the '266 patent in view of this prior art.

### 5.    The Lithonia LED Versi Lite

29.    In yet another product from 2012, the Lithonia LED Versi Lite (See, U.S. Design Patent No. D691,763 filed on December 13, 2012) discloses an LED module with an adaptor plate for aligning with tabs of a junction box to fasten the casting to the junction box, as included in Exhibits 2, 4, 6, and 7.

### 6.    U.S. Patent No. 9,217,560

30.    Similarly, U.S. Patent No. 9,217,560 discloses a unified casting (130), a light source (LED 102), which is closer to rear wall than the front wall (*see*, Figure 3), a driver (module 120), and a reflector (140), and the reflector encloses the driver (*see*, Figure 3).

### 7.    U.S. Patent Application No. 11/949,185

31.    U.S. Patent Application No. 11/949,185 discloses a unified casting (light case 2), a light source (LED 41), which is closer to rear wall than the front wall (*see*, Figures 3), a driver (light unit 4), and a reflector (reflector portion 53), and the reflector encloses the driver (*see*, Figure 3).

### 8.    U.S. Patent Application No. 13/915,868

32.    U.S. Patent Application No. 13/915,868 discloses a unified casting (*see*, Figure 1), a light source (light emitter 2), which is closer to rear wall than the front wall (*see*, Figure 1), a driver (lighting circuit unit 4), and a reflector (74), and the reflector encloses the driver (*see*, Figure 1).

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

33. Accordingly, there exists an actual justiciable controversy between DMF and ELCO concerning whether some or all of the claims of the '266 patent are invalid.

34. ELCO requests a judgment declaring that the '266 patent is invalid. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the '266 patent.

**D.      COUNT II -- DECLARATORY JUDGMENT THAT THE '266 PATENT IS UNENFORCEABLE**

35. ELCO repeats and incorporates its paragraphs 1 through 34.

36. As mentioned above, DMF alleges in its Complaint that ELCO has infringed the '266 patent, and ELCO alleges that DMF's '266 patent is unenforceable due to DMF's withholding one or more of the prior art references listed above, including, at a minimum, the LMH2.

37. As such, an actual and justiciable controversy therefore exists between DMF and ELCO with respect to the enforceability of the '266 patent.

38. Accordingly, there exists an actual justiciable controversy between DMF and ELCO concerning whether some or all of the claims of the '266 patent are invalid.

39. ELCO requests a judgment declaring that the '266 patent is unenforceable. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the unenforceability of the '266 patent.

**E.      COUNT III -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '266 PATENT**

40. ELCO repeats and incorporates its paragraphs 1 through 39.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

41.     As mentioned above, DMF alleges in its Complaint that ELCO has infringed the '266 patent, and ELCO denies that it has in any way infringed the '266 patent.

42.     As such, an actual and justiciable controversy therefore exists between DMF and ELCO with respect to DMF's allegations of infringement of the '266 patent.

43.     ELCO does not infringe, nor has it ever infringed, directly (35 U.S.C. § 271(a)), contributorily (35 U.S.C. § 271(c)), or by actively inducing others to infringe (35 U.S.C. § 271(b)) any valid claim of the '266 patent, either literally or under the doctrine of equivalents, willfully or otherwise because ELCO's products do not meet each and every limitation of the claims of the '266 patent.

44.     ELCO is informed and on this basis believes that the products DMF claims are covered by the '266 patent and authorized by it for sale have never been consistently and are current not marked with any patent notice.

45.     ELCO was not aware of the '266 patent until it eventually uncovered and reviewed the cease and desist letter from DMF's counsel in early- to mid-August 2018, since DMF had used wrong contact information.

46.     Accordingly, there exists an actual justiciable controversy between DMF and ELCO concerning whether any claims of the '266 patent are infringed by ELCO's products.

47.     ELCO requests a judgment declaring that ELCO does not infringe the '266 patent.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the '266 patent.

**F.     COUNT IV -- DECLARATORY JUDGMENT THAT ELCO DOES NOT INFRINGE ANY DMF TRADEMARK RIGHT**

48.     ELCO repeats and incorporates its paragraphs 1 through 48.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

49.     DMF, in its Complaint, contends that there is a likelihood of confusion and false association among the relevant public as a result of the coexistence of ELCO's use of UNO as its trademark for its lighting trims and DMF's use of ONEFRAME and ONELED.

50.     ELCO contends the opposite.   ELCO contends that there is no likelihood of confusion and no false association resulting from its use of UNO as its trademark for its trims.

51.     The DMF trademarks, ONEFRAME and ONELED, are not at all similar in sight or sound to ELCO's trademark, UNO.  Also, the term ONE is in thousands of trademarks.  ONE is probably the most used word, both descriptively and possibly, weakly, as a trademark in the history of marketing goods and services.

52.     Furthermore, the goods are not proximate – the DMF trademarks are purportedly for "junction boxes and wiring enclosures for use in connection with recessed lighting" and "LED luminaires, lighting fixtures, recessed lighting fixtures, recessed ceiling and wall lights; recessed lighting components, namely, light housings, trims, fittings, and wiring."  For its ONELED trademark, DMF also added "LED Lighting Modules."   ELCO, by contrast, is commercially using its mark, UNO, for a line of trim accessories specifically for use with its ELL LED modules. As a result, the marketing channels also are likely to not be particularly similar.

53.     DMF has not claimed any instances of actual confusion between ELCO's UNO mark and the DMF trademarks.   The degree of care likely to be exercised by the purchaser is sufficiently high to render confusion unlikely, considering they are most often professionals and contractors.   Additionally, electrical installation is not taken lightly by any customer or potential customer, due to the type of goods at issue here.  ELCO's reasons for selecting its UNO trademark for the trim accessories had nothing to do with DMF or any DMF trademark, and ELCO is not aware that DMF is intending to expand product lines into ELCO's trim accessories or the like.

54.     Accordingly, there exists an Article III judiciable case and controversy between DMF and ELCO concerning whether there is any likelihood of confusion or false association between ELCO's UNO trademark and DMF's use of ONEFRAME and One LED on its lighting products.

55.     ELCO requests a judgment declaring that ELCO does not, and has not, infringed the DMF trademarks.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the DMF trademarks.

### G.     COUNT V -- INDUCEMENT OF BREACH OF CONTRACT

56.     ELCO repeats and incorporates its paragraphs 1 through 55.

57.                                                      DMF has made several attempts to communicate with ELCO's customers, sales representatives, and manufacturers in a clear attempt to induce them to breach their contracts with ELCO.  ELCO attaches as Exhibit 8 a true and correct copy of DMF's counsel's improper correspondence dated September 13, 2018 to an ELCO sales representative.

58.     With several letters and other communications, like this Exhibit 7, to ELCO's customers, DMF intentionally attempted to cause said customers to breach their contracts with ELCO.

59.     ELCO attached as Exhibit 9 a true and correct example of such an actual contract between ELCO and one of its customers.  ELCO is informed, and on this basis, believes that DMF knew of these contracts and intended, with the aforesaid communications, to cause such customers to breach their contracts with ELCO.

60.     ELCO was harmed, and DMF's conduct was a substantial factor in causing ELCO's harm.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

**H.   COUNT VI -- INTENTIONAL INTERFERENCE WITH CONTRACT**

61.   ELCO repeats and incorporates its paragraphs 1 through 60.

62.   By sending the letters and other such communications, DMF's committed intentional acts designed to induce a breach or other disruption of the contractual relationship between ELCO and many of its customers.  (*See*, Exhibit 9).

63.   ELCO is informed, and based thereon, believe that Defendant's actions were intended to cause an actual breach or disruption of the contractual relationship between ELCO, and, as a result, ELCO was forced to make extraordinary efforts and to spend substantial resources to continue servicing such contracts.

64.   ELCO suffered damage as a direct and proximate result of DMF's interference with such contracts.  The damage suffered by ELCO includes, without limitation, the lost revenues that ELCO was forced to expend on countering such interference.

65.   DMF, in perpetrating their acts of interference, acted with malice in that they intentionally perpetrated the acts with the deliberate intent to harm ELCO and usurp and destroy its business.  Thus, an award of punitive damages is justified.

66.   Plaintiff ELCO is looking into whether DMF used improper means to surreptitiously acquire customer data to interfere with most or all of ELCO's customer contracts.

**I.   COUNT VII -- INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

67.   ELCO repeats and incorporates its paragraphs 1 through 66.

68.   DMF, by its communications with ELCO's customers and prospective customers, is intentionally interfering with ELCO's demonstrated economic advantage and standing within the medical industry.

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

69.     DMF's acts are willful and malicious and constitute intentional interference with prospective economic advantage under common law and under New Jersey state law.

70.     DMF's acts as described herein have caused ELCO to be damaged, and are causing irreparable and incalculable injury to its business reputation and goodwill.  DMF will continue to engage in such unlawful acts, unless and until restrained and enjoined by this Court.

## XI.     ELCO'S PRAYER FOR RELIEF

WHEREFORE, ELCO prays that this Court enter judgment:

1.     That ELCO's products do not infringe the '266 patent;

2.     That the '266 patent is invalid;

3.     That the '266 patent is unenforceable;

4.     That ELCO does not infringe DMF's ONEFRAME and ONELED trademarks;

5.     Permanently enjoining DMF and its officers, directors, agents, servants, attorneys, and employees, and all other persons acting in concert with them, from committing any further acts of intentional inducement to breach of contract, intentional interference with such contracts or with ELCO's prospective economic advantage;

///
///
///
///
///

6.     That DMF is not entitled to any damages arising from any of its foregoing claims; and

7.     That ELCO is entitled to such other and further legal and equitable relief as the Court may deem appropriate.

Respectfully submitted,

CISLO & THOMAS LLP

Dated:  October 9, 2018          by:     /s/Kelly W. Cunningham
                                           Kelly W. Cunningham, Esq.
                                           C. Wook Pak, Esq.

                                           Attorneys for Defendants
                                           AMP Plus, Inc. d/b/a ELCO Lighting and
                                           ELCO Lighting, Inc.

T:\18-37403\ELCO's answer to DMF's complaint and counterclaims.docx

## DEMAND FOR JURY TRIAL

Defendant AMP Plus, Inc., d/b/a ELCO Lighting hereby demands a trial by jury on all issues raised by the forgoing Answer so triable.

Respectfully submitted,

CISLO & THOMAS LLP

Dated:  October 9, 2018          by:      /s/Kelly W. Cunningham
                                        Kelly W. Cunningham, Esq.
                                        C. Wook Pak, Esq.

                                        Attorneys for Defendants
                                        AMP Plus, Inc. d/b/a ELCO Lighting and
                                        ELCO Lighting, Inc.

T:\18-37403\ELCO's answer to DMF's complaint and counterclaims.docx

## PROOF OF SERVICE

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action.  My business address is 12100 Wilshire Blvd., Suite 1700, Los Angeles, California 90025.

On Tuesday, October 9, 2018, I served the foregoing document, **DEFENDANT AMP PLUS, INC. d/b/a ELCO LIGHTING'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**

to be sent by the Court's ECF system to the following:

Ben Davidson, Esq.
Davidson Law Group, ALC
4500 Park Granada Blvd., Suite 202
Calabasas, California 91302
Email: ben@dlgla.com

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on Tuesday, October 9, 2018, at Los Angeles, California.


  /s/Christopher Eckart
Christopher Eckart