1   Kelly W. Cunningham, Esq., No. 186,229
        *kcunningham@cislo.com*
2   C. Wook Pak, Esq., No. 244,780
        *wpak@cislo.com*
3   CISLO & THOMAS LLP
    12100 Wilshire Boulevard, Suite 1700
4   Los Angeles, California 90025
    Telephone: (310) 451-0647
5   Telefax: (310) 394-4477

6   Attorneys for Defendants
    AMP Plus, Inc. d/b/a ELCO Lighting
7   and ELCO Lighting, Inc.

8

9                    **UNITED STATES DISTRICT COURT**

10                   **CENTRAL DISTRICT OF CALIFORNIA**

11

12   DMF, Inc., a California corporation,        )   Case No.  2:18-CV-07090 CAS (GJSx)
                                                  )
13                  Plaintiff,                    )
                                                  )   **DEFENDANT AMP PLUS, INC.**
14          vs.                                   )   **d/b/a ELCO LIGHTING'S**
                                                  )   **AMENDED ANSWER AND**
15   AMP Plus, Inc. d/b/a ELCO Lighting, a        )   **COUNTERCLAIMS**
     California corporation;                      )
16                                                )
     ELCO Lighting Inc., a California             )
17   corporation,                                 )
                                                  )
18                  Defendants.                   )
                                                  )
19  ─────────────────────────────────            )
     AMP Plus, Inc. d/b/a ELCO Lighting, a        )
20   California corporation;                      )
                                                  )
21                  Counterclaimant,              )
                                                  )
22          vs.                                   )
                                                  )
23   DMF, Inc., a California corporation,         )
                                                  )
24                  Counter-Defendant.            )
                                                  )
25  ─────────────────────────────────

26

27

28

Defendants AMP Plus, Inc. d/b/a ELCO Lighting and ELCO Lighting, Inc. (collectively, "ELCO") hereby amends its answer to Plaintiff DMF, Inc.'s ("DMF") complaint without prejudice to asserting any additional defenses in the future.

## I.   PARTIES

1.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1, and on this basis, denies these allegations.

2.   ELCO admits the allegations of paragraph 2.

3.   ELCO Lighting, Inc. is not conducting any business and, on this basis, ELCO denies the allegations of paragraph 3.

4.   ELCO admits the allegations of paragraph 4.

## II.   JURISDICTION AND VENUE

5.   ELCO admits the allegations of paragraph 5.

6.   ELCO admits that this Court has personal jurisdiction over ELCO. ELCO denies all other allegations of paragraph 6.

7.   ELCO admits that venue is proper in this District as alleged.  ELCO denies all other allegations of paragraph 7.

## III.   BACKGROUND

8.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, and on this basis, denies these allegations.

9.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9, and on this basis, denies these allegations.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647      FACSIMILE: (310) 394-4477

10.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, and on this basis, denies these allegations.

### A.     DMF's LED Lighting System

11.     ELCO agrees that heat generated by an LED lighting system may affect the system's long-term reliability.  ELCO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11, and on this basis, denies these remaining allegations.

12.     ELCO agrees with the statements in paragraph 12.

13.     ELCO agrees that conventional recessed lighting may or may not include a can.

14.     ELCO disagrees with the statement in paragraph 14 that firebox installation requires "significant" time, labor, and costs.

15.     ELCO agrees that lighting fixture options and placement may or may not vary.

### 1.     Michael D. Danesh Alleged Contribution

16.     ELCO denies the allegations of paragraph 16.

17.     ELCO denies the allegations of paragraph 17.

18.     ELCO agrees that recessed lighting systems may have a decorative trim to cover the ceiling hole in which the light fixture is installed, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18, and on this basis, denies these remaining allegations.

19.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, and on this basis, denies these allegations.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

**2.      U.S. Patent No. 9,964,266 -- the '266 patent**

20.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20, and on this basis, denies these allegations.

21.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, and on this basis, denies these allegations.

22.     ELCO admits the allegations of paragraph 22.

23.     ELCO admits the allegations of paragraph 23.

24.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and on this basis, denies these allegations.

25.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, and on this basis, denies these allegations.

26.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and on this basis, denies these allegations.

27.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, and on this basis, denies these allegations.


**B.      DMF's Products**

28.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28, and on this basis, denies these allegations.

29.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, and on this basis, denies these allegations.

30.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30, and on this basis, denies these allegations.

31.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31, and on this basis, denies these allegations.

32.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32, and on this basis, denies these allegations.

33.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33, and on this basis, denies these allegations.

## C.   Lighting Industry

34.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34, and on this basis, denies these allegations.

35.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35, and on this basis, denies these allegations.

36.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36, and on this basis, denies these allegations.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647      FACSIMILE: (310) 394-4477

37.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37, and on this basis, denies these allegations.

38.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38, and on this basis, denies these allegations.

39.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39, and on this basis, denies these allegations.

**D.     ELCO Does Not Knock-Off DMF Products**

40.   ELCO denies the allegations of paragraph 40.

41.   ELCO denies the allegations of paragraph 41.

42.   ELCO denies the allegations of paragraph 42.

43.   ELCO denies the allegations of paragraph 43.

44.   ELCO denies the allegations of paragraph 44.

45.   ELCO denies the allegations of paragraph 45.

46.   ELCO denies the allegations of paragraph 46.

47.   ELCO denies the allegations of paragraph 47.

48.   ELCO agrees it directly competes against DMF; ELCO denies the remaining allegations of paragraph 48.

49.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49, and on this basis, denies these allegations.

50.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50, and on this basis, denies these allegations.

51.     The allegations in paragraph 51 are vague and indeterminate.   As a result, ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51, and on this basis, denies these allegations.

52.     ELCO admits that it, like any member of the public, had constructive access to DMF's patent application once the Patent Office had published it and, on this basis, agrees with the statements in paragraph 52.

53.     ELCO admits that it, like any member of the public, had constructive access to DMF's published patent, but denies the remaining statements in paragraph 53.

54.     ELCO denies the allegations of paragraph 54.

55.     ELCO denies the allegations of paragraph 55.

56.     ELCO denies the allegations of paragraph 56.

57.     ELCO agrees that, on August 10, 2018, Mr. Brandon Cohen acknowledged that he had received the Cease & Desist Letter.

## 1.     DMF's DRD2 LED Module

58.     ELCO denies the allegations of paragraph 58.

59.     ELCO admits the allegations of paragraph 59.

60.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60, and on this basis, denies these allegations.

61.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61, and on this basis, denies these allegations.

62.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62, and on this basis, denies these allegations.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

63.  ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63, and on this basis, denies these allegations.

64.  ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64, and on this basis, denies these allegations.

65.  ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65, and on this basis, denies these allegations.

66.  ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66, and on this basis, denies these allegations.

67.  ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67, and on this basis, denies these allegations.

68.  ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68, and on this basis, denies these allegations.

69.  ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69, and on this basis, denies these allegations.

70.  ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70, and on this basis, denies these allegations.

71.  ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71, and on this basis, denies these allegations.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

72.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72, and on this basis, denies these allegations.

73.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73, and on this basis, denies these allegations.

74.     ELCO denies the allegations of paragraph 74.

75.     ELCO admits the allegations of paragraph 75.

76.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76, and on this basis, denies these allegations.

77.     ELCO agrees that its marketing materials promote the benefits of the ELCO ELL LED Module as including its versatile design and convenient twist-lock attachment of an assortment of trim options, but denies the remaining allegations of paragraph 77.

## 2.     DMF's Modular Trims

78.     ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78, and on this basis, denies these allegations.

79.     ELCO denies the allegations of paragraph 79.

80.     ELCO agrees that it sells ELCO Trims to be used with ELCO ELL LED Modules and instructs customers how to install the trims.

81.     ELCO agrees with the statements of paragraph 81.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

### 3. DMF's Hanger Junction Box

82.	ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82, and on this basis, denies these allegations.

83.	Exhibit 19 and Exhibit 20 appear to be as described in paragraph 83, but ELCO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 83, and on this basis, denies these remaining allegations.

84.	ELCO admits the allegations of paragraph 84.

85.	ELCO admits the allegations of paragraph 85.

86.	ELCO admits the allegations of paragraph 86.

87.	ELCO denies the allegations of paragraph 87.

88.	ELCO admits the allegations of paragraph 88.

### 4. DMF's Products

89.	ELCO denies the allegations of paragraph 89.

90.	ELCO denies the allegations of paragraph 90.

91.	ELCO denies the allegations of paragraph 91.

### 5. No Irreparable Harm

92.	ELCO denies the allegations of paragraph 92.

93.	ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93, and on this basis, denies these allegations.

94.	ELCO denies the allegations of paragraph 94.

95.	ELCO denies the allegations of paragraph 95.

96.	ELCO denies the allegations of paragraph 96.

97.	ELCO denies the allegations of paragraph 97.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

98.   ELCO denies the allegations of paragraph 98.

99.   ELCO denies the allegations of paragraph 99.

### 6.   ELCO Does Not Use a Confusingly Similar Trademark

100.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100, and on this basis, denies these allegations.

101.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101, and on this basis, denies these allegations.

102.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102, and on this basis, denies these allegations.

103.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103, and on this basis, denies these allegations.

104.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104, and on this basis, denies these allegations.

105.   ELCO markets a line of trim products under the trademark UNO™; ELCO denies the remaining allegations of paragraph 105.

106.   ELCO owns and operates the website, elcolighting.com, and markets a line of trim products under the trademark UNO™; ELCO denies the remaining allegations of paragraph 106.

107.   ELCO denies the allegations of paragraph 107.

108.   ELCO denies the allegations of paragraph 108.

109.   ELCO denies the allegations of paragraph 109.

110.   ELCO denies the allegations of paragraph 110.

111.   ELCO denies the allegations of paragraph 111.

### 7.   ELCO Products

112.   ELCO denies that its products infringe the DMF patents.

113.   ELCO denies the allegations of paragraph 113.

114.   ELCO denies the allegations of paragraph 114.

115.   ELCO denies the allegations of paragraph 115.

116.   ELCO denies the allegations of paragraph 116.

## IV.   COUNT I – INFRINGEMENT OF THE '266 PATENT

117.   ELCO incorporates by reference paragraphs 1 through 116 above.

118.   ELCO denies the allegations of paragraph 118.

### A.   No 35 U.S.C. § 271(a) Direct Infringement

119.   ELCO denies the allegations of paragraph 119.

120.   ELCO denies the allegations of paragraph 120.

121.   ELCO denies the allegations of paragraph 121.

### B.   No 35 U.S.C. § 271(b) Induced Infringement

122.   ELCO denies the allegations of paragraph 122.

123.   ELCO denies the allegations of paragraph 123.

124.   ELCO denies the allegations of paragraph 124.

125.   ELCO denies the allegations of paragraph 125.

126.   ELCO denies the allegations of paragraph 126.

### C.   No 35 U.S.C. § 271(c) Contributory Infringement

127.   ELCO denies the allegations of paragraph 127.

128.   ELCO denies the allegations of paragraph 128.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

129. ELCO denies the allegations of paragraph 129.

130. ELCO denies the allegations of paragraph 130.

131. ELCO denies the allegations of paragraph 131.

132. ELCO denies the allegations of paragraph 132.

**D.     No 35 U.S.C. § 284 Damages**

133. ELCO denies the allegations of paragraph 133.

**E.     No 35 U.S.C. § 284 Willful Infringement**

134. ELCO denies the allegations of paragraph 134.

135. ELCO denies the allegations of paragraph 135.

136. ELCO denies the allegations of paragraph 136.

137. ELCO denies the allegations of paragraph 137.

138. ELCO denies the allegations of paragraph 138.

139. ELCO denies the allegations of paragraph 139.

**F.     No Injunctive Relief**

140. ELCO denies the allegations of paragraph 140.

141. ELCO denies the allegations of paragraph 141.

142. ELCO denies the allegations of paragraph 142.

143. ELCO denies the allegations of paragraph 143.

144. ELCO denies the allegations of paragraph 144.

**V.     COUNT II – ALLEGING TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (UNDER 15 U.S.C. §§ 1114 AND 1125(A))**

145. ELCO incorporates by reference paragraphs 1 through 144 above.

146. ELCO denies the allegations of paragraph 146.

147. ELCO denies the allegations of paragraph 147.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

148. ELCO denies the allegations of paragraph 148.

149. ELCO denies the allegations of paragraph 149.

150. ELCO denies the allegations of paragraph 150.

151. ELCO denies the allegations of paragraph 151.

152. ELCO denies the allegations of paragraph 152.

153. ELCO denies the allegations of paragraph 153.

154. ELCO denies the allegations of paragraph 154.

155. ELCO denies the allegations of paragraph 155.

156. ELCO denies the allegations of paragraph 156.

157. ELCO denies the allegations of paragraph 157.

## VI. COUNT II [*sic*] – ALLEGING TRADEMARK INFRINGEMENT (UNDER CALIFORNIA LAW)

158. ELCO incorporates by reference paragraphs 1 through 157 above.

159. ELCO denies the allegations of paragraph 159.

160. ELCO denies the allegations of paragraph 160.

161. ELCO denies the allegations of paragraph 161.

162. ELCO denies the allegations of paragraph 162.

163. ELCO denies the allegations of paragraph 163.

164. ELCO denies the allegations of paragraph 164.

165. ELCO denies the allegations of paragraph 165.

166. ELCO denies the allegations of paragraph 166.

167. ELCO denies the allegations of paragraph 167.

168. ELCO denies the allegations of paragraph 168.

169. ELCO denies the allegations of paragraph 169.

## VII. COUNT V [*sic*] – ALLEGING VIOLATIONS OF CAL. BUS. & PROF. CODE §17200 AND COMMON LAW UNFAIR COMPETITION

170.   ELCO incorporates by reference paragraphs 1 through 169 above.

171.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 171, and on this basis, denies these allegations.

172.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 172, and on this basis, denies these allegations.

173.   ELCO denies the allegations of paragraph 173.

174.   ELCO denies the allegations of paragraph 174.

175.   ELCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 175, and on this basis, denies these allegations.

176.   ELCO denies the allegations of paragraph 176.

177.   ELCO denies the allegations of paragraph 177.

178.   ELCO denies the allegations of paragraph 178.

179.   ELCO denies the allegations of paragraph 179.

180.   ELCO denies the allegations of paragraph 180.

181.   ELCO denies the allegations of paragraph 181.

## VIII.  ELCO'S ADDITIONAL DEFENSES

1.   Of the incredibly large number of ELCO products and accessories listed in DMF's complaint paragraphs 113-116, a large majority of them were inappropriately named -- apparently for the extrajudicial benefit DMF is attempt to extract from listing them -- do not infringe and have not infringed the '266 patent, either directly (35 U.S.C. § 271(a)), contributorily (35 U.S.C. § 271(c)), or by active inducement (35 U.S.C. § 271(b)).   Some, for example, are mere accessories, capable of attaching to numerous ELCO products.   They cannot be legitimately accused of having all of the elements of any claim of the '266 patent.

2.    The asserted '266 patent is invalid on the grounds of anticipation by known prior art references under 35 U.S.C. Section 102, including as a result of at least U.S. Patent No. 9,222,661; U.S. Patent No. 9,217,560; U.S. Patent Application No. 11/949,185; U.S. Patent Application No. 13/915,868; Imtra Corporation's PowerLED; ELCO's E247 LED module; and Cree's LMH2 LED module, as discussed below and incorporated here by this reference.

3.    The asserted '266 patent is invalid on the grounds of obviousness in view of the combined teaching and suggestions of the prior art under 35 U.S.C. Section 103, including as a result of U.S. Patent Nos. 9,222,661; 9,217,560; 7,566,154; 7,488,097; 9,371,966; 9,285,103; 8,602,601; 9,068,719; 2,038,784; 3,422,261; 6,600,175; 6,515,313; 6,657,236; 6,958,497; 6,906,352; 7,692,182; 7,335,920; 7,446,345; 7,211,833; 7,704,763; 7,213,940; 7,769,192; 7,312,474; 8,659,034; U.S. Patent Application Nos. 11/949,185; 13/915,868; and 10/831,941; China Patent Application No. CN202733693U; Japan Patent Application No. JP2007265961A; Canada Patent Publication No. CA2815067; China Patent Publication No. CN201259125; Imtra Corporation's PowerLED; ELCO's E247 LED module; Lithonia Lighting LED Versi Lite; and Cree's LMH2 LED module, as discussed below and incorporated here by this reference.

4.    ELCO does not infringe and has not infringed any of DMF's trademark rights.  The asserted trademarks are inherently weak, ELCO's accused mark is dramatically different in sight and sound.  There are no known instances of any confusion, and the other likelihood of confusion factors likewise favor a finding of no likelihood of confusion.

5.    ELCO has not committed any acts of unfair competition.

6.    ELCO has, at all times, acted in good faith within the privileges of free competition.

7.    DMF suffered no loss or damages arising from the alleged claims against ELCO.

8.     DMF is not entitled to recover any damages due to a lack of causation.

9.     DMF is barred from recovering damages because any damages possibly available in connection with this action are speculative and uncertain.

10.    DMF is not entitled to recover damages due to its failure to mitigate.

## IX.   PRAYER FOR RELIEF

WHEREFORE, ELCO prays that this Court enter judgment denying all relief sought by DMF.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

1

2

## ELCO'S COUNTERCLAIMS

3      Defendant and Counterclaimant AMP Plus, Inc. d/b/a ELCO Lighting

4  ("ELCO") hereby amends its counterclaims and asserts the following counterclaims

5  against Plaintiff and Counterclaim-Defendant DMF, Inc. ("DMF"), removing other

6  originally pled counterclaims without prejudice to asserting any counterclaims in

7  the future.

8

## A.    JURISDICTION

9

10      1.     These counterclaims seek, among other claims, declaratory judgments

11  of non-infringement and invalidity of the '266 patent and non-infringement of

12  DMF's alleged trademark rights.  This Court has jurisdiction over such declaratory

13  judgment actions pursuant to the Federal Declaratory Judgments statutes, 28 U.S.C.

14  §§ 2201 and 2202.  This Court has jurisdiction over the subject matter of the same

15  pursuant to 28 U.S.C. §§ 1331 and 1338(a) because questions of patent and

16  trademark rights are federal questions arising out of the Acts of Congress, namely,

17  Titles 15 and 35 of the United States Code.  This Court has jurisdiction over the

18  remaining subject matter pursuant to 28 U.S.C. §§ 1338(b) and 1367 as

19  supplemental.

20      2.     DMF is subject to personal jurisdiction in this judicial district and

21  venue is proper as to DMF by virtue of its submitting to the jurisdiction and venue

22  of this Court by virtue of filing the present direct action in this Court.  In addition,

23  personal jurisdiction and venue are proper in this judicial district because DMF

24  admits that it has a principal place of business in this judicial district.

25

## B.    FACTUAL BACKGROUND

26

27      3.     ELCO has been in the lighting business for over twenty-five (25) years

28  and has become a trusted name in lighting fixtures throughout the country.  ELCO

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

1   was founded on the philosophy that high quality lighting products should be sold at
2   a fair market price.  Both customers and competitors alike see ELCO as a leader in
3   luminaire manufacturing. ELCO maintains many electrical engineers on site, and
4   ELCO has become a pioneer in the world of illumination.

5       4.    ELCO's commitment to this philosophy and dedication to exceptional
6   customer service serve as the very soul of the company. ELCO takes pride in its
7   perpetual commitment to such standards that enable it to continually prosper in a
8   highly competitive and unpredictable industry.

9       5.    ELCO's several LED product lines include recessed, track,
10  undercabinet, outdoor and emergency lighting.  ELCO stands behind every product
11  it makes -- no exceptions.

13  **C.    COUNT I -- DECLARATORY JUDGMENT OF**
14  **       INVALIDITY OF THE '266 PATENT**

15      6.    ELCO repeats and incorporates its paragraphs 1 through 5.

16      7.    DMF alleges in its Complaint that ELCO has infringed DMF's U.S.
17  Patent No. 9,964,266 ("the '266 patent").

18      8.    ELCO denies that it has in any way infringed the '266 patent or that
19  the '266 patent was correctly and appropriately granted.

20      9.    As such, an actual and justiciable controversy therefore exists between
21  DMF and ELCO with respect to the validity of the '266 patent.

22      10.    The '266 patent and some or all of its claims are invalid on the grounds
23  that the subject matter sought to be patented therein fails to comply with the
24  conditions and requirements for patentability set forth in Title 35, United States
25  Code, including, but not limited to, the provisions of 35 U.S.C. Sections 102 and/or
26  103.

27      11.    Each and every limitation of the asserted claims of the '266 patent is
28  taught in prior art references, including, but not limited to, U.S. Patent No.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
1200 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

9,222,661; U.S. Patent No. 9,217,560; U.S. Patent Application No. 11/949,185; U.S. Patent Application No. 13/915,868; Imtra Corporation's PowerLED units; ELCO's E247 LED module; and Cree's LMH2 LED modules.

12.   The claims of the '266 patent, including claims asserted as being infringed, are rendered obvious by the combined teaching and suggestion of the prior art, including U.S. Patent Nos. 9,222,661; 9,217,560; 7,566,154; 7,488,097; 9,371,966; 9,285,103; 8,602,601; 9,068,719; 2,038,784; 3,422,261; 6,600,175; 6,515,313; 6,657,236; 6,958,497; 6,906,352; 7,692,182; 7,335,920; 7,446,345; 7,211,833; 7,704,763; 7,213,940; 7,769,192; 7,312,474; 8,659,034; U.S. Patent Application Nos. 11/949,185; 13/915,868; and 10/831,941; China Patent Application No. CN202733693U; Japan Patent Application No. JP2007265961A; Canada Patent Publication No. CA2815067; China Patent Publication No. CN201259125; Imtra Corporation's PowerLED; ELCO's E247 LED module; Lithonia Lighting LED Versi Lite; and Cree's LMH2 LED module.

13.   The patent claims of the '266 patent recite an LED light source that emits light during operation of the LED module and that LED light source receives regulated power from a donut shaped driver.  These claim limitations, however, recite nothing that is not already in this prior art.

## 1.   The Imtra PowerLED Module

14.   For example, but not exclusively so, ELCO attaches as Exhibit 1 a true and correct copy of pages from a 2012 product catalog from Imtra Corporation, as saved and maintained by archive.org.  The catalog discloses the configuration of an Imtra PowerLED as of at least 2012, which includes an LED light source that emits light during operation of the LED module receiving power from a donut shaped driver ("integrated driver electronics featuring constant current control of LED's"). ELCO attaches as Exhibit 2 a claims chart showing the invalidity of representative claim 1 of the '266 patent in view of this prior art.  (ELCO reserves its rights to

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

raise other arguments and defenses, this being only exemplary for purposes of this notice pleading.)

15.     The '266 patent claims recite "a unified casting with a heat conducting closed rear face, a heat conducting sidewall and an open front face wherein the heat conducting sidewall is joined to the heat conducting closed rear face at one end and defines the open front face of the unified casting at another end[.]"  These claim limitations, likewise, recite nothing that is not already in the prior art.

16.     The catalog discloses a module with heat conducting aluminum casting ("Anodized, die-cast aluminum heat-sink housing") with a closed rear face, an open front face, and a cylindrical sidewall there between.  Additionally, the casting has heat-sink fins on the sidewall and rear wall.

17.     Next, the '266 patent claims recite "a reflector positioned inside the first cavity of the unified casting and coupled to and surrounding the light source module such that the reflector directs light produced by the light source module into an area surrounding the compact recessed lighting system while enclosing the driver from exposure to the area surrounding the compact recessed lighting system[.]" Again, nothing new.

18.     The catalog discloses a reflector that, during operation of the LED Module, reflects light emitted from the LED light source out of the open end of the aluminum casting ("highly reflective, plated aluminum reflector for superior optical efficiency") through a lens at the open end of the aluminum casting ("frosted glass lens for glare free illumination").

19.     Next, the claims recite that "the light source module and the driver are positioned inside the first cavity while being coupled to the heat conducting closed rear face of the unified casting such that the light source module is closer to the closed rear face of the unified casting than the open front face of the unified casting[.]"  These limitations can also be found in the prior art.

20.    The catalog discloses an LED light source, driver, and reflector that are positioned within the aluminum casting. The LED light source is positioned closer to the rear end of the aluminum casting than the open front end of the casting. The lens helps shield the LED light source from outside contamination, such as when the LED Module is being handled for installation or afterwards, while allowing light from the LED light source to pass through the lens during operation of the LED Module ("frosted glass lens for glare free illumination").

21.    Next, the '266 patent claims recite that there is a "driver including an electronic device to at least one of supply and regulate electrical energy to the light source module[.]"  This was also common before the '266 patent was filed.

22.    Additionally, certain Imtra LED products disclose dimensions such as these.  For example, the Portland Bi-Color LED discloses an aluminum casting module that is sized so that it can fit within a junction box that is 3-1/2 inches wide and 1-1/2 inches deep ("Trim Ring Diameter 3.43 inches and Recessed Depth of 0.92 inches"). The width of the closed rear end of the aluminum casting is less than 3-1/2 inches.  The height from the outside of the closed rear end to the outside of the open end of the casting is less than 2 inches.  The outside width of the aluminum casting's sidewall between the closed rear end and rim at the open front end of the casting is less than 3-1/2 inches wide.

### 2.    U.S. Patent No. 9,222,661

23.    U.S. Patent No. 9,222,661 discloses a unified casting (housing 100), a light source (400), which is closer to rear wall than the front wall (*see*, Figures 5-6), a driver (500), and a reflector (300), and the reflector encloses the driver (*see*, Figure 5). ELCO attaches as Exhibit 3 a true and correct copy of the '661 patent and as Exhibit 4 a claims chart showing how U.S. Patent No. 9,222,661 anticipates the '266 patent.

### 3. The CREE LMH2 LED Module

24. Furthermore, at least as early as 2012, Mouser Electronics was selling a CREE LMH2 LED Module disclosing electrical wires passing through the closed rear face of the aluminum casting for supplying electrical energy to the driver (labeled as "strain relief" in reference to the LMH2 Assembly). ELCO attaches as Exhibit 5 a true and correct copy of pages from the Mouser Electronics website, as saved and maintained by archive.org, and attaches as Exhibit 6 a claims chart showing the invalidity of representative claim 1 of the '266 patent in view of this prior art.

25. Wires that have a connector at one end that, during installation of the LED Module in a building, can be plugged into a corresponding connector of other wires that receive electrical energy, such as 120-volt electrical energy supplied in the building in which the LED module is installed, can be found generally on the archived Mouser Electronics webpages.

26. Next, the claims of the '266 patent recite that the "unified casting includes a plurality of elements positioned proximate to the open front face so as to align with corresponding tabs of a standard junction box and thereby facilitate holding the unified casting up against the standard junction box when the unified casting is installed in the standard junction box[.]" Once again, this limitation is in this prior art.

### 4. The ELCO E247 LED Module

27. Likewise, well before the priority date of the '266 patent, ELCO itself was selling the E247, which discloses the elements of representative claim 1 of the '266 patent. ELCO attaches as Exhibit 7 a claims chart showing the invalidity of representative claim 1 of the '266 patent in view of this prior art.

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

### 5.    The Lithonia LED Versi Lite

28.    In yet another product from 2012, the Lithonia LED Versi Lite (See, U.S. Design Patent No. D691,763 filed on December 13, 2012) discloses an LED module with an adaptor plate for aligning with tabs of a junction box to fasten the casting to the junction box, as included in Exhibits 2, 4, 6, and 7.

### 6.    U.S. Patent No. 9,217,560

29.    Similarly, U.S. Patent No. 9,217,560 discloses a unified casting (130), a light source (LED 102), which is closer to rear wall than the front wall (*see*, Figure 3), a driver (module 120), and a reflector (140), and the reflector encloses the driver (*see*, Figure 3).

### 7.    U.S. Patent Application No. 11/949,185

30.    U.S. Patent Application No. 11/949,185 discloses a unified casting (light case 2), a light source (LED 41), which is closer to rear wall than the front wall (*see*, Figures 3), a driver (light unit 4), and a reflector (reflector portion 53), and the reflector encloses the driver (*see*, Figure 3).

### 8.    U.S. Patent Application No. 13/915,868

31.    U.S. Patent Application No. 13/915,868 discloses a unified casting (*see*, Figure 1), a light source (light emitter 2), which is closer to rear wall than the front wall (*see*, Figure 1), a driver (lighting circuit unit 4), and a reflector (74), and the reflector encloses the driver (*see*, Figure 1).

32.    Accordingly, there exists an actual justiciable controversy between DMF and ELCO concerning whether some or all of the claims of the '266 patent are invalid.

33.    ELCO requests a judgment declaring that the '266 patent is invalid. Such a determination and declaration is necessary and appropriate at this time so

24

that the parties may ascertain their respective rights and duties regarding the invalidity of the '266 patent.

### D.   COUNT II -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '266 PATENT

34.   ELCO repeats and incorporates its paragraphs 1 through 33.

35.   As mentioned above, DMF alleges in its Complaint that ELCO has infringed the '266 patent, and ELCO denies that it has in any way infringed the '266 patent.

36.   As such, an actual and justiciable controversy therefore exists between DMF and ELCO with respect to DMF's allegations of infringement of the '266 patent.

37.   ELCO does not infringe, nor has it ever infringed, directly (35 U.S.C. § 271(a)), contributorily (35 U.S.C. § 271(c)), or by actively inducing others to infringe (35 U.S.C. § 271(b)) any valid claim of the '266 patent, either literally or under the doctrine of equivalents, willfully or otherwise because ELCO's products do not meet each and every limitation of the claims of the '266 patent.

38.   In particular, of the incredibly large number of ELCO products and accessories listed in DMF's complaint paragraphs 113-116, a large majority of them were inappropriately named -- apparently for the extrajudicial benefit DMF is attempt to extract from listing them -- do not infringe and have not infringed the '266 patent, either directly (35 U.S.C. § 271(a)), contributorily (35 U.S.C. § 271(c)), or by active inducement (35 U.S.C. § 271(b)).  Some, for example, are mere accessories, capable of attaching to numerous ELCO products.  They cannot be legitimately accused of having all of the elements of any claim of the '266 patent.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

39.     ELCO is informed and on this basis believes that the products DMF claims are covered by the '266 patent and authorized by it for sale have never been consistently and are current not marked with any patent notice.

40.     ELCO was not aware of the '266 patent until it eventually uncovered and reviewed the cease and desist letter from DMF's counsel in early- to mid-August 2018, since DMF had used wrong contact information.

41.     Accordingly, there exists an actual justiciable controversy between DMF and ELCO concerning whether any claims of the '266 patent are infringed by ELCO's products.

42.     ELCO requests a judgment declaring that ELCO does not infringe the '266 patent.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the '266 patent.

**E.    COUNT III -- DECLARATORY JUDGMENT THAT ELCO DOES NOT INFRINGE ANY DMF TRADEMARK RIGHT**

43.     ELCO repeats and incorporates its paragraphs 1 through 41.

44.     DMF, in its Complaint, contends that there is a likelihood of confusion and false association among the relevant public as a result of the coexistence of ELCO's use of UNO as its trademark for its lighting trims and DMF's use of ONEFRAME and ONELED.

45.     ELCO contends the opposite.  ELCO contends that there is no likelihood of confusion and no false association resulting from its use of UNO as its trademark for its trims.

46.     The DMF trademarks, ONEFRAME and ONELED, are not at all similar in sight or sound to ELCO's trademark, UNO.  Also, the term ONE is in thousands of trademarks.  ONE is probably the most used word, both descriptively and possibly, weakly, as a trademark in the history of marketing goods and services.

47.    Furthermore, the goods are not proximate – the DMF trademarks are purportedly for "junction boxes and wiring enclosures for use in connection with recessed lighting" and "LED luminaires, lighting fixtures, recessed lighting fixtures, recessed ceiling and wall lights; recessed lighting components, namely, light housings, trims, fittings, and wiring."  For its ONELED trademark, DMF also added "LED Lighting Modules."  ELCO, by contrast, is commercially using its mark, UNO, for a line of trim accessories specifically for use with its ELL LED modules. As a result, the marketing channels also are likely to not be particularly similar.

48.    DMF has not claimed any instances of actual confusion between ELCO's UNO mark and the DMF trademarks.  The degree of care likely to be exercised by the purchaser is sufficiently high to render confusion unlikely, considering they are most often professionals and contractors.  Additionally, electrical installation is not taken lightly by any customer or potential customer, due to the type of goods at issue here.  ELCO's reasons for selecting its UNO trademark for the trim accessories had nothing to do with DMF or any DMF trademark, and ELCO is not aware that DMF is intending to expand product lines into ELCO's trim accessories or the like.

49.    Accordingly, there exists an Article III judiciable case and controversy between DMF and ELCO concerning whether there is any likelihood of confusion or false association between ELCO's UNO trademark and DMF's use of ONEFRAME and One LED on its lighting products.

///
///
///
///
///
///
///

50.     ELCO requests a judgment declaring that ELCO does not, and has not, infringed the DMF trademarks.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the DMF trademarks.

**F.     ELCO'S PRAYER FOR RELIEF**

WHEREFORE, ELCO prays that this Court enter judgment that:

1.     The '266 patent is invalid;

2.     Even if held valid, the '266 patent is not infringed by ELCO's products;

3.     The ONEFRAME and ONELED trademarks are not infringed by ELCO.

4.     DMF is not entitled to any damages arising from any of its foregoing claims; and

5.     ELCO is entitled to such other and further legal and equitable relief as the Court may deem appropriate.

Respectfully submitted,

CISLO & THOMAS LLP

Dated:  October 18, 2018          by:      /s/Kelly W. Cunningham
                                            Kelly W. Cunningham, Esq.
                                            C. Wook Pak, Esq.

                                            Attorneys for Defendants
                                            AMP Plus, Inc. d/b/a ELCO Lighting and
                                            ELCO Lighting, Inc.

T:\18-37403\ELCO's amended answer to DMF's complaint and counterclaims.docx

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647        FACSIMILE: (310) 394-4477

1

2
## **DEMAND FOR JURY TRIAL**

3
      Defendant AMP Plus, Inc., d/b/a ELCO Lighting hereby demands a trial by

4
jury on all issues raised by the forgoing Amended Answer that may be tried to a

5
jury.

6

7
                                    Respectfully submitted,

8
                                    CISLO & THOMAS LLP

9

10
Dated:  October 18, 2018          by:    /s/Kelly W. Cunningham
                                         Kelly W. Cunningham, Esq.

11
                                         C. Wook Pak, Esq.

12

13
                                    Attorneys for Defendants
                                    AMP Plus, Inc. d/b/a ELCO Lighting and

14
                                    ELCO Lighting, Inc.

15
T:\18-37403\ELCO's amended answer to DMF's complaint and counterclaims.docx

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action.  My business address is 12100 Wilshire Blvd., Suite 1700, Los Angeles, California 90025.

On Thursday, October 18, 2018, I served the foregoing document, **DEFENDANT AMP PLUS, INC. d/b/a ELCO LIGHTING'S AMENDED ANSWER AND COUNTERCLAIMS**

to be sent by the Court's ECF system to the following:

> Ben Davidson, Esq.
> Davidson Law Group, ALC
> 4500 Park Granada Blvd., Suite 202
> Calabasas, California 91302
> Email: ben@dlgla.com

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on Thursday, October 18, 2018, at Los Angeles, California.


   /s/Christopher Eckart
Christopher Eckart

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CA 90025-7103
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

2