Robert E. Boone III (California Bar No. 132780)
reboone@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200

Attorneys for Defendant
AMP PLUS, INC. d/b/a Elco Lighting

# UNITED STATED DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMF, Inc., a California corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>AMP PLUS, INC., d/b/a ELCO LIGHTING, a California corporation; ELCO LIGHTING, INC., a California corporation,<br><br>            Defendants.<br><br>─────────────────────────<br><br>AMP PLUS, INC., d/b/a ELCO LIGHTING, a California corporation;<br><br>            Counterclaimant,<br><br>      v.<br><br>DMF, Inc., a California corporation,<br><br>            Counter-Defendant. | Case No. 2:18-cv-07090-CAS-GJS<br><br>**DEFENDANT'S *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION TO JANUARY 14, 2019** |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

Defendant AMP Plus, Inc. dba Elco Lighting ("Elco") hereby applies *ex parte* for an order continuing the December 17, 2018 hearing date for Plaintiff DMF, Inc.'s ("DMF") Motion for Preliminary Injunction to January 14, 2019, and any briefing deadlines based thereon, to allow Elco and its counsel sufficient time oppose the Motion.

Good cause exists for the requested continuance because:

(1)     The current deadline for Elco's opposition is the Monday after the Thanksgiving Holiday Weekend – November 26, 2018.

(2)     Elco's counsel, Robert E. Boone III, will be out of town on business and/or visiting family for the Thanksgiving Holiday and will not be back in his office until November 26.  He has been out of town on business in San Francisco and Charlotte all week during the week of November 12.  He will be in court in Fresno on Monday, November 19, 2018, and he will be visiting family in Utah starting Tuesday morning, November 20, 2018 through the remainder of the Thanksgiving Week.  He cannot change those travel plans.

(3)     Elco's counsel, Kelly Cunningham, will be out of the office Tuesday, November 20, 2018 through the remainder of the Thanksgiving Weekend.

(4)     Messrs. Boone and Cunningham's offices are closed the preceding Thursday and Friday, November 22-23, 2018.  Even if Messrs. Boone and Cunningham were available, it would be difficult, if not impossible, to get their respective assistants to come into the office on those days or over that holiday weekend.

(5)     DMF did not file its Motion for several months, and had a lengthy time to prepare its Motion.  By filing the Motion when it did, DMF left Elco with little or no time to prepare an opposition, and what little time Elco does have spans a major holiday week and weekend.

(6)     It appears DMF lured Elco into settlement discussions, only to turn around and file the Motion after it obtained information it wanted to use to get an

*EX PARTE* APPLICATION

injunction.  The parties were engaged in settlement discussions, and Elco made a good faith settlement offer on November 9, 2018.  Instead of responding to that offer, DMF abruptly filed this Motion.  DMF also improperly disclosed confidential settlement communications from Elco in support of the Motion.

(7)     Elco needs more time to respond to the mountain of paper DMF filed in connection with its Motion, including time to retain experts, and to depose some or all of DMF's five witnesses, including two retained experts, providing testimony in support of DMF's Motion.  Those depositions will be critical to the issues on the Motion, including the potential invalidity of DMF's patent, the noninfringement of DMF's patent, the lack of any factual bases for DMF's assertions that it is suffering or will suffer irreparable harm if an injunction does not issue, and the failure of DMF's accusations about the integrity and safety of Elco's products.

(8)     Finally, Elco is willing to forego all sales of its accused ELL Module and its first good-faith attempt to modify its ELL Module, which DMF nevertheless also disputes in its moving papers, until the Court can conduct a hearing on the Motion, thus eliminating any harm that DMF might suffer as a result of the requested continuance.

This application is based on the attached memorandum of points and authorities, and the Declarations of Robert E. Boone III and Kelly W. Cunningham.

Please take notice that pursuant to Local Rule 7-19, DMF shall have 48 hours from the date of delivery of this application to file and serve any opposition to this application.

///

///

///

///

///

///

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

1    Elco's counsel provided written and oral notice of this application to DMF's

2   counsel on Thursday, November 15, 2018, and Elco's counsel met and conferred

3   with DMF's counsel about the application on November 16, 2018.  DMF's counsel

4   informed Elco that DMF will oppose the present application.  (Declaration of Kelly

5   W. Cunningham at ¶ 4.)

6

7   Dated:  November 16, 2018          **BRYAN CAVE LEIGHTON PAISNER LLP**

8

9                                      By:  /s/Robert E. Boone III

10                                          Robert E. Boone III

11

12                                      Attorneys for Defendant
                                        AMP PLUS, INC. d/b/a Elco Lighting

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, CA  90401-2386

3
*EX PARTE* APPLICATION

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    <u>FACTUAL BACKGROUND</u>

DMF filed the Complaint in this Action on August 15, 2018.  The parties began discussing settlement soon afterwards and were discussing settlement in a big way during the week of October 29, 2018, immediately after Robert E. Boone III filed his appearance on behalf of Elco in the case.  In the midst of those settlement discussions, and while a settlement offer from Elco was outstanding, DMF filed its Motion for Preliminary Injunction right before midnight on November 14, 2018. (Declaration of Robert E. Boone III at ¶ 12.)  DMF scheduled the Motion for a hearing on December 17, 2018.  Based on that hearing date, Elco's Opposition is due the Monday after Thanksgiving Weekend, November 26, 2018.

## II.    <u>THERE IS GOOD CAUSE TO CONTINUE THE HEARING</u>

The Court requires a showing of good cause to continue the hearing on a motion.  [Dkt. 25 – Notice to Counsel, at p. 4, ¶ 6.]  Federal Rule of Civil Procedure 6(b)(1) provides in pertinent part:  "When an act may or must be done within a specified time, the court may, for good cause, extend the time:  (A) with or without a motion or notice if the court acts, or if a request is made, before the original time or its extension expires…"

Here, good cause exists for the requested continuance because:

(1)    The current deadline for Elco's opposition is the Monday after the Thanksgiving Holiday Weekend – November 26, 2018.

(2)    Elco's counsel, Robert E. Boone III, will be out of town on business and/or visiting family for the Thanksgiving Holiday and will not be back in his office until November 26.  He has been out of town on business in San Francisco and Charlotte all week during the week of November 12.  He will be in court in Fresno on Monday, November 19, 2018, and he will be visiting family in Utah starting Tuesday morning, November 20, 2018 through the remainder of the Thanksgiving Week.  He cannot change those travel plans.  (Boone Decl. at ¶¶ 5-7.)

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

(3)     Elco's counsel, Kelly Cunningham, likewise will be out of the office Tuesday, November 20, 2018 through the remainder of the Thanksgiving Weekend for a family vacation that was planned long ago and cannot be easily canceled. (Declaration of Kelly W. Cunningham at ¶ 2.)

(4)     Additionally, Messrs. Boone and Cunningham's offices are closed the preceding Thursday and Friday, November 22-23, 2018.  (Boone Decl. at ¶ 8; Cunningham Decl. at ¶ 3.)  Even if Messrs. Boone and Cunningham were available, therefore, it would be difficult, if not impossible, to get their respective assistants to come into the office on those days or over that holiday weekend.  (Boone Decl. at ¶ 9; Cunningham Decl. at ¶ 3.)

(5)     DMF did not file its Motion for several months, and had a lengthy time to prepare its Motion.  By filing the Motion when it did, DMF left Elco with little or no time to prepare an opposition, and what little time Elco does have spans a major holiday week and weekend.

(6)     It appears DMF lured Elco into settlement discussions, only to turn around and file the Motion after it obtained information it wanted to use to get an injunction.  The parties were engaged in settlement discussions, and Elco had made a good faith settlement offer on November 9, 2018.  Instead of responding to that offer, DMF abruptly filed this Motion.  (Boone Decl. at ¶ 12.)  DMF also improperly disclosed confidential settlement communications from Elco in support of the Motion.  Any offer of compromise by Elco, of course, does not constitute evidence that such compromise would be easy for or desirable to Elco.

(7)     Elco needs more time to respond to the mountain of paper DMF filed in connection with its Motion, including time to retain experts, and to depose some or all of DMF's five witnesses, including two retained experts, providing testimony in support of DMF's Motion.  Those depositions will be critical to the issues on the Motion, including the potential invalidity of DMF's patent, the factual bases for DMF's assertions that it is suffering or will suffer irreparable harm if an injunction

does not issue, and DMF's accusations about the integrity and safety of Elco's products, which accusations Elco will demonstrate, with such discovery, are false. (Boone Decl. at ¶ 11.)

(8)     Finally, Elco is willing to forego all sales of the accused ELL Module -- as well as the modified ELL Module, which DMF further disputes in its brief (DMF's Brief, p. 14) -- until the Court can conduct a hearing on the Motion, thus eliminating any harm that DMF might suffer as a result of the requested continuance.  (Boone Decl. at ¶ 13.)

## II.     CONCLUSION

For the foregoing good cause, Elco requests the Court to continue the hearing on DMF's Motion for Preliminary Injunction from December 17, 2018 to January 14, 2019.


Dated:  November 16, 2018          **BRYAN CAVE LEIGHTON PAISNER LLP**


By:  /s/Robert E. Boone III
          Robert E. Boone III

Attorneys for Defendant
AMP PLUS, INC. d/b/a Elco Lighting

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, CA  90401-2386

## DECLARATION OF ROBERT E. BOONE III

I, Robert E. Boone III, hereby declare as follows:

1.      I am an attorney duly licensed to practice law in California and the Central District.  I am a partner at the law firm of Bryan Cave Leighton Paisner LLP.  I represent defendant Amp Plus, Inc., dba Elco Lighting ("Elco") in the above-captioned case.  I have personal knowledge of the matters set forth below.  I submit this declaration in support of Elco's *Ex parte* Application for an Order Continuing the Hearing on Plaintiff's Motion for Preliminary Injunction.

2.      I was retained in this matter by Elco on or about October 29, 2018.  I filed my appearance in the case on November 1, 2018.

3.      DMF filed its Motion for Preliminary Injunction right before midnight on November 14, 2018.

4.      DMF scheduled the Motion for a hearing on December 17, 2018. Based on that hearing date, Elco's Opposition is due the Monday after Thanksgiving Weekend, November 26, 2018.

5.      I have been traveling all week on business during the week of November 12, 2018, to San Francisco and Charlotte.

6.      This weekend (November 17-18, 2018), I will be preparing for a critical hearing in Fresno on Monday, November 19, 2018, in another case pending in Fresno County Superior Court, in which the court is addressing myriad issues related to the joinder of almost 20,000 parties to the lawsuit.

7.      From Tuesday morning, November 20, 2018 until late Saturday night, November 24, 2018, I will be traveling to Utah to be with my family for Thanksgiving.  I cannot change these travel plans.

8.      My firm's offices will be closed closed Thanksgiving Day and the day after, Thursday and Friday, November 22-23, 2018.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

9.    Even if I were in town and available, it would be difficult, if not impossible, to get my assistant to come into the office on those days or over that holiday weekend.

10.    DMF filed this lawsuit on August 15, 2018.  DMF waited three months to file its Motion for Preliminary Injunction.  DMF had at least that amount of time to prepare the Motion, which is voluminous.  In its Motion, DMF is asking the Court to enjoin Elco from selling an entire product line and issue a recall.

11.    Given the burdensome relief sought by DMF, Elco needs adequate time to prepare its opposition.  In this regard, Elco needs time to retain an expert consultant to address DMF's expert testimony submitted in support of its Motion, time to take the depositions of DMF's witnesses, and time to gather other evidence to oppose the Motion.  That evidence will be critical to the issues on the Motion, including the potential invalidity of DMF's patent, the factual bases for DMF's assertions that it is suffering or will suffer irreparable harm if an injunction does not issue, and DMF's accusations about the integrity and safety of Elco's products, which accusations Elco believes it will demonstrate, with such discovery, are false. This work will be impossible to complete between now and the Monday after Thanksgiving.  In fact, Elco needs several weeks to complete that work.

12.    I also note that while I have been involved in the case, the parties' counsel were engaged in confidential settlement discussions.   In a series of phone calls, counsel for the parties began discussing settlement during the week of October 29, 2018, immediately after I my appearance on behalf of Elco in the case.  On behalf of Elco, I sent DMF's counsel a written settlement offer to DMF via email on November 9, 2018.  That email was clearly marked "PRIVILEGED SETTLEMENT COMMUNICATION."  DMF's counsel never responded to that offer.  Instead, while this settlement offer was outstanding, DMF filed its Motion for Preliminary Injunction, just before midnight on November 14, 2018.  I was very surprised and

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

8

*EX PARTE* APPLICATION

1   disappointed to see that DMF's counsel disclosed the privileged November 9

2   settlement offer in support of DMF's Motion.

3       13.     Elco is willing to stop all sells of the accused ELL Module -- as well as

4   the modified ELL Module, which DMF further disputes in its brief (DMF's Brief, p.

5   14) -- until the Court can conduct a hearing on the Motion, thus eliminating any

6   alleged harm that DMF might suffer pending the requested continuance.

7       I declare under penalty of perjury under the laws of California and the United

8   States of America that the foregoing is true and correct.

9       Executed this 16th day of November 2018, in Charlotte, North Carolina.

11      /s/Robert E. Boone III

12      Robert E. Boone III

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

**PROOF OF SERVICE**

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action. My business address is 12100 Wilshire Blvd., Suite 1700, Los Angeles, California 90025.

On Friday, November 16, 2018, I served the foregoing document, **DEFENDANT'S *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION TO JANUARY 14, 2019**

to be sent by the Court's ECF system to the following:

Ben Davidson, Esq.                    David W. Long, Esq.
Davidson Law Group, ALC               Ergoniq LLC
4500 Park Granada Blvd., Suite 202    8200 Greensboro Drive, Suite 900
Calabasas, California 91302           McLean, Virginia 22102
Email: ben@dlgla.com                  Email: longdw@ergoniq.com

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on Friday, November 16, 2018, at Los Angeles, California.


  /s/Christopher Eckart
Christopher Eckart