Ben M. Davidson (State Bar No. 181464)
ben@dlgla.com
DAVIDSON LAW GROUP, ALC
4500 Park Granada Blvd, Suite 202
Calabasas, California  91302
Office: (818) 918-4622
Fax: (310) 473-2941

David W. Long (admitted *pro hac vice*)
longdw@ergoniq.com
ERGONIQ LLC
8200 Greensboro Dr. Suite 900
McLean, VA  22102
Office: (202) 847-6853

*Attorneys for Plaintiff DMF, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMF, Inc., a California corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>AMP Plus, Inc. d/b/a ELCO Lighting, a California corporation; and<br><br>ELCO Lighting Inc., a California corporation,<br><br>  Defendants. | Civil Action No. 2:18-cv-07090CAS-GJS<br><br>**PLAINTIFF DMF'S RESPONSES TO ELCO'S OBJECTIONS TO PLAINTIFF'S REPLY DECLARATIONS IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:  January 7, 2019<br>Time: 10:00 a.m.<br>Hon. Christina A. Snyder<br>Courtroom: 8D, 350 West First Street |

Plaintiff DMF respectfully submits this single response to Defendants' ELCO Objections to Plaintiff DMF's Reply Declarations and Exhibits (dkts. 82 and 88-91) (hereinafter "ELCO's Reply Objections").

ELCO received DMF's Reply papers on December 17, 2018, but ELCO waited until the evening of January 2, 2019—two Court days before the January 7 hearing—to file a second batch of boilerplate objections spanning 277 pages along with improper non-rebuttal objections and sur-reply arguments. This second batch of objections at this preliminary injunction stage should be dismissed for all the reasons explained in DMF's Response to ELCO's first objections (dkt. 70 at 1-2) and DMF's Reply (dkt. 75 at 25).[1] Rather than provide a paragraph-by-paragraph response to ELCO's boilerplate objections on such short notice—which could take 400 or more pages—DMF reserves such responses for the hearing or as the Court otherwise directs.

We do address here ELCO's erroneous argument in ELCO's Benya Reply Objections (dkt. 91) that "most of Benya's Reply Declaration constitutes improper non-rebuttal evidence that DMF was obligated to proffer as part of its moving papers."[2] ELCO raises that argument to give the misimpression that DMF acted improperly or as an improper excuse to raise sur-reply arguments in the guise of objections without leave of court in violation of L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply.").[3]

---

[1] *See Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 119 F. Supp. 3d 1177, 1184-85 (C.D. Cal. 2015), aff'd sub nom. 2016 WL 4437618 (9th Cir. Aug. 23, 2016); *see also Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *and see Flynt Distrib. Co., Inc. v. Harvey*, 734 F. 2d 1389, 1394 (9th Cir. 1984).

[2] ELCO Benya Reply Objections at 1.

[3] *See Chloe SAS v. Sawabeh Info. Servs. Co.*, 2015 U.S. Dist. LEXIS 186966 (C.D. Cal. June 3, 2015); *see also*, *Arch Ins. Co. v. FTR Int'l, Inc.*, 2013 U.S. Dist. LEXIS 202007, at *15 (C.D. Cal. May 31, 2013) ("Moreover, even if the evidence submitted by Arch is considered "new," Defendants never requested leave of Court to file a Sur-reply in order to respond to this alleged "new" evidence").

Mr. Benya's Reply declaration, however, presents precisely the type of rebuttal evidence permitted by Courts.[4] ELCOs non-rebuttal objections should be denied for several reasons.

First, ELCO oddly raises "non-rebuttal testimony" objections to paragraphs in Mr. Benya's Reply Declaration that setup rebuttal on an issue by stating what ELCO's expert Prof. Fisher said followed by "I disagree", such as the following excerpt from ELCO's objections (Benya Reply on left, ELCO's objection on right):

> 113. Prof. Fisher asserts that Claim 1 was anticipated by the Kim reference and provides a claim chart as his Exhibit 2. I disagree.

> Mr. Benya's testimony is improper non-rebuttal testimony. DMF was required to proffer any such testimony as part of its moving papers. By alleging in their

That's right: ELCO actually raises "improper non-rebuttal testimony" objections arguing that "DMF was required to proffer any such testimony as part of its moving papers" by rebutting Prof. Fisher's opposition testimony *that did not exist* when DMF filed its moving papers. DMF did not cherry-pick the foregoing as a *gotcha'*— it's simply the first of many identical ELCO non-rebuttal objections.[5] Many of ELCO's other non-rebuttal objections are to Mr. Benya's statements that directly refer to Prof. Fisher's declaration and then provides rebuttal testimony.[6]

---

[4] *See Deirmenjian* v. *Deutsche Bank, A.G.*, 2006 U.S. Dist. LEXIS 96772, at *21, 2006 WL 4749756, at *6 (C.D. Cal. Sept. 25, 2006) (reply declarations may present arguments and/or evidence that concerns issues raised in moving papers and directly responds to opposition); *and see Shamburger* v. *Dodson*, 2011 U.S. Dist. LEXIS 21547, at *14, 2011 WL 829266, at *5 (N.D. Cal. March 3, 2011) (rejecting argument that defendant "unfairly" raised "new" arguments in reply, where those arguments "simply responded to arguments and evidence raised in [p]laintiff's opposition"); *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007) (citing *Rayon-Terrell v. Contra Costa County*, 232 Fed. Appx. 626, 629 n.2 (9th Cir. Apr. 16, 2007)).

[5] *See, e.g.*, ELCO Benya Reply Objections at ¶¶119, 176, 180. 184, 194, 197, 208, 211, 225, 235.

[6] *See, e.g.*, ELCO Benya Reply Objections at ¶¶19-23 ("standard junction box"), ¶¶24-30 ("driver"), ¶¶31-45 ("unified casting" structure, including "open front face" and "closed rear face"), ¶¶46-83 ("unified casting" thermal characteristics); ¶¶84 ("reflector", "lens" and "trim"), ¶85, ¶¶97-100 ("sidewall … first dimension"),

Second, other ELCO "non-rebuttal objections" are based on ELCO's absurd argument that, because ELCO listed without discussion or explanation at least 35 alleged prior art references in ELCO's Amended Answer and Counterclaim (Dkt. No. 18 at 16, 19-25), DMF was required to speculate, predict and address in DMF's opening motion papers everything that ELCO might (or might not) choose to say in its opposition papers about each and every one of those 35 references and innumerable combinations thereof.[7]  ELCO's argument defies both common sense and the legal framework here: Once DMF showed a likelihood of success in establishing *infringement* in its opening papers (DMF's burden),[8] the "burden shifted" to ELCO in its opposition papers to show a likelihood that ELCO would succeed on its *noninfringement* and *validity affirmative defenses*.[9]  DMF's Reply then rebuts those defenses raised in ELCO's opposition papers.[10]  Moreover, DMF's opening papers did address the handful of prior art references for which ELCO provided at least some claim chart explanation in its pleading or the parties' meet

---

¶¶101-108 ("light source module is closer …"), ¶¶110-238 (rebuttal to Prof. Fisher's prior art invalidity arguments).

[7] *See, e.g.*, ELCO Benya Reply Objections at ¶¶112-135, ¶¶176-177, ¶¶184-195, ¶¶197-209, ¶¶211-221, ¶¶225-238.

[8] *See Trebro Mfg v. Firefly Eqpt*, 748 F.3d 1159, 1165 (Fed. Cir. 2014) ("To prove a likelihood of success on the merits, a patentee must prove that success in establishing **infringement** is 'more likely than not.'") (emphasis added).

[9] *See Trebo*, 748 F.3d at 1165, 1169 ("An accused infringer can defeat a showing of likelihood of success on the merits by demonstrating a substantial question of validity or infringement."; "Even if a patentee shows the likelihood of proving infringement, the accused infringer can defeat the likelihood of success on the merits by raising a substantial question as the validity of the patent in suit."); *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir.2017) ("'[O]nce the moving party has carried its burden of showing a likelihood of success on the merits, the burden shifts to the nonmoving party to show a likelihood that its affirmative defense will succeed.'  Thus, if the Studios demonstrated a likelihood of success on their copyright infringement and DMCA claims, the burden shifted to VidAngel to show a likelihood of success on its FMA and fair use affirmative defenses.")DMF Opening Brief at p. 10 n.56; and, p.14 n.63; and see ELCO Opp. at pp. 3-4.

[10] *See, e.g.*, ELCO Benya Reply Objections at ¶¶110-238.

and confer process; tellingly, ELCO abandoned all of those prior art claim charts and raised new invalidity arguments in its Opposition papers.

Prior art arguments were not the only invalidity issues ELCO disclosed to DMF for the first time in its Opposition papers: ELCO also raised an unpled and rarely applied *mixed-classes* indefiniteness defense, arguing, inter alia, that ELCO would not know at the time it sold the infringing products whether those products, "'during operation,' in fact 'significantly dissipate heat generated by the light source module during operation of the light source'" as in Claim 1.[11] Mr. Benya's Reply declaration properly rebutted ELCO's new indefiniteness argument.[12] Mr. Benya's Reply declaration also rebutted ELCO's previously undisclosed non-infringement arguments, such as ELCO' argument that the heat conducting close rear face can only dissipate heat from its surface via heat convection into the air and not by heat conduction.[13]

Third, ELCO's objections that purportedly reproduce Mr. Benya's Reply testimony actually omit the footnotes in Mr. Benya's Declaration that show his statements came from either ELCO expert Fisher's Declaration or Mr. Benya's prior declaration filed in DMF's opening papers. By concealing those footnotes, ELCO misrepresents that statements from Benya's prior Declaration that were repeated in Benya's Reply declaration are *new*.[14] Such repeating of prior testimony (e.g., to provide foundation, context or explanation for rebuttal) plainly is not "new" or improper non-rebuttal evidence.[15]

---

[11] ELCO Opp. at 10-11.
[12] See ELCO Benya Reply Objections at ¶¶48-65.
[13] See ELCO Benya Reply Objections at ¶¶46-83.
[14] *See, e.g.*, ELCO Benya Reply Objections at ¶¶20- 22, 24, 26, 42, 78, 80, 114, 189.
[15] *Deirmenjian, supra*, 2006 U.S. Dist. LEXIS 96772, at *21.

In sum, when ELCO's improper non-rebuttal objections are dispelled for the reasons above, there remains no testimony in Mr. Benya's Reply declaration with a viable non-rebuttal objection.

ELCO raises those objections as an excuse to improperly submit substantive sur-reply arguments which should be stricken (because ELCO did not seek leave to file a sur-reply) and also raise new arguments not raised in either parties' briefing.

For example, ELCO raises a new argument that the "'open front face' means the plane (or face) flush with the front of the unified casting," that the "'open front face' is the plane parallel to the front end face 15" and that the "open front face" distance from the light source module is "the vertical distance down from the light source until it crosses the plane of the open front face."[16] Nowhere in any of the parties' briefs or declarations does this new argument appear, nor do the words "plane parallel", etc. Indeed, ELCO's new sur-reply argument that the open front face is some empty internal space directly contradicts the clear testimony of ELCO's own expert, Prof. Fisher, who explained that the open front face is an "exterior surface" and distance is measured to that *surface*:

> Third, to determine whether "the light source module is closer to the closed rear face of the unified casting than the open front face of the unified casting," one would compare the distances between the light source and the ***exterior*** surfaces of the front and back faces. One reason for this is consistency. The open front face has no internal surface to speak of because it is open. It has only an exterior surface (identified as reference 15 in Figure 1 above). [bold/italicized emphasis in original; underline emphasis added][17]

ELCO's Opposition brief similarly and consistently referred to the open front face as an "exterior surface":

> Indeed, the open front face has no interior surface, only an exterior surface. …

---

[16] *See* ELCO Benya Reply Objections at ¶34
[17] Fisher Decl. ¶32.

… A person of ordinary skill would instead compare the distances between the light source and <u>the exterior surfaces of the front</u> and back faces.

… Both Figures 1 and 2 of the '266 patent clearly identify the exterior rear surface of the casting as the closed rear face **14** (as well as <u>the exterior front surface as the open front face</u> **15**). [bold emphasis in original; underline emphasis added][18]

ELCO's sur-reply arguments should be rejected and not considered by the Court.

Respectfully submitted,

Dated: January 4, 2019         By: /s/ David W. Long
                                                 Ben M. Davidson (State Bar No. 181464)
                                               ben@dlgla.com
                                               DAVIDSON LAW GROUP, ALC
                                               4500 Park Granada Blvd, Suite 202
                                               Calabasas, California  91302
                                               Office: (818) 918-4622
                                               Fax: (310) 473-2941

                                               David W. Long
                                               longdw@ergoniq.com
                                               (admitted *pro hac vice*)
                                               ERGONIQ LLC
                                               8200 Greensboro Dr. Suite 900
                                               McLean, VA  22102
                                               Office: (202) 847-6853

                                               *Attorneys for Plaintiff DMF, Inc.*

---

[18] ELCO Opp. at 12-13.