Ben M. Davidson (State Bar No. 181464)
ben@dlgla.com
DAVIDSON LAW GROUP, ALC
4500 Park Granada Blvd, Suite 202
Calabasas, California 91302
Office: (818) 918-4622
Fax: (310) 473-2941

David W. Long
longdw@ergoniq.com
(admitted *pro hac vice*)
ERGONIQ LLC
8200 Greensboro Dr. Suite 900
McLean, VA 22102
Office: (202) 847-6853

*Attorneys for Plaintiff DMF, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMF, Inc., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AMP Plus, Inc. d/b/a ELCO Lighting, a California corporation; and<br><br>ELCO Lighting Inc., a California corporation,<br><br>    Defendants. | Civil Action No. 2:18-cv-07090 CAS (GJXx)<br><br>**Joint Status Report Regarding Further Briefing To Supplement The Record Before Ruling On Preliminary Injunction Motion** |

Plaintiff DMF, Inc. ("DMF") and Defendants ("ELCO") respectfully submit this joint status report regarding further briefing to supplement the record before the Court rules on DMF's preliminary injunction motion (Dkt. 26). At the January 7, 2018 hearing on DMF's preliminary injunction motion, the Court provided a Tentative Ruling that invited further oral argument on several issues. As indicated in the Courts Minute Order (Dkt. 96), the Court requested that the parties meet and confer and file a status report regarding further briefing to supplement the record before ruling on the motion. The parties met and conferred on proposed supplemental briefing, but were not able to reach agreement. The parties present their separate proposals below.

## I. Plaintiff DMF's Proposed Supplemental Briefing

DMF understood that the Court will permit limited supplementation:

**Issue 1**: Whether DMF has experienced any losses in market share due to ELCO's infringement and why any losses in market share or price erosion could not be compensable by money damages. (Tentative at 23, 24, 25)

**Issue 2**: Whether DMF has experienced any additional harm caused by ELCO's alleged infringement in the two months since it filed its motion and why it is likely to experience harm that cannot be compensable by money damages. (Tentative at 25)

**Issue 3**: Whether a bond is needed, and if so, the amount of the bond, in the event the Court grants DMF's motion for preliminary injunction. (Tentative at 26)

DMF, accordingly, proposes the following schedule:

**January 16**  DMF file supplemental briefing up to 10 pages on Issues 1 and 2. ELCO file supplemental briefing up to 10 pages on Issue 3

**January 18**  Each party file response up to 10 pages limited to rebutting the other party's supplemental brief.

DMF believes that the current record supports the requested injunctive relief, including showing that irreparable harm such as lost sales is *likely*, and anticipates that DMF's January 16 supplementation brief will provide (1) a couple short declarations updating lost market share/price erosion, (2) evidence of ELCO's newly released Version 3 product (discussed in the hearing) and (3) briefing on the issues.

ELCO's January 16 supplementation brief will address any bond, which ELCO had asserted in the briefing without support should be "in the amount of $2 million."[1] The parties' January 18 responses will be limited to those issues.

During the parties' meet and confer, however, ELCO proposed a lengthy schedule so that ELCO could take four depositions with respect to the Court's Tentative ruling (Tentative at 10-12) on the "open front face" measurement claim limitation: ELCO would depose Mr. Danesh (the '266 Patent inventor), the patent attorney who prosecuted the '266 Patent in the U.S. Patent & Trademark Office ("the Patent Office") and two Patent Office Examiner's who examined the '266 Patent. DMF disagreed because this fell outside our understanding of the limited issues on which the Court required supplementation and was an unwarranted delay. DMF asked ELCO to suggest a couple days change in DMF's proposed schedule if that would accommodate any other scheduling concerns by ELCO—even if ELCO would also still seek its extended schedule—but ELCO was unwilling to do so.

DMF respectfully requests that the Court adopt DMF's supplementation proposal for several reasons.

First, ELCO's extended schedule is premised on a claim construction issue for which DMF believes the Court has not sought additional briefing. Further, as discussed at the hearing, ELCO's new argument contradicts the patent claim language, ELCO's own expert's testimony and ELCO's own briefing arguments.[2]

Second, DMF intends that its supplementation on lost sales and price erosion will be a couple of short declarations showing that customers have purchased ELCO's lower-priced infringing product, rather than DMF's products (see Tentative at 23 re argument that DMF must "demonstrate that it has *already* lost market share"). DMF believes such evidence showing past lost sales is not necessary, as

---

[1] ELCO Opp. at 25; *see also* DMF Reply at 24.

[2] *See* DMF's Responses To ELCO's Objections To Plaintiff's Reply Declarations In Support of Motion For Preliminary Injunction at 4-5 (Dkt. 92) (explaining ELCO's new argument contradicts its expert and briefing argument).

long as future lost sales are *likely*. DMF has shown likelihood of lost sales based on evidence, including ad hoc circumstances arising without discovery, and that such likely lost sales and price erosion is not surprising given there is no genuine dispute that ELCO competes with DMF, ELCO copied DMF's award-winning DRD2 products and ELCO sells them at lower prices. The Federal Circuit has acknowledged that there may be "no effective way to measure the loss of sales or potential growth – to ascertain the people who do not knock on the door or to identify the specific persons who do not reorder because of the existence of the infringer."[3] DMF, accordingly, does not intend to present an exhaustive study, but a couple of declarations showing actual lost sales to lower priced infringing products and briefing based on that and the existing record explaining why the harm is not compensable by monetary damages. This does not require delay by ELCO to assess and respond.

      Third, DMF's supplementing the record on the Version 3 product requires no extended delay for ELCO to respond. DMF will provide a declaration showing the cross-section dimensions of ELCO's newly released Version 3 product (shown below) that is no more than colorably different than, and infringes for the same reasons as, ELCO's Version 1 and 2 products. DMF's motion papers made clear that the requested injunction would encompass Version 1 and Version 2 products and "any product that is no more than colorably different" from them, such as ELCO's Version 3 product: DMF's Notice of Motion (Dkt. 26), DMF's Proposed Order (Dkt. 26-18) and DMF's Reply Brief (Dkt. 62 at 2-3). On and after December 21, 2018, DMF discussed with ELCO that DMF had now obtained the Version 3 product (ELCO released it after briefing completed), that DMF now knew the cross-sectional dimensions of that product (ELCO had concealed those dimensions in the parties' prior discussions) and that the Version 3 product infringes and would be

---

[3] *Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012) (affirming court finding of irreparable harm).

subject to this proposed injunction as being no more than colorably different from Versions 1 and 2.

ELCO misleadingly asserts that DMF's Version 3 filing would be voluminous. DMF actually intended to make a simple filing (2-page declaration explaining attached cut-away images of Versions 2 and 3 such as those below) to show the Court the actual Version 3 design and that it had been released (because, on the mootness issue, DMF could say only what the unreleased product "probably" would be). But ELCO objected (claiming it needed weeks to review its own product) and would have required filing a contested ex parte application on the eve of the hearing after ELCO had just buried the Court with over 270 pages of objections—DMF opted to simply raise the issue at the hearing given *ELCO's voluminous filing* and its burden on the Court.

ELCO already has had several weeks to make this assessment. Supplementation to provide the newly released Version 3 product does not require the additional and substantial delay ELCO seeks here.

 

**Version 2 (Version 1 with "hat")**  **Version 3**

Fourth, the briefing itself will be limited and primarily premised on clarifying cases raised by the parties. For example, DMF will submit the appellate briefs in the non-precedential[4] *Automated Merchandising* decision on which ELCO primarily relies that show the patent owner in that case "did not dispute that it had granted

---

[4] Non-precedential decisions by the Federal Circuit are written to provide sufficient information for the parties who are familiar with the record, but not necessarily the public, to understand the basis for the ruling.

non-exclusive licenses to every one of its competitors except [defendant] Crane"[5] such that the patent owner could not prove irreparable harm from lost sales to defendant Crane *standing alone* where the patent owner also lost sales to *nine other competitors* that the patent owner chose to license in return for money (in contrast, DMF does not license its patent, but relies on patent rights to exclusively offer its specification-grade DRD2 products).

## II.   Defendants ELCO's Proposed Supplemental Briefing

Counsel for the parties met and conferred on Thursday, January 10 2019, regarding a supplemental briefing schedule and limited discovery for DMF's motion for preliminary injunction. The parties were not able to agree on a schedule.

DMF's counsel proposed that each side submit supplemental briefs and evidence on January 16, and each side file a response to the other on January 18, 2019. Defendants' counsel indicated that DMF's proposed scheduled did not afford Defendants sufficient time, and proposed some limited discovery and supplemental briefing in February, with a further hearing in late February. DMF's counsel objected to this schedule and any discovery, and objected to Defendants supplementing the record on any issue except the bond issue raised by the Court in its tentative ruling.

DMF's proposed supplemental briefing schedule is unreasonable and unfair for a variety of reasons. First, DMF proposes to give Defendants a mere 48 hours to respond to DMF's new evidence and supplemental briefing. That simply is not enough time to respond. Second, this Court is giving DMF a second chance to seek extraordinary relief against Defendants after DMF failed to make the necessary showing for such relief on its first try. The Court could have simply denied DMF's

---

[5] Non-Confidential Response and Reply Brief of Defendant-Appellant Crane Co., *Automated Merchandising Sys. Inc. v. Crane Co.*, Nos. 2009-1158, 1009-1164 (Fed. Cir.), 2009 WL 2494440, *4 n.2 (defendant's appeal brief); Opening Brief of Cross Appellant Automated Merchandising Sys., Inc., *Automated Merchandising Sys., Inc. v. Crane Co.* (Fed. Cir.), Nos. 2009-1158, 1009-1164, 2009 WL 1900194 *6 n.2 (discussing nine licensee's and "payment of royalties").

motion. After having obtained a "second bite at the apple," however, DMF is trying to take advantage of the situation by creating an unlevel playing field.

Third, DMF wants to expand the scope of the injunction it seeks to cover Elco's Version 3 design of its ELL module and seeks to introduce new evidence about that design. The Version 3 design was <u>not</u> part of DMF's initial motion. At the January 7th hearing, when DMF's attorney David Long, announced that DMF wanted to submit such evidence, the Court's immediate reaction was – and correctly so – that Defendants should be allowed adequate time to respond. DMF argues above that Defendants have had plenty of time to respond regarding the Version 3 design because DMF's counsel raised the possibility of supplementing its briefing with information about Version 3 in late December. But that contention has no merit. DMF's counsel threatened to file an ex parte application the week before the January 7th hearing seeking permission to supplement the record with evidence and briefing regarding Version 3 but never filed those papers. During the meet and confer on January 10, DMF's counsel said they did not file those ex parte papers because they were too voluminous. Fundamental due process dictates that Defendants be given adequate time to respond to DMF's submission regarding the Version 3 design.

Fourth, no discovery has taken place in the case, and the Court specifically suggested at the hearing that the parties take some discovery before teeing up the injunction issue in supplemental briefing. Defendants agree, not to cause any unnecessary delay, but because some limited discovery would be helpful to the Court in deciding the injunction motion. When asked to do so at the January 7th hearing, DMF was unable to proffer <u>any</u> additional evidence or reasons demonstrating irreparable harm. But DMF no doubt will be submitting new evidence in its supplemental briefing, and Defendants should be allowed to take discovery to test that evidence. Furthermore, discovery regarding how to construe the light source location limitation language in Claim 1 would be extremely helpful to the

Court.  This is perhaps the most critical issue in the case.  DMF failed to disclose in its moving papers its methodology for construing that claim limitation, and instead only disclosed that information in its reply papers, thereby preventing Defendants from an opportunity to respond to DMF's position.  *Cf.* Benya [Initial] Decl. ¶ 66 *with* Benya Reply Decl. ¶¶ 45, 105-107 and DMF Reply at 4-6.  DMF, as the moving party, was required to disclose its construction of that claim limitation in its moving papers.  As a matter of due process, Defendants should be allowed to respond, including the opportunity to take discovery, regarding that issue.  But even if DMF was not required to disclose that information in its moving papers, Defendants should be allowed time to take some limited discovery and respond on this issue because Defendants believe the DMF is misleading the Court about that claim limitation.  Specifically, Defendants want to depose Mr. Danesh, his patent attorney, and the two USPTO Examiners regarding, among other things, their January 2018 in-person interview and telephone conference, which prompted DMF to add that claim limitation language to avoid the prior art rejections previously raised by the USPTO.  Defendants believe they can prove, with such discovery, that their construction of that claim limitation is correct, and that DMF's construction is not only wrong, but also contrived after the fact to inappropriately capture Elco's successful design around the '266 patent with its Version 3 ELL module.  In light of the harsh injunctive relief DMF seeks against Defendants, allowing Defendants to conduct some limited discovery on that topic is only fair, particularly since DMF is getting a second chance on its motion.

  Accordingly, Defendants propose the following supplemental briefing schedule, to allow for some limited discovery and sufficient time to prepare briefs and additional evidence, so that the Court can fairly adjudicate DMF's second attempt to obtain extraordinary relief:

January 22 – deadline for DMF to file it supplemental evidence/brief re irreparable harm and Version 3 design; and Elco to file its supplemental evidence/brief re bond issue;

February 15 – deadline for limited discovery to be completed;

February 19 – deadline for Elco to file its responsive evidence/brief re irreparable harm and Version 3 design, including the light source claim limitation; and DMF to file its responsive evidence/brief re bond issue; and

February 25 – the Court holds a further hearing on DMF's motion.

Alternatively, Defendants request the Court to simply issue an order denying DMF's motion without prejudice to it being refiled at a later date on the grounds that DMF failed to show irreparable harm.

Respectfully submitted,

Dated: January 11, 2019

by: /s/ David W. Long

Robert E. Boone III (Cal. Bar 132780)
reboone@bclplaw.com
BRYAN CAVE LEIGHTON PASINER LLP
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200

Kelly W. Cunningham (Cal. Bar 186229)
kcunningham@cislo.com
CISLO AND THOMAS LLP
12100 Wilshire Boulevard, Suite 1700
Los Angeles, CA 90025
Telephone: (310) 451-0647
Facsimile: (310) 394-4477

*Attorneys for Defendants*
*AMP PLUS, INC. d/b/a Elco Lighting*
*Elco Lighting, Inc.*

Ben M. Davidson (Cal. Bar 181464)
ben@dlgla.com
DAVIDSON LAW GROUP, ALC
4500 Park Granada Blvd, Suite 202
Calabasas, California 91302
Office: (818) 918-4622
Fax: (310) 473-2941

David W. Long (admitted *pro hac vice*)
longdw@ergoniq.com
ERGONIQ LLC
8200 Greensboro Dr. Suite 900
McLean, VA 22102
Office: (202) 847-6853

*Attorneys for Plaintiff DMF, Inc.*