Ben M. Davidson (State Bar No. 181464)
ben@dlgla.com
DAVIDSON LAW GROUP, ALC
4500 Park Granada Blvd, Suite 202
Calabasas, California 91302
Office: (818) 918-4622
Fax: (310) 473-2941

David W. Long (admitted *pro hac vice*)
longdw@ergoniq.com
ERGONIQ LLC
8200 Greensboro Dr. Suite 900
McLean, VA 22102
Office: (202) 847-6853

*Attorneys for Plaintiff DMF, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMF, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMP Plus, Inc. d/b/a ELCO Lighting, a California corporation; and<br><br>ELCO Lighting Inc., a California corporation,<br><br>Defendants. | Civil Action No. 2:18-cv-07090 CAS (GJXx)<br><br>**Joint Stipulation Regarding Leave For Defendants To Update Their Invalidity Contentions**<br><br>Ctrm: 350 W. First. Street, Room 8D<br><br>Hon. Christina A. Snyder |

Defendants AMP Plus, Inc., d/b/a ELCO Lighting and ELCO Lighting Inc. (referred to collectively herein as "ELCO") and Plaintiff DMF, by and through their respective counsel, hereby stipulate and agree that ELCO may amend its Invalidity Contentions as follows:

1. On January 9, 2019, the Parties submitted a Joint Rule 26(f) Report (Dkt. 97) that, among other things, required the Parties to exchange Infringement Contentions and Invalidity Contentions on February 15, 2018 [sic: 2019] and that "[t]he parties may supplement their respective infringement and invalidity contentions with leave of Court, based on a showing of good cause under Patent Local Rule 3-6 of the Northern District of California Patent Local Rules." (Dkt. 97 at 8).

2. On January 25, 2019, the Parties submitted a Stipulation Re Setting Of Remaining Dates and Deadlines Submitted By Parties In Their Rule 26(f) Report (Dkt. 121) that proposed resetting the date for the Parties to exchange Infringement Contentions and Invalidity Contentions to March 1, 2019.

3. On January 28, 2019 (Dkt. 129), the Court entered an Order adopting the parties proposed resetting of dates, including the exchange of Infringement Contentions and Invalidity Contentions on March 1, 2019.

4. On March 1, 2019, Plaintiff DMF provided Infringement Contentions alleging infringement of the following claims of U.S. Patent No. 9,964,266:

- Claim 1 and its dependent Claims 2, 4-11, 13-16
- Claims 19 and 21 that depend from Claim 17
- Claim 25 that depends from Claim 22
- Claim 26 and its dependent Claims 28-30

5. That same day, Defendants ELCO provided Invalidity Contentions asserting that '266 Patent Claims 1-28 were either anticipated or would have been

obvious based on twelve alleged prior art references.[1] Specifically, ELCO asserted that "Claims 1-28 are anticipated under 35 U.S.C. § 102(a) by Imtra," Kim, LMH2 or Harbers alleged prior art references. ELCO also asserted that "Claims 1-28 are obvious under 35 U.S.C. § 103(a)" based on alleged primary prior art references Harbers, Imtra, Kim, Yoshiro, Goisten, Reisenauer and LMH2 in combinations with alleged prior art references Beneshon, Turan, Cooper, Blackman, Gifford, Johnson or Foshan.

6. Defendant ELCO's Invalidity Contentions provided Claim Charts for Claim 1 of the '266 Patent, but did not include Claim Charts for the other '266 Patent Claims that ELCO asserted were invalid based on the twelve alleged prior art references. ELCO asserts that it inadvertently did not include the other Claim Charts and that good cause exists for ELCO to be granted leave to amend its Invalidity Contentions to provide them.

7. Plaintiff DMF agrees not to contest that ELCO has good cause to amend its invalidity contentions to provide the omitted Claim Charts for '266 Patent Claims 2-28 based on the twelve identified alleged prior art references.

8. IT IS HEREBY AGREED AND STIPULATED by and between the parties, through their respective counsel, that the Court enter an Order granting ELCO's request for leave to amend its Invalidity Contentions by Wednesday, March 6, 2019 to provide the omitted Claim Charts for '266 Patent Claims 2-28 based on the twelve identified alleged prior art references, which leave to amend will not otherwise alter any deadline set in the Court's Scheduling Order.

---

[1] U.S. Patent No. 9,222,661 ("Kim"); Imtra 2012 Catalog ("Imtra"); U.S. Patent No. 9,217,560 ("Harbers"); U.S. Patent No. 7,488,097 ("Reisenauer"); U.S. Patent No. 5,975,323 ("Turam"); U.S. Patent No. 9,065,264 ("Cooper"); U.S. Patent No. 9,366,418 ("Gifford"); U.S. Patent No. 7,347,580 ("Blackman"); China Patent Application No. CN202733693U ("Foshan"); U.K. Patent NO. GB 2,427,020 ("Johnson"); Japan Patent Application No. JP2007265961A ("Yoshiro") and Cree LMH2 LED Module ("LMH2").

| | | |
|---|---|---|
| 1 | By: /s/ David W. Long<br>David W. Long, Esq. | By: /s/ Robert E. Boone III<br>Robert E. Boone III, Esq. |
| 2 | David W. Long<br>ERGONIQ LLC | Robert E. Boone III<br>BRYAN CAVE LEIGHTON PAISNER |
| 3 | | |
| 4 | Ben M. Davidson<br>DAVIDSON LAW GROUP ALC | *Attorneys for Defendants*<br>*AMP Plus, Inc., d/b/a ELCO Lighting,*<br>*and ELCO Lighting Inc..* |
| 5 | *Attorneys for Plaintiff*<br>*DMF Inc.* | |
| 6 | | Date: March 5, 2019 |
| 7 | Date: March 5, 2019 | |

**Certification Pursuant To Local Rule 5-4.3.4(a)(2)(i)**

Pursuant to Central District of California Local Rule 5-4.3(a)(2)(i), I hereby certify that the content of this document is acceptable to Mr. Ben M. Davidson, Esq., counsel for Defendants, and I have obtained his authorization to affix his electronic signature to this document.

Dated: March 5, 2019          By: /s/ Robert E. Boone III