1   Robert E. Boone III, California Bar 132780
2   **BRYAN CAVE LEIGHTON PAISNER LLP**
3   120 Broadway, Suite 300
    Santa Monica, CA 90401-2386
4   Telephone:  (310) 576-2100
    Facsimile:   (310) 576-2200
5   E-Mail:     reboone@bclplaw.com
6
7   Attorneys for Defendants and
    Counterclaimants AMP Plus, Inc.
8   d/b/a ELCO Lighting, Inc. and Elco Lighting, Inc.

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12

13  DMF, Inc., a California corporation,      Case No. 2:18-CV-07090 CAS (GJSx)

                     Plaintiff,
14
          vs.
15                                            DEFENDANTS' SECOND
    AMP Plus, Inc. d/b/a ELCO Lighting, a     AMENDED ANSWER AND
16  California corporation; and,              COUNTERCLAIM

17  ELCO Lighting Inc., a California
    corporation, ,
18
                     Defendants.
19  ─────────────────────────────────

20  AMP Plus, Inc. d/b/a ELCO Lighting, a
    California corporation and ELCO
21  Lighting, a California corporation,

22                   Counter-Claimants,

23        vs.

24  DMF, Inc., a California corporation,

25                   Counter-defendant.

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

12552807.2

1   Defendants AMP Plus, Inc. d/b/a ELCO Lighting ("ELCO") and Elco

2   Lighting, Inc. ("ELI") (collectively, "Defendants") hereby amends its answer to

3   Plaintiff DMF, Inc.'s ("DMF") Complaint without prejudice to asserting any

4   additional defenses in the future.

5   **I.     PARTIES**

6   1.      Defendants lack knowledge or information sufficient to form a belief

7   about the truth of the allegations in paragraph 1, and on this basis, deny these

8   allegations.

9   2.      Defendants admit the allegations of paragraph 2.

10   3.      ELI is not conducting any business and, on this basis, Defendants deny

11   the allegations of paragraph 3.

12   4.      Defendants admit the allegations of paragraph 4.

13   **II.    JURISDICTION AND VENUE**

14   5.      Defendants admit the allegations of paragraph 5.

15   6.      Defendants admit that this Court has personal jurisdiction over them.

16   Defendants deny all other allegations of paragraph 6.

17   7.      Defendants admit that venue is proper in this District as alleged.

18   Defendants deny all other allegations of paragraph 7.

19   **III.   BACKGROUND**

20   8.      Defendants lack knowledge or information sufficient to form a belief

21   about the truth of the allegations in paragraph 8, and on this basis, deny these

22   allegations.

23   9.      Defendants lack knowledge or information sufficient to form a belief

24   about the truth of the allegations in paragraph 9, and on this basis, deny these

25   allegations.

26   10.     Defendants lack knowledge or information sufficient to form a belief

27   about the truth of the allegations in paragraph 10, and on this basis, deny these

28   allegations.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

**A.    DMF's LED Lighting System**

11.    Defendants agree that heat generated by an LED lighting system may affect the system's long-term reliability.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11, and on this basis, deny these remaining allegations.

12.    Defendants agree with the statements in paragraph 12.

13.    Defendants agree that conventional recessed lighting may or may not include a can.

14.    Defendants disagree with the statement in paragraph 14 that firebox installation requires "significant" time, labor, and costs.

15.    Defendants agree that lighting fixture options and placement may or may not vary.

**1.  Michael D. Danesh Alleged Contribution**

16.    Defendants deny the allegations of paragraph 16.

17.    Defendants deny the allegations of paragraph 17.

18.    Defendants agree that recessed lighting systems may have a decorative trim to cover the ceiling hole in which the light fixture is installed, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18, and on this basis, deny these remaining allegations.

19.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, and on this basis, deny these allegations.

**2.  U.S. Patent No. 9,964,266 -- the '266 patent**

20.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20, and on this basis, deny these allegations.

21.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, and on this basis, deny these allegations.

22.     Defendants admit the allegations of paragraph 22.

23.     Defendants admit the allegations of paragraph 23.

24.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and on this basis, deny these allegations.

25.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, and on this basis, deny these allegations.

26.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and on this basis, deny these allegations.

27.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, and on this basis, deny these allegations.

**B.    DMF's Products**

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28, and on this basis, deny these allegations.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, and on this basis, deny these allegations.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30, and on this basis, deny these allegations.

31.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31, and on this basis, deny these allegations.

32.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32, and on this basis, deny these allegations.

33.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33, and on this basis, deny these allegations.

## C.    <u>Lighting Industry</u>

34.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34, and on this basis, deny these allegations.

35.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35, and on this basis, deny these allegations.

36.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36, and on this basis, deny these allegations.

37.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37, and on this basis, deny these allegations.

38.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38, and on this basis, deny these allegations.

39.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39, and on this basis, deny these allegations.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

DEFENDANTS' SECOND AMENDED ANSWER TO DMF'S COMPLAINT AND COUNTERCLAIMS

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

**D.     ELCO Does Not Knock-Off DMF Products**

40.     Defendants deny the allegations of paragraph 40.

41.     Defendants deny the allegations of paragraph 41.

42.     Defendants deny the allegations of paragraph 42.

43.     Defendants deny the allegations of paragraph 43.

44.     Defendants deny the allegations of paragraph 44.

45.     Defendants deny the allegations of paragraph 45.

46.     Defendants deny the allegations of paragraph 46.

47.     Defendants deny the allegations of paragraph 47.

48.     Defendants agree it directly competes against DMF, along with numerous other recessed lighting manufacturers; Defendants deny the remaining allegations of paragraph 48.

49.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49, and on this basis, deny these allegations.

50.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50, and on this basis, deny these allegations.

51.     The allegations in paragraph 51 are vague and indeterminate.  As a result, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51, and on this basis, deny these allegations.

52.     Defendants admit that it, like any member of the public, had constructive access to DMF's patent application once the Patent Office had published it and, on this basis, agrees with the statements in paragraph 52.

53.     Defendants admit that it, like any member of the public, had constructive access to DMF's published patent, but denies the remaining statements in paragraph 53.

54.     Defendants deny the allegations of paragraph 54.

55.     Defendants deny the allegations of paragraph 55.

56.     Defendants deny the allegations of paragraph 56.

57.     Defendants agree that, on August 10, 2018, Mr. Brandon Cohen acknowledged that he had received the Cease & Desist Letter.

### 3.  **DMF's DRD2 LED Module**

58.     Defendants deny the allegations of paragraph 58.

59.     Defendants admit the allegations of paragraph 59.

60.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60, and on this basis, deny these allegations.

61.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61, and on this basis, deny these allegations.

62.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62, and on this basis, deny these allegations.

63.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63, and on this basis, deny these allegations.

64.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64, and on this basis, deny these allegations.

65.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65, and on this basis, deny these allegations.

66.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66, and on this basis, deny these allegations.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

12552807.2

67.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67, and on this basis, deny these allegations.

68.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68, and on this basis, deny these allegations.

69.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69, and on this basis, deny these allegations.

70.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70, and on this basis, deny these allegations.

71.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71, and on this basis, deny these allegations.

72.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72, and on this basis, deny these allegations.

73.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73, and on this basis, deny these allegations.

74.   Defendants deny the allegations of paragraph 74.

75.   Defendants admit the allegations of paragraph 75.

76.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76, and on this basis, deny these allegations.

77.   Defendants agree that its marketing materials promote the benefits of the ELCO ELL LED Module as including its versatile design and convenient twist-

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

lock attachment of an assortment of trim options, but denies the remaining allegations of paragraph 77.

### 4. DMF's Modular Trims

78.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78, and on this basis, deny these allegations.

79.    Defendants deny the allegations of paragraph 79.

80.    Defendants agree that it sells ELCO Trims to be used with ELCO ELL LED Modules and instructs customers how to install the trims.

81.    Defendants agree with the statements of paragraph 81.

### 5. DMF's Hanger Junction Box

82.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82, and on this basis, deny these allegations.

83.    Exhibit 19 and Exhibit 20 appear to be as described in paragraph 83, but Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 83, and on this basis, deny these remaining allegations.

84.    Defendants admit the allegations of paragraph 84.

85.    Defendants admit the allegations of paragraph 85.

86.    Defendants admit the allegations of paragraph 86.

87.    Defendants deny the allegations of paragraph 87.

88.    Defendants admit the allegations of paragraph 88.

### 6. DMF's Products

89.    Defendants deny the allegations of paragraph 89.

90.    Defendants deny the allegations of paragraph 90.

91.    Defendants deny the allegations of paragraph 91.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

DEFENDANTS' SECOND AMENDED ANSWER TO DMF'S COMPLAINT AND COUNTERCLAIMS

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

### 7. <u>No Irreparable Harm</u>

92.    Defendants deny the allegations of paragraph 92.

93.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93, and on this basis, deny these allegations.

94.    Defendants deny the allegations of paragraph 94.

95.    Defendants deny the allegations of paragraph 95.

96.    Defendants deny the allegations of paragraph 96.

97.    Defendants deny the allegations of paragraph 97.

98.    Defendants deny the allegations of paragraph 98.

99.    Defendants deny the allegations of paragraph 99.

### 8. <u>ELCO Does Not Use a Confusingly Similar Trademark</u>

100.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100, and on this basis, deny these allegations.

101.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101, and on this basis, deny these allegations.

102.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102, and on this basis, deny these allegations.

103.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103, and on this basis, deny these allegations.

104.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104, and on this basis, deny these allegations.

12552807.2

DEFENDANTS' SECOND AMENDED ANSWER TO DMF'S COMPLAINT AND COUNTERCLAIMS

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

105.   ELCO markets a line of trim products under the trademark UNO™; Defendants deny the remaining allegations of paragraph 105.

106.   ELCO owns and operates the website, elcolighting.com, and markets a line of trim products under the trademark UNO™; Defendants deny the remaining allegations of paragraph 106.

107.   Defendants deny the allegations of paragraph 107.

108.   Defendants deny the allegations of paragraph 108.

109.   Defendants deny the allegations of paragraph 109.

110.   Defendants deny the allegations of paragraph 110.

111.   Defendants deny the allegations of paragraph 111.

### 9.  **ELCO Products**

112.   Defendants deny that ELCO's products infringe the DMF patents.

113.   Defendants deny the allegations of paragraph 113.

114.   Defendants deny the allegations of paragraph 114.

115.   Defendants deny the allegations of paragraph 115.

116.   Defendants deny the allegations of paragraph 116.

## IV.   **COUNT I – INFRINGEMENT OF THE '266 PATENT**

117.   Defendants incorporate by reference paragraphs 1 through 116 above.

118.   Defendants deny the allegations of paragraph 118.

### A.  **No 35 U.S.C. § 271(a) Direct Infringement**

119.   Defendants deny the allegations of paragraph 119.

120.   Defendants deny the allegations of paragraph 120.

121.   Defendants deny the allegations of paragraph 121.

### B.  **No 35 U.S.C. § 271(b) Induced Infringement**

122.   Defendants deny the allegations of paragraph 122.

123.   Defendants deny the allegations of paragraph 123.

124.   Defendants deny the allegations of paragraph 124.

125.   Defendants deny the allegations of paragraph 125.

126.   Defendants deny the allegations of paragraph 126.

**C. <u>No 35 U.S.C. § 271(c) Contributory Infringement</u>**

127.   Defendants deny the allegations of paragraph 127.

128.   Defendants deny the allegations of paragraph 128.

129.   Defendants deny the allegations of paragraph 129.

130.   Defendants deny the allegations of paragraph 130.

131.   Defendants deny the allegations of paragraph 131.

132.   Defendants deny the allegations of paragraph 132.

**D. <u>No 35 U.S.C. § 284 Damages</u>**

133.   Defendants deny the allegations of paragraph 133.

**E. <u>No 35 U.S.C. § 284 Willful Infringement</u>**

134.   Defendants deny the allegations of paragraph 134.

135.   Defendants deny the allegations of paragraph 135.

136.   Defendants deny the allegations of paragraph 136.

137.   Defendants deny the allegations of paragraph 137.

138.   Defendants deny the allegations of paragraph 138.

139.   Defendants deny the allegations of paragraph 139.

**F.  <u>No Injunctive Relief</u>**

140.   Defendants deny the allegations of paragraph 140.

141.   Defendants deny the allegations of paragraph 141.

142.   Defendants deny the allegations of paragraph 142.

143.   Defendants deny the allegations of paragraph 143.

144.   Defendants deny the allegations of paragraph 144.

**V.   <u>COUNT II – ALLEGING TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (UNDER 15 U.S.C. §§ 1114 AND 1125(A))</u>**

145.   Defendants incorporate by reference paragraphs 1 through 144 above.

146.   Defendants deny the allegations of paragraph 146.

147.   Defendants deny the allegations of paragraph 147.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

DEFENDANTS' SECOND AMENDED ANSWER TO DMF'S COMPLAINT AND COUNTERCLAIMS

148. Defendants deny the allegations of paragraph 148.

149. Defendants deny the allegations of paragraph 149.

150. Defendants deny the allegations of paragraph 150.

151. Defendants deny the allegations of paragraph 151.

152. Defendants deny the allegations of paragraph 152.

153. Defendants deny the allegations of paragraph 153.

154. Defendants deny the allegations of paragraph 154.

155. Defendants deny the allegations of paragraphs 155.

156. Defendants deny the allegations of paragraph 156.

157. Defendants deny the allegations of paragraph 157.

## VI. COUNT II [*SIC*] – ALLEGING TRADEMARK INFRINGEMENT (UNDER CALIFORNIA LAW)

158. Defendants incorporate by reference paragraphs 1 through 157 above.

159. Defendants deny the allegations of paragraph 159.

160. Defendants deny the allegations of paragraph 160.

161. Defendants deny the allegations of paragraph 161.

162. Defendants deny the allegations of paragraph 162.

163. Defendants deny the allegations of paragraph 163.

164. Defendants deny the allegations of paragraph 164.

165. Defendants deny the allegations of paragraph 165.

166. Defendants deny the allegations of paragraph 166.

167. Defendants deny the allegations of paragraph 167.

168. Defendants deny the allegations of paragraph 168.

169. Defendants deny the allegations of paragraph 169.

## VII. COUNT V [*SIC*] – ALLEGING VIOLATIONS OF CAL. BUS. & PROF. CODE §17200 AND COMMON LAW UNFAIR COMPETITION

170. Defendants incorporate by reference paragraphs 1 through 169 above.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

171.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 171, and on this basis, deny these allegations.

172.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 172, and on this basis, deny these allegations.

173.   Defendants deny the allegations of paragraph 173.

174.   Defendants deny the allegations of paragraph 174.

175.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 175, and on this basis, deny these allegations.

176.   Defendants deny the allegations of paragraph 176.

177.   Defendants deny the allegations of paragraph 177.

178.   Defendants deny the allegations of paragraph 178.

179.   Defendants deny the allegations of paragraph 179.

180.   Defendants deny the allegations of paragraph 180.

181.   Defendants deny the allegations of paragraph 181.

## VIII. DEFENDANTS' ADDITIONAL DEFENSES

1.   Of the incredibly large number of ELCO products and accessories listed in DMF's complaint paragraphs 113-116, a large majority of them were inappropriately named -- apparently for the extrajudicial benefit DMF is attempting to extract from listing them -- do not infringe and have not infringed the '266 patent, either directly (35 U.S.C. § 271(a)), contributorily (35 U.S.C. § 271(c)), or by active inducement (35 U.S.C. § 271(b)).  Some, for example, are mere accessories, capable of attaching to numerous ELCO products.  They cannot be legitimately accused of having all of the elements of any claim of the '266 patent.

2.   The asserted '266 patent is invalid on the grounds of anticipation by known prior art references under 35 U.S.C. Section 102, including as a result of at

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

DEFENDANTS' SECOND AMENDED ANSWER TO DMF'S COMPLAINT AND COUNTERCLAIMS

least the prior art admitted in the '266 patent (the "admitted prior art"), U.S. Patent No. 9,222,661 ("Kim"); U.S. Patent No. 9,217,560 ("Harbers"); U.S. Patent Application No. 11/949,185; U.S. Patent Application No. 13/915,868; Imtra Corporation's PowerLED; ELCO's E247 LED module; Lithonia Lighting LED Versi Lite; and Cree's LMH2 LED module, as discussed below and incorporated here by this reference.

3.     The asserted '266 patent is invalid on the grounds of obviousness in view of the combined teaching and suggestions of the prior art under 35 U.S.C. Section 103, including as a result of the admitted prior art, U.S. Patent Nos. 9,222,661 ("Kim"); 9,217,560 ("Harbers"); 7,566,154 ("Gloisten"); 7,488,097 ("Reisenauer"); 9,371,966 ("Rowlette"); 9,285,103 ("Van de Ven III"); 8,602,601 ("Khazi"); 9,068,719 ("Van de Ven II"); 2,038,784 ("Ghadiali"); 3,422,261 ("McGinty"); 6,600,175 ("Baretz I"); 6,515,313 ("Ibbetson"); 6,657,236 ("Thibeault"); 6,958,497 ("Emerson I"); 6,906,352 ("Edmond"); 7,692,182 ("Bergmann"); 7,335,920 ("Denbaars"); 7,446,345 ("Emerson III"); 7,211,833 ("Slater"); 7,704,763 ("Fujii"); 7,213,940 ("Van de Ven I"); 7,769,192 ("Takagi"); 7,312,474 ("Emerson II"); 8,659,034 ("Baretz II"); 5,975,323 ("Turan"); 9,065,264 ("Cooper"); 9,366,418 ("Gifford"); 7,347,580 ("Blackman"); U.S. Patent Application Nos. 11/949,185; 13/915,868; and 10/831,941; China Patent Application No. CN202733693U ("Foshan"); United Kingdom Patent No. GB 2,427,020 ("Johnson"); Japan Patent Application No. JP2007265961A ("Yoshiro"); Canada Patent Publication No. CA2815067 ("Kathawate"); China Patent Publication No. CN201259125 ("Wang"); Imtra Corporation's PowerLED; ELCO's E247 LED module; Lithonia Lighting LED Versi Lite; and Cree's LMH2 LED module, as discussed below and incorporated here by this reference.

4.     Defendants do not infringe and have not infringed any of DMF's trademark rights.  The asserted trademarks are inherently weak, ELCO's accused mark is dramatically different in sight and sound.  There are no known instances of

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

any confusion, and the other likelihood of confusion factors likewise favor a finding of no likelihood of confusion.

5.     Defendants have not committed any acts of unfair competition.

6.     Defendants have, at all times, acted in good faith within the privileges of free competition.

7.     DMF suffered no loss or damages arising from the alleged claims against Defendants.

8.     DMF is not entitled to recover any damages due to a lack of causation.

9.     DMF is barred from recovering damages because any damages possibly available in connection with this action are speculative and uncertain.

10.    DMF is not entitled to recover damages due to its failure to mitigate.

11.    Pursuant to 35 U.S.C. §§ 112 and 282(b)(3)(A), the '266 Patent is invalid because the claims are not supported by the specification, in particular, the light source module location claim limitation language "wherein the light source module and the driver are positioned inside the first cavity while being coupled to the heat conducting closed rear face of the unified casting <u>such that the light source module is closer to the closed rear face of the unified casting than the open front face of the unified casting</u>" of independent claims 1, and similar language of the other independent claims, finds no support in the specification.

12.    DMF is guilty of unclean hands, and by reason thereof, under the doctrine of unclean hands, DMF's claims are barred, in whole or in part and/or its recovery is eliminated or reduced.  DMF has unclean hands because, on information and belief, DMF, among other things, that DMF falsely represented that its junction boxes to be used with the DRD2 module were fire rated up to 2 hours under UL Std. 514A, and the junctions boxes constituted recessed lights, which require certification under UL Std. 1598.  Defendants are informed and believe, and on that basis allege, that DMF's junction boxes were never certified for fire rating under 514A, nor were they certified under 1598.  Defendants are informed and believe,

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

DEFENDANTS' SECOND AMENDED ANSWER TO DMF'S COMPLAINT AND COUNTERCLAIMS

1  and on that basis allege, that is why DMF "retired" junction box model no.

2  DRDHNJ in December 2018, right after Defendants filed their opposition to DMF's

3  preliminary injunction motion.  Defendants are informed and believe, and on that

4  basis allege, that DMF falsely promoted its DRD2 by falsely promoting its junction

5  boxes, and that DMF sold large quantities of those junction boxes, and in turn,

6  DRD2 modules.

7  **IX.   <u>PRAYER FOR RELIEF</u>**

8        WHEREFORE, Defendants pray that this Court enter judgment denying all

9  relief sought by DMF.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

DEFENDANTS' SECOND AMENDED ANSWER TO DMF'S COMPLAINT AND COUNTERCLAIMS

## DEFENDANTS' COUNTERCLAIMS

Defendants and Counterclaimants AMP Plus, Inc. d/b/a ELCO Lighting ("ELCO") and Elco Lighting, Inc. ("ELI") (collectively "Counterclaimants") hereby amend their counterclaims and assert the following counterclaims against Plaintiff and Counterclaim-Defendant DMF, Inc. ("DMF"), removing other originally pled counterclaims without prejudice to asserting any counterclaims in the future.

### A.   JURISDICTION

1.    These counterclaims seek, among other claims, declaratory judgments of non-infringement and invalidity of the '266 patent and non-infringement of DMF's alleged trademark rights.  This Court has jurisdiction over such declaratory judgment actions pursuant to the Federal Declaratory Judgments statutes, 28 U.S.C. §§ 2201 and 2202.  This Court has jurisdiction over the subject matter of the same pursuant to 28 U.S.C. §§ 1331 and 1338(a) because questions of patent and trademark rights are federal questions arising out of the Acts of Congress, namely, Titles 15 and 35 of the United States Code.  This Court has jurisdiction over the remaining subject matter pursuant to 28 U.S.C. §§ 1338(b) and 1367 as supplemental.

2.    DMF is subject to personal jurisdiction in this judicial district and venue is proper as to DMF by virtue of its submitting to the jurisdiction and venue of this Court by virtue of filing the present direct action in this Court.  In addition, personal jurisdiction and venue are proper in this judicial district because DMF admits that it has a principal place of business in this judicial district.

### B.   FACTUAL BACKGROUND

3.    ELCO has been in the lighting business for over twenty-five (25) years and has become a trusted name in lighting fixtures throughout the country.  ELCO was founded on the philosophy that high quality lighting products should be sold at a fair market price.  Both customers and competitors alike see ELCO as a leader in

luminaire manufacturing. ELCO maintains many electrical engineers on site, and ELCO has become a pioneer in the world of illumination.

4.    ELCO's commitment to this philosophy and dedication to exceptional customer service serve as the very soul of the company. ELCO takes pride in its perpetual commitment to such standards that enable it to continually prosper in a highly competitive and unpredictable industry.

5.    ELCO's several LED product lines include recessed, track, undercabinet, outdoor and emergency lighting.  ELCO stands behind every product it makes -- no exceptions.

C.    **COUNT I -- DECLARATORY JUDGMENT OF INVALIDITY OF THE '266 PATENT**

6.    Counterclaimants repeat and incorporate paragraphs 1 through 5.

7.    DMF alleges in its Complaint that Counterclaimants have infringed DMF's U.S. Patent No. 9,964,266 ("the '266 patent").

8.    Counterclaimants deny that they have in any way infringed the '266 patent or that the '266 patent was correctly and appropriately granted.

9.    As such, an actual and justiciable controversy therefore exists between DMF and Counterclaimants with respect to the validity of the '266 patent.

10.    The '266 patent and some or all of its claims are invalid on the grounds that the subject matter sought to be patented therein fails to comply with the conditions and requirements for patentability set forth in Title 35, United States Code, including, but not limited to, the provisions of 35 U.S.C. Sections 102 and/or 103.

11.    Each and every limitation of the asserted claims of the '266 patent is taught in prior art references, including, but not limited to, the prior art admitted in the '266 patent (the "admitted prior art"), including but not limited to U.S. Patent No. 6,491,413 ("Benesohn"), as well as the following additional prior art: U.S. Patent No. 9,222,661 ("Kim"); U.S. Patent No. 9,217,560 ("Harbers"); U.S. Patent

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

Application No. 11/949,185; U.S. Patent Application No. 13/915,868; Imtra Corporation's PowerLED; ELCO's E247 LED module; Lithonia Lighting LED Versi Lite; and Cree's LMH2 LED module.

12.    The claims of the '266 patent, including claims asserted as being infringed, are rendered obvious by the combined teaching and suggestion of the prior art, including the admitted prior art, U.S. Patent Nos. 9,222,661 ("Kim"); 9,217,560 ("Harbers"); 7,566,154 ("Gloisten"); 7,488,097 ("Reisenauer"); 9,371,966 ("Rowlette"); 9,285,103 ("Van de Ven III"); 8,602,601 ("Khazi"); 9,068,719 ("Van de Ven II"); 2,038,784 ("Ghadiali"); 3,422,261 ("McGinty"); 6,600,175 ("Baretz I"); 6,515,313 ("Ibbetson"); 6,657,236 ("Thibeault"); 6,958,497 ("Emerson I"); 6,906,352 ("Edmond"); 7,692,182 ("Bergmann"); 7,335,920 ("Denbaars"); 7,446,345 ("Emerson III"); 7,211,833 ("Slater"); 7,704,763 ("Fujii"); 7,213,940 ("Van de Ven I"); 7,769,192 ("Takagi"); 7,312,474 ("Emerson II"); 8,659,034 ("Baretz II"); 5,975,323 ("Turan"); 9,065,264 ("Cooper"); 9,366,418 ("Gifford"); 7,347,580 ("Blackman"); U.S. Patent Application Nos. 11/949,185; 13/915,868; and 10/831,941; China Patent Application No. CN202733693U ("Foshan"); United Kingdom Patent No. GB 2,427,020 ("Johnson"); Japan Patent Application No. JP2007265961A ("Yoshiro"); Canada Patent Publication No. CA2815067 ("Kathawate"); China Patent Publication No. CN201259125 ("Wang"); Imtra Corporation's PowerLED; ELCO's E247 LED module; Lithonia Lighting LED Versi Lite; and Cree's LMH2 LED module.

13.    The patent claims of the '266 patent recite an LED light source that emits light during operation of the LED module and that LED light source receives regulated power from a donut shaped driver.  These claim limitations, however, recite nothing that is not already in this prior art.

### 1.    Anticipation By The Imtra PowerLED Module

14.    For example, but not exclusively so, claims 1-2, 4-17, 19-22, 25-28 of the '266 patent are anticipated under 35 U.S.C. § 102(a) by Imtra.  Counterclaimants

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

attache as Exhibit 1 a true and correct copy of pages from a 2012 product catalog from Imtra Corporation, as saved and maintained by archive.org.  The catalog discloses the configuration of an Imtra PowerLED as of at least 2012, which includes an LED light source that emits light during operation of the LED module receiving power from a donut shaped driver ("integrated driver electronics featuring constant current control of LED's").  Counterclaimants also attach as Exhibits 2 and 3, respectively, true and correct copies of an Imtra product drawing (with measurements of the product) and the Imtra PowerLED Downlight Installation and Operation Manual, both of which are available on Imtra's website (www.imtra.com), and Counterclaimants allege, on information and belief, were available to the public and on Imtra's website as of at least 2012.

15.    Counterclaimants attach as Exhibit 4 a claims chart showing the invalidity of claims 1-2, 4-17, 19-22, 25-28 of the '266 patent in view of this prior art, and incorporate by reference, as if alleged and stated in this paragraph, the contents of that claims chart.

16.    The '266 patent claims recite "a unified casting with a heat conducting closed rear face, a heat conducting sidewall and an open front face wherein the heat conducting sidewall is joined to the heat conducting closed rear face at one end and defines the open front face of the unified casting at another end[.]"  These claim limitations, likewise, recite nothing that is not already in the prior art.

17.    The catalog discloses a module with heat conducting aluminum casting ("Anodized, die-cast aluminum heat-sink housing") with a closed rear face, an open front face, and a cylindrical sidewall there between.  Additionally, the casting has heat-sink fins on the sidewall and rear wall.

18.    Next, the '266 patent claims recite "a reflector positioned inside the first cavity of the unified casting and coupled to and surrounding the light source module such that the reflector directs light produced by the light source module into an area surrounding the compact recessed lighting system while enclosing the driver from

4

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

exposure to the area surrounding the compact recessed lighting system[.]"  Again, nothing new.

19.    The catalog discloses a reflector that, during operation of the LED Module, reflects light emitted from the LED light source out of the open end of the aluminum casting ("highly reflective, plated aluminum reflector for superior optical efficiency") through a lens at the open end of the aluminum casting ("frosted glass lens for glare free illumination").

20.    Next, the claims recite that "the light source module and the driver are positioned inside the first cavity while being coupled to the heat conducting closed rear face of the unified casting such that the light source module is closer to the closed rear face of the unified casting than the open front face of the unified casting[.]"  These limitations can also be found in the prior art.

21.    The catalog discloses an LED light source, driver, and reflector that are positioned within the aluminum casting. The LED light source is positioned closer to the rear end of the aluminum casting than the open front end of the casting. The lens helps shield the LED light source from outside contamination, such as when the LED Module is being handled for installation or afterwards, while allowing light from the LED light source to pass through the lens during operation of the LED Module ("frosted glass lens for glare free illumination").

22.    Next, the '266 patent claims recite that there is a "driver including an electronic device to at least one of supply and regulate electrical energy to the light source module[.]"  This was also common before the '266 patent was filed.

23.    Additionally, certain Imtra LED products disclose dimensions such as these.  For example, the Portland Bi-Color LED discloses an aluminum casting module that is sized so that it can fit within a junction box that is 3-1/2 inches wide and 1-1/2 inches deep ("Trim Ring Diameter 3.43 inches and Recessed Depth of 0.92 inches"). The width of the closed rear end of the aluminum casting is less than 3-1/2 inches.  The height from the outside of the closed rear end to the outside of the

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

open end of the casting is less than 2 inches.  The outside width of the aluminum casting's sidewall between the closed rear end and rim at the open front end of the casting is less than 3-1/2 inches wide

**2.    Anticipation By U.S. Patent No. 9,222,661 ("Kim")**

24.    Kim discloses a unified casting (housing 100), a light source (400), which is closer to rear wall than the front wall (see, Figures 5-6), a driver (500), and a reflector (300), and the reflector encloses the driver (see, Figure 5). Counterclaimants attach as Exhibit 5 a true and correct copy of the Kim patent.

25.    Counterclaimants attach as Exhibit 6 a claims chart showing how claims 1-2, 4-15, 17, 19-22, 25-28 of the '266 patent are anticipated under 35 U.S.C. § 102(a) by Kim, and incorporate by reference, as if alleged and stated in this paragraph, the contents of that claims chart.

**3.    Anticipation By The CREE LMH2 LED Module**

26.    Furthermore, at least as early as 2012, Mouser Electronics was selling a CREE LMH2 LED Module disclosing electrical wires passing through the closed rear face of the aluminum casting for supplying electrical energy to the driver (labeled as "strain relief" in reference to the LMH2 Assembly).  Counterclaimants attach as Exhibit 7 a true and correct copy of pages from the Mouser Electronics website, as saved and maintained by archive.org.

27.    Counterclaimants attach as Exhibit 8 a claims chart showing how claims 1-2, 4-6, 8-14, 17, 19-22, 25-28 of the '266 patent are anticipated under 35 U.S.C. § 102(a) by LMH2, and incorporate by reference, as if alleged and stated in this paragraph, the contents of that claims chart.

28.    Wires that have a connector at one end that, during installation of the LED Module in a building, can be plugged into a corresponding connector of other wires that receive electrical energy, such as 120-volt electrical energy supplied in the building in which the LED module is installed, can be found generally on the archived Mouser Electronics webpages.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

29.     Next, the claims of the '266 patent recite that the "unified casting includes a plurality of elements positioned proximate to the open front face so as to align with corresponding tabs of a standard junction box and thereby facilitate holding the unified casting up against the standard junction box when the unified casting is installed in the standard junction box[.]"  Once again, this limitation is in this prior art.

### 4.     Anticipation By U.S. Patent No. 9,217,560 ("Harbers")

30.     Claims 1-2, 4-10, 12-13, 15, 17, 19-22, 25-28 are anticipated under 35 U.S.C. § 102(a) by Harbers, a true and correct copy of which is attached hereto as Exhibit 9.  Harbers discloses a unified casting (130), a light source (LED 102), which is closer to rear wall than the front wall (*see*, Figure 3), a driver (module 120), and a reflector (140), and the reflector encloses the driver (*see*, Figure 3).

31.     Counterclaimants attach as Exhibit 10 a claims chart showing how claims 1-2, 4-10, 12-13, 15, 17, 19-22, 25-28  of the '266 patent are anticipated under 35 U.S.C. § 102(a) by Harbers, and incorporate by reference, as if alleged and stated in this paragraph, the contents of that claims chart.

### 5.     Anticipation By The ELCO E247 LED Module

32.     Well before the priority date of the '266 patent, ELCO itself was selling the E247, which discloses the elements of representative claim 1 of the '266 patent.

33.     Counterclaimants attach as Exhibit 11 a claims chart showing the invalidity of representative claim 1 of the '266 patent in view of this prior art, and incorporat by reference, as if alleged and stated in this paragraph, the contents of that claims chart.

### 6.     Anticipation By The Lithonia LED Versi Lite

34.     In yet another product from 2012, the Lithonia LED Versi Lite (See, U.S. Design Patent No. D691,763 filed on December 13, 2012) discloses an LED module with an adaptor plate for aligning with tabs of a junction box to fasten the casting to the junction box, as included in Exhibits 4, 6, 8 and 11.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

**7.    Anticipation By U.S. Patent Application No. 11/949,185**

35.    U.S. Patent Application No. 11/949,185 discloses a unified casting (light case 2), a light source (LED 41), which is closer to rear wall than the front wall (*see*, Figures 3), a driver (light unit 4), and a reflector (reflector portion 53), and the reflector encloses the driver (*see*, Figure 3).

**8.    Anticipation By U.S. Patent Application No. 13/915,868**

36.    U.S. Patent Application No. 13/915,868 discloses a unified casting (*see*, Figure 1), a light source (light emitter 2), which is closer to rear wall than the front wall (*see*, Figure 1), a driver (lighting circuit unit 4), and a reflector (74), and the reflector encloses the driver (*see*, Figure 1).

37.    Accordingly, there exists an actual justiciable controversy between DMF and Counterclaimants concerning whether some or all of the claims of the '266 patent are invalid.

38.    Counterclaimants request a judgment declaring that the '266 patent is invalid.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the '266 patent.

**9.    Obviousness In View of Various Prior Art References**

39.    Claims 1-2, 4-17, 19-22, 25-28 are obvious under 35 U.S.C. § 103(a) over the '266 patent by Harbers in view of Benesohn.  Counterclaimants incorporate herein by reference, as if set forth fully in this paragraph, the contents of the claims chart attached hereto as Exhibit 12, which explains how the aforementioned claims are invalid under Harbers in view of Benesohn.

40.    Claims 1-2, 4-17, 19-22, 25-28 are obvious under 35 U.S.C. § 103(a) over the '266 patent by Harbers in view of Benesohn and in view of Turan, Cooper, Blackman, Gifford, Johnson and/or Foshan.  Counterclaimants incorporate herein by reference, as if set forth fully in this paragraph, the contents of the claims chart attached hereto as Exhibit 13, which explains how the aforementioned claims are

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

invalid under Harbers in view of Benesohn and in view of Turan, Cooper, Blackman, Gifford, Johnson and/or Foshan.

41.     Claims 1-2, 4-17, 19-22, 25-28 are obvious under 35 U.S.C. § 103(a) by Imtra in view of Turan, Cooper, Blackman, Gifford, Johnson and/or Foshan. Counterclaimants incorporate herein by reference, as if set forth fully in this paragraph, the contents of the claims chart attached hereto as Exhibit 14, which explains how the aforementioned claims are invalid under Imtra in view of Turan, Cooper, Blackman, Gifford, Johnson and/or Foshan.

42.     Claims 1-2, 4-15, 17, 19-22, 25-28 are obvious under 35 U.S.C. § 103(a) by Kim in view of Johnson, Turan, Cooper, Gifford, Foshan and/or Blackman.  Counterclaimants incorporate herein by reference, as if set forth fully in this paragraph, the contents of the claims chart attached hereto as Exhibit 15, which explains how the aforementioned claims are invalid under by Kim in view of Johnson, Turan, Cooper, Gifford, Foshan and/or Blackman.

43.     Claims 1-2, 4-10, 12-13, 15, 17, 19-22, 25-28 are obvious under 35 U.S.C. § 103(a) by Harbers in view of Johnson, Turan, Cooper, Gifford, Foshan and/or Blackman.  Counterclaimants incorporate herein by reference, as if set forth fully in this paragraph, the contents of the claims chart attached hereto as Exhibit 16, which explains how the aforementioned claims are invalid under Harbers in view of Johnson, Turan, Cooper, Gifford, Foshan and/or Blackman.

44.     Claims 1-2, 4-17, 19-22, 25-28 are obvious under 35 U.S.C. § 103(a) by Yoshiro in view of Johnson, Turan, Cooper, Gifford, Foshan and/or Blackman. Counterclaimants incorporate herein by reference, as if set forth fully in this paragraph, the contents of the claims chart attached hereto as Exhibit 17, which explains how the aforementioned claims are invalid under Yoshiro in view of Johnson, Turan, Cooper, Gifford, Foshan and/or Blackman.

45.     Claims 1-2, 4-17, 19-22, 25-28 are obvious under 35 U.S.C. § 103(a) by Gloisten in view of Johnson, Turan, Cooper, Gifford, Foshan and/or Blackman.

Counterclaimants incorporate herein by reference, as if set forth fully in this paragraph, the contents of the claims chart attached hereto as Exhibit 18, which explains how the aforementioned claims are invalid under Gloisten in view of Johnson, Turan, Cooper, Gifford, Foshan and/or Blackman.

46.    Claims 1-2, 4-15, 17, 19-22, 25-28 are obvious under 35 U.S.C. § 103(a) by Reisenauer in view of Johnson, Turan, Cooper, Gifford, Foshan and/or Blackman.  Counterclaimants incorporate herein by reference, as if set forth fully in this paragraph, the contents of the claims chart attached hereto as Exhibit 19, which explains how the aforementioned claims are invalid under Reisenauer in view of Johnson, Turan, Cooper, Gifford, Foshan and/or Blackman.

47.    Claims 1-2, 4-14, 17, 19-22, 25-28 are obvious under 35 U.S.C. § 103(a) by LMH2 in view of Johnson, Turan, Cooper, Gifford, Foshan and/or Blackman.  Counterclaimants incorporate herein by reference, as if set forth fully in this paragraph, the contents of the claims chart attached hereto as Exhibit 20, which explains how the aforementioned claims are invalid under LMH2 in view of Johnson, Turan, Cooper, Gifford, Foshan and/or Blackman.

48.    Counterclaimants reserve the right to amend this response, including to add other invalidity grounds and prior art references as the litigation continues.

**D.    COUNT II -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '266 PATENT**

49.    Counterclaimants repeat and incorporate paragraphs 1 through 48.

50.    As mentioned above, DMF alleges in its Complaint that Counterclaimants have infringed the '266 patent, and Counterclaimants deny that they have in any way infringed the '266 patent.

51.    As such, an actual and justiciable controversy therefore exists between DMF and Counterclaimants with respect to DMF's allegations of infringement of the '266 patent.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

52.    Counterclaimants do not infringe, nor has they ever infringed, directly (35 U.S.C. § 271(a)), contributorily (35 U.S.C. § 271(c)), or by actively inducing others to infringe (35 U.S.C. § 271(b)) any valid claim of the '266 patent, either literally or under the doctrine of equivalents, willfully or otherwise because ELCO's products do not meet each and every limitation of the claims of the '266 patent.

53.    In particular, of the incredibly large number of ELCO products and accessories listed in DMF's complaint paragraphs 113-116, a large majority of them were inappropriately named -- apparently for the extrajudicial benefit DMF is attempt to extract from listing them -- do not infringe and have not infringed the '266 patent, either directly (35 U.S.C. § 271(a)), contributorily (35 U.S.C. § 271(c)), or by active inducement (35 U.S.C. § 271(b)).   Some, for example, are mere accessories, capable of attaching to numerous ELCO products.   They cannot be legitimately accused of having all of the elements of any claim of the '266 patent.

54.    Counterclaimants are informed and on this basis believe that the products DMF claims are covered by the '266 patent and authorized by it for sale have never been consistently and are current not marked with any patent notice.

55.    Neither ELCO nor ELI was not aware of the '266 patent until it eventually uncovered and reviewed the cease and desist letter from DMF's counsel in early- to mid-August 2018, since DMF had used wrong contact information.

56.    Accordingly, there exists an actual justiciable controversy between DMF and Counterclaimants concerning whether any claims of the '266 patent are infringed by ELCO's products.

57.    Counterclaimants request a judgment declaring that they do not infringe the '266 patent.   Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the '266 patent.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

**E.    COUNT III -- DECLARATORY JUDGMENT THAT COUNTERCLAIMANTS DO NOT INFRINGE ANY DMF TRADEMARK RIGHT**

58.    Counterclaimants repeat and incorporate paragraphs 1 through 57.

59.    DMF, in its Complaint, contends that there is a likelihood of confusion and false association among the relevant public as a result of the coexistence of Counterclaimants' use of UNO as a trademark for ELCO's lighting trims and DMF's use of ONEFRAME and ONELED.

60.    Counterclaimants contend the opposite.  Counterclaimants contend that there is no likelihood of confusion and no false association resulting from ELCO's use of UNO as its trademark for its trims.

61.    The DMF trademarks, ONEFRAME and ONELED, are not at all similar in sight or sound to ELCO's trademark, UNO.  Also, the term ONE is in thousands of trademarks.  ONE is probably the most used word, both descriptively and possibly, weakly, as a trademark in the history of marketing goods and services.

62.    Furthermore, the goods are not proximate – the DMF trademarks are purportedly for "junction boxes and wiring enclosures for use in connection with recessed lighting" and "LED luminaires, lighting fixtures, recessed lighting fixtures, recessed ceiling and wall lights; recessed lighting components, namely, light housings, trims, fittings, and wiring."  For its ONELED trademark, DMF also added "LED Lighting Modules."  ELCO, by contrast, is commercially using its mark, UNO, for a line of trim accessories specifically for use with its ELL LED modules. As a result, the marketing channels also are likely to not be particularly similar.

63.    DMF has not claimed any instances of actual confusion between ELCO's UNO mark and the DMF trademarks.  The degree of care likely to be exercised by the purchaser is sufficiently high to render confusion unlikely, considering they are most often professionals and contractors.  Additionally, electrical installation is not taken lightly by any customer or potential customer, due

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

to the type of goods at issue here.  ELCO's reasons for selecting its UNO trademark for the trim accessories had nothing to do with DMF or any DMF trademark, and ELCO is not aware that DMF is intending to expand product lines into ELCO's trim accessories or the like.

64.     Accordingly, there exists an Article III judiciable case and controversy between DMF and Counterclaimants concerning whether there is any likelihood of confusion or false association between ELCO's UNO trademark and DMF's use of ONEFRAME and One LED on its lighting products.

65.     Counterclaimants request a judgment declaring that they do not, and have not, infringed the DMF trademarks.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the DMF trademarks.

66.     Counterclaimants reserve their rights to raise other arguments and defenses, this being only exemplary for purposes of this notice pleading.

**F.     COUNTERCLAIMANTS' PRAYER FOR RELIEF**

WHEREFORE, Counterclaimants pray that this Court enter judgment that:

1.     The '266 patent is invalid;

2.     Even if held valid, the '266 patent is not infringed by ELCO's products or by Counterclaimants;

3.     The ONEFRAME and ONELED trademarks are not infringed by Counterclaimants.

4.     DMF is not entitled to any damages arising from any of its foregoing claims; and

5.     Counterclaimants are entitled to such other and further legal and equitable relief as the Court may deem appropriate.

///

///

///

12552807.2

DEFENDANTS' SECOND AMENDED ANSWER TO DMF'S COMPLAINT AND COUNTERCLAIMS

1    Dated:  March 19, 2019                    BRYAN CAVE LEIGHTON PAISNER LLP

2

3                                             By: /s/ Robert E. Boone III
                                                  Robert E. Boone III
4                                             Attorneys for Defendants
                                              AMP Plus, Inc. d/b/a ELCO Lighting and
5                                             Elco Lighting, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

12552807.2

14

DEFENDANTS' SECOND AMENDED ANSWER TO DMF'S COMPLAINT AND COUNTERCLAIMS