1  Robert E. Boone III (California Bar No. 132780)
   reboone@bclplaw.com
2  **BRYAN CAVE LEIGHTON PAISNER LLP**
   120 Broadway, Suite 300
3  Santa Monica, CA 90401
   Telephone:   (310) 576-2100
4  Facsimile:   (310) 576-2200

5  Daniel A. Crowe (*Pro Hac Vice*)
   dacrowe@bclplaw.com
6  **BRYAN CAVE LEIGHTON PAISNER LLP**
   One Metropolitan Square
7  211 N. Broadway, Suite 3600
   St. Louis, MO 63102
8  Telephone:   (314) 259-2000
   Facsimile:   (314) 259-2020
9
   Erin A. Kelly (*Pro Hac Vice*)
10 erin.kelly@bclplaw.com
   **BRYAN CAVE LEIGHTON PAISNER LLP**
11 1700 Lincoln Street, Suite 4100
   Denver, CO 80203
12 Telephone:   (303) 861-7000
   Facsimile:   (303) 866-0200
13
14 Attorneys for Defendants AMP PLUS, INC.
   d/b/a Elco Lighting and Elco Lighting, Inc.

15            **UNITED STATES DISTRICT COURT**

16            **CENTRAL DISTRICT OF CALIFORNIA**

17 DMF, Inc., a California corporation,        | Case No. 2:18-cv-07090-CAS-GJS

18            Plaintiff,                        | [Hon. Christina A. Snyder]

19                                              | **DEFENDANTS' NOTICE OF
        v.                                        MOTION AND MOTION FOR
20                                                LEAVE TO AMEND ANSWER AND
   AMP PLUS, INC., d/b/a ELCO                     INVALIDITY CONTENTIONS**
21 LIGHTING, a California corporation;
   ELCO LIGHTING, INC., a California           | Date:        June 24, 2019
22 corporation,                                | Time:        10:00 a.m.
                                                 Location:     Courtroom 8D,
23            Defendants.                       | 350 West First Street, Los Angeles, CA

24 AND RELATED COUNTER-
   ACTIONS.
25

26

27

28

12469938.8

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER AND INVALIDITY CONTENTIONS

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 24, 2019, at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at First Street Courthouse, 350 W. First Street, Courtroom 8D, 8th Floor, Los Angeles, CA 90012, Defendants AMP Plus, Inc. d/b/a ELCO Lighting and ELCO Lighting, Inc. (collectively, "Defendants") will, and hereby do, move the Court pursuant to Rule 16(b)(4) and Rule 15(a)(2) of the Federal Rules of Civil Procedure, and Northern District of California Patent Local Rule 3-6, for an Order granting Defendants leave to file a Third Amended Answer and Counterclaim to Plaintiff DMF, Inc.'s Complaint, and to amend their invalidity contentions against the patent-in-suit.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently-filed declaration of Robert E. Boone III ("Boone Decl."), the records on file in this action, and all other matters that the Court may properly consider, including the oral argument of counsel.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on numerous occasions, including on May 1, 10, 15, 16, 20, 21 and 22, 2019, in writing and over the telephone. *See* Boone Decl. ¶ 23.

Dated:  May 24, 2019

    **BRYAN CAVE LEIGHTON PAISNER LLP**
    Robert E. Boone III
    Daniel A. Crowe
    Erin A. Kelly


    By:  */s/ Robert E. Boone III*
       Robert E. Boone III
    Attorneys for Defendants
    AMP PLUS, INC. d/b/a Elco Lighting and Elco
    Lighting, Inc.

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ......................................................................................... 1

II.     FACTUAL BACKGROUND ....................................................................... 3

III.    LEAVE TO AMEND THE ANSWER SHOULD BE GRANTED ................. 7

    A.      Good Cause Exists Under Rule 16 ................................................... 7

    B.      Leave To Amend Is Liberally Allowed Under Rule 15 ........................ 9

        1.      No Bad Faith ........................................................................ 10

        2.      No Undue Delay ................................................................... 10

        3.      No Prejudice To DMF ........................................................... 11

        4.      The Requested Amendments Are Not Futile ......................... 14

        5.      No Prior Leave To Amend Requested ................................... 16

IV.     LEAVE TO AMEND THE INVALIDITY CONTENTIONS IS PROPER ... 17

    A.      Defendants Have Been Diligent ....................................................... 17

    B.      DMF Will Not Be Prejudiced By The Proposed Amendment ............ 21

V.      CONCLUSION ......................................................................................... 22

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.V.E.L.A., Inc. v. Cent. Mills, Inc.,*
    No. LACV1503918JAKAGRX, 2016 WL 7444844 (C.D. Cal. July
    19, 2016) ................................................................................................*passim*

*Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.,*
    No. CV 07-8108 FMO (SHX), 2014 WL 12558006 (C.D. Cal. Jan.
    3, 2014) ..............................................................................................................2

*Andresen v. Int'l Paper Co.,*
    No. 213CV02079CASAJWX, 2014 WL 12601502 (C.D. Cal. Apr.
    21, 2014) ..........................................................................................................11

*Cave Consulting Grp., Inc. v. Truven Health Analytics Inc.,*
    No. 15-CV-02177-SI, 2017 WL 607602 (N.D. Cal. Feb. 15, 2017)...........10, 15

*Coleman v. Quaker Oats Co.,*
    232 F.3d 1271 (9th Cir. 2000) ...........................................................................7

*Dep't of Fair Employment & Hous. v. Law Sch. Admission Council,
    Inc.,*
    No. C-12-1830 EMC, 2013 WL 485830 (N.D. Cal. Feb. 6, 2013)...................12

*Desertrain v. City of Los Angeles,*
    754 F.3d 1147 (9th Cir. 2014) ...........................................................................9

*Dobbs v. Terex Corp.,*
    No. EDCV16-2547-CAS(KKX), 2017 WL 6271281 (C.D. Cal. Dec.
    4, 2017) ..............................................................................................................6

*Fujifilm Corp. v. Motorola Mobility LLC,*
    No. 12–cv–03587–WHO, 2014 WL 491745 (N.D. Cal. Feb. 5,
    2014) ...........................................................................................................16, 17

*Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.,*
    No. C 06-7477 SI, 2008 WL 2622794 (N.D. Cal. July 1, 2008) ......................19

*Griggs v. Pace Am. Grp., Inc.,*
  170 F.3d 877 (9th Cir. 1999) ............................................................................... 9

*Johnson v. Buckley,*
  356 F.3d 1067 (9th Cir. 2004) ............................................................................. 9

*Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.,*
  No. 14-CV-00876-RS (JSC), 2016 WL 2855260 (N.D. Cal. May 13,
  2016) .............................................................................................. 16, 18, 19

*Lanier v. Fresno Unified Sch. Dist.,*
  No. 1:09-CV-01779-AWI, 2013 WL 1896183 (E.D. Cal. May 6,
  2013) ................................................................................................. 9, 10

*Martinez v. Newport Beach City,*
  125 F.3d 777 (9th Cir. 1997) ................................................................................ 6

*Nuance Commc'ns, Inc. v. Abbyy Software House,*
  No. C 08–02912 JSW (MEJ), 2012 WL 2427160 (N.D. Cal. June
  26, 2012) ............................................................................................... 16

*OpenDNS, Inc. v. Select Notifications Media, LLC,*
  No. C11-05101 EJD HRL, 2013 WL 2422623 (N.D. Cal. June 3,
  2013) ................................................................................................. 17, 18

*Radware Ltd. v. F5 Networks, Inc.,*
  No. C–13–2024 RMW, 2014 WL 3728482 (N.D. Cal. July 28,
  2014) ...................................................................................................... 16

*Revolution Eyewear, Inc. v. Aspex Eyewear Inc.,*
  No. CV 02-1087 LGB (CWX), 2003 WL 27383395 (C.D. Cal. Mar.
  10, 2003) ............................................................................................. 8, 13, 15

*Sage Electrochromics, Inc. v. View, Inc.,*
  No. 12-CV-6441-JST, 2014 WL 1379282 (N.D. Cal. Apr. 8, 2014) ................. 12

*The Bd. of Trustees of Leland Stanford Junior Univ. v. Roche
Molecular Sys., Inc.,*
  No. C 05-04158 MHP, 2008 WL 624771 (N.D. Cal. Mar. 4, 2008) .......... 17, 18

*THX, Ltd. v. Apple, Inc.,*
  No. 13-CV-01161-HSG, 2016 WL 1718137 (N.D. Cal. Apr. 29,
  2016) ....................................................................................................... 19

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

ii

TABLE OF AUTHORITIES

*U.S. Philips Corp. v. Infodisc Tech. USA, Inc.,*
    No. CV 04-10017SVW(JTLX), 2005 WL 6141291 (C.D. Cal. June 28, 2005) ...................................................................................... 1

*Velarde v. Duarte,*
    No. 11CV0287 AJB KSC, 2012 WL 2463879 (S.D. Cal. June 27, 2012) ......................................................................... 7, 10, 12

*Verinata Health, Inc. v. Sequenom, Inc.,*
    2014 WL 1648175 (N.D. Cal. Feb. 26, 2004) .................................... 19

*Yasudevan Software, Inc. v. Int'l Bus. Machs. Corp.,*
    No. C09–05897 RS (HRL), 2011 WL 940263 (N.D. Cal. Feb. 18, 2011) ..................................................................................... 17

*Yodlee, Inc. v. CashEdge, Inc.,*
    No. C05-01550 SI, 2007 WL 1454259 (N.D. Cal. May 17, 2007) ................. 19

**Statutes**

35 U.S.C. § 102 ..................................................................... 2, 6, 8, 14

35 U.S.C. § 103 ..................................................................... 2, 6, 8, 14

35 U.S.C. § 112 ............................................................................ *passim*

35 U.S.C. § 282(b)(3)(A) ..................................................................... 14

United States Code Title 35 ................................................................. 14

**Rules**

Fed. R. Civ. P. 15 ......................................................................... 2, 6, 8

Fed. R. Civ. P. 15(a) .................................................................... 6, 7, 10

Fed. R. Civ. P. 15(a)(2) .................................................................. 2, 10

Fed. R. Civ. P. 16 ....................................................................... 2, 6, 7

Fed. R. Civ. P. 16(b) ......................................................................... 7

Fed. R. Civ. P. 16(b)(4) ...................................................................... 7

L.R. 3-6 .................................................................................. 15, 16

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants AMP Plus, Inc. d/b/a ELCO Lighting and ELCO Lighting, Inc. (collectively, "Defendants") respectfully move the Court for leave to file a Third Amended Answer and Counterclaim and amend their invalidity contentions in the form attached as Exhibits A and C to the Declaration of Robert E. Boone III ("Boone Decl."). (Redlined versions are attached as Exhibits B and D to the Boone Decl.)

Specifically, Defendants seek to amend their invalidity affirmative defense (¶ 11 on page 16) pursuant to 35 U.S.C. § 112 to add specific references to certain claim terms, such as "significantly dissipates," "substantially heat conducting," "rear face" and "rear heat conducting portion," that Defendants contend are too indefinite, and add similar language to their Counterclaim (¶ 10 on page 2, and a new ¶ 48 on page 10). Courts routinely allow parties to amend their pleadings and contentions, even at later stages of a lawsuit, to allow a case to be decided on the merits. *See U.S. Philips Corp. v. Infodisc Tech. USA, Inc.*, No. CV 04-10017SVW(JTLX), 2005 WL 6141291, at *5 (C.D. Cal. June 28, 2005) (allowing defendant to assert defense of patent misuse despite failure to raise the defense in its answer because there was no prejudice to the plaintiff).

As to the invalidity contentions, Defendants seek to amend their Response to Interrogatory No. 1 to update their contention that various claim terms, such as "significantly dissipates," "substantially heat conducting," "rear face" and "rear heat conducting portion" are too indefinite and, as a result, render U.S. Patent No. 9,964,266 ("the '266 Patent") and/or claims containing such terms invalid. Defendants disclosed these contentions on March 22, 2019, a mere 21 days after their initial invalidity contentions were disclosed on March 1, 2019, and only 16 days after their amended invalidity contentions were provided on March 6, 2019. Defendants also addressed those indefinite terms in detail in their claim construction

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

brief served on <u>April 9, 2019</u>, as well as in the parties' meet and confer sessions leading up to that briefing.  At that time, Defendants notified Plaintiff DMF, Inc. ("DMF") that they would seek leave to amend if necessary.

Defendants also seek to update their Response to Interrogatory No. 1 to provide additional details that were developed since Defendants' retention of a lighting expert in late March 2019, <u>within days</u> of the Court's preliminary injunction ruling, pertaining to Defendants' 35 U.S.C. § 102 anticipation and § 103 obviousness contentions based on certain previously unknown prior art references, including but not limited to additional Imtra publications Defendants discovered in late March and promptly produced to DMF on April 5, 2019, such as the 2007 Imtra catalogs.  Indefiniteness is often raised and decided after claim construction, during summary judgment.  *See Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*, No. CV 07-8108 FMO (SHX), 2014 WL 12558006, at *15 (C.D. Cal. Jan. 3, 2014) ("[I]n general, parties may raise indefiniteness issues after claim construction.").  This case is nowhere near those stages.

There is good cause to grant the requested amendment of the Answer pursuant to Rule 16 of the Federal Rules of Civil Procedure.  Further, the amendment is proper under the liberal standard of Rule 15 of the Federal Rules of Civil Procedure, and DMF cannot satisfy its burden of demonstrating prejudice, undue delay, bad faith, or futility.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

Defendants also have good cause to amend their invalidity contentions.  The Court has not yet set a trial date or pre-trial conference, a *Markman* hearing, expert or fact discovery cutoff dates, or deadlines for expert disclosures/reports or summary judgment motions.  Therefore, there is ample time to complete fact discovery and expert discovery, if any, regarding the amended invalidity contentions.  Defendants seek to add references that, despite Defendants' diligence, were only recently discovered.  DMF cannot plausibly claim any prejudice from the

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

proposed amendment of Defendants' invalidity contentions at this early stage of litigation.

## II.     FACTUAL BACKGROUND

DMF filed the Complaint on August 15, 2018.  *See* Dkt. 1.  The Complaint alleges infringement of the '266 Patent, trademark infringement, and unfair competition.  *Id*.  Defendants filed an Amended Answer and Counterclaims as a matter of right on October 18, 2018.  *See* Dkt. 18.  On October 31, 2018, DMF filed an Answer to Defendants' Amended Answer and Counterclaims.  *See* Dkt. 22.

On November 1, 2018, current counsel of record, Robert E. Boone III of Bryan Cave Leighton Paisner LLP, filed a Notice of Appearance of Counsel on behalf of Defendants.  *See* Dkt. 23.  Shortly thereafter, on November 14, 2018, DMF filed a massive Motion for Preliminary Injunction.  *See* Dkt. 26-43.  Defendants had a mere 2 ½ weeks, including the week of Thanksgiving during which time defense counsel was out of town, to prepare opposition papers and retain experts.[1]

On January 7, 2019, the Court held a hearing on DMF's Motion for Preliminary Injunction.  *See* Dkt. 138.  At that time, the Court was unwilling to grant DMF's Motion but allowed DMF to make a further submission.  *See* Dkt. 100. The parties submitted further briefing and evidence on January 22 and 28, and February 12, 13 and 15, 2019.  *See* Dkts. 103-113, 124-125, 127-128, 130-138, 140-144.  The Court then took the matter under submission.

Following the Scheduling Conference on January 14, 2019, the Court set the deadline to request leave to file amended pleadings or to add parties as March 15, 2019; an ADR completion deadline of June 5, 2019; and a status conference on June 17, 2019.  *See* Dkt. 101.

---

[1]     The Court will recall that Defendants sought additional time to respond to the preliminary injunction motion due to its voluminous nature and the fact that DMF filed it the week before Thanksgiving.  *See* Dkt. 44.  DMF opposed an extension of time to respond.  *See* Dkt. 52.  The Court granted Defendants additional time but not as much as Defendants requested.  *See* Dkt. 51.

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, CA 90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

From late January through early March 2019, Defendants met and conferred with DMF's counsel several times regarding Defendants' desire to file a Second Amended Answer and Counterclaims to add an unclean hands defense, an indefiniteness defense, and additional prior art identified by Defendants after filing their First Amended Answer and Counterclaim.  Boone Decl. ¶ 5.

On March 1, 2019, the parties exchanged infringement and invalidity contentions via an interrogatory response. *Id.* ¶ 6.  On March 6, 2019, Defendants served amended invalidity contentions. *Id.* The difference in the level of detail in the parties' respective contentions is striking and, Defendants believe, is important to consider when deciding this Motion, as it is indicative of the double standard by which DMF litigates. *Cf. id.*, Exhs. E and F. DMF's infringement contentions, without the 6 ½ pages of objections to a procedure its own counsel suggested, consist of a mere 16 ½ pages of conclusory legalese, devoid of factual details.  *See id.*, Exh. E.  Defendants' invalidity contentions, by stark contrast, consist of 333 pages, including numerous, factually detailed claim charts with diagrams and photographs.  *See id.*, Exh. F.

On March 6, 2019, DMF finally agreed to let Defendants file the Second Amended Answer and Counterclaim the parties had been discussing starting in February, without having to file a motion for leave, but only if Defendants agreed to continue the response date for a subpoena Defendants had served on Underwriters Laboratories, and subject to Defendants providing a proposed pleading to include with the stipulation to be filed with the Court.  *Id.* ¶ 8. Defendants provided DMF with a proposed Second Amended Answer and Counterclaim containing the amendments.  *Id.*  Shortly thereafter, on March 15, 2019, the parties filed a Joint Stipulation to permit Defendants to file their Second Amended Answer and Counterclaim, and the Court approved the Stipulation.  *See* Dkts. 154-155. Defendants' Second Amended Answer and Counterclaims was filed on March 19, 2019.  *See* Dkt. 160.

1  On March 8, 2019, the Court issued a redacted copy of its order granting a

2  preliminary injunction against Defendants.  *See* Dkt. 147.  The Court gave

3  Defendants 10 days from DMF's posting of a bond to file a report regarding their

4  efforts to comply with the injunction.  Understandably, Defendants' immediate

5  concern and first priority following issuance of the injunction was compliance

6  therewith.  DMF posted bond on March 12, 2019.  *See* Dkt. 157.

7  On March 19, 2019, the Court sent an unredacted copy of the preliminary

8  injunction order to all counsel via email.  *See* Boone Decl. ¶ 11.

9  On March 22, 2019, Defendants filed a report/declaration detailing their

10  compliance with the preliminary injunction.  *See* Dkt. 161.

11  Also on March 22, 2019, the parties exchanged disclosures identifying claim

12  terms to be construed and proposed constructions.  Boone Decl. ¶ 14 and Exhs. G

13  and H.  Defendants' identified terms included "significantly dissipates,"

14  "substantially heat conducting," "rear face" and "rear heat conducting portion," <u>and</u>

15  further disclosed their contention that each of these terms is indefinite and thus

16  renders the patent invalid.  *See id.*, Exh. G.  Defendants also disclosed alternative

17  constructions for each of these terms.  *Id.*

18  Defense counsel developed these indefiniteness contentions after focusing on

19  the Court's preliminary injunction order and deciding to retain another lighting

20  design expert.  *Id.* ¶¶ 12, 14.  In late March 2019, Defendants retained lighting

21  design expert Eric Bretschneider, who confirmed and provided support for

22  Defendants' indefiniteness contentions. *Id.* ¶ 15.

23  On April 4, 2019, defense counsel met and conferred with DMF's counsel

24  regarding the parties' respective claim terms and constructions, including

25  Defendants' contention that the above terms are indefinite.  Defense counsel advised

26  DMF's counsel that Defendants would brief those terms, contentions and

27  constructions in their claim construction brief, and that, if necessary, would seek

28  leave to amend their pleadings and invalidity contentions interrogatory response to

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER AND INVALIDITY CONTENTIONS

conform to such already-disclosed contentions. *Id.* ¶ 17.

On April 8, 2019, DMF filed a Motion To Dismiss Defendants' Section 112 indefiniteness affirmative defense, attempting to narrowly construe that defense, and in doing so complained to the Court about Defendants' indefiniteness contentions regarding various claim terms, such as "significantly dissipates," "substantially heat conducting," "rear face" and "rear heat conducting portion." *See* Dkt. 170. The Court denied DMF's Motion to Dismiss, holding that Defendants' pleading, including its § 112 defense, provides DMF with fair notice of Defendants' indefiniteness defenses. *See* Dkt. 183.

On April 9, 2019, the parties exchanged opening claim construction briefs. Defendants' brief and supporting declaration from their newly-retained expert Eric Bretschneider, addressed why each of the above terms is indefinite. *See* Boone Decl., Exh. I. The parties exchanged reply claim construction briefs on April 22, 2019. DMF addressed the indefinite terms in its brief but elected to do so in a non-substantive way, despite a full and fair opportunity to address Defendants' indefiniteness contentions substantively. *See id.*, Exh. J.

The parties participated in a Settlement Conference before Magistrate Judge Gail J. Standish on April 11, 2019, but a settlement was not reached. *See* Dkt. 176.

On May 17, 2019, ELCO filed a Petition for *Inter Partes* Review (the "IPR") with the Patent Trial and Appeal Board ("PTAB"), and served a copy of the IPR on DMF's counsel. The IPR challenges the validity of the '266 Patent on § 102 anticipation and § 103 obviousness contentions based on certain previously unknown prior art references, including but not limited to additional Imtra publications Defendants discovered in late March and promptly produced to DMF on April 5, 2019, such as the 2007 Imtra catalog, and references learned from Mr. Bretschneider, as well as additional information learned from or developed with Mr. Bretschneider. Boone Decl. ¶¶ 16, 18, 21 and Exh. K. The instant motion seeks leave for Defendants to amend their Answer and Counterclaim, as well as the

invalidity contentions interrogatory response, to update those documents with such additional information.

The Court has not set any other trial or pre-trial deadlines in the case, including any fact or expert discovery cutoff dates, dates for the filing or hearing of dispositive motions, dates for briefing or conducting a *Markman* hearing for claim construction issues, the exchange of expert reports, a pre-trial conference, trial motions and other trial materials, and trial.  It is anticipated that the Court may set some or all of these dates at the June 17, 2019 status conference.  Defendants believe that the Court should simply set dates for a *Markman* hearing and another status conference after it issues an order on claim construction.

## III.    LEAVE TO AMEND THE ANSWER SHOULD BE GRANTED

Good cause exists under Rule 16 and the amendment is proper under Rule 15.

### A.    Good Cause Exists Under Rule 16

"Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a)." *Dobbs v. Terex Corp.*, No. EDCV16-2547-CAS(KKX), 2017 WL 6271281, at *1 (C.D. Cal. Dec. 4, 2017) (citing *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997)).  "However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Rule 16(b) applies." *Id*. (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000)).  The moving party must demonstrate good cause for bringing the motion under Rule 16 of the Federal Rules of Civil Procedure and, "then if 'good cause' is shown, plaintiff must demonstrate that amendment is proper under Rule 15(a)." *Id*.  "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "A district court has broad discretion in supervising the pretrial phase of litigation." *Velarde v. Duarte*, No. 11CV0287 AJB KSC, 2012 WL 2463879, at *1 (S.D. Cal. June 27, 2012) (citation omitted).  "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*.  "The court may look

to other examples of diligence of the moving party during the course of the litigation and consider its past compliance with the scheduling order." *A.V.E.L.A., Inc. v. Cent. Mills, Inc.*, No. LACV1503918JAKAGRX, 2016 WL 7444844, at *4 (C.D. Cal. July 19, 2016). "This includes a consideration of timely discovery requests, timely filing of motions, and moving promptly for leave to amend after the discovery of new information." *Id.*

Good cause exists to allow Defendants to file an amended Answer and Counterclaim because Defendants have complied with the Court's orders. Defendants have diligently engaged in significant efforts to comply with the injunction order; to settle the case; to prepare claim construction briefing, including regarding the indefinite claim terms; and to conduct initial written discovery. Defendants also have engaged in extensive meet and confer efforts – on multiple occasions – to avoid the necessity of bringing this Motion; and timely sought leave to amend their pleading. *See Velarde*, 2012 WL 2463879, at *2 ("Because Defendant was diligent in pursuing discovery and seeking to amend the answer, Defendant has demonstrated good cause under Rule 16 to modify the scheduling order to allow Defendant to file an amended answer.").

When Defendants filed their Second Amended Answer and Counterclaim, Defendants had not developed their theory that the aforementioned claim terms were too indefinite; the amendments made in that document mainly pertained to Defendants' unclean hands defense. Nonetheless, the Second Amended Answer and Counterclaim did add a § 112 defense, the same statute on which Defendants' indefiniteness challenges to "significantly dissipates," "substantially heat conducting," "rear face" and "rear heat conducting portion" are based. When Defendants first raised with DMF's counsel the amendments in the Second Amended Answer and Counterclaim, the Court had not ruled on the preliminary injunction motion. Up until then, the main focus of the case – in its short lifespan – had been on infringement issues and §§ 102 and 103 invalidity issues.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER AND INVALIDITY CONTENTIONS

1   After the Court issued its preliminary injunction order and the dust settled

2   from Defendants' compliance therewith, Defendants diligently focused on carefully

3   digesting the order, including the Court's preliminary construction of certain claim

4   terms, and analyzing additional claim terms and their potential impact on deciding

5   this case.  Despite that short amount of time, Defendants diligently developed

6   additional indefiniteness contentions <u>and</u> disclosed those contentions, <u>still in</u>

7   <u>compliance with the March 22 deadline to identify claim terms to be construed and</u>

8   <u>proposed claim constructions</u>.  *See Revolution Eyewear, Inc. v. Aspex Eyewear Inc.*,

9   No. CV 02-1087 LGB (CWX), 2003 WL 27383395, at *2 (C.D. Cal. Mar. 10, 2003)

10  (granting defendant's motion to amend its answer to add affirmative defenses and

11  counterclaims despite the motion being filed two months after the expiration of the

12  deadline to amend the pleadings).

13  As a lawsuit proceeds, the parties and counsel learn more about the case,

14  particularly after discovery begins, and their legal theories, claims, defenses and

15  contentions often change and/or become more developed and/or nuanced.  This case

16  is no different. Therefore, the Court should find good cause exists to grant the

17  requested amendment.

18  **B.    Leave To Amend Is Liberally Allowed Under Rule 15**

19  The governing factors weigh in favor of granting leave to amend.

20  "The court should freely give leave when justice so requires."  Fed. R. Civ. P.

21  15(a)(2).  "[T]his policy is to be applied with extreme liberality."  *Desertrain v. City*

22  *of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014).  "Five factors are taken into

23  account to assess the propriety of a motion for leave to amend: bad faith, undue

24  delay, prejudice to the opposing party, futility of amendment, and whether the

25  plaintiff has previously amended the complaint."  *Id.* (citing *Johnson v. Buckley*, 356

26  F.3d 1067, 1077 (9th Cir. 2004)).  "Generally, these factors are considered 'with all

27  inferences in favor of granting the motion.'"  *A.V.E.L.A., Inc.*, 2016 WL 7444844, at

28  *3 (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

1          **1.      No Bad Faith**

2          "Bad faith in filing a motion for leave to amend exists when the addition of

3    new legal theories are baseless and presented for the purpose of prolonging the

4    litigation . . . or when the adverse party offers evidence that shows wrongful motive

5    on the part of the moving party." *Lanier v. Fresno Unified Sch. Dist.*, No. 1:09-CV-

6    01779-AWI, 2013 WL 1896183, at *2 (E.D. Cal. May 6, 2013) (internal citations

7    omitted).

8          Here, this Motion is not brought to prolong the litigation or for any other

9    improper purpose.  Rather, the amendment is sought in good faith by Defendants to

10   clarify their § 112/indefiniteness affirmative defense based on their newly developed

11   – and meritorious – theory.  Defendants promptly disclosed those indefinite terms

12   and in fact timely briefed those contentions, including providing a supporting expert

13   declaration.  The requested amendments have a direct bearing on Plaintiff's claims

14   for patent infringement.  The amendments should thus be permitted.

15         Therefore, this factor weighs in favor of granting the Motion.

16         **2.      No Undue Delay**

17         The second factor also weighs in favor of granting the Motion.

18         "While undue delay is a factor for denying leave to amend, undue delay by

19   itself is insufficient to justify denying a motion to amend." *Lanier*, 2013 WL

20   1896183, at *2 (internal citation omitted) (granting defendant's motion to amend its

21   answer despite finding that defendant "unduly delayed its pursuit of this

22   amendment").

23         Defendants did not unduly delay in disclosing their indefiniteness contentions

24   or seeking leave to amend.  To the contrary, Defendants actually complied with the

25   March 22 deadline to identify claim terms to be construed and proposed claim

26   constructions, specifically identifying "significantly dissipates," "substantially heat

27   conducting," "rear face" and "rear heat conducting portion" as terms Defendants

28   contend are too indefinite.  Defendants also immediately raised the issue of

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

amending with DMF and sought to enter a stipulation for the amendment.  *See* Fed.
R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the
opposing party's written consent or the court's leave.").  After meeting and
conferring with DMF's counsel on multiple occasions, at DMF's insistence, DMF
refused to consent to the amendment, and Defendants immediately filed this Motion.
DMF cannot plausibly argue undue delay.

Therefore, this factor weighs in favor of granting the Motion.

### 3.    No Prejudice To DMF

The absence of prejudice to DMF from the requested amendment weighs
heavily in favor of granting Defendants' Motion.

"Absent prejudice, there is a presumption in favor of granting leave to
amend."  *Velarde*, 2012 WL 2463879, at *1.  "Plaintiff, as the party opposing leave
to amend, bears the burden of showing why the amendment should not be granted."
*Id*. at *2 (collecting cases).  "The prejudice must be substantial."  *Cave Consulting
Grp., Inc. v. Truven Health Analytics Inc.*, No. 15-CV-02177-SI, 2017 WL 607602,
at *3 (N.D. Cal. Feb. 15, 2017) (citation omitted).  "Bald assertions of prejudice
cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper
disposition on the merits.'"  *Id*.  Neither the adverse party's burden of undertaking
discovery nor "the burden of having to defend a new claim" amounts to undue
prejudice sufficient to warrant a denial of the motion to amend.  *See A.V.E.L.A.,
Inc.*, 2016 WL 7444844, at *5.

DMF cannot satisfy its burden of demonstrating prejudice for a variety of
reasons.  First, DMF has not suffered any real prejudice.  Defendants timely
disclosed the indefinite claim terms on March 22 and included briefing on the
indefiniteness contentions in their claim construction brief served on April 9.  DMF
had a full and fair opportunity to respond to those contentions in its claim
construction reply brief served on April 22.  DMF addressed those indefinite
contentions but elected to do so in a non-substantive manner, clearly for the purpose

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

of attempting to create fodder to oppose the requested leave to amend.  By doing so, DMF puts form over substance, asserting that such indefinite terms are not in dispute, when they clearly are disputed.  Any so-called "prejudice" to DMF is self-inflicted.  DMF should not be allowed to gain an unlevel playing field for the litigation with such sharp tactics.  Clearly, DMF fears having Defendants' indefiniteness contentions decided on the merits, which the law heavily favors.

Second, as mentioned above, this case is still in an early stage, little discovery has been conducted, no depositions have occurred, no discovery cutoff has been set, and neither have numerous other trial and other pre-trial dates and deadlines.  All DMF is attempting to do by opposing the requested amendment is to gain a substantive advantage, to unfairly prejudice Defendants, solely based on shallow procedural arguments.  The procedural posture of the case weighs in favor of granting the requested amendment and against a finding of prejudice to DMF.  *See Andresen v. Int'l Paper Co.*, No. 213CV02079CASAJWX, 2014 WL 12601502, at *2 (C.D. Cal. Apr. 21, 2014) (granting motion to amend answer and counterclaims and finding no prejudice to plaintiffs where only preliminary written discovery had been exchanged and the discovery cut-off was more than four months away).  DMF has so far had, and during the remainder of the case will continue to have, ample time to address Defendants' indefiniteness contentions related to these terms, including conducting discovery, addressing those contentions at a *Markman* hearing, filing pretrial motions, and so on, as well as preparing for trial.

Third, all DMF could articulate during meet and confer sessions between counsel regarding prejudice is that a proposed schedule to which the parties agreed – before briefing on the preliminary injunction motion was completed, and before the Court ruled on that motion – would slip some, and that DMF would have to brief the additional contentions.  Boone Decl. ¶ 23.  This is not prejudice – certainly not sufficient prejudice to deny Defendants their due process rights to have the case decided on the merits, including the merits of their invalidity/indefiniteness defenses

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER AND INVALIDITY CONTENTIONS

and contentions.  Mere slippage in the schedule of a case does not constitute prejudice.  *See A.V.E.L.A., Inc.*, 2016 WL 7444844, at *5 ("The adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading."); *see also Sage Electrochromics, Inc. v. View, Inc.*, No. 12-CV-6441-JST, 2014 WL 1379282, at *3 (N.D. Cal. Apr. 8, 2014) ("View objects that if the New Patents are added, and the case schedule is not adjusted, its full and fair opportunity to defend the claims will be compromised. . . View's alternative argument is that, if the case schedule is adjusted, the resolution of its counterclaims will now be delayed.  But a mere pendency in the resolution of claims does not constitute substantial prejudice."); *Dep't of Fair Employment & Hous. v. Law Sch. Admission Council, Inc.*, No. C-12-1830 EMC, 2013 WL 485830, at *6 (N.D. Cal. Feb. 6, 2013) ("The posture of this case stands in stark contrast to those cases in which the amendment was sought either after or on the eve of the close of discovery."); *Velarde*, 2012 WL 2463879, at *1 ("The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'").  Here, that "schedule" was a jointly proposed case schedule of dates the Court required to the parties to discuss, but this Court never adopted it, declining to set those dates!  And, as for the claim construction disclosure and briefing dates that the Court did set, Defendants complied with those dates, providing DMF ample (and the agreed upon) time to substantively address Defendants' indefiniteness contentions.  DMF simply elected not to do so, so it could try to avoid proper adjudication of its claims, because DMF knows Defendants' contentions have merit.

DMF also now asserts that the parties should agree to a schedule providing that DMF would respond to Defendants' expert report on invalidity on July 28, 2019, more than four months after Defendants disclosed their indefinite positions to DMF.  By contrast, Defendants had only 2 ½ weeks, including the week of Thanksgiving, to respond to DMF's motion for a preliminary injunction, including

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

finding experts and marshalling evidence to assert an invalidity defense.  Under these circumstances, it defies logic that DMF can claim any prejudice.

Finally, Defendants will be severely prejudiced if the amendment is denied because these contentions go to the invalidity of the '266 Patent and, therefore, may be dispositive of DMF's claims.

Thus, this factor weighs in favor of granting leave to amend.

### 4.    The Requested Amendments Are Not Futile

The fourth factor also weighs in favor of granting leave to amend.

"[I]f Defendant has legitimate affirmative defenses and counterclaims, justice requires that these be given a fair examination." *Revolution Eyewear, Inc.*, 2003 WL 27383395, at *4.  "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *A.V.E.L.A., Inc.*, 2016 WL 7444844, at *7 (citation omitted).

The requested amendment is not futile.  Rather, it is directly relevant to DMF's claims for patent infringement and unfair competition.  As to the Answer, Defendants intend to amend their invalidity affirmative defense (¶ 11 on page 16) to state as follows:

> 11.    The '266 Patent is invalid, including pursuant to 35 U.S.C. §§ 112 and/or 282(b)(3)(A) and/or applicable case law, because, among other things, various claim terms, such as "significantly dissipates," "substantially heat conducting," "rear face" and "rear heat conducting portion" are too indefinite, and because the claims are not supported by the specification, including the light source module location claim limitation language "wherein the light source module and the driver are positioned inside the first cavity while being coupled to the heat conducting closed rear face of the unified casting such that the light source module is closer to the closed rear face of the unified casting than the open front face of the unified casting" of independent claims 1, and similar language of

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

the other independent claims, finds no support in the specification.

As to their Counterclaim, Defendants intend to add similar language to ¶ 10 on page 2, and to add a new paragraphs (¶¶ 46-49) on pages 10-11, as follows:

> 10.    The '266 patent and some or all of its claims are invalid on the grounds that the subject matter sought to be patented therein fails to comply with the conditions and requirements for patentability set forth in Title 35, United States Code, including, but not limited to, the provisions of 35 U.S.C. Sections 102, 103 and/or 112.

> 46.    Claims 1, 2, 4-11, 13-17, 19, 21-22, 25-26, and 28-30 are rendered obvious under 35 U.S.C. § 103(a) by Imtra 2011 alone or in view of Imtra 2007. Counterclaimants incorporate herein by reference, as if set forth fully in this paragraph, the contents of the claims chart attached hereto as Exhibit 21, which explains how the aforementioned claims are invalid under Imtra 2011 alone or in view of Imtra 2007.

> 47.    Claims 1, 2, 8-11, 13-17, 19, 21-22, 25-26, and 28-30 are rendered obvious under 35 U.S.C. § 103(a) by Imtra 2011 and Imtra 2007 in view of Gifford. Counterclaimants incorporate herein by reference, as if set forth fully in this paragraph, the contents of the claims chart attached hereto as Exhibit 22, which explains how the aforementioned claims are invalid under Imtra 2011, and Imtra 2007 in view of Gifford.

> **10.    Anticipation by and/or Obviousness in view of Imtra Products**

> 48.    Claims 1, 2, 4-11, 13-17, 19, 21-22, 25-26, and 28-30 are anticipated under 35 U.S.C. § 102(a) and/or rendered obvious under 35 U.S.C. § 103(a) by various Imtra products, including the Ventura, Captiva, Avalon, Portland, Tacoma, Hatteras, and Norfolk models, which were in public use, on sale, or otherwise available to the public before the effective filing date of the '266 Patent.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

Counterclaimants incorporate herein by reference, as if set forth fully in this paragraph, the contents of the claims chart attached hereto as Exhibit 23, which explains how the aforementioned claims are anticipated by the Imtra Products, and/or obvious in light of the Imtra Products.

49.    The '266 Patent is invalid, including pursuant to 35 U.S.C. §§ 112 and/or 282(b)(3)(A) and/or applicable case law, because, among other things, various claim terms, such as "significantly dissipates," "substantially heat conducting," "rear face" and "rear heat conducting portion" are too indefinite, and because the claims are not supported by the specification, including the light source module location claim limitation language "wherein the light source module and the driver are positioned inside the first cavity while being coupled to the heat conducting closed rear face of the unified casting such that the light source module is closer to the closed rear face of the unified casting than the open front face of the unified casting" of independent claims 1, and similar language of the other independent claims, finds no support in the specification.

The other revisions to the Counterclaim mainly involve updated claim charts attached as exhibits.

DMF is evidently concerned about the indefiniteness and other contentions. Indeed, DMF is attempting to narrowly construe certain claim terms to avoid certain prior art, something that patent holders rarely do. The '266 Patent is poorly drafted and these indefinite claim terms expose many of the flaws in the patent.

Therefore, this factor weighs in favor of granting the leave to amend.

### 5.    No Prior Leave To Amend Requested

Defendants have not requested a prior leave for amendment since the March 15 deadline to amend the pleadings. Thus, this factor weighs in favor of granting leave to amend. *See* Dkt. 101 (setting deadline to request leave to file amended pleadings as March 15, 2019); *see also Revolution Eyewear, Inc.*, 2003 WL

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER AND INVALIDITY CONTENTIONS

27383395, at *2 (granting defendant's motion to amend its answer to add affirmative defenses and counterclaims despite the motion being filed two months after the deadline to amend the pleadings); *Cave Consulting Grp., Inc.*, 2017 WL 607602, at *4 (N.D. Cal. Feb. 15, 2017) ("previous amendments carry little weight when the current amendment involves newly discovered information").

## IV.   LEAVE TO AMEND THE INVALIDITY CONTENTIONS IS PROPER

The parties agreed to exchange infringement and invalidity contentions pursuant to the Patent Local Rules developed by the District Court for the Northern District of California.  *See* Joint Rule 26(f) Report, Dkt. 97.  There is good cause to grant Defendants leave to amend their invalidity contentions under Patent Local Rule 3-6.

Patent Local Rule 3-6 provides as follows:  "Amendment of . . . the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause."  Patent L.R. 3-6.  "Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:  (a) A claim construction by the Court different from that proposed by the party seeking amendment; (b) Recent discovery of material, prior art despite earlier diligent search; and (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions."  *Id.*  "[T]he good cause inquiry is two-fold, asking:  (1) whether the moving party was diligent in amending its contentions; and (2) whether the non-moving party would suffer prejudice if the motion to amend were granted."  *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 2855260, at *3 (N.D. Cal. May 13, 2016) (citations omitted).

### A.   Defendants Have Been Diligent

Defendants have diligently engaged in the litigation, as described above, and

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

sought leave to amend their invalidity contentions as soon as they discovered a basis for such amendment.  Further, Defendants promptly provided notice to DMF of their contentions.

"The diligence required for a showing of good cause has two subparts:  (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered."  *Id*.  "Diligence is 'the critical issue' in the good cause determination."  *Id*.  "[N]ew information learned in discovery can lead a party to understandably reevaluate evidence found earlier. . . [T]he Patent Local Rules specifically acknowledges the possibility that a party may need to supplement invalidity contentions with information found during discovery."  *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12–cv–03587–WHO, 2014 WL 491745, at *4 (N.D. Cal. Feb. 5, 2014).  "[S]everal courts . . . have found that time periods of three months and longer can be reasonable for seeking to amend contentions."  *Karl Storz Endoscopy-Am., Inc.*, 2016 WL 2855260, at *6 (citing *Radware Ltd. v. F5 Networks, Inc.*, No. C–13–2024 RMW, 2014 WL 3728482, at *2 (N.D. Cal. July 28, 2014) ("finding three months diligent"); *Nuance Commc'ns, Inc. v. Abbyy Software House*, No. C 08–02912 JSW (MEJ), 2012 WL 2427160, at *2 (N.D. Cal. June 26, 2012) ("finding a 'few months' diligent"); *Yasudevan Software, Inc. v. Int'l Bus. Machs. Corp.*, No. C09–05897 RS (HRL), 2011 WL 940263, at *3-4 (N.D. Cal. Feb. 18, 2011) ("finding four months diligent")).  "The good cause requirement does not require perfect diligence."  *Fujifilm Corp.*, 2014 WL 491745, at *4.

Further, "even if the movant was arguably not diligent, the court may still grant leave to amend."  *OpenDNS, Inc. v. Select Notifications Media, LLC*, No. C11-05101 EJD HRL, 2013 WL 2422623, at *2 (N.D. Cal. June 3, 2013).  "Courts have allowed amendments when the movant made an honest mistake, the request to amend did not appear to be motivated by gamesmanship, or where there was still ample time left in discovery."  *Id*. at *3 (citations omitted).

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

1    In addition, "notice can be sufficient for good cause." *The Bd. of Trustees of*

2    *Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, No. C 05-04158 MHP,

3    2008 WL 624771, at *3 (N.D. Cal. Mar. 4, 2008) ("Though Stanford was arguably

4    not diligent in pursuing the amendment with this court, it was diligent in notifying

5    and seeking discovery from Roche.").

6    Here, Defendants have diligently defended this case, including commencing

7    discovery, and promptly sought leave to amend the invalidity contentions as soon as

8    they discovered a basis to do so.  Within a few days after issuance of the

9    preliminary injunction, Defendants recognized that DMF failed to present sufficient

10   evidence that the accused products allegedly met several key claim terms, including

11   claims that fail to distinctly identify the scope of the alleged invention (e.g.,

12   "significantly dissipates," "substantially heat conducting," "rear face" and "rear

13   heat conducting portion").  Defendants promptly and timely included their

14   indefinite contentions in their claim term and proposed construction disclosures and

15   claim construction briefing in accordance with their agreed schedule for such

16   exchanges.

17   In addition, in its preliminary injunction order, the Court found that the Imtra

18   products allegedly failed to meet the "plurality of elements" limitation of the '266

19   Patent.  Based on this finding, Defendants reached out to Imtra Corporation and

20   obtained evidence, including additional brochures and testimony from an Imtra

21   employee confirming in fact that the various Imtra prior art products meet all of the

22   limitations of the asserted claims, including the "plurality of elements" limitation.

23   (Boone Decl. ¶¶ 16, 22 and Exh. L.)

24   ///

25   ///

26   ///

27   ///

28   ///

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER AND INVALIDITY CONTENTIONS

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386





*See id.,* Exh. L.

ELCO used this additional evidence in support of its IPR filed with the PTAB just last week. Id., ¶ 21 and Exh. K. Defendants seek to update their invalidity contentions to add this additional evidence. Finally, Defendants seek to make minor amendments to the remaining invalidity contentions based on the Kim patent (primarily to address the issues raised by the Court in its preliminary injunction ruling and raised by plaintiff in the briefing leading up to the ruling) and to address claim 30, which Plaintiff failed to include in its identification of asserted claims, yet included in its conclusory infringement contentions.

Through discovery and disclosures exchanged in the case to date, DMF has been fully informed of Defendants' invalidity contentions. In addition, as a result of Defendants' extensive meet and confer efforts, DMF was immediately put on

notice regarding Defendants' proposed amendments.  Such notice weighs in favor of finding good faith.  *See The Bd. of Trustees of Leland Stanford Junior Univ.*, 2008 WL 624771, at *3 ("notice can be sufficient for good cause").

However, even if the Court determines that Defendants did not act diligently, the Court should exercise its discretion to grant leave to amend the invalidity contentions because there is no prejudice to DMF.  *See OpenDNS, Inc.*, 2013 WL 2422623, at *2 ("even if the movant was arguably not diligent, the court may still grant leave to amend"); *see also Karl Storz Endoscopy-Am., Inc.*, 2016 WL 2855260, at *3 ("[T]he court retains discretion to grant leave to amend even in the absence of diligence so long as there is no prejudice to the opposing party.").

## B.  DMF Will Not Be Prejudiced By The Proposed Amendment

Good cause exists to grant leave to amend the invalidity contentions because there is no prejudice to DMF.

"Courts have found no prejudice where, as here, the proposed amendments did not pose a risk to discovery and motion deadlines or the trial schedule."  *Karl Storz Endoscopy-Am., Inc.*, 2016 WL 2855260, at *7 (citing *Verinata Health, Inc. v. Sequenom, Inc.*, 2014 WL 1648175, at *3 (N.D. Cal. Feb. 26, 2004) ("no prejudice where the deadlines for fact discovery, expert discovery, and trial were four, seven, and ten months away, respectively"); *Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.*, No. C 06-7477 SI, 2008 WL 2622794, at *4 (N.D. Cal. July 1, 2008) ("finding no prejudice where three months remained in fact discovery"); *Yodlee, Inc. v. CashEdge, Inc.*, No. C05-01550 SI, 2007 WL 1454259, at *3 (N.D. Cal. May 17, 2007) ("finding no prejudice where two months remained in fact discovery")); *see also THX, Ltd. v. Apple, Inc.*, No. 13-CV-01161-HSG, 2016 WL 1718137, at *3 (N.D. Cal. Apr. 29, 2016) ("The lack of prejudice is especially evident here, where the Court has not yet set a discovery deadline, giving THX ample time to conduct any further discovery necessitated by Apple's amendments.").

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

The procedural posture of the case weighs heavily in favor of granting leave to amend the invalidity contentions. *See Karl Storz Endoscopy-Am., Inc.*, 2016 WL 2855260, at *7. The Court has not yet issued a scheduling order, set a trial date, or other trial-related deadlines such as a cutoff date for fact or expert discovery. Discovery is in its early stages, no fact or expert depositions have taken place, and no expert reports have been exchanged. No *Markman* hearing date has been set. Thus, the case schedule will not be disrupted by the proposed amendment, and DMF has sufficient time to conduct discovery necessitated by the proposed amendment. *See THX, Ltd.*, 2016 WL 1718137, at *3 (N.D. Cal. Apr. 29, 2016) ("The lack of prejudice is especially evident here, where the Court has not yet set a discovery deadline, giving THX ample time to conduct any further discovery necessitated by Apple's amendments.").

Therefore, there is good cause to grant leave to amend the invalidity contentions.

## V.      CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to allow their filing of the Third Amended Answer and Counterclaim, and to amend their invalidity contentions, in the form attached to the Declaration of Robert E. Boone III.

Dated:  May 24, 2019

**BRYAN CAVE LEIGHTON PAISNER LLP**
Robert E. Boone III
Daniel A. Crowe
Erin A. Kelly


By: _/s/ Robert E. Boone III_
      Robert E. Boone III
Attorneys for Defendants
AMP PLUS, INC. d/b/a Elco Lighting and Elco Lighting, Inc.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386