Ben M. Davidson (State Bar No. 181464)
ben@dlgla.com
DAVIDSON LAW GROUP, ALC
4500 Park Granada Blvd, Suite 202
Calabasas, California 91302
Office: (818) 918-4622
Fax: (310) 473-2941

David W. Long (admitted *pro hac vice*)
longdw@ergoniq.com
ERGONIQ LLC
8200 Greensboro Dr. Suite 900
McLean, VA 22102
Office: (202) 847-6853

*Attorneys for Plaintiff DMF, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMF, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMP Plus, Inc. d/b/a ELCO Lighting, a California corporation; and<br><br>ELCO Lighting Inc., a California corporation,<br><br>Defendants. | Civil Action No. 2:18-cv-07090 CAS (GJS)<br><br>**Plaintiff DMF's *Ex Parte* Application To Permit Filing Surreply Declaration To Address New Argument and Factual Misrepresentations ELCO Made In Its Reply On Motion to Amend**<br><br>Ctrm: 350 W. First. Street, Room 8D<br>Hon. Christina A. Snyder |

1
2
TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF

RECORD:

3
4
5
6
7
Please take notice that Plaintiff DMF, Inc. ("DMF") hereby applies *ex parte*

for permission to file a declaration addressing new arguments and new factual

misrepresentations presented by Defendants ("ELCO") for the first time in their

Reply (Dkt. 214) in support of ELCO's Motion to amend its invalidity contentions

(Dkt. 192).

8
9
10
11
12
13
14
ELCO's opening and penultimate arguments in its Reply brief (Dkt. 214)

present new argument premised on new false representations to the Court that DMF

did not comply with the parties' agreed claim construction disclosure and briefing

schedule.  ELCO represents to the Court that "[t]he parties agreed that their

respective opening claim construction briefs exchanged on April 9, 2019, would

include arguments in favor of all of their respective claim construction positions."[1]

That is false.

15
16
17
18
19
As shown in written correspondence between the parties (attached to the

declaration DMF seeks to submit here), the parties agreed to divide-up briefing the

claim terms so that DMF would do an opening brief only on certain claim terms

DMF identified and ELCO would do an opening brief only on certain claim terms

ELCO identified; the parties then would provide rebuttal briefs.

20
21
22
23
24
25
26
Specifically, on March 22, 2019, both parties exchanged terms that they

believed should be construed: DMF identified four terms (including "open front

face") and ELCO identified ten terms (also including "open front face").  On April 4,

the parties conferred on the identified claim terms.  The parties agreed to divide-up

the claim terms so that DMF would do an opening brief only on the four claim terms

DMF identified (including "open front face") and ELCO would do an opening brief

only on nine claim terms that ELCO identified (but not "open front face"); the

27
28

---

[1] Dkt. 216-2 at 10:18-20 (emphasis added).

1  parties then would file responsive briefs.  The very same day, on April 4, ELCO's

2  counsel sent an email confirming that agreement:

3      we [ELCO] …can agree to your briefing order, in that **each side will
       brief their identified terms in their opening briefs and address the**

4      **other side's terms in the responding brief**, except that DMF will
       address 'open front face' in its opening brief, and Defendants will

5      respond as to that term in their responding brief. [emphasis added]

6      The next day, on April 5th, ELCO's counsel sent another email stating that

7  "we have decide [sic: decided] to cover 'open front face' in our opening claim

8  construction brief."  DMF replied that "We will proceed as indicated below [in

9  ELCO's email]."  ELCO then refused to discuss specific claim terms that ELCO had

10  identified for construction, because ELCO asserted that construing those terms "has

11  no bearing on the brief you [DMF] are preparing for next week" (*i.e.*, DMF's

12  Opening Brief on claim construction).

13      Consistent with this agreement, ELCO's own opening brief construed only the

14  ten claim terms that ELCO identified **<u>but not</u>** the three additional terms identified by

15  DMF ("driver", "standard junction box" and "closer to"), which DMF addressed in

16  its opening brief.  In sum, the parties agreed that each parties' opening brief would

17  address only the claim terms that party identified for construction, and that's what

18  both parties actually did.

19      ELCO's Reply Brief, however, starts with the misrepresentation that "DMF

20  has not complied with the claim construction disclosure and briefing schedule to

21  which the parties previously agreed" and then doubles-down on that

22  misrepresentation by dedicating **an entire section of argument** to that falsehood

23  ("F.  DMF Litigates Under a Double Standard To Gain an Unlevel Playing Field").

24  ELCO feigns prejudice based on these misrepresented facts, which ELCO argues

25  justifies granting ELCO leave to amend its contentions.  To further its

26  misrepresentation, ELCO conceals from the Court the email correspondence

27  discussed above that describes the parties' actual agreement.

28

1  Had ELCO raised this new argument and misrepresentation in its Opening

2  Brief, then DMF would have addressed it in Opposition.  But ELCO raised them in

3  Reply.  Good cause exists to allow DMF to file a declaration that provides the

4  factual background and attached email exchanges evidencing the parties' actual

5  claim construction agreement that shows ELCO's new argument is without merit.

6  This *ex parte* application is based on the attached Memorandum of Points &

7  Authorities; the concurrently filed Declaration of Ben M. Davidson (which is also

8  the proposed surreply declaration that DMF seeks leave to file); and such further

9  argument and evidence as may be considered by the Court on this application.

10  Submitted herewith is a proposed order permitting the filing of the declaration from

11  DMF's counsel Ben Davidson.

12  NOTICE HAS BEEN GIVEN that DMF moves the Court *ex parte* for

13  permission to supplement the record with a surreply declaration.

14  Notice of Application to Counsel.  On June 11, 2019 at 11:48 a.m., in

15  accordance with Local Rule 7-19, DMF gave notice to Defendants' counsel, Mr. Bob

16  Boone III and Mr. Daniel Crowe by email exchange of DMF's intention to file this

17  application today and asking for a response by 2:00 p.m. regarding whether ELCO

18  would oppose the application.  ELCO's counsel, Mr. Crowe, responded that DMF

19  was seeking "extraordinary relief" and requested a copy of this *ex parte* application

20  and the supporting declaration.  A copy of this filing was provided to ELCO's

21  counsel at 12:57 p.m., along with an email informing ELCO's counsel that ELCO

22  has 48 hours to file its opposition and asking again that ELCO provide a response by

23  2:00 p.m.  DMF explained its concern that the record be corrected while the Court

24  may be reviewing the briefs.  DMF also explained that if a response was not

25  provided by 2:00 p.m., that it would understand that ELCO would oppose the

26  application.  DMF did not receive a response as requested and therefore understands

27  that ELCO opposes the application.

28

1

2          Respectfully submitted,

3 Dated: June 11, 2019  By: /s/ Ben M. Davidson

Ben M. Davidson (State Bar No. 181464)
4          ben@dlgla.com
DAVIDSON LAW GROUP, ALC
5          4500 Park Granada Blvd, Suite 202
Calabasas, California  91302
6          Office: (818) 918-4622
Fax: (310) 473-2941

7

8          David W. Long (admitted *pro hac vice*)
longdw@ergoniq.com
9          ERGONIQ LLC
8200 Greensboro Dr. Suite 900
10         McLean, VA  22102
Office: (202) 847-6853

11         *Attorneys for Plaintiff DMF, Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     Factual Background**

The Court's Scheduling Order (Dkt. 129) provided a claim construction briefing schedule as follows:

| | |
|---|---|
| March 22 | Parties exchange claim terms to be construed |
| April 9 | Parties exchange opening claim construction briefs |
| April 22 | Parties serve rebuttal claim construction briefs. |

On March 22, the parties exchanged lists of claim terms to be construed:

- DMF identified 4 terms: driver, <u>open front face</u>, closer to, and standard junction box.[2]
- ELCO identified 10 terms: rear face, closed rear face, significantly dissipates, substantially heat conducting, <u>open front face</u>, center axis, such that the light source module is closer to …, rear heat conducting portion, wherein the light source module is positioned inside …, and unified casting.[3]

Both parties identified the term "open front face" (underlined above), but otherwise identified different terms.

On April 4, the parties met and conferred on claim construction and their views on the different identified terms.  The parties agreed to divide up briefing the claim terms so that DMF would do an opening brief only on the 4 claim terms that DMF had identified (including "open front face") and ELCO would do an opening brief only on the 9 claim terms ELCO had identified (not "open front face").  Each party's rebuttal briefs would then address the claim terms addressed in the other party's opening brief.  The parties also scheduled a follow-up call the next day to address any further claim construction issues.

That same day, April 4, ELCO's counsel sent an email confirming the agreed briefing process and ELCO's belief that no more discussion was needed:

To follow up from our meet and confer call regarding claim term construction, we [ELCO]:

---

[2] DMF's Identification of Claim Terms (Boone Decl. (Dkt. 192-9) Ex. H).

[3] ELCO's Identification of Claim Terms (Boone Decl. (Dkt. 192-8) Ex. G).

…
(c)  can agree to your briefing order, in that each side will brief their identified terms in their opening brief and address the other side's terms in the responding brief, except that DMF will address "open front face" in its opening brief, and Defendants will respond as to that term in their responding brief.

Let me know if the foregoing addresses all outstanding issues from our call, and whether we still need to have the call scheduled for tomorrow at 2pm.[4]

DMF responded by email the next day that "We will proceed as indicated" and also sought to address "other outstanding issues" on certain claim terms that ELCO had identified for claim construction briefing.[5]  ELCO responded that ELCO would cover "open front face" in its opening brief and reiterated ELCO's view that no further discussion was necessary:

Lastly, we have decide [sic: decided] to cover "open front face" in our opening claim construction brief.

Based on the foregoing, I don't think we need to have our 2pm PDT call.  Let us know if you think we still do.[6]

DMF responded that the parties still needed to discuss three claim terms identified by ELCO for construction: significantly dissipates, substantially heat conducting and center axis.[7]  DMF called into the dial-in number that ELCO setup for the follow-up claim construction call, but ELCO refused to join the call, stating "no call was necessary."[8]  DMF insisted that more explanation was needed on those three claim terms, and ELCO responded there was no need to discuss them because **DMF's opening brief would not address them**:

The issues raised below related to claim terms that Elco is proposing require construction, **which has no bearing on the brief you are**

---

[4] Email String of April 4-5, 2019 at 5 (ELCO Email of April 4 at 4:22pm EST) (Davidson Sur-Reply Decl. **Ex. A**)

[5] *Id*. at 4 (DMF Email of April 5 at 7:27am EST).

[6] *Id*. at 3-4 (ELCO Email of April 5 at 10:01am EST).

[7] *Id*. at 2-3 (DMF Email of April 5 at 3:48pm EST).

[8] *Id*. at 2 (DMF Email of April 5 at 4:04pm EST; ELCO Email of April 5 at 5:08pm EST).

1    **preparing for next week** [i.e., the Opening Claim Construction Brief] [emphasis added].[9]

2    On April 9, the parties exchanged opening claim construction briefs.

3    Consistent with the parties' agreement, the parties addressed only the claim terms

4    each had identified (with ELCO first addressing "open front face").  Thus, for

5    example, ELCO's Opening Brief on claim construction did **not** address three terms

6    identified by DMF: driver, standard junction box and closer to.[10]  And DMF's

7    Opening Brief likewise did not address terms identified by ELCO, including "open

8    front face".

9    On April 22, the parties exchanged rebuttal claim construction briefs.

10   On April 26, after all claim construction briefing had finished, ELCO sent a

11   letter raising for the first time the false assertion that DMF had not complied with the

12   parties agreed briefing process because DMF had not addressed in its opening brief

13   all of the claim terms identified by ELCO; ELCO threatened to use that false

14   assertion to extort unwarranted concessions from DMF so that ELCO could amend

15   its invalidity contentions.[11]  DMF responded that ELCO's assertion was not true:

16          First, DMF followed the parties' agreed upon claim construction

17   briefing process.  ELCO's threat to misrepresent otherwise to the Court in order to extort unwarranted concessions is disappointing.[12]

18   On May 24, ELCO filed its Motion to Amend (Dkt. 192) at issue here.

19   ELCO's opening brief did not raise the argument and misrepresentation at issue here.

20   On June 3, DMF filed its Opposition (Dkt. 204).

21   Yesterday, on June 10, ELCO filed its Reply (Dkt. 215) that raised for the first

22   time to the Court ELCO's argument and misrepresentation at issue here.

23   Specifically, the second sentence of ELCO's Reply (Dkt. 215 at 1) states that "DMF

24   itself has not complied with the claim construction disclosure and briefing schedule

25   _____

[9] *Id.* at 1 (ELCO Email of April 5 at 5:35pm EST).

26   [10] ELCO Opening Br. on Claim Construction (Boone Decl. (Dkt. 192-10) Ex. I) (*see, e.g.*, Table of Contents list of terms construed).

27   [11] ELCO Letter of April 26, 2019 (Boone Reply Decl. Ex. P).

28   [12] DMF Email of May 2, 2019 (Davidson Surreply Decl. Ex. B).

1   to which the parties previously agreed." And ELCO dedicates an entire section of its

2   Reply (Dkt. 215 at 10-11) to this falsehood, entitled "DMF Litigates Under a Double

3   Standard to Gain an Unlevel Playing Field":

4
5       The parties agreed that their respective opening claim construction
        briefs exchanged on April 9, 2019, would include arguments in favor of
        all of their respective claim construction positions. …

6       DMF's opening Claim Construction Brief addressed only three of its
7       four identified terms; DMF failed to address "open front face." In its
        Reply Claim Construction Brief, which was served late,[13] DMF
8       disclosed, for the first time, its desire to proffer constructions for the
        following six claim terms: (i) significantly dissipates heat; (ii)
9       substantially heat conducting unified casting; (iii) unified casting; (iv)
        closed rear face; (v) rear heat conducting portion; and (vi) center axis.
10      DMF also addressed, for the first time, its construction of "open front
        face" in its reply brief. [underline emphasis added]

11  ELCO's Reply brief does not provide the parties' email exchange discussed above

12  that showed what the parties actually agreed to do, including (1) agreement that each

13  parties' opening brief would only address claim terms that party identified for

14  construction; (2) agreement that ELCO would brief "open front face" in its Opening

15  Brief (not DMF); and (3) consistent with that agreement, ELCO's emphasis that the

16  construction of terms identified by ELCO (significantly dissipates, substantially heat

17  conducting, and center axis) "has no bearing on" DMF's Opening Brief.  ELCO's

18  Reply also does not confess that—consistent with the parties' actual agreement—

19  ELCO's Opening claim construction brief did not address the terms "driver",

20  "standard junction box" or "closer to" that DMF had identified as terms to be

21  construed.

22  **II.    Argument**

23          ELCO's Reply makes a new argument based on new and false representations

24  in a transparent attempt to persuade the Court that both sides have failed to comply

25  with the Scheduling Order, so its Patent Rule 3-6 requirement should be disregarded.

26
27          [13] DMF's Reply Brief was served several minutes after midnight due to logistical
        issues. *See* DMF Email of April 23, 2019 (Boone Reply Ex. O) (Email time stamps
        of 12:25 am, 12:35 am and 12:51am).
28

1    Where, as here, a moving party has raised new arguments or presented new evidence

2    in a reply to an opposition, the court should permit the nonmoving party to counter

3    the new arguments or evidence.[14]

4           Here, as shown in the Factual Background above, ELCO makes new

5    arguments in connection with its Motion to Amend (Dkt. 192) that misrepresents the

6    parties' agreement and actual course of conduct on claim construction briefing.  This

7    misrepresentation is the basis for a new argument raised in a section of ELCO's

8    Reply dedicated to that falsehood.  DMF requests leave to file the attached Davidson

9    Surreply Declaration in connection with ELCO's Motion to Amend (Dkt. 192) in

10   order to address ELCO's new argument and provide evidence showing the truth of

11   what actually occurred.

12          To allow the Court to rule on ELCO's motion based on the true facts, and to

13   discourage ELCO from similar improper conduct in the future, the Court should

14   grant DMF leave to file the Davidson declaration submitted in support of this *ex*

15   *parte* application as a surreply brief.  This declaration presents the Factual

16   _____

17   [14] *See WB Music Corp. v. Royce Int'l Broad. Corp.*, No. EDCV 16-600 JGB (DTBx),
     2018 U.S. Dist. LEXIS 77707, at *4 (C.D. Cal. May 7, 2018)(permitting surreply

18   because "the Reply contains new evidence not introduced in their Motion or
     addressed in Defendants' Opposition").  *See also Jordan v. Terhune*, No. CIV S-03-

19   1820 LKK KJM P, 2009 U.S. Dist. LEXIS 8523, 2009 WL 276764, *3 (E.D. Cal.
     Feb. 5, 2009) (citing *El Pollo Loco v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir.

20   2003)); see also *Oregon Natural Desert Association v. Cain*, 17 F.Supp.3d 1037,

21   1048 (D. Or. 2014) ("'When a party has raised new arguments or presented new
     evidence in a reply to an opposition, the court may permit the other party to counter

22   the new arguments or evidence," citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th

23   Cir. 1996) ("[W]here new evidence is presented in a reply to a motion for summary
     judgment, the district court should not consider the new evidence without giving the

24   [non]movant an opportunity to respond"); *Ioane v. C.I.R.*, No. 3:09-CV-00243-RCJ-
     (RAM), 2010 U.S. Dist. LEXIS 71808, 2010 WL 2600689, *3 (D. Nev. Mar. 11,

25   2010)("Because Plaintiff's reply raised issues not in his initial motion, the Court

26   grants Defendant leave to file a surreply and will consider Defendant's arguments
     raised in its surreply," citing *United States v. Mercado*, No. 2:08-CR-00134, 2009

27   U.S. Dist. LEXIS 133195, 2009 WL 1575170, *1 (D. Nev. June 2, 2009)).

28

1   Background above and attaches the email correspondence discussed therein that

2   evidences the parties' actual agreement and course of conduct—consistent with that

3   agreement—in claim construction briefing.

4

5                                          Respectfully submitted,

6   Dated: June 11, 2019           By:  /s/ Ben M. Davidson

7                                        Ben M. Davidson (State Bar No. 181464)
                                         ben@dlgla.com
8                                        DAVIDSON LAW GROUP, ALC
                                         4500 Park Granada Blvd, Suite 202
9                                        Calabasas, California  91302
                                         Office: (818) 918-4622
10                                       Fax: (310) 473-2941

11
                                         David W. Long (admitted *pro hac vice*)
12                                       longdw@ergoniq.com
                                         ERGONIQ LLC
13                                       8200 Greensboro Dr. Suite 900
                                         McLean, VA  22102
14                                       Office: (202) 847-6853

15                                       *Attorneys for Plaintiff DMF, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28