| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS-GJSx | Date | June 28, 2019 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANTS' MOTION FOR LEAVE TO FILE THIRD AMENDED ANSWER AND COUNTERCLAIM AND TO AMEND INVALIDITY CONTENTIONS (Dkt. 192, filed May 24, 2019)

Defendants move to file a third amended answer and counterclaim and to amend their invalidity contentions. Dkt. 192. Specifically, defendants seek to amend their second amended answer in the following manner:

- Add the following terms to their affirmative defense of invalidity under 35 U.S.C. § 112: "significantly dissipates," "substantially heat conducting," "rear face," and "rear heat conducting portion";
- Add similar language to one of their counterclaims.

Id. Defendants also seek to amend their invalidity contentions in the following manner:

- Amend their response to plaintiff's Interrogatory No. 1 to update their contention that the aforementioned claim terms are too indefinite and thus render the '266 Patent invalid;
- Add Imtra catalogs and products, as well as the Gifford reference, to their prior art contentions;
- Add a combination of the Kim Reference with the Gifford or McNaught references to their obviousness contentions.

Id. Plaintiff opposes on the grounds that the parties agreed to abide by the Northern District of California's patent rules and, pursuant to those rules, defendants have failed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS-GJSx | Date | June 28, 2019 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

demonstrate diligence and thus should not be allowed to amend their invalidity contentions at this time. Dkt. 204. The Court held a hearing on June 24, 2019.

As the Court indicated during the hearing, it does not intend for the Northern District of California patent rules to govern this action. And because the Court has not set a deadline for amending the pleadings, the Court finds that Federal Rule of Civil Procedure 15 governs the instant motion to amend. Rule 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991).

The Court finds that none of the above factors support a denial of defendants' motion for leave to amend. Plaintiff claims it will be prejudiced by the amendments because it will require it to prepare additional briefing, but the Court is not persuaded that this additional work is sufficiently prejudicial to justify denying defendants' motion. Moreover, the Court finds that any potential prejudice here is mitigated by the fact that defendants are preliminarily enjoined from manufacturing and selling the allegedly infringing products. Considering that undue prejudice to the plaintiffs is the most critical factor in determining whether to grant leave to amend, the Court finds that the lack of prejudice here weighs heavily in favor of finding that leave to amend is appropriate.

Accordingly, the Court **GRANTS** defendants' motion for leave to file a third amended answer and counterclaim and to amend their invalidity contentions.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |