**BRYAN CAVE LEIGHTON PAISNER LLP**
Robert E. Boone III, California Bar No. 132780
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
E-Mail: reboone@bclplaw.com

Daniel A. Crowe (*Pro Hac Vice*)
dacrowe@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020

Erin A. Kelly (*Pro Hac Vice*)
erin.kelly@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

Attorneys for Defendants
AMP Plus, Inc. d/b/a ELCO Lighting and Elco Lighting, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DMF, Inc., a California corporation, | Case No. 2:18-cv-07090-CAS-GJS |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PENDING *INTER PARTES* REVIEW** |
| v. | |
| AMP PLUS, INC., d/b/a ELCO LIGHTING, a California corporation; ELCO LIGHTING, INC., a California corporation, | Date: August 12, 2019<br>Time: 10:00 a.m.<br>Ctrm: 8D |
| Defendants. | Judge Christina A. Snyder |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 12, 2019, at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at First Street Courthouse, 350 W. First Street, Courtroom 8D, 8th Floor, Los Angeles, CA 90012, Defendants AMP Plus, Inc. d/b/a ELCO Lighting ("ELCO") and Elco Lighting, Inc. ("ELI") (collectively, "Defendants") will, and hereby do, move the Court to stay this case pending *inter partes* review of all asserted claims of the patent-in-suit by the Patent Trial and Appeal Board ("PTAB").

As detailed in Defendants' Memorandum of Points and Authorities, ELCO recently filed an IPR petition challenging every asserted claim of the patent-in-suit. At this stage of the case, a stay will conserve judicial resources and avoid the possibility of inconsistent rulings by this Court and the PTAB. Each of the three stay factors weighs strongly in favor of a stay under the circumstances.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently-filed declaration of Daniel A. Crowe ("Crowe Decl."), the records on file in this action, and all other matters that the Court may properly consider, including the oral argument of counsel.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place in writing on multiple days between June 24 and 30, and by telephone conference on July 1 and 9, 2019. *See* Crowe Decl. ¶¶ 11-18. **DMF's counsel has agreed that this Motion may be heard on August 5, 2019, as if the Motion had been filed on July 8, 2019.**

Dated: July 9, 2019        **BRYAN CAVE LEIGHTON PAISNER LLP**
Robert E. Boone III


By:   */s/ Robert E. Boone III*
     Robert E. Boone III
Attorneys for Defendants
AMP PLUS, INC. d/b/a Elco Lighting and Elco Lighting, Inc.

## **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ......................................... 1
I. INTRODUCTION ....................................................................................... 1
II. FACTUAL BACKGROUND ..................................................................... 3
    A. Proceedings in the Case ................................................................... 3
    B. ELCOs IPR Petition ......................................................................... 5
III. LEGAL STANDARD ................................................................................. 6
IV. ARGUMENT ............................................................................................... 7
    A. This Case Is Still in Its Early Stages ................................................ 7
    B. Resolution of ELCO's IPR Petition Will Simplify the Case ............ 8
    C. DMF Would Not Suffer Any Undue Prejudice From a Stay ......... 10
    D. DMF's Anticipated Argument That Defendants Waived Their Right to Seek a Stay Has No Merit ............................................... 12
V. CONCLUSION ......................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. GNC Corp. v. LG Elecs. Inc.*,
 No. 17-CV-01090-BAS-BLM, 2018 WL 1250876 (S.D. Cal. Mar. 12, 2018) ................................................................................................................ 10

*Aylus Networks, Inc. v. Apple, Inc.*,
 856 F.3d 1353 (Fed. Cir. 2017) ............................................................................ 9

*Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*,
 No. SACV1600437AGJPRX, 2016 WL 7507760 (C.D. Cal. Sept. 12, 2016) ..................................................................................................... 7, 8, 9

*In re Cygnus Telecomms. Techs., LLC Patent Litigation*,
 385 F. Supp. 2d 1022 (N.D. Cal. 2005) ............................................................... 6

*Ethicon, Inc. v. Quigg*,
 849 F.2d 1422 (Fed. Cir. 1988) ............................................................................ 5

*Gould v. Control Laser Corp.*,
 705 F.2d 1340 (Fed. Cir. 1983) ............................................................................ 6

*Intertainer, Inc. v. Hulu, LLC*,
 No. CV 13-05499-CJC RNBX, 2014 WL 466034, at *1 (C.D. Cal. Jan. 24, 2014) ................................................................................................ *passim*

*Lund Motion Prod., Inc. v. T-Max Hangzhou Tech. Co.*,
 No. SACV1701914CJCJPR, 2019 WL 116784 (C.D. Cal. Jan. 2, 2019) ................................................................................................................. 10

*Nichia Corp. v. Vizio, Inc.*,
 No. SACV1800362AGKESX, 2018 WL 2448098 (C.D. Cal. May 21, 2018) ........................................................................................................ 10, 12

*Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*,
 No. SACV 16-00300-CJC(RAOx), 2017 WL 8220599 (C.D. Cal. June 27, 2017) .......................................................................................... 6, 7, 9, 10

*Pragmatus AV, LLC v. Facebook, Inc.*,
    No. 11-CV-02168-EJD, 2011 WL 4802958 (N.D. Cal. Oct. 11,
    2011) ........................................................................................................... 7

*Qualcomm Inc. v. Apple Inc.*,
    No. 3:17-CV-2403-CAB-MDD, 2018 WL 4104966 (S.D. Cal. Aug.
    29, 2018) ........................................................................................... 10, 12, 13

*SAS Institute, Inc. v. Iancu*,
    138 S. Ct. 1348 (2018) .............................................................................. 2, 9

*TAS Energy, Inc. v. San Diego Gas & Elec. Co.*,
    No. 12-cv-2777-GPC, 2014 WL 794215 (S.D. Cal. Feb. 26, 2014) .................... 9

*Tire Hanger Corp. v. My Car Guy Concierge Servs. Inc.*,
    No. 5:14-CV-00549-ODW, 2015 WL 857888 (C.D. Cal. Feb. 27,
    2015) ..................................................................................................... 6, 8, 9

*Transp. Techs., LLC v. L.A. Cnty. Metro. Transp. Auth.*,
    No. 16-CV-06423, 2016 WL 7444679 (C.D. Cal. July 22, 2016) ...................... 6

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
    943 F. Supp. 2d 1028 (C.D. Cal. 2013) ......................................................... 6, 10

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014) ........................................................................ 8

*Wi-LAN, Inc. v. LG Elecs., Inc.*,
    No. 3:17-cv-00358-BEN-MDD, 2018 WL 2392161 (S.D. Cal. May
    22, 2018) ........................................................................................... 8, 10, 12

*Wonderland Nursery Goods Co. v. Baby Trend, Inc.*,
    No. EDCV 14-01153-VAP, 2015 WL 1809309 (C.D. Cal. Apr. 20,
    2015) ........................................................................................................ 7, 9

*XR Commc'ns, LLC v. D-Link Sys., Inc.*,
    No. SACV1700596AGJGCX, 2018 WL 2734849 (C.D. Cal. Apr.
    10, 2018) ................................................................................................ 7, 8, 9

**Statutes**

37 C.F.R. § 42.107(b) ................................................................................................ 5

35 U.S.C. 315(b) ..................................................................................................... 13

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

35 U.S.C. § 101 .................................................................................................. 13

35 U.S.C. § 314(b) ................................................................................................ 5

35 U.S.C. § 316(a)(11) .......................................................................................... 5

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

iii

DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW

12781430.4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants AMP Plus, Inc. dba Elco Lighting ("ELCO") and Elco Lighting, Inc. ("ELI"), respectfully move to stay this litigation pending at least the Patent Trial and Appeal Board's ("PTAB") institution decision on ELCO's recently-filed petition for *inter partes* review ("IPR") of the patent-in-suit, U.S. Patent No. 9,964,266 ("the '266 Patent" or "the patent-in-suit").

In this litigation, Plaintiff DMF, Inc. ("DMF"), has alleged that Defendants infringe over twenty claims of the '266 Patent. To potentially resolve this case without further burdening the Court or, at the very least, significantly reduce the scope of the case, ELCO recently filed an IPR petition challenging each of the claims asserted by DMF. Defendants now move to stay the case this case pending a decision on ELCO's IPR petition in order to avoid unnecessary, duplicative, and/or inconsistent work by the Court and the parties. As explained below, each of the relevant factors courts generally consider in deciding stay motions weighs in favor of granting a stay.

*First*, this litigation remains in the preliminary stages. Discovery has only recently begun and will continue into December, based on the current case schedule. The Court has not yet conducted any claim construction proceedings (a *Markman* hearing is scheduled on July 29, 2019, but Defendants are seeking a short continuance of that hearing date to allow the Court to decide this motion first). Neither party has deposed any witnesses, served expert reports, conducted expert discovery, or prepared dispositive motions. If this case proceeds, the Court and the parties will be forced to spend time and resources on tasks that may ultimately prove unnecessary.

*Second*, ELCO's IPR petition is likely to simplify the issues in this case and reduce the burden on this Court and the parties. The PTAB's institution decision on ELCO's petition is due in approximately four months. Under the current

schedule, those four months include the close of fact discovery and the exchange of opening and rebuttal expert reports. An initial brief stay pending the PTAB's decision could potentially save the parties and the Court from significant burdens. While courts have more commonly granted stays post-institution, the Supreme Court's recent ruling in *SAS Institute, Inc. v. Iancu*, 138 S. Ct. 1348 (2018), requires that, if the PTAB grants review of any challenged claim, they must address the patentability of **all** challenged claims in a final written decision. Thus, if the PTAB institutes proceedings as to a single claim (as the PTAB is likely to do), it will simplify the issues in this case **as to each and every claim**. DMF will be unable to assert any claim that is found invalid. ELCO will be unable to challenge any claims found to be valid based upon the grounds it raised or could have raised in the IPR. Furthermore, any statements or amendments made by DMF in the proceeding (including pre-institution) will become part of the patent's prosecution history and have the potential to resolve or clarify the parties' current claim construction disputes, which may aide this Court with respect to any claim construction it eventually must conduct.

*Third*, DMF cannot plausibly allege undue prejudice from a brief stay. DMF has already received a preliminary injunction prohibiting ELCO from selling the allegedly infringing products. Given that ELCO is no longer competing with DMF as to the accused products, DMF will not suffer any further purported irreparable harm, and any prejudice it suffers would be fully compensable by monetary damages.

Each of the factors strongly favors a stay. Therefore, Defendants respectfully request that this motion be granted, and a stay imposed pending the institution decision on ELCO's IPR petition against the '266 Patent.

## II. FACTUAL BACKGROUND

### A. Proceedings in the Case

DMF sued Defendants for infringement of the '266 Patent on August 15, 2018. ECF No. 1. DMF served Defendants on or around August 17, 2018. ECF Nos. 12-13. Defendants filed their initial Answer on October 9, 2018. ECF No. 15. An initial scheduling conference was set for January 14, 2019. ECF No. 20.

The majority of the time between Defendants' Answer and the first scheduling conference (and afterwards) was spent litigating DMF's motion for preliminary injunction. DMF filed its motion on November 14, 2018. ECF No. 26. The Court held oral argument on DMF's motion on January 7, 2019. ECF No. 96. The Court requested supplemental briefing on January 14, 2019. ECF No. 100. The Court granted DMF's motion for preliminary injunction on March 7, 2019. ECF No. 148.

During the pendency of DMF's motion for preliminary injunction, the Court also entered an order setting deadlines for the parties to identify and exchange – only between themselves – claim construction contentions. ECF No. 129 (dated January 28, 2019). The Court entered that order only because the parties requested it, as they had previously agreed to such dates as part of an overall case schedule required to be proposed to the Court for purposes of the initial scheduling conference. However, the Court did not at that time schedule a trial date or any other pre-trial deadlines, such as discovery, expert disclosure or motion deadlines, nor did the Court set a *Markman* hearing. *Id.*

Today, the case technically is still at the pleading stage. On June 28, 2019, the Court granted Defendants leave to file their Third-Amended Answer and Counterclaim, which Defendants filed on July 1, 2019. ECF Nos. 233, 235. As of the filing of this Motion, DMF had not yet filed a response to Defendants' amended pleading. Crowe Decl. ¶ 4.

In addition, on June 28, 2019, the Court granted Defendants leave to serve amended invalidity contentions, which Defendants served on July 1, 2019. ECF 233; Crowe Decl. ¶ 5.

On July 3, 2019, the Court issued an order scheduling a *Markman* hearing on July 29, 2019 (ECF No. 236), which date the parties had discussed with the Court at the June 24, 2019 hearing on Defendants' Motion for Leave to Amend. As noted by the Court, it may move the *Markman* hearing to a later date.

At this time, claim construction briefing remains ongoing. The parties filed their previously exchanged claim construction briefs with the Court on July 3, 2019. *See* ECF Nos. 237-243. The parties must file any supplemental briefs not yet exchanged by July 15, 2019.

On June 17, 2019 (only three weeks prior to the filing of this Motion), the Court set many of the remaining deadlines, including dates for the end of fact discovery, the end of expert discovery, the submission of dispositive motions, and trial. ECF No. 226. According to those dates, fact discovery ends in October 2019; expert discovery ends in December 2019; motions for summary judgment are not due to be filed until the beginning of 2020; and the pre-trial conference and trial are not until March 2020.

So far, the parties have conducted only modest discovery. While ELCO has produced significant documents (more than 15,000 pages), DMF has produced almost nothing, despite the fact that ELCO served requests for production to DMF back in February. Crowe Decl. ¶¶ 6-7. No depositions have been taken, and expert discovery has not started. Crowe Decl. ¶¶ 8-9. Three months remain until the first new deadline set by the court (the close of factual discovery) and Defendants anticipate both parties will need to expend significant resources to reach that milestone.

## B. ELCOs IPR Petition

ELCO filed its IPR petition on May 17, 2019, challenging Claims 1, 2, 4-11, 13-17, 19, 21-22, 25, 26, and 28-30 of U.S. Patent No. 9,964,266. *See* Exh. A to Crowe Decl. The petition challenges each claim asserted by DMF against ELCO. *See* Exh. B to Crowe Decl. (DMF's March 1, 2019, Response to ELCO's Interrogatory No. 1). ELCO filed its IPR petition less than three months after DMF identified the specific claims it alleges that ELCO infringes.

In its petition, ELCO proposes a claim construction for the term "driver." The construction of that term is also disputed by the parties in this case. *See* ECF No. 227. This fact is particularly relevant as the PTAB recently changed its standard for construing claims from the broadest reasonable interpretation standard to the *Phillips* standard that this Court will apply to claim construction. https://www.federalregister.gov/documents/2018/10/11/2018-22006/changes-to-the-claim-construction-standard-for-interpreting-claims-in-trial-proceedings-before-the.

DMF's preliminary response (if it chooses to file one) is due on August 23, 2019. 37 C.F.R. § 42.107(b). In its preliminary response, DMF may propose a different construction for the term identified by ELCO and/or may propose constructions for additional terms. After this filing, the PTAB's institution decision will be due no later than November 23, 2019. 35 U.S.C. § 314(b). The PTAB's final decision must issue no later than one year after institution, unless extended for no more than six months for good cause. 35 U.S.C. § 316(a)(11).

In addition to its filed IPR, ELCO is also in the process of finalizing a second IPR petition. That petition would also cover each and every claim asserted by DMF and will likely increase the odds that a petition is granted as to at least one claim.

## III. <u>LEGAL STANDARD</u>

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted). A stay is "particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity, and if the claims were cancelled in reexamination, would eliminate the need to try the infringement issue." *In re Cygnus Telecomms. Techs., LLC Patent Litigation*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). This District recognizes a "liberal policy" in favor of granting motions to stay pending the outcome of IPRs, particularly when cases are in their early stages. *See Transp. Techs., LLC v. L.A. Cnty. Metro. Transp. Auth.*, No. 16-CV-06423, 2016 WL 7444679, at *3 (C.D. Cal. July 22, 2016); *Tire Hanger Corp. v. My Car Guy Concierge Servs. Inc.*, No. 5:14-CV-00549-ODW, 2015 WL 857888, at *2 (C.D. Cal. Feb. 27, 2015).

"In deciding a motion to stay pending IPR, courts typically consider three factors: (1) the stage of the proceedings; (2) simplification of the issues in question; and (3) undue prejudice or clear tactical disadvantage to the non-moving party." *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, No. SACV 16-00300-CJC(RAOx), 2017 WL 8220599, at *1 (C.D. Cal. June 27, 2017) (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013)). These factors are considered in deciding whether to order a stay based on the totality of the circumstances. *Universal Elecs.*, 943 F. Supp. 2d 1033. As discussed below, each of these factors weighs strongly in favor of granting a stay.

## IV. ARGUMENT

### A. This Case Is Still in Its Early Stages

As the Court itself recognized in evaluating Defendants' motion to amend their answer and invalidity contentions, this case remains in its early stages. This is evidenced by the fact that fact discovery has barely begun. Claim construction briefing remains open with a *Markman* hearing scheduled for July 29, 2019. Neither party has conducted any depositions. Expert reports have not been exchanged. Expert discovery has not even begun. Given the time and resources the parties and the Court are expected to expend from now until trial, this factor weighs in favor of a stay. *See Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) ("When, as here, there has been no material progress in the litigation, courts in this district strongly favor granting stays pending inter partes reexamination.").

While the Court recently issued a scheduling order setting many of the remaining key dates including a trial date, these deadlines are months away. The parties have approximately three months until the close of fact discovery, four months until the exchange of opening and rebuttal expert reports, five months until the close of expert discovery, six months until dispositive motions are due, and nine months until trial.

"The proceedings to date ... do not place the parties on the cusp of trial and accordingly this factor supports a stay." *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, No. SACV1600300CJCRAOX, 2017 WL 8220599, at *2 (C.D. Cal. June 27, 2017) (finding in favor of a stay where "discovery is incomplete," "[n]o expert discovery has occurred and the parties are continuing to take depositions"). Other courts considering motions to stay at similar stages of litigation have also found this factor to weigh in favor of a stay. *See, e.g.*, *XR Commc'ns, LLC v. D-Link Sys., Inc.*, No. SACV1700596AGJGCX, 2018 WL 2734849, at *2 (C.D. Cal. Apr. 10, 2018) (finding in favor of stay where parties "have submitted claim construction

briefs," "[f]act discovery has begun, but it's not yet complete and expert discovery has not yet begun" and first trial date was in approximately eleven months); *Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*, No. SACV1600437AGJPRX, 2016 WL 7507760, at *1 (C.D. Cal. Sept. 12, 2016) (finding in favor of a stay where "discovery has just begun" and "[t]he parties have not taken any depositions and have not engaged in any expert discovery"); *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. EDCV 14-01153-VAP, 2015 WL 1809309, at *3 (C.D. Cal. Apr. 20, 2015) (finding in favor of a stay where "fact discovery is not yet complete, expert discovery has not yet begun," and "although the parties have submitted claim construction briefs, the Markman hearing has not yet taken place"); *Wi-LAN, Inc. v. LG Elecs., Inc.*, No. 3:17-cv-00358-BEN-MDD, 2018 WL 2392161, at *1 (S.D. Cal. May 22, 2018) (finding case "in an early stage of litigation" where "[c]laims construction opening briefs and responses have been filed, and a *Markman* hearing is scheduled for [one month after the date of the order]"). The early stage of this case favors a stay.

### B. Resolution of ELCO's IPR Petition Will Simplify the Case

The IPR petition filed by ELCO challenges every claim of the '266 Patent asserted by DMF. Thus, it is possible that the PTAB will find all challenged claims invalid, which would completely dispose of the patent issues in this case; "the ultimate simplification of issues." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014).

However, regardless of the outcome, an IPR proceeding will simplify and focus the issues in this case. Even if some claims survive, the remaining claims will represent a smaller, more manageable set, and the Court will have avoided expending resources on claims that are no longer relevant. Additionally, the removal of less than all challenged claims may also "simplify the issues and streamline the litigation by reducing claim construction disputes and minimizing the number of claims that the parties need to address." *Tire Hanger Corp. v. My*

*Car Guy Concierge Servs. Inc.*, No. 14-cv-00549, 2015 WL 857888, at *2 (C.D. Cal. Feb. 27, 2015).

And even if the PTAB does not find all of the challenged claims unpatentable, issues in the case will still be simplified. This is true for two reasons. First, "[e]ven if no patent claim is eliminated, the intrinsic record developed during the IPR may inform on issues like claim construction." *XR Commc'ns, LLC v. D-Link Sys., Inc.*, No. SACV1700596AGJGCX, 2018 WL 2734849, at *3 (C.D. Cal. Apr. 10, 2018) (quoting *Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*, No. SACV16-00437-AG (JPRx), 2016 WL 7507760, at *2 (C.D. Cal. Sept. 12, 2016)). Positions taken by DMF in the IPR, including any pre-institution statements, will become part of the prosecution history and may be relevant to issues of claim construction and infringement. *See Aylus Networks, Inc. v. Apple, Inc.*, 856 F.3d 1353, 1359-62 (Fed. Cir. 2017) ("statements made by a patent owner during an IPR proceeding can be relied on to support a finding of prosecution disclaimer during claim construction"); *see also* Polaris, 2017 WL 8220599, at *2 ("the record in this case will still be developed through the IPR proceedings"). And second, "significant judicial resources" may be saved because "estoppel will prevent Defendants from raising in this Court invalidity grounds that were or could reasonably have been raised during the IPR." *Wonderland*, 2015 WL 1809309, at *3. As one court put it: "Whatever the PTAB's decision, the case will be simplified for this Court." *TAS Energy, Inc. v. San Diego Gas & Elec. Co.*, No. 12-cv-2777-GPC, 2014 WL 794215, at *4 (S.D. Cal. Feb. 26, 2014).

All of these benefits depend from the PTAB granting ELCO's petition, but given the large potential benefit in simplification versus the brief delay (3-4 months) of a preliminary stay, courts in this District have found that this factor weighs in favor of a stay even pre-institution. *See, e.g.*, *XR Commc'ns, LLC v. D-Link Sys., Inc.*, No. SACV1700596AGJGCX, 2018 WL 2734849, at *2 (C.D. Cal. Apr. 10, 2018); *Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*, No.

SACV1600437AGJPRX, 2016 WL 7507760, at *2 (C.D. Cal. Sept. 12, 2016); *Tire Hanger Corp. v. My Car Guy Concierge Servs. Inc.*, No. 14-cv-00549, 2015 WL 857888, at *2 (C.D. Cal. Feb. 27, 2015); *Intertainer, Inc. v. Hulu, LLC*, No. CV 13-05499-CJC RNBX, 2014 WL 466034, at *1 (C.D. Cal. Jan. 24, 2014).

This is particularly true since the Supreme Court's decision in *SAS Institute, Inc. v. Iancu*, 138 S. Ct. 1348 (2018), where it held that, in its final decision, the PTAB "must address every claim the petitioner has challenged." *Id.* at 1354. This ruling prevents the previously-common practice of partial institution whereby the PTAB would only institute proceedings as to a subset of the challenged claims. This new "binary choice" eliminates much of the risk that an IPR might be instituted yet ultimately provide minimal simplification of the issues. Post-*SAS*, courts have recognized that the significant potential benefit of simplification generally outweighs a brief delay. *See Lund Motion Prod., Inc. v. T-Max Hangzhou Tech. Co.*, No. SACV1701914CJCJPR, 2019 WL 116784, at *2 (C.D. Cal. Jan. 2, 2019); *Nichia Corp. v. Vizio, Inc.*, No. SACV1800362AGKESX, 2018 WL 2448098, at *3 (C.D. Cal. May 21, 2018); Wi-LAN, Inc. v. LG Elecs., Inc., No. 317CV00358BENMDD, 2018 WL 2392161, at *2 (S.D. Cal. May 22, 2018); *Qualcomm Inc. v. Apple Inc.*, No. 3:17-CV-2403-CAB-MDD, 2018 WL 4104966, at *2 (S.D. Cal. Aug. 29, 2018); *Am. GNC Corp. v. LG Elecs. Inc.*, No. 17-CV-01090-BAS-BLM, 2018 WL 1250876, at *3 (S.D. Cal. Mar. 12, 2018).

Accordingly, ELCO's IPR petition provides a significant opportunity to simplify issues in this case, and this factor weighs in favor of a stay.

### C. DMF Would Not Suffer Any Undue Prejudice From a Stay

The last factor courts regularly consider is whether the stay will result in undue prejudice or clear tactical disadvantage to the non-moving party. In weighing this factor, courts often look to whether the non-moving party will suffer injuries that cannot be compensated by monetary damages and whether the moving party has engaged in dilatory tactics. Neither is applicable here.

DMF already moved for and secured a preliminary injunction preventing ELCO from selling its allegedly infringing products. None of the harms alleged by DMF in its briefing for its motion will be exacerbated by a stay in light of the existence of the injunction. DMF is protected by the preliminary injunction. The only "harm" DMF can plausibly complain about is simply delay. But "[m]ere delay in the litigation does not establish undue prejudice." *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, No. SACV 16-00300-CJC (RAOx), 2017 WL 8220599, at *1 (C.D. Cal. June 27, 2017) (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1033 (C.D. Cal. 2013)). DMF has already received any remedy necessary to safeguard it against irreparable harm or undue prejudice.

Furthermore, the minimal length of any such delay weighs against finding undue prejudice. An institution decision on ELCO's petition is due by November. If the PTAB decides not to institute proceedings, the Court could swiftly lift the stay and the case would have been delayed only four months. If, however, the PTAB grants ELCO's petition and institutes an IPR, then the delay would grow longer, but any cost would be greatly outweighed by the virtual certainty that the PTAB's adjudication of the IPR will simplify issues in the case.

Neither has ELCO engaged in dilatory tactics. Although DMF sued ELCO in August 2018, ELCO was not made aware of each of the specific claims that DMF intended to assert against ELCO until March 1, 2019, when DMF responded to ELCO's interrogatory and provided its infringement contentions. Had ELCO proceeded with a petition based on the claims asserted in the Complaint, it would have proceeded on only a subset of the claims ultimately asserted by DMF. ELCO filed its petition approximately eleven weeks after receiving DMF's infringement contentions. ELCO then filed this Motion approximately six weeks after filing its

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

petition.[1/] Neither time period constitutes the sort of dilatory tactics courts consider prejudicial.

The lack of irreparable harm to DMF and ELCO's diligence thus weigh in favor of a stay.

### D. DMF's Anticipated Argument That Defendants Waived Their Right to Seek a Stay Has No Merit

During the meet and confer process preceding this Motion, DMF contended the Defendants had waived their right to seek a stay because the parties have exchanged infringement and invalidity contentions, and claim construction briefs, and the Court has already set case deadlines and a date for a *Markman* hearing. This argument has no merit for several reasons.

First, "waiver" is not part of the above-articulated factors that courts consider when deciding whether to stay a case pending an IPR proceeding.

Second, DMF has no authority supporting its position. Indeed, case deadlines had been set, and considerable activity had already occurred, in many of the cases cited above by the time those courts entertained motion to stay, and those courts still stayed the actions pending an IPR petition. *E.g., Nichia Corp. v. Vizio, Inc.*, *supra,* 2018 WL 2448098 (claim construction briefing and considerable discovery completed (in prior case)); *Wi-LAN, Inc. v. LG Elecs., Inc.*, *supra*, 2018 WL 2392161 (claim construction briefs filed); *Qualcomm Inc. v. Apple Inc.*, *supra*, 2018 WL 4104966. The *Qualcomm Inc. v. Apple Inc.* is particularly instructive. In that case, the court held a scheduling conference in February 2018, at which time the court ordered the parties to engage in discovery and to exchange infringement and invalidity contentions, set deadlines to exchange and file claim construction briefs, and a date for a *Markman* hearing. Apple's counsel advised the court then

---

[1/] Defendants were prepared to file this Motion on July 8, but DMF's counsel delayed in meeting and conferring with defense counsel for 2 weeks. See Crowe Decl. ¶¶ 11-18 and Exhs. D-F.

that Apple intended to file an IPR petition within the next two months. Apple did not get its IPR peitions filed within that anticipated time period, but eventually filed them. Apple then filed a motion to stay at the end of July 2018. Despite the fact that the parties had completed considerable discovery, exchanged infringement and invalidity contentions, and completed briefing for the *Markman* hearing, as well as engaged in extensive motion practice, the Court ordered a stay:

> Since the case management conference in February 2018, the parties have engaged in motion practice regarding the pleadings, including a motion for judgment on the pleadings challenging the patentability of the '362 and '239 patents, under 35 U.S.C. § 101, which the Court denied without prejudice. They have exchanged infringement and invalidity contentions, provided written discovery responses, and submitted briefing for the claim construction hearing. The Court is cognizant of the resources expended by the parties to prepare for the scheduled claim construction hearing, but the hearing has not occurred yet, and the Court has not construed the claims.

*Qualcomm*, 2018 WL 4104966, at *2.

Third, and perhaps most importantly, Defendants simply have not waived their right to seek a stay. By statute, Defendants have until August 17, 2019, to file any and all IPR Petitions. 35 U.S.C. 315(b). During the January 14, 2019, scheduling conference, Defendants informed the Court that they were preparing to file a petition seeking IPR and that the Defendants would thereafter file a motion for stay. During the conference, the Court expressed its view that the parties "voluntarily exchange whatever information you want to enable you to deal with the PTO" and that the parties "should be in a go mode until the PTO decides whether it's going to entertain the petition." 1/14/19 Transcript of Proceedings at pp. 14, 17 (Exh. C to Crowe Decl.). The Court did not (and could not) set a deadline by which ELCO was to file the IPR petition. More importantly, the Court

did not set a deadline by which Defendants were required to file this Motion to Stay. Even if the Court had wanted to set such a deadline, that deadline could not have been before the last date on which Defendants can file an IPR petition: August 17, 2019.

Pursuant to the Court's guidance at the January 2019 scheduling conference, the parties exchanged contentions, including DMF identifying its asserted claims and infringement contentions on March 1, 2019. The parties then completed the initial round of claim construction briefing on April 22, 2019. None of this activity constituted a waiver by Defendants to seek a stay pending ELCO's IPR petition. As the Court recognized, having DMF's position on its asserted claims, infringement contentions, and claim construction, enabled ELCO to "deal with the PTO," i.e., to finalize its IPR petition. ELCO filed its IPR petition just twenty-five days later.

## V. CONCLUSION

ELCO's Motion for a Stay should be granted for the reasons discussed above. Each of the three factors considered by courts weighs in favor of granting a stay. Such a stay could also be easily revisited when the PTAB renders its institution decision.

Dated: July 9, 2019

**BRYAN CAVE LEIGHTON PAISNER LLP**
Robert E. Boone III
Daniel A. Crowe
Erin A. Kelly

By: */s/ Robert E. Boone III*
       Robert E. Boone III
Attorneys for Defendants
AMP PLUS, INC. d/b/a ELCO Lighting and Elco Lighting, Inc.