1  Ben M. Davidson (State Bar No. 181464)
   ben@dlgla.com
2  DAVIDSON LAW GROUP, ALC
   4500 Park Granada Blvd, Suite 202
3  Calabasas, California 91302
   Office: (818) 918-4622
4  Fax: (310) 473-2941

5  David W. Long (admitted *pro hac vice*)
   longdw@ergoniq.com
6  ERGONIQ LLC
   8200 Greensboro Dr. Suite 900
7  McLean, VA 22102
   Office: (202) 847-6853

8
   *Attorneys for Plaintiff DMF, Inc.*
9

10         **IN THE UNITED STATES DISTRICT COURT**
           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
11

12  DMF, Inc., a California corporation,        Civil Action No. 2:18-cv-07090 CAS
                                                (GJXx)
13              Plaintiff,
                                                **Plaintiff DMF's *Ex Parte***
14        v.                                    **Application To Reconsider Order**
                                                **Granting ELCO Leave to Amend**
15  AMP Plus, Inc. d/b/a ELCO Lighting,         **Invalidity Contentions (Dkt. 233)**
    a California corporation; and
16
    ELCO Lighting Inc., a California
17  corporation,                                Ctrm: 350 W. First. Street, Room 8D
                                                Hon. Christina A. Snyder
18              Defendants.

19

20

21

22

23

24

25

26

27

28

DMF's *Ex Parte* Application To Reconsider Order (Dkt. 233)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that Plaintiff DMF, Inc. ("DMF") hereby applies for L.R. 7-19 *ex parte* relief requesting that the Court reconsider its Order (Dkt 233) granting Defendants' ("ELCO's") Motion for leave to file a Third Amended Answer and Counterclaim And To Amend Invalidity Contentions (Dkt. 192). DMF respectfully submits that the Order (Dkt. 233) meets the L.R. 7-18 reconsideration standard.

The Court's Order (Dkt. 233 at 2) states that "As the Court indicated at the hearing, it does not intend for the Northern District of California patent rules to govern this action [and] because the Court has not set a deadline for amending the pleadings, the Court finds that Federal Rule of Civil Procedure 15 governs." The Order then applied the liberal Rule 15 standard where leave to amend is "freely give[n]" and prejudice to DMF is the "key" and "most critical factor."

As discussed in the Factual Background of the Memorandum below (incorporated herein by reference, but not fully repeated here for brevity):

- The Parties' did not wholesale adopt the Northern District of California patent rules, but did agree and Stipulate—in several court filings—that the specific Patent Rule 3-6 "good cause" standard applies to whether the Parties may amend Infringement and Invalidity Contentions, as memorialized in the Joint Rule 26(f) Report (Dkt. 97 at 8:14-17).
- The Court's Scheduling Order (Dkt. 129) adopted the procedures set forth in the Joint Rule 26(f) Report (Dkt. 97), which include the Patent Rule 3-6 good cause standard for amending Invalidity Contentions. The parties reiterated that the Scheduling Order required "good cause" for amending contentions in a March 5, 2019 Stipulation (Dkt. 145).

Indeed, the Patent Rule 3-6 good case standard was *the focus* of the Parties' briefing:

- ELCO Opening Brief at 17-22 (Dkt. 192)

- DMF Opposition Brief at 8-25 (Dkt. 204)

- ELCO Reply Brief at 1-12 (Dkt. 216-2).

As explained in that briefing, the Patent Rule 3-6 good cause standard is "decidedly conservative" and stands in sharp "contrast to the more liberal policy for amending

pleadings" under Rule 15.[1]  Unlike the liberal Rule 15 standard applied by the Court's Order (Dkt. 233 at 2) in which "undue prejudice to the plaintiff is the most critical factor," ELCO's own Opening Brief (Dkt. 192 at 18) explains that the conservative Patent Rule 3-6 good cause standard makes ELCO's diligence "the critical issue."  As similarly explained in DMF's Opposition Brief (Dkt. 2014 at 9), the Federal Circuit and district courts have held that Patent Rule 3-6 good cause *does not even consider prejudice* if the moving party (ELCO here) does not first establish diligence.[2]

DMF respectfully submits that the Court erred in finding that the Patent Rule 3-6 good cause standard was not one—of the many procedural requirements—in the Joint Rule 26(f) Report (Dkt. 97) that was adopted in the Court's Scheduling Order (Dkt. 129).  This was not a minor error, but an outcome-determinative one: the Rule 15 and Patent Rule 3-6 good cause standards are polar opposites, and ELCO plainly did not meet the Patent Rule 3-6 good cause standard applicable here.

Good cause exists under L.R. 17-9 for this *ex parte* relief, because the Court has scheduled a *Markman* claim construction hearing on July 29 and a decision on reconsideration is needed so that DMF can avoid preparing briefing due on January 22, 2019 on ELCO's indefiniteness contentions that would not be required if Patent Rule 3-6 were properly applied.

This *ex parte* application is based on the attached Memorandum of Points & Authorities and such further argument and evidence as may be considered by the Court on this application.  Submitted herewith is a proposed order that, upon

---

[1] DMF's Opp. at 9 (Dkt. 204) (quoting *Synopsis Inc. v. Mentor Graphics Corp.*, No, C-12-06467-MMC (DMR), 2014 U.S. Dist. LEXIS 134775, *4-5 (N.D. Cal. Sep. 24, 2014)).

[2] DMF Opp. Br. (Dkt. 204) at 9 n.15 (citing *O2 Micro*, 467 F.3d at 1368; *Tokai Corp. v. Easton Enters., Inc.*, No. EDCV 07-00883-VAP (FMOx), 2009 U.S. Dist. LEXIS 64669, at *8 (C.D. Cal. July 8, 2009); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1115-16 (N.D. Cal. 2017); *Synopsis*, 2014 U.S. Dist. LEXIS at *6; *Silicon Labs., Inc. v. Cresta Tech. Corp.*, No. 14-cv-03227-PSG, 2014 U.S. Dist. LEXIS 189924, at *4 (N.D. Cal. Dec. 21, 2015)).

reconsideration, denies ELCO's Motion to amend its invalidity contentions under the Patent Rule 3-6 good cause standard at issue here.

NOTICE HAS BEEN GIVEN that DMF moves the Court *ex parte* to reconsider the Court's Order (Dkt. 233) and deny ELCO's motion for leave to amend its invalidity contentions.

Notice of Application to Counsel.  On July 9, 2019, in accordance with Local Rule 7-19, DMF conferred with and gave notice to Defendants' counsel, Mr. Bob Boone III and Mr. Dan Crowe, of DMF's intention to file this application today, and informed them that Defendants have 48 hours to file their opposition.  Defendants' counsel stated that Defendants will oppose this application.  That telephonic conference took place after DMF gave written notice of its intention to file this motion on July 8, 2019.

Respectfully submitted,

Dated: July 9, 2019                     By: /s/ David W. Long

Ben M. Davidson (State Bar No. 181464)
ben@dlgla.com
DAVIDSON LAW GROUP, ALC
4500 Park Granada Blvd, Suite 202
Calabasas, California  91302
Office: (818) 918-4622
Fax: (310) 473-2941

David W. Long (admitted *pro hac vice*)
longdw@ergoniq.com
ERGONIQ LLC
8200 Greensboro Dr. Suite 900
McLean, VA  22102
Office: (202) 847-6853

*Attorneys for Plaintiff DMF, Inc.*

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Factual Background

A review of the June 24 hearing transcript on ELCO's motion to amend its contentions indicates that the Court may have misunderstood the issue as being that the parties had agreed to apply the Northern District rules *in their entirety*, which is something the Court does not do in its patent cases.[3]   The Court's subsequent Order at issue here also indicates that "As the Court indicated during the hearing, it does not intend for the Northern District of California patent rules to govern this action."[4] But the Parties' intentionally did not wholesale adopt the entirety of the Northern District of California patent rules.   Rather, the Parties specifically agreed that the Patent Rule 3-6 "good cause" standard applies to amending Infringement and Invalidity Contentions, as stated in the Joint Rule 26(f) Report (Dkt. 97 at 8):

> 13        claim by February 15, 2018.
> 14        d.   The parties may supplement their respective infringement and
>           invalidity contentions with leave of Court, based on a showing of good
> 16        cause under Patent Local Rule 3-6 of the Northern District of
> 17        California Patent Local Rules.³
> 18        e.   The parties will exchange claim terms to be construed and proposed

Adopting that particular and well-known good cause standard was very targeted, intentional and prudent based on the specific needs of this case where the preliminary injunction motion required the Parties early on to establish infringement and validity contentions and doing so, in conjunction with the Court's injunction decision, would facilitate settlement.   This was discussed during the January 14, 2019 Scheduling Conference where DMF's counsel explained that "it just would be helpful, including for settlement to get all of the positions on invalidity, infringement set" and such contentions "kind of sets in stone absent a showing of good cause"[5]:

---

[3] Tr. of June 24, 2019 at 7:16-18 ("I don't think I've signed an order agreeing to apply the Northern District rules.").

[4] Dkt. 233 at 2.

[5] Tr. of Jan. 14, 2019 at 17:15-18:7.

> 8. ...we would have to have a — I cut in — a case men...
> 9   don't know whether it's going to be stayed or not.
> 10   MR. DAVIDSON: Obviously, I wouldn't comment on how
> 11   the Court should schedule its cases. I know you have many
> 12   other cases and I've heard about a trial schedule in
> 13   December. We understand the Court's burdened with a lot of
> 14   cases.
> 15   I guess what I would say is it would be helpful to
> 16   know that things are -- it just would be helpful, uh,
> 17   including for settlement to get all of the positions on
> 18   invalidity, infringement set. And I think even defendants
> 19   have said that they don't think they could have a settlement
> 20   discussion before that's done. We also agree.
> 21   Just for the sake of getting the parties to
> 22   understand what the facts are, and this all assumes, of
> 23   course, the Court's ruling on the preliminary injunction
> 24   motion is going to affect everything.
> 25   THE COURT: Sure.
>
> UNITED STATES DISTRICT COURT
>
> 18
>
> 1   MR. DAVIDSON: But the parties have been amenable
> 2   to exchanging, uh, their positions and, of course, we can do
> 3   that in interrogatories, but this kind of sets in stone
> 4   absent a showing of good cause so that when we sit down with
> 5   the magistrate judge I think both parties would like to
> 6   do if Your Honor permits it.
> 7   THE COURT: I certainly would encourage it.
> 8   MR. DAVIDSON: There won't be any -- you know,
> 9   everything will -- there won't be any situation where someone
> 10   says, well, I'm gonna have another argument that we haven't
> 11   shown you yet. It will all have had to have been shown by
> 12   that time. If the Court is amenable to it, we think we
> 13   should at least have the parties exchange their validity and
> 14   infringement issues. We're willing to do that right away,
> 15   and then to move forward with settlement discussions, if
> 16   necessary.
> 17   THE COURT: Okay. Well, then let's start at the
> 18   beginning then. What you're suggesting is that DMF will
> 19   asserted patent claims by February 5?
> 20   MR. DAVIDSON: Yes, Your Honor.

After the hearing, the Court entered an Order (Dkt. 101) that, *inter alia*, (1) set March 15 as the last day to amend pleadings and (2) ordered the parties to submit a Stipulation and Proposed Order setting the remaining dates and deadlines:

> Proceedings:   SCHEDULING CONFERENCE
>
> Hearing held and counsel are present.  The Court confers with counsel, as stated in Court and on the record.  The Court sets the following dates:
>
> Request for leave to file amended pleadings or to add parties: March 15, 2019;
> Settlement Completion Cutoff: June 5, 2019; and
> Status Conference re: Settlement **(11:00 A.M.)**: **June 17, 2019**.
>
> Counsel are ordered to meet and confer forthwith, regarding setting of the remainder of dates and deadlines, as stated in Court and on the record.  Thereafter, counsel shall submit a Stipulation and Proposed Order no later than January 25, 2019, for the Court's approval.

The Parties' filed the requested Stipulation and Proposed Order (Stipulation Dkt. 121 at 2; Proposed Order Dkt. 121-1) that, *inter alia*, "adopt[s] in part" Northern District of California Patent Local Rules with respect to "exchange of infringement and invalidity contentions" and " stipulate[s] to proceed based on the schedule and procedures agreed upon in the Rule 26(f) Report":

> On January 9, 2019, the parties jointly submitted a Rule 26(f) Report in which they agreed to exchange infringement and invalidity contentions by adopting in part Patent Local Rules 3-1 and 3-3 of the Local Patent Rules developed by the District Court for the Northern District of California. *See* dkt. 97 (Joint Rule 26(f) Report).
>
> On January 14, 2019, the Court set a deadline for filing amended pleadings (March 15, 2019), a Settlement Completion deadline (June 5, 2019), and a Status Conference re Settlement (June 17, 2019 at 11:00 a.m.). Dkt. 101.
>
> The Court further ordered the parties to "meet and confer forthwith, regarding setting of the remainder of dates and deadlines, as stated in Court and on the record" and to "submit a Stipulation and Proposed Order no later than January 25, 2019, for the Court's approval." Dkt. 101.
>
> Having met and conferred, the parties stipulate to proceed based on the schedule and procedures agreed upon in the Rule 26(f) Report up through the following proposed deadlines, with the remaining dates and deadlines to be set by the Court at the June 17, 2019 Status Conference re Settlement or at any earlier Status Conference that may be set by the Court:

The Court adopted the Parties' proposed Order (Dkt. 121-1) without modification (Dkt 129) and "**ORDERED** that the parties will proceed based on the schedule and **procedures** agreed upon in their Rule 26(f) Report":

---

> After having considered the Stipulation and [Proposed] Order Re Setting of Dates re Remaining Dates and Deadlines Submitted By The Parties In Their Rule 26(f) Report, it is HEREBY ORDERED that the parties will proceed based on the schedule and procedures agreed upon in their Rule 26(f) Report up through the following proposed deadlines, with the remaining dates and deadlines to be set by the Court at the June 17, 2019 Conference re Settlement or any earlier Status Conference that may be set by the Court.

On March 5, the Parties submitted a Joint Stipulation (Dkt. 145 at ¶¶1, 5-6) that repeated the requirement that leave to amend invalidity contentions must be "based on a **showing of good cause under Patent Local Rule 3-6** of the Northern District of California Patent Local Rules":

> Defendants AMP Plus, Inc., d/b/a ELCO Lighting and ELCO Lighting Inc. (referred to collectively herein as "ELCO") and Plaintiff DMF, by and through their respective counsel, hereby stipulate and agree that ELCO may amend its Invalidity Contentions as follows:
>
> 1.   On January 9, 2019, the Parties submitted a Joint Rule 26(f) Report (Dkt. 97) that, among other things, required the Parties to exchange Infringement Contentions and Invalidity Contentions on February 15, 2018 [sic: 2019] and that "[t]he parties may supplement their respective infringement and invalidity contentions with leave of Court, based on a showing of good cause under Patent Local Rule 3-6 of the Northern District of California Patent Local Rules." (Dkt. 97 at 8).

Two days later, on March 7, the Court issued an Order (Dkt. 146) granting ELCO leave to amend and stating that "this leave to amend will not otherwise alter any deadline set in the Court's Scheduling Order."

On March 15, the Parties submitted a Joint Stipulation (Dkt. 154 at ¶¶4-5) allowing ELCO to file its Second Amended Answer and Counterclaims that, *inter alia*, emphasized by "STIPULAT[ION]" that the filing "should not alter in anyway the current schedule and *procedures* set forth in the Court's January 28, 2019 Order (Dkt. 129), *including the requirements for ELCO to assert Validity Contentions*."

> 19 would not be enforced until after the Court has ruled on DMF's motion to be filed
> 20 challenging that defense.
> 21     4.   The Parties agreed that entry of the Second Amended Answer and
> 22 Counterclaims should not alter in anyway the current schedule and procedures set
> 23 forth in the Court's January 28, 2019 Order (Dkt. 129), including the requirements
> 24 for ELCO to assert Validity Contentions.
> 25     5.   ACCORDINGLY, IT IS HEREBY AGREED AND STIPULATED by
> 26 and between the parties, through their respective counsel, that the Court enter an
> 27 Order granting ELCO leave to file its Second Amended Answer and Counterclaims
> 28 attached hereto without prejudice to DMF challenging the merits of the unclean
>
> Stipulation for ELCO to Amend Pleading      - 2 -

Case 2:18-cv-07090-CAS-GJS   Document 154   Filed 03/15/19   Page 3 of 4   Page ID #:7856

> 1 hands and indefiniteness defenses in a motion to dismiss, strike or otherwise, that the
> 2 entry of the amended pleading shall not alter in any way the current schedule and
> 3 procedures set forth in the Court's January 28, 2019 Order (Dkt. 129), including the
> 4 requirements for ELCO to assert Validity Contentions, and that discovery will not
> 5 proceed on the subpoena served by ELCO on UL until the Court has ruled on DMF's
> 6 motion to be filed after entry of the amended pleading.

The Court then entered an Order (Dkt. 155 at ¶2) adopting without change the Parties Proposed Order (Dkt. 154-1) that makes the same statement above regarding "procedures" of the Court's Scheduling Order (Dkt. 129) that includes "requirements for ELCO to assert Validity Contentions":

> 7 motion to dismiss, strike or otherwise. Defendants shall file their Second Amended
> 8 Answer and Counterclaims forthwith.
> 9     2.   The filing of the amended pleading shall not alter in any way the current
> 10 schedule and procedures set forth in the Court's January 28, 2019 Order (Dkt. 129),
> 11 including the requirements for ELCO to assert Validity Contentions.
> 12     3.   Discovery will not proceed on a third-party subpoena served by ELCO

On May 24, ELCO filed its Opening Brief seeking leave to again amend its pleadings and invalidity contentions.  Among other things, ELCO's Opening Brief (Dkt 192 at 17) acknowledged its obligation to establish Patent Rule 3-6 good cause in order to amend its Invalidity Contentions.  Indeed, the Patent Rule 3-6 good cause standard was *the focus* of the Parties' briefing.

## II.   Argument

As shown above, the Parties agreed—and even stipulated in court filings—

that the Patent Rule 3-6 good cause standard governed ELCO's ability to amend Invalidity Contentions.  Further, the Court's Orders (Dkt. 129, 146, 155) adopted and repeatedly confirmed that the Patent Rule 3-6 good cause standard governed ELCO's ability to amend Invalidity Contentions, which procedure was a critical part of—and focus of discussion with the Court about—the agreed upon procedures in the Joint Rule 26(f) Report that the Court adopted.

The Parties were surprised at the hearing, therefore, when the Court indicated for the first time a view that the Patent Rule 3-6 good cause standard did not apply in this case.  Up until that time, the Patent Rule 3-6 good cause governing the case was manifestly clear and never questioned throughout the many prior filings and Orders as well as the specific briefing papers for the motion at issue here.  DMF's counsel thus asserted at the hearing that Patent Rule 3-6 was part of the Scheduling Order.

DMF respectfully submits that the Court's finding that Patent Rule 3-6 good cause does not govern here is manifest error.  Perhaps the error arose from a misunderstanding that the Court—having a general policy not to follow the Northern District of California patent rules in its patent cases—thought the parties had agreed to a wholesale adoption of the entire patent rules, which the Court does not do.  But, as explained above, there actually was a narrow and prudent adoption of the specific and well-known Patent Rule 3-6 good case standard based on the needs of this case to provide the certainty of Invalidity Contentions for the precise reasons discussed at the Scheduling Conference hearing and briefing on ELCO's motion to amend.

Also, the Court may have inadvertently overlooked something in the several Orders and filings (discussed above) that provide the schedule and procedures adopted in this case.  For example, in addition to overlooking the Patent Rule 3-6 adoption, the Court's Order (Dkt. 233 at 2) at issue here also erroneously found that, "because the Court has not set a deadline for amending pleadings, the Court finds that Federal Rule of Civil Procedure 15 governs the instant motion to amend."  But the Court's prior Order (Dkt. 101) did set the deadline for amending pleadings to

March 15, 2019.  As ELCO's own Opening Brief (Dkt. 192 at 7) explained, because the deadline for amending pleadings had passed, Rule 16's good cause standard—not Rule 15—governs the motion to amend <u>the pleadings</u>.[6]

Overlooking the adoption of Patent Rule 3-6 was not a minor error, but a dispositive one.  As explained in the Parties' briefing, the Patent Rule 3-6 good cause standard is "decidedly conservative" and stands in sharp "contrast to the more liberal policy for amending pleadings" under Rule 15.[7]  Consistent with the January 14 Scheduling Conference discussion above—*i.e.*, that Invalidity Contentions are "set[] in stone absent a showing of good cause" so that "there won't be any situation where someone says, well, I'm gonna have another argument that we haven't shown you yet"—the Patent Rule 3-6 good cause standard "require[s] parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed" and are "designed to prevent the shifting sands approach to claim construction."[8]

Unlike the liberal Rule 15 good case standard applied by the Court's Order (Dkt. 233 at 2) in which "<u>undue prejudice</u> to the plaintiff is <u>the most critical factor</u>," ELCO's own Opening Brief (Dkt. 192 at 18) stresses that the conservative Patent Rule 3-6 good cause standard places ELCO's <u>diligence</u> as "<u>the critical issue</u>":[9]

> 3   of their contentions.
> 4        "The diligence required for a showing of good cause has two subparts:  (1)
> 5   diligence in discovering the basis for amendment; and (2) diligence in seeking
> 6   amendment once the basis for amendment has been discovered."  *Id.*  "Diligence is
> 7   'the critical issue' in the good cause determination."  *Id.*  "[N]ew information
> 8   learned through discovery can lead a party to understandably reevaluate evidence found

---

[6] To be clear:  As in its Opposition Brief (Dkt. 204 at 8), the relevant issue is not the standard for amending <u>the pleadings</u> but the Patent Rule 3-6 good cause standard for amending <u>Invalidity Contentions</u> (regardless of the pleadings).

[7] DMF's Opp. at 9 (Dkt. 204) (quoting *Synopsis v. Mentor Graphics,* No, C-12-06467-MMC, 2014 U.S. Dist. LEXIS 134775, *4-5 (N.D. Cal. Sep. 24, 2014)).

[8] DMF Opp. at 9 (Dkt. 204) (quoting *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006) and *Synopsis* at *4-5).

[9] ELCO Opening Br. (Dkt. 192) at 18 (quoting *Karl Storz v. Stryker*, No. 14-CV-00876-RS (JSC), 2016 WL 285526-, at *3 (N.D. Cal. May 13, 2016)).

1  Indeed, as explained in DMF's Opposition Brief (Dkt. 2014 at 9), the Federal Circuit

2  and district courts have held that Patent Rule 3-6 good cause *does not even consider*

3  *prejudice* where the moving party (ELCO here) does not establish diligence.[10]

4      In sum, the Court's Scheduling Orders adopted the Parties' agreed procedure

5  that the Patent Rule 3-6 good cause standard governs whether ELCO may amend its

6  Invalidity Contentions.  This manifest error plainly meets the L.R. 17-8 standard for

7  reconsideration.  Indeed, even if the Court's Scheduling Order had not adopted the

8  Patent Rule 3-6 good cause standard—and we do not see any reasonable reading of

9  the Orders that would support that view—the parties plainly entered a voluntary and

10  informed Stipulation to adopt the Patent Rule 3-6 good cause standard.  Rule 29(b)

11  expressly authorizes parties to enter such binding discovery stipulations:  "Unless the

12  court orders otherwise, the parties may stipulate that: … (b) other procedures

13  governing or limiting discovery be modified."  The Ninth Circuit and California

14  district courts have ruled that such a Stipulation is "enforceable, despite that it was

15  not issued or approved by court order."[11]

16  **A.    *Ex Parte* Relief Is Justified Here**

17  *Ex Parte* relief is justified upon establishing two conditions,[12] both of which

18  are present here.  First, DMF's cause will be irreparably prejudiced if

19  reconsideration is heard under regular noticed motion procedures.  The Court's

---

[10] DMF Opp. Br. (Dkt. 204) at 9 n.15 (citing *O2 Micro*, 467 F.3d at 1368; *Tokai Corp. v. Easton Enters., Inc.*, No. EDCV 07-00883-VAP (FMOx), 2009 U.S. Dist. LEXIS 64669, at *8 (C.D. Cal. July 8, 2009); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1115-16 (N.D. Cal. 2017); *Synopsis*, 2014 U.S. Dist. LEXIS at *6; *Silicon Labs., Inc. v. Cresta Tech. Corp.*, No. 14-cv-03227-PSG, 2014 U.S. Dist. LEXIS 189924, at *4 (N.D. Cal. Dec. 21, 2015)).

[11] *Olney v.Job.com*, No. 1:12-cv-01724-LJO-SKO, 2014 U.S. Dist. LEXIS 130473, at *15-16 (E.D. Cal. Sep. 15, 2014) ("The Ninth Circuit has recognized such private written stipulations as binding and enforceable by the Court. *CDN Inc. v. Kapes*, 197 F.3d 1256, 58-59 (9th Cir. 1999)."); *Lema v. Comfort Inn*, No. 1:10-cv-00362-SMS, 2012 U.S. Dist. LEXIS 3951, at *5-7 (E.D. Cal. Jan. 11, 2012) ("[T]he court will enforce a stipulation absent circumstances tending to negate a finding of informed and voluntary assent of a party to the agreement.").

[12] *Mission Power v. Cont'l Cas.*, 883 F. Supp. 488, 492-93 (C.D. Cal. 1995).

Order that is subject to reconsideration currently permits ELCO to amend its Invalidity Contentions to add indefiniteness challenges to four patent claim terms: "significantly dissipates," "substantially heat conducting," "rear face," and "rear heat conducting portion."[13] ELCO's Claim Construction Brief (Dkt. 242 at 5-16) prepared and served on April 9, 2019—prior to the Court giving ELCO leave to amend— already provides ELCO's briefing and expert declarations on the new indefiniteness issues.  But DMF's Reply Claim Construction Brief (Dkt. 239  at 6) properly did not address those indefiniteness issues because the Court had not granted ELCO leave to raise them.  Accordingly, as discussed during the June 24 hearing, if ELCO is permitted to add those indefiniteness Invalidity Contentions, DMF must prepare a supplemental brief on them by July 22 per the Court's Order (Dkt. 236).  A purpose of the instant request for reconsideration is to avoid DMF having to divert limited resources required in this fact discovery stage of the case—which currently ends on October 2, 2019 (Order Dkt. 226)—to those indefiniteness invalidity contentions. Under a regular motion procedure, DMF would be required to divert those resources to prepare the indefiniteness briefing prior to the reconsideration motion being heard.

Second, DMF is without fault in the need for this *ex parte* relief.  As discussed above, both parties plainly contemplated and the record manifestly shows that the Patent Rule 3-6 good cause standard governs whether ELCO should be granted leave to amend its Invalidity Contentions to add, *inter alia*, these indefiniteness contentions.  As discussed in the parties' briefing, ELCO plainly does not meet the Patent Rule 3-6 good cause standard.

Moreover, ELCO will suffer no prejudice by granting this *ex parte* relief. DMF is not seeking any additional substantive briefing on whether ELCO satisfied the Patent Rule 3-6 good cause standard: That issue was fully briefed and subject to oral argument at the June 24 hearing:

---

[13] Dkt. 233 at 1.

- ELCO Opening Brief at 17-22 (Dkt. 192)
- DMF Opposition Brief at 8-25 (Dkt. 204)
- ELCO Reply Brief at 1-12 (Dkt. 216-2).

The sole issue raised *ex parte* is whether the Patent Rule 3-6 good cause standard governs whether ELCO may amend its Invalidity Contentions: If so, then the Court would consider the specific briefing pages identified immediately above on whether ELCO has carried its burden to show it satisfied the Patent Rule 3-6 good cause standard.  Further, ELCO simply cannot claim prejudice in being held to its word in the Parties' agreement and Stipulation that Patent Rule 3-6 applies here.

ELCO, as the beneficiary of this plain error, disappointingly is reluctant to keep its word.  During the conference of counsel today on this *ex parte* application, ELCO feigned needing a few days to even determine whether ELCO had believed that Patent Rule 3-6 applies and to prepare to confer with DMF about this application.  And ELCO further feigned needing seven full days afterwards to contemplate the motion before DMF could file it under a regular motion schedule. ELCO's current position is opportunistic.  The parties were equally surprised by the Court's view that the Patent Rule 3-6 good cause standard did not apply here.  That determination manifestly did not consider the substance of the parties' stipulations and the Court's orders, *i.e.*, material facts presented to the Court before the Court's decision.  Reconsideration of this discrete issue on an expedited basis is appropriate to ensure that the Court is apprised of the facts and so that this case can be resolved based on the actual Scheduling Order entered by the Court and relied upon by the Parties to date in proceeding in this case.  Indeed, if the Parties cannot rely on the agreed upon procedures in the Scheduling Order—such as the Patent Rule 3-6 good cause standard—to manage and focus this case, then we cannot properly allocate resources, the case will mushroom as ELCO continues to unabatedly add belated issues and the case will spiral out of control.

1

2     Dated: July 9, 2019

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

By: /s/ David W. Long

Ben M. Davidson (State Bar No. 181464)
ben@dlgla.com
DAVIDSON LAW GROUP, ALC
4500 Park Granada Blvd, Suite 202
Calabasas, California  91302
Office: (818) 918-4622
Fax: (310) 473-2941

David W. Long (admitted *pro hac vice*)
longdw@ergoniq.com
ERGONIQ LLC
8200 Greensboro Dr. Suite 900
McLean, VA  22102
Office: (202) 847-6853

*Attorneys for Plaintiff DMF, Inc.*