# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS-GJSx | Date | July 12, 2019 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                          Not Present

**Proceedings:**     (IN CHAMBERS) - DEFENDANTS' MOTION TO STAY CASE PENDING INTER PARTES REVIEW (Dkt. 244, filed July 9, 2019)

DEFENDANTS' EX PARTE APPLICATION TO CONTINUE MARKMAN HEARING (Dkt. 245, filed July 9, 2019)

PLAINTIFF'S EX PARTE APPLICATION FOR RECONSIDERATION (Dkt. 246, filed July 9, 2019)

     The Court is in receipt of defendants' motion to stay the case pending *inter partes* review, as well as their *ex parte* application to continue the Markman hearing until after the Court's decision on defendants' motion to stay. Dkt. 244, 245. The Court is also in receipt of plaintiff's *ex parte* application for reconsideration of the Court's order allowing defendants to amend their complaint and invalidity contentions. Dkt. 246. The Court addresses each in turn.

### I.    Motion to Stay

     Defendants move to stay the case pending *inter partes* review ("IPR") of all asserted claims of the patent-in-suit by the Patent Trial and Appeal Board ("PTAB"). Dkt. 244 at 1. However, the PTAB has not yet decided whether to institute a proceeding on defendants' IPR petition, and defendants represent that such a decision is not expected for another four months. Id. The Court will not entertain any motions to stay the case until the PTAB has granted defendants' IPR petition. Accordingly, the Court **DENIES** defendants' motion to stay without prejudice to their renewing it in the event the PTAB grants their IPR petition. In light of the denial of defendants' motion to stay, the Court **DENIES** as moot defendants' *ex parte* application to continue the Markman hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS-GJSx | Date | July 12, 2019 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

## II.   Motion to Reconsider

Plaintiff moves for reconsideration of the Court's order allowing defendants to file a third amended complaint and to amend their invalidity contentions, arguing that the Court erred when it did not apply Northern District Patent Rule 3-6 ("Rule 3-6") when determining whether to grant defendants' motion to amend. Plaintiff merely reiterates the same argument it made at the hearing on defendants' motion to amend—that Rule 3-6 must apply because the parties agreed to that rule in their joint Rule 26(f) report and the Court entered an order adopting the deadlines and procedures in that report. Under Local Rule 7–18, a motion for reconsideration shall not "in any manner repeat any oral or written argument made in support of or in opposition to the original motion." C.D. Cal. L.R. 7–18. The Court reiterates here that it never intended any of the Northern District Patent Rules to govern this case and thus will not reconsider its order granting defendants' motion to amend.

Plaintiff, however, has brought to the Court's attention that it entered a scheduling order which set a deadline for amending pleadings. See Dkt. 101. Plaintiff, however, has never argued that Federal Rule of Civil Procedure 16 should apply and has always maintained that the Court should have applied Rule 3-6 when deciding whether to grant defendants leave to amend their invalidity contentions. But in any event, the Court acknowledges that it should have determined whether defendants demonstrated good cause under Rule 16 to amend the scheduling orders—both with respect to the deadline for filing amended pleadings and the deadline for disclosing defendants' invalidity contentions. Even considering this matter under Rule 16, however, the Court finds good cause exists to permit defendants to modify the deadlines to permit them to supplement their invalidity contentions and to amend their pleadings. Defendants represent that they developed additional invalidity contentions after conducting additional research and obtaining a new expert in response to certain findings in the Court's preliminary injunction order. Dkt. 192 at 5; Dkt. 215 at 4. Defendants further represent that they notified plaintiff of their additional invalidity contentions within days of developing them. Dkt. 215 at 4. Considering that the case is still in an early stage and that plaintiff has not provided any compelling evidence of undue prejudice, the Court believes it appropriate to permit defendants to supplement their invalidity contentions and amend their answer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:18-cv-07090-CAS-GJSx | Date | July 12, 2019 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

Accordingly, the Court **DENIES** plaintiff's *ex parte* application to reconsider.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |