Robert E. Boone III (California Bar No. 132780)
reboone@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, CA  90401-2386
Telephone:   (310) 576-2100
Facsimile:    (310) 576-2200

Attorneys for Defendant
AMP PLUS, INC. d/b/a Elco Lighting

# UNITED STATED DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

| | |
|---|---|
| DMF, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMP PLUS, INC., d/b/a ELCO LIGHTING, a California corporation; ELCO LIGHTING, INC., a California corporation,<br><br>Defendants.<br><br>AMP PLUS, INC., d/b/a ELCO LIGHTING, a California corporation;<br><br>Counterclaimant,<br><br>v.<br><br>DMF, Inc., a California corporation,<br><br>Counter-Defendant. | Case No. 2:18-cv-07090-CAS-GJS<br><br>**DEFENDANT'S EX PARTE APPLICATION TO STAY DEPOSITION OF SAEED ("STEVE") COHEN AND EXTEND THE DISCOVERY DEADLINE; DECLARATION OF ROBERT E. BOONE III IN SUPPORT THEREOF** |

EX PARTE APPLICATION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant AMP Plus, Inc. dba Elco Lighting ("ELCO") hereby applies *ex parte* for an order briefly staying the deposition of Saeed "Steve" Cohen and ELCO until November 8, 2019, or thereafter, and, to the extent the Court deems necessary, extending the discovery deadline to accommodate the same.

Good cause exists for the requested stay because:

(1)    On October 24, 2019, while being deposed, Mr. Cohen became ill and the deposition had to be suspended.  Mr. Cohen visited the emergency room, and later his personal physician, and was advised not to resume the deposition that week.  Mr. Cohen was also prescribed medication impacting his ability to testify.

(2)    On October 26, 2019, DMF issued new notices of deposition to Mr. Cohen, and to ELCO pursuant to Rule 30(b)(6) (for which Mr. Cohen is the designated witness), scheduling the continued depositions for October 30 and 31, 2019.

(3)    Also on October 26, 2019, having been cleared for travel by his physician, Mr. Cohen left the country for a long-scheduled business trip to attend the Hong Kong International Lighting Fair, and is scheduled to return on November 7, 2019.

(4)    The undersigned counsel immediately informed counsel for DMF of Mr. Cohen's unavailability, and offered possible dates for Mr. Cohen's deposition, including as early as November 8, 2019 (*i.e.*, the day after he returns from abroad).

(5)    Counsel for DMF has insisted that it will proceed with the depositions on October 30-31, 2019.

(6)    The stay is necessary on an *ex parte* basis because DMF sent its revised notice of deposition on October 26, 2019, with the depositions set to begin four days later.  According to Local Rules 37-1 and 37-2, ELCO must do several things before it could file a Motion for a Protective Order.  First, it must request to meet and confer with Plaintiff's counsel by sending a letter identifying every issue in dispute and state its position.  L.R. 37-1.  DMF has 10 days from the time ELCO sends its letter to meet and confer.  L.R. 37-1.  If counsel are unable to settle their differences, ELCO must

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

prepare its portion of the joint stipulation.  L.R. 37-2.2.  After DMF receives ELCO's portion of the joint stipulation, it will have 7 days to deliver its portion of the joint stipulation.  *Id.*  Then, the motion shall not be set for hearing earlier than 21 days after filing the motion.  L.R. 37-3.  As a result, not including time that must be spent actually drafting ELCO's portion of the joint stipulation after meeting and conferring, at least 38 days are needed between the time ELCO sends its meet and confer letter and when the motion can be heard.  In short, absent a court-ordered stay of the deposition, the deposition is set to occur before ELCO's Motion for a Protective Order could ever be heard.  ELCO is potentially subject to sanctions if it were to fail to produce the noticed witness.  Therefore, *ex parte* relief to temporarily stay the deposition is necessary to prevent prejudice to ELCO.

This application is based on the attached memorandum of points and authorities, and the Declaration of Robert E. Boone III.

Please take notice that pursuant to Local Rule 7-19, DMF shall have 48 hours from the date of delivery of this application to file and serve any opposition to this application.

ELCO's counsel provided written and oral notice of this application to DMF's counsel on October 29, 2019, and ELCO's counsel met and conferred with DMF's counsel about the application on October 29, 2019.  DMF will oppose the application.

Dated:  October 29, 2019          **BRYAN CAVE LEIGHTON PAISNER LLP**


By:  /s/ Robert E. Boone III
       Robert E. Boone III

       Attorneys for Defendant
       AMP PLUS, INC. d/b/a Elco Lighting

USA\601278071.6                                    2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant AMP Plus, Inc. dba Elco Lighting ("ELCO") files this *ex parte* application, requesting that the Court stay Plaintiff DMF, Inc.'s ("DMF") deposition of Saeed "Steve" Cohen, both in his individual capacity and as a corporate representative pursuant to Rule 30(b)(6), until November 8, 2019 or thereafter.

## II.   STATEMENT OF FACTS

On September 30, 2019, DMF served notice to take ELCO's 30(b)(6) deposition on October 18, 2019.  *See* Declaration of Robert E. Boone III ("Boone Decl.") ¶ 2. The parties were in ongoing discussions regarding the scheduling of multiple depositions in the case, and as early as October 11, Mr. Boone informed DMF that Mr. Cohen would be ELCO's corporate representative for the Rule 30(b)(6) deposition, but that October 17-18 were not available dates.  *Id.* ¶ 3.  On October 11, Mr. Boone further informed DMF that Mr. Cohen was scheduled to be out of the country from October 23 – November 8.  *Id.*  On October 14, Mr. Boone further informed DMF that Mr. Cohen was unavailable October 14-22 because of the Jewish holidays of Sukkot, Shmini Atzeret, and Simchat Torah.[1]  *Id.*

After continued negotiation, the parties agreed to move the deposition of Mr. Cohen, both in his individual capacity and as a Rule 30(b)(6) corporate representative, to October 24-25, and Mr. Cohen agreed to temporarily postpone his overseas travel to accommodate the same.  *Id.* ¶ 5.

---

[1] Counsel for DMF have since called this a "false excuse," and even went to the invasive and unprofessional lengths of placing a call to Mr. Cohen's synagogue to determine whether religious services would be taking place that day.  *See* Boone Decl. ¶ 4.  The simple fact is that October 17-18, 2019 were part of the Jewish festival of Sukkot, which includes work restrictions for some practitioners, and counsel's questioning of Mr. Cohen's observance of the same is inappropriate and without merit.  *See, e.g.*, https://www.chabad.org/library/article_cdo/aid/1000452/jewish/Chol-Hamoed.htm.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

Mr. Cohen's deposition began on the morning of Thursday, October 24, but had to be suspended because of a medical emergency. *Id.* ¶ 6. Very early in the deposition, Mr. Davidson asked Mr. Cohen, "Is there any reason you cannot give full and complete and truthful testimony today?" *Id.* Mr. Cohen responded that he was not feeling well, stating, "I'm shaking[,] my blood pressure is going up and down and I don't feel good at all." *Id.* Mr. Cohen tried to continue with the deposition for another thirty minutes or so, before declaring that he could not continue and needed to see a doctor. *Id.* The deposition was suspended approximately one hour after it began. *Id.*

Mr. Boone took Mr. Cohen to the emergency room, where he was treated and instructed not to resume his deposition until at least the following week. *Id.* ¶ 7. DMF's counsel was informed of this that same afternoon. *Id.* Mr. Cohen visited his personal physician the next day, Friday, October 25, who prescribed additional medication that made Mr. Cohen drowsy and unable to testify. *Id.*

On Saturday, October 26, Mr. Cohen traveled to Hong Kong, with his doctor's approval, on a long-scheduled business trip (about which DMF had been previously informed). *Id.* ¶ 8. Mr. Cohen's trip involves, in part, participation in the Hong Kong International Lighting Fair, a commitment that plainly could not be rescheduled. *Id.* Mr. Cohen is scheduled to return from his trip on November 7, 2019. *Id.*

The morning of October 26, DMF served a Notice of Continued Deposition of Mr. Cohen and of ELCO, scheduled for October 30 and 31, 2019. *Id.* ¶ 9. Mr. Boone reminded DMF that Mr. Cohen was out of the country, and offered alternative dates for his deposition, including as early as November 8, 2019—*i.e.*, the day after Mr. Cohen returns from Hong Kong. *Id.* DMF responded that the Rule 30(b)(6) deposition would proceed on October 30, 2019, and the deposition of Mr. Cohen in his personal capacity would proceed on October 31, 2019. *Id.*

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

## III.   **ARGUMENT**

DMF's insistence on proceeding with the deposition of Mr. Cohen (both as a 30(b)(6) witness and in his individual capacity) despite his absence from the country is unreasonable, and leaves ELCO no choice but to seek the present *ex parte* relief.

Rule 30 does not provide any mechanism by which a party being deposed can stay or continue an ill-scheduled deposition, but *does* allow the Court to "impose an appropriate sanction . . . on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). To avoid attendance at a deposition, a party must seek and obtain a protective order under Rule 26(c) *before* the scheduled deposition is set to occur. *See Huene v. United States Dep't of Treasury*, No. 2:11-cv-2110 JAM AC PS, 2013 WL 417747 (E.D. Cal. Jan. 31, 2013) (citing *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964)). In *Pioche*, the Ninth Circuit held:

> "Counsel's view seems to be that a party need not appear if a motion under Rule 30(b), Fed.R.Civ.P. [now 26(c)] is on file, even though it has not been acted upon. Any such rule would be an intolerable clog upon the discovery process. Rule [26(c)] places the burden on the proposed deponent to get an order, not just to make a motion. And if there is not time to have his motion heard, **the least that he can be expected to do is to get an order postponing the time of the deposition until his motion can be heard**."

(emphasis added). In other words, ELCO's only recourse, given the timing of the noticed depositions and this Court's rules regarding discovery motions, is to seek this *ex parte* relief.

A brief stay of the deposition is appropriate here. As described above, ELCO and Mr. Cohen worked with DMF to schedule many depositions around competing schedules. Mr. Cohen even postponed his scheduled overseas trip to accommodate the October 24-25 deposition. That Mr. Cohen would suffer a medical incident during the

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

deposition—and one requiring immediate medical treatment and medication—is nobody's fault, and provides reasonable grounds to postpone the deposition. *See, e.g.,* *Williamson-Dickie Mfg. Co. v. Apparel Ltd., Inc.*, No. LACV165201VAPAJWX, 2017 WL 8231244, at *1 (C.D. Cal. May 17, 2017) ("A hospitalization is good cause to request a continuance, and there is no evidence that [deponent] asserted that he would be unwilling to sit for his deposition once he was able.").

DMF's subsequent scheduling of the continued deposition for October 30-31, during dates that DMF knew Mr. Cohen would be out of the country,[2] does not create an emergency on ELCO's part. As early as October 11, Mr. Boone had conveyed ELCO's willingness to "stipulating to extending the discovery cutoff another 30 days, as suggested by Judge Snyder at the last status conference, to allow the parties to further explore settlement and complete discovery." Boone Decl. ¶ 10. Although the parties subsequently attempted to complete depositions without such a stipulation, DMF knew full well that ELCO was amenable to scheduling Mr. Cohen's depositions in a manner that worked for all parties. Again, DMF's unilateral scheduling of the continued deposition during unavailable dates is a problem entirely of its own making.

Finally, there will be absolutely no prejudice to DMF from a brief stay of the depositions. The current discovery deadline is November 4, 2019, and the depositions of Mr. Cohen can be completed within a week of that deadline. To the extent the Court deems it necessary, ELCO hereby moves for, and consents to, a brief extension of the discovery deadline to accommodate the deposition.

Per the Court's Scheduling Order, the last day to file motions is January 13, 2020. Dkt. 226. Again, the one-week delay in Mr. Cohen's deposition from October 30-31 to November 8 will in no way impact DMF's ability to comply with the motion

---

[2] Just as it did with Mr. Cohen's religious observance, counsel for DMF has also expressed skepticism regarding his medical restrictions. *See* Boone Decl. ¶ 9. That Mr. Cohen could travel is in no way inconsistent with his inability to immediately resume his deposition. As noted above, one of the primary side effects of Mr. Cohen's medication was drowsiness. One can readily sleep on an international flight; the same cannot usually be said for participation a deposition.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

USA\601278071.6

6

deadline or otherwise prepare its case.[3]  Moreover, the Court has already issued a preliminary injunction in this case, enjoining ELCO from making, using, selling, or offering for sale the Accused Products.  Dkt. 147.  Thus, even if the case needed to be delayed to accommodate Mr. Cohen's deposition—which should not be necessary— there is still no risk to DMF of any ongoing harm.

## IV.   CONCLUSION

For the foregoing reasons, ELCO respectfully requests that the Court grant its *ex parte* application to stay the October 30-31, 2019 depositions of ELCO and Mr. Cohen until November 8, 2019 or thereafter, and, to the extent the Court deems necessary, extending the discovery deadline to accommodate the same.

Dated:  October 29, 2019          **BRYAN CAVE LEIGHTON PAISNER LLP**

By:  /s/ Robert E. Boone III
     Robert E. Boone III

     Attorneys for Defendant
     AMP PLUS, INC. d/b/a Elco Lighting

[3] To the extent DMF may argue that it will be prejudiced by not being able to pursue any motions resulting from Mr. Cohen's deposition, DMF will be in the exact same position it always has been.  It is this Court's rule that all discovery motions be filed and argued before the close of discovery. https://www.cacd.uscourts.gov/honorable-christina-snyder-0.  In other words, even if Mr. Cohen's deposition had proceeded on October 17-18, as originally noticed by DMF, there still would have been insufficient time for DMF to prepare and argue any motions resulting therefrom before the close of fact discovery on November 4.  The granting of ELCO's requested relief will in no way change or worsen DMF's position in this regard.

USA\601278071.6                              7

EX PARTE APPLICATION

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

# DECLARATION OF ROBERT E. BOONE III

I, Robert E. Boone III, hereby declare as follows:

1.    I am an attorney duly licensed to practice law in California and the Central District.  I am a partner at the law firm of Bryan Cave Leighton Paisner LLP.  I represent defendant Amp Plus, Inc., dba ELCO Lighting ("ELCO") in the above-captioned case.  I have personal knowledge of the matters set forth below.  I submit this declaration in support of ELCO's *Ex Parte* Application to Stay Deposition of Stephen Cohen.

2.    On September 30, 2019, DMF served notice to take ELCO's 30(b)(6) deposition on October 18, 2019.  A true and correct copy of that notice is attached hereto as Exhibit 1.

3.    The parties were in ongoing discussions regarding the scheduling of multiple depositions in the case, and as early as October 11, 2019, I informed DMF that Mr. Cohen would be ELCO's corporate representative for the Rule 30(b)(6) deposition, but that October 17-18 were not available dates.  Attached hereto as Exhibit 2 is a copy of email exchanges with Ben Davidson, DMF's counsel, regarding Mr. Cohen's deposition.  On October 14, 2019, I further informed Mr. Davidson that Mr. Cohen was scheduled to be out of the country from October 23 – November 8. *See* Exhibit 2.  I also informed DMF's counsel that Mr. Cohen was unavailable October 14-22 because of the Jewish holidays of Sukkot, Shmini Atzeret, and Simchat Torah. *Id.* at 5-6.

4.    Counsel for DMF has since called this a "false excuse" and questioned Mr. Cohen's observance of these Jewish holidays.  Attached as Exhibit 3 is a true and correct copy of email exchanges with Mr. Davidson, including an email from him dated October 28, 2019, in which he make such assertions (*see* page 1).  Counsel for DMF further informed me that he had personally called Mr. Cohen's synagogue to question, among other things, whether services were being held on October 17 or 18.  Attached

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

hereto as Exhibit 4 is a true and correct copy of an October 16, 2019 email that I received from Mr. Davidson making that assertion.

5.    After continued negotiation, the parties agreed to move the deposition of Mr. Cohen, both in his individual capacity and as a Rule 30(b)(6) corporate representative, to October 24-25, and Mr. Cohen agreed to temporarily postpone his overseas travel to accommodate the same.  *See* Exhibit 2, at 1-3.

6.    Mr. Cohen's deposition began on the morning of Thursday, October 24, but had to be suspended because of a medical emergency.  Attached hereto as Exhibit 5 are excerpts from the court reporter's rough draft of Mr. Cohen's deposition transcript.  Very early in the deposition, Mr. Davidson asked Mr. Cohen, "Is there any reason you cannot give full and complete and truthful testimony today?"  *See* Exhibit 5, Excerpts from [Rough] Tr. of Cohen Dep., at 19:15-17.  Mr. Cohen responded that he was not feeling well, stating, "I'm shaking[,] my blood pressure is going up and down and I don't feel good at all."  *Id.* at 19:18-20:7.  Mr. Cohen tried to continue with the deposition for another thirty minutes or so, before declaring that he could not continue and needed to see a doctor.  *Id.* at 52:11-17.  I observed Mr. Cohen outside the deposition room for a brief period of time.  He was visibly in distress.  The deposition was suspended approximately one hour after it began due to Mr. Cohen's medical condition.

7.    I immediately took Mr. Cohen to the emergency room at Providence Hospital in Tarzana, where he was treated and instructed not to resume his deposition until at least the following week.  Attached hereto as Exhibit 6 is a true and correct copy of a letter Mr. Cohen received from the emergency room doctor who treated him. I informed DMF's counsel that same afternoon after I returned from the hospital of this fact.  *See* Exhibit 3, at 4.  Mr. Cohen visited his personal physician the next day, Friday, October 25, who prescribed additional medication and placed time limitations and rest period requirements for Mr. Cohen's deposition when it resume.  Attached as Exhibit 7 is a true and correct copy of a letter from Mr. Cohen's personal physician

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

prescribing the deposition limitations.  I spoke with Mr. Cohen on Friday afternoon and again on Saturday morning, October 26, 2019.  On both occasions, he was extremely drowsy; he would not be able to testify while on his medication.

8.      On Saturday, October 26, Mr. Cohen traveled to Hong Kong, with his doctor's approval, on a long-scheduled business trip (about which DMF had been previously informed).  Mr. Cohen's trip involves, in part, participation in the Hong Kong International Lighting Fair.  Mr. Cohen is scheduled to return from his trip on November 7, 2019.

9.      The morning of October 26, DMF served a Notice of Continued Deposition of Mr. Cohen and of ELCO, scheduled for October 30 and 31, 2019, a true and correct copy of which is attached hereto as Exhibit 8.  On October 29, 2019, I reminded DMF that Mr. Cohen was out of the country, and offered alternative dates for his deposition, including as early as November 8, 2019—i.e., the day after Mr. Cohen returns from Hong Kong.  Exhibit 3, at 2.  DMF responded that the Rule 30(b)(6) deposition would proceed on October 30, 2019, and the deposition of Mr. Cohen in his personal capacity would proceed on October 31, 2019.  *Id.* at 1-2.  Counsel for DMF further expressed skepticism regarding Mr. Cohen's medical restrictions.  *See id.* at 1 ("[I]t is clear that Mr. Cohen could attend his deposition this week, but chose instead to take 28-hour or longer round-trip international business flights . . . .").

10.     As early as October 11, 2019, I had informed counsel for DMF that ELCO was amenable to "stipulating to extending the discovery cutoff date another 30 days, as suggested by Judge Snyder at the last status conference, to allow the parties to further explore settlement and complete discovery."  Exhibit 2, at 9.

11.     I provided written and oral notice of this application to DMF's counsel on October 29, 2019, and met and conferred with DMF's counsel about the application on October 29, 2019.  Counsel for DMF informed me that DMF will oppose the application.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed this 30th day of October, in Santa Monica, California.

/s/ Robert E. Boone III

Robert E. Boone III

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

USA\601278071.6

11

EX PARTE APPLICATION

# EXHIBIT 1

Ben M. Davidson, Esq., Bar No. 181464
*ben@dlgla.com*
DAVIDSON LAW GROUP, ALC
4500 Park Granada Blvd., Suite 202
Calabasas, California 91302
Telephone: (818) 918-4622

David W. Long, Esq. (admitted *pro hac vice*)
*longdw@ergoniq.com*
ERGONIQ LLC
8200 Greensboro Drive, Suite 900
McLean, Virginia 22102
Telephone: (202) 847-6853

Attorneys for Plaintiff
DMF, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMF, Inc., a California corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>AMP Plus, Inc. d/b/a ELCO Lighting, a California corporation; and<br><br>ELCO Lighting Inc., a California corporation,<br><br>            Defendants. | Case No.  2:18-CV-07090 CAS (GJSx)<br><br>**NOTICE OF DEPOSITION OF AMP Plus, Inc. d/b/a ELCO Lighting Pursuant to Fed. R. C. P. 30(b)(6)** |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff DMF, Inc. ("DMF") take the deposition of Defendant AMP Plus, Inc. d/b/a ELCO Lighting ("ELCO") on October 18, 2019. The deposition will be recorded by a stenographer and videographer.  The deposition will take place at Davidson Law Group, ALC, 4500 Park Granada Blvd., Suite 202, Calabasas, California 90032 and will comment at 9:00 a.m., and

1

will continue to the following day or another day if necessary to conclude the deposition.

Pursuant to Fed. R. Civ. Proc. Rule 30(b)(6), ELCO shall designate and produce at the deposition those of its officers, directors, managing agents, members, partners, employees, or agents who are most qualified to testify on its behalf as to the matters for examination set forth in Exhibit A to the extent any information is known or reasonably available.

September 30, 2019                    /s/  David Long_____

Ben M. Davidson,
DAVIDSON LAW GROUP, ALC

David W. Long, Esq.
ERGONIQ, LLC

Attorneys for Plaintiff
DMF, Inc.

2

30(B)(6) NOTICE OF DEPOSITION OF ELCO

EXHIBIT A

Each Matter for Examination ("Matter" or "Matters") is subject to the following definitions:

DEFINITIONS

1.    "ELCO," "YOU," and "YOUR" mean Defendant AMP Plus, Inc. and its employees, officers, owners, agents, representatives or attorneys.

2.    "COMPLAINT" means DMF's Complaint filed in this Action.

3.    "ANSWER" means ELCO's Answer, Amended Answer, Second Amended Answer, and Third Amended Answer.

4.    "'266 PATENT" means the U.S. Patent No. 9,964,266 at issue in this action, alleged in the COMPLAINT.

5.    "SUBJECT INVENTION" means the invention claimed in the '266 PATENT.

6.    "DRD2" or "DRD2 MODULE(S)" refers to DMF's compact recessed LED lighting product designated as model no. DRD2.

7.    "REGARDING" means in any way discussing, recording, consisting of, relating to, referring to, constituting, reflecting, showing, identifying, describing, analyzing, supporting, naming or mentioning the object of the sentence.

8.    "COMMUNICATIONS" means any oral or written statement, dialogue, colloquy, discussion, conversation or agreement, whether in person or by any electronic, written or other means.

9.    "ELI" shall refer to Defendant Elco Lighting, Inc., its employees, officers, owners, agents, or representatives.

3

30(B)(6) NOTICE OF DEPOSITION OF ELCO

10.     "ELL MODULE" or "ELL MODULES" shall refer to ELCO's compact recessed LED light fixtures, including model nos. ELL11XX and ELL08XX, Versions 1, 2, or 3 identified in the Court's preliminary injunction order.

11.     "UL" means Underwriters Laboratories and any of its employees, officers, directors, agents or representatives.

12.     "USPTO" means the United States Patent and Trademark Office and any of its employees, agents or representatives.

13.     The terms "DOCUMENT" and "DOCUMENTS" refer to any and all written, typed, printed, recorded, graphic and/or photographic matters of reproductions, however produced or reproduced, including copies or computer or data processing input or output of whatever form.  This definition of DOCUMENT or DOCUMENTS includes, but is not limited to, emails, notes, contracts, agreements, diaries, letters, correspondence, text messages, instant messages, tweets or twitter, blogs, electronic postings, ledgers, papers, reports, charts, and all other documents within the scope of "DOCUMENT" as described in Federal Rule of Civil Procedure Section 34(a)(1)(A).

15.     "ALL FACTS" and "FACTUAL BASIS" means to provide a fact-intensive account of the underlying facts, rather than merely ultimate facts or conclusions, including the time, place, identity of any person, persons, entity or entities involved who have knowledge of the facts, and the identity of any DOCUMENTS related to the account or description.

16.     "PERSON" shall mean any natural person, entity, organization, or any agent, representative, employee, or officer of the same.

30(B)(6) NOTICE OF DEPOSITION OF ELCO

MATTERS FOR EXAMINATION

1.      The DOCUMENTS YOU produced in response to DMF's Requests For Production.

2.      What DOCUMENTS YOU collected and/or reviewed in response to DMF's Requests For Production.

3.      DOCUMENTS in YOUR possession, custody, or control that are responsive to DMF's Requests For Production.

4.      YOUR ELL Module sales from 2017 to the present.

5.      The development, design, and UL certification of the ELL Module.

6.      The development, design, and UL certification or attempted UL certification of the ELJ4S junction box.

7.      YOUR total gross and net profits from sales of the ELL Module for each calendar year in which YOU have sold that product.

8.       YOUR offers to sell the ELL Module.

9.      All commitments from third parties regarding purchases or potential purchases of the ELL Modules, including commitment referenced in paragraph 15 of Steve Cohen's declaration signed January 21, 2019.

10.     Projected sales of ELCO's Version 1, Version 2, and Version 3 ELL Modules, including projections referenced in Steve Cohen's declaration signed January 21, 2019.

11.     Projected profits of ELCO's Version 1, Version 2, and Version 3 ELL Modules, including profits referenced in Steve Cohen's declaration signed January 21, 2019.

5

12.     YOUR gross and net profits from sales of ELL Modules for each calendar in which they were sold.

13.     YOUR COMMUNICATIONS with customers, potential customers, or sales representatives regarding offering products to replace the ELL LED Modules after the Court preliminary enjoyed their sales.

14.     YOUR sales of junction boxes, housings, and trims marketed as compatible with ELL Modules.

15.     YOUR sales of junction boxes, housings, and trims used with DRD2 Modules.

16.     The design and development of the ELL LED Modules.

17.     YOUR factual basis for asserting that the claims of the '266 Patent are not infringed by the ELL LED Modules.

18.     Any testing or analysis YOU conducted on the ELL LED Modules.

19.     The terms of any licensing agreement YOU entered into or proposed for any patent, trademark, or trade secret involving lighting products.

20.     YOUR selection and use of the mark UNO, including YOUR reasons for selecting the mark and efforts to clear the mark and avoid conflict with other marks.

21.     YOUR marketing of UNO branded products.

22.     YOUR COMMUINCATIONS with third parties regarding the UNO product and OneLED and OneFrame products.

23.     YOUR creation of marketing material to promote ELL LED Modules.

24.     YOUR efforts to promote the ELL LED Modules.

25.     Copying of the DRD2 LED Modules, including your collaboration with a manufacturer in China to study the modules and make similar modules.

6

26.    YOUR promotion of the ELL LED Modules as "patented" and "patents pending," including how YOU explained these terms to third parties.

27.    YOUR COMMUNICATIONS with distributors and sales representatives regarding DMF's '266 Patent and DMF, including that ELCO did not infringe the patent, that it was a fraudulent patent, and that DMF was a "newcomer."

28.    YOUR use of marketing stating that "others may try to copy" ELCO's designs.

29.    YOUR costs and investments in the ELL LED Module and associated products, including trims and housings, by May 8, 2018, including for designing, developing, tooling, marketing, certifying with safety, regulatory, energy conservation, and other agencies.

30.    YOUR COMMUNICATIONS with any attorney regarding redesigning the Version 1 ELL LED Module to avoid infringing the '266 Patent.

31.    YOUR COMMUNICATIONS with any attorney regarding whether adding a cap to the original ELL LED Module would avoid infringing the '266 Patent.

32.    YOUR COMMUNICATIONS with any attorney regarding whether the Version 3 ELL LED Module would avoid infringing the '266 Patent.

33.    YOUR COMMUNICATIONS with any attorney regarding any opinion or comment by Eric Kelly regarding whether the Version 2 or Version 3 ELL LED Module would avoid infringing the '266 Patent.

34.    YOUR COMMUNICATIONS with Eric Kelly regarding the '266 Patent, including whether the Version 2 or Version 3 ELL LED Module would avoid infringing the '266 Patent.

35.    YOUR COMMUNICATIONS with Eric Kelly regarding the DRD2 Module.

7

36.    YOUR COMMUNICATIONS with Eric Kelly regarding obtaining a patent on the ELL LED Module, including any identification by YOU of the DRD2 Module or the application for the '266 Patent to Eric Kelly or to the USPTO.

37.    The factual basis of YOUR unclean hands defense on pages 15 and 16 of YOUR Third Amended Answer.

38.  YOUR use of the phrases "fire rated" "UL514A" "recessed" and "UL 1598" in connection with junction boxes from 2016 to the present, including in connection with the ELJ4S junction box and YOUR attempts to obtain UL certification for these junction boxes.

39    YOUR COMMUNICATIONS with UL regarding DMF's DRD2 Modules.

40.    COMMUNICATIONS between YOU and any customer or potential customer comparing the ELL LED Module to the DMF DRD2 Module.

41.    ELCO's reputation in the LED industry, including whether it is known for selling commodity grade products.

42.    ELCO's presence in the LED market in 2015, including Steve Cohen's statement to a bankruptcy court in 2015 that ELCO could be rendered obsolete if it did not obtain a strong presence in the LED market.

43.     The ownership and corporate structure of AMP Plus, Inc., including its officers, employees, and management and their responsibilities.

44.    The ownership, corporate structure, and function of ELI, including that of its officers, employees, and management, including any function served by ELI in selling or manufacturing ELL LED Modules.

45.    All affiliates of AMP Plus, Inc. and ELI, including ownership, the affiliates' business, relationship to AMP Plus, Inc. or ELI.

8

46.    The quantity of ELL LED Modules that have been imported into the United States, remain in inventory, or have been exported, either fully assembled or partially assembled.

47.    Any version of ELL LED Module that has been designed but not yet sold in the United States.

48.    YOUR knowledge of DMF's OneLED, OneFrame, and DRD2 products from January 2014 to October 2017.

49.    The effect of sales of ELCO' ELL Modules on promoting or generating sales of other items.

50.    ELCO's financial condition from 2015 to the present, including its gross and net profits.

51.    ELCO's payment of profits to bankruptcy creditors of Steve Cohen, including the amount of the debt that ELCO's profits have been committed to pay, any communications with the creditors or their representatives, including their attorneys or committee representative Sharon Weiss, regarding ELCO's profitability, its plans to generate profits, this lawsuit or the Court's preliminary injunction order, and any consequences of failure by ELCO to generate profits to pay Steve Cohen's debts.

9

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 4500 Park Granada Boulevard, Suite 202, Calabasas, CA 91302.

On September 30, 2019, I served the foregoing document(s): **NOTICE OF DEPOSITION OF AMP Plus, Inc. d/b/a ELCO Lighting Pursuant to Fed. R. C. P. 30(b)(6)** on the interested parties in this action addressed and sent as follows:

**Robert E. Boone III**
**BRYAN CAVE LEIGHTON PAISNER, LLP**
**120 Broadway, Suite 300**
**Santa Monica, CA 90401**
**Email:  reboone@bclplaw.com**

**Daniel A. Crowe**
**BRYAN CAVE LEIGHTON PAISNER, LLP**
**One Metropolitan Square**
**211 North Broadway, Suite 3600**
**St. Louis, MO 63103**
**Email: dacrowe@bclplaw.com**

☐   **BY  ENVELOPE:**   by placing ☐  the original ☐  a true copy thereof enclosed in sealed envelope(s) addressed as indicated and delivery such envelope(s):

☒   **BY  E-MAIL  OR  ELECTRONIC  TRANSMISSION:**   Based on an agreement of the parties on April 22, 2019 to accept service by e-mail or electronic transmission, I caused the document(s) listed above to be transmitted to the person(s) at the e-mail address(es) as indicated.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was incomplete or unsuccessful.

☐   **BY PERSONAL SERVICE:**  I caused such envelope to be hand-delivered to the office or home of the addressee(s) as indicated.  A proof of service will be executed by process server upon completion.

☒   **FEDERAL:**  I declare that I am employed at the office of a member of the bar of this court at whose direction service was made.

Executed on September 30, 2019, at Los Angeles County, California.

Toni Gesin

10

30(B)(6) NOTICE OF DEPOSITION OF ELCO

# EXHIBIT 2

**From:** Boone, Robert
**Sent:** Wednesday, October 16, 2019 8:34 PM
**To:** 'Ben'
**Cc:** Crowe, Daniel; Kelly, Erin; longdw@ergoniq.com; Toni
**Subject:** RE: DMF v. ELCO et al. - deposition scheduling

We are in agreement with item 1, assuming that you do not forego deposing Mr. Cohen (either in his personal capacity or as Elco's 30(b)(6)) or cut his deposition drastically short to deprive us of deposing Mr. Danesh a reasonable amount of time on the agreed dates.



ROBERT E. BOONE III
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - Santa Monica, CA USA
reboone@bclplaw.com
T: +1 310 576 2385  M: +1 310 487 6556

---

**From:** Ben [mailto:Ben@dlgla.com]
**Sent:** Wednesday, October 16, 2019 6:10 PM
**To:** Boone, Robert
**Cc:** Crowe, Daniel; Kelly, Erin; longdw@ergoniq.com; Toni
**Subject:** Re: DMF v. ELCO et al. - deposition scheduling

Bob:

        Your email shows we can accomplish what we need to in the time needed as follows which, if you agree, we will not proceed with the depositions of Mr. Steve Cohen tomorrow and 30(b)(6) Friday:

        **1.        Mr. Steve Cohen and Mr. Danesh Depositions**.  We are willing to agree to your proposal below that whatever time DMF takes with Mr. Cohen for his personal and 30(b)(6) deposition, ELCO will have with Mr. Danesh for his personal and 30(b)(6) deposition.  To be efficient, we propose that their personal and 30(b)(6) depositions be combined in that they will be informed and prepared to answer 30(b)(6) topics at the start of their respective depositions so that neither party needs to repeat questions because the witness was not prepared to answer a question in their personal capacity that overlaps with 30(b)(6) topics.  We also are willing to agree to your proposal below to depose Mr. Steve Cohen on October 24 and 25, and ELCO depose Mr. Danesh November 1 and 2.  **If you confirm ASAP this agreement, then we will agree to reschedule and not proceed tomorrow and Friday with the personal and 30(b)(6) depositions of Mr. Steve Cohen**.  Otherwise, we expect Mr. Steve Cohen to be present for the depositions tomorrow and Friday.

1

2.    **Mr. Chen's Deposition**.  The parties are in agreement on ELCO deposing Mr. Chen October 30.

3.    **Depositions of Other DMF Fact Witnesses**.  We are not aware of any other DMF fact witness that ELCO has noticed for deposition for which we have not provided dates.

4.    **Technical Expert Mr. Benya.**  Mr. Benya is not a fact witness, but a technical expert witness.

5.    **Brandon Cohen Deposition**.  We do not agree to deposing Brandon Cohen beyond the current fact discovery cut-off. We believe that Mr. Cohen should have approximately two hours available for completing his deposition.  We will deal with this in due course and note that we currently expect him to be present for completing that deposition on October 22 per the current deposition notice.

   Again, please confirm <u>immediately</u> your agreement with item 1 above and that will address the issue for tomorrow.

Ben

Sent from my iPhone

On Oct 16, 2019, at 5:35 PM, Boone, Robert <reboone@bclplaw.com> wrote:

Ben,

These scheduling issues demonstrate why it is prudent and necessary to just agree to extend the discovery cutoff date to allow us to complete this discovery in a reasonable fashion.

We can depose Mr. Danesh on November 1 and 2, and Mr. Chen on October 30, but we cannot agree all of your other terms.  We can't agree to shorten the amount of time we get to spend with Mr. Danesh or DMF's 30(b)(6) witness, which is essentially what you are proposing with a day and a half on November 1 and 2 for Mr. Danesh.  If you're willing to limit Steve Cohen and Elco's 30(b)(6) deposition to that same amount of time, then we'll seriously consider it.  We also don't have dates for all of DMF's witnesses.  For instance, we don't have an agreed date for Mr. Benya.  Finally, and again, Brandon Cohen is not available to resume his deposition until after he returns from overseas on November 8.

I suggest you cancel your reporter; we aren't showing anyway.  And we can discuss a reasonable schedule tomorrow during a break.

Bob



ROBERT E. BOONE III
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - Santa Monica, CA USA
reboone@bclplaw.com
T: +1 310 576 2385  M: +1 310 487 6556

---

**From:** Ben [mailto:Ben@dlgla.com]
**Sent:** Wednesday, October 16, 2019 5:07 PM
**To:** Boone, Robert
**Cc:** Crowe, Daniel; Kelly, Erin; longdw@ergoniq.com; Toni
**Subject:** Re: DMF v. ELCO et al. - deposition scheduling

Dear Bob

The 24th is when Michael Danesh is scheduled to be deposed as the 30(b)(6) witness for DMF and part of the 25th individually if needed.  He has very tight travel schedules the remainder of the month and early November.

However, if we have your assurance that there will be no further attempts to delay or postpone the Elco depositions, including Steve Cohen on the 24th and 25th and Brandon Cohen before the end of fact discovery, we can do this provided Mr. Danesh is deposed Friday the first and the morning of Saturday the 2nd.  Mr. Danesh has a flight scheduled for Boston on Friday evening the 1st but is willing to push it off to Saturday to accommodate Mr. Cohen.

Also, Mr. Chen is not available the 28th but is available on the 30th.

I need to know immediately if this is acceptable to ELCO so I can cancel the court reporter and videographer without incurring a cancellation fee.  I was supposed to let them know by 5:00 but hope they will accept late notice of the cancellation.

If I don't hear from you by 5:30 that we have your agreement then we need to proceed tomorrow.

Ben



Sent from my iPhone

On Oct 16, 2019, at 4:34 PM, Boone, Robert <reboone@bclplaw.com> wrote:



Ben,

Steve Cohen is willing to postpone departing for his overseas business trip a few days so he can appear for his deposition and the Elco 30(b)(6) deposition on October 24 and 25.  As I advised you before, he will not be appearing for either of those depositions tomorrow or the next day (October 17 and 18).

We will need to resume Brandon Cohen's deposition for the remaining 1 hour 45 minutes sometime after he returns from overseas on November 8.

Bob



ROBERT E. BOONE III
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - Santa Monica, CA USA
reboone@bclplaw.com
T: +1 310 576 2385  M: +1 310 487 6556

---

**From:** Ben [mailto:Ben@dlgla.com]
**Sent:** Monday, October 14, 2019 8:34 PM
**To:** Boone, Robert; Crowe, Daniel; Kelly, Erin
**Cc:** 'longdw@ergoniq.com'; Toni
**Subject:** RE: DMF v. ELCO et al. - deposition scheduling

Dear Bob:

Your email below is disappointing and misrepresents what has occurred here.  We are proceeding with depositions within the current schedule, as explained below:

Deposition of Eric Kelly

We are proceeding with Mr. Kelly's deposition on October 17.

Deposition of Benjamin Ardestani

We will accommodate ELCO by taking Mr. Ardestani's deposition on October 31 instead of October 16 because that would still be within the discovery deadline set by the Court.

Deposition of Steve Cohen

We are taking Mr. Cohen's deposition on October 17th unless ELCO provides another day within the Court-ordered discovery cutoff date that is feasible. I sent you an email on August 30, 2019 asking for dates when he could be deposed in September. You sent me an email on September 20, 2019, stating "Based on our and Mr. Cohen's schedules, the earliest we can make Mr. Cohen available for deposition is October 17, provided we have October 16 to prepare him." You also stated that this "would require moving Mr. Ardestani's deposition, currently set on October 16, to another date." We said we would go forward with Mr. Ardestani's deposition on the 16th. But you sent me an email on October 6 stating that Mr. Ardestani suddenly was no longer available. We therefore noticed Mr. Cohen's deposition for October 17th, when you previously said he would be available. ELCO's objection that Mr. Cohen cannot attend on October 17 because it is a religious holiday is inconsistent with your confirming on September 20th that he would be available on October 17.

30(b)(6) Deposition of ELCO

On September 30th, we served a notice to take ELCO's 30(b)(6) deposition on October 18. We are proceeding with this deposition unless you provide a feasible date for it within the discovery cutoff period.

Deposition of Brandon Cohen

We have noticed Mr. Brandon Cohen's continued deposition to take place on October 22 and intend to proceed on that date unless you provide another date before the discovery cutoff date.

DMF did not "unilaterally" decide deposition dates as you assert in your email below, but consistently left open to ELCO several weeks of the remaining discovery period to make its witnesses available.

I trust you will understand if I do not respond to each of the many self-serving and incorrect assertions in your lengthy email. DMF has voluntarily agreed to give ELCO many extensions in this case while ELCO has not done so in return. DMF was hesitant to agree to the last extension, but the parties mutually agreed to do so in order that they could "focus on the upcoming mediation" where there was hope for settlement given the Court's claim construction ruling. (Dkt. 278). Further, Magistrate Judge Standish made clear that she did not want to do that mediation if there was not a reasonable chance of settlement. After Judge Standish's warning, we made that same point to ELCO that same day during our discussion in the court cafeteria where Mr. Steve Cohen postured that ELCO's new offer is "We pay nothing." And that came on the heels of the last mediation where ELCO asserted that we must pay ELCO to settle the case. We proceeded only because ELCO assured us that the mediation would be productive; but, as foreshadowed by Mr. Cohen's posturing, it was not. We do not believe that Magistrate Judge Standish appreciated the parties taking her time for that unproductive mediation given her caution ahead of time.

Accordingly, we were very surprised when ELCO later suggested to Judge Snyder at the last status conference that the parties were close to settlement and a full-day mediation with Magistrate Judge Standish would be helpful. We knew how the last mediation went down and that ELCO's request for a full day mediation was simply a delay tactic. We made clear at that status conference that we did not want any delay in the case—not even a month extension—and that the best way to spur settlement was to make more progress in the case. We noted that the Claim

4

Construction Ruling—by design—resolved infringement and validity issues in the case, which often leads to the losing party—ELCO here—stipulating to infringement/validity under the Court's claim construction and reserving the issue for appeal.  But we could not make ELCO enter such a stipulation, ELCO refused to do so, and we thus would seek an early summary judgment motion ruling.  Ultimately, it was agreed that we would seek a one hour telephone conference with Magistrate Judge Standish to see if mediation would be fruitful, after which DMF would be clear to file its summary judgment motion.  ELCO's latest settlement offer indicates that it has no real intention of settling.  As just one example, David told you at the courthouse on September 16th that it would be a waste of time to discuss settlement if ELCO reduced its settlement offer.  ELCO not only reduced its offer, but it did so by an unknown amount, offering to pay some unknown amount "that is less than $475,000 to settle all claims."  Mr. Cohen is back to the same old game of unreasonable settlement posturing.

We are willing to discuss this with you tomorrow after David's flight from the East Coast lands at LAX and he arrives at my office, probably around 1:00 p.m.

--Ben


Ben M. Davidson
**Davidson Law Group, ALC**
4500 Park Granada Blvd, Suite 202
Calabasas, California 91302
818-918-4622
Email:  ben@dlgla.com
www.dlgla.com

---

**From:** Boone, Robert <reboone@bclplaw.com>
**Sent:** Monday, October 14, 2019 12:40 PM
**To:** Ben <Ben@dlgla.com>; Crowe, Daniel <dacrowe@bclplaw.com>; Kelly, Erin <erin.kelly@bclplaw.com>
**Cc:** 'longdw@ergoniq.com' <longdw@ergoniq.com>; Toni <Toni@dlgla.com>
**Subject:** RE: DMF v. ELCO et al. - deposition scheduling


Ben,

Good cause exists to extend the discovery cutoff date for a variety of reasons.

First, DMF will suffer no prejudice by a continuance.  It has an injunction in place protecting it.  Judge Snyder specifically noted this at the last status conference on September 16, when she herself suggested a continuance of the discovery cutoff if the parties encountered any delay getting before Magistrate Judge Standish or needed more time for discovery.  Trial is not until late March.  DMF's deadline to file a summary judgment motion is not until January 2020.  There is plenty of time to complete discovery in an orderly fashion while accommodating people's busy schedules.

Second, the delay we have encountered getting before Magistrate Judge Standish again for another mediation conference is not Elco's fault.  We had thought that we would be able to settle this matter by early October.  As you know, I did not know until after Mr. Keenley's deposition on October 1, that Magistrate Judge Standish's assistant had even responded to your email asking for a mediation conference (no one else was copied on that email response to you), and thus that Magistrate Judge Standish was out until October 3.

Third, our clients have good reasons for not being available on the dates you unilaterally noticed.  As you know, the Jewish holidays for Sukkot, Shmini Atzeret and Simchat Torah, start on today and do not end until October 22.  And, as I have advised you, Brandon Cohen and Steve Cohen are out of the

5

country on business from October 23 to November 8. Given the instruction by the Court about settlement, the Court's willingness to continue the discovery cutoff, and the fact that the dispositive motion deadline and trial date are months away, it makes no sense to interfere with our clients' religious observations and business needs for the sake of a few weeks that have no consequence to your client.

Fourth, neither we nor our clients are engaging in gamesmanship or are delaying the progress of this case. On September 16, the court instructed us to continue to try to get the case settled and to meet with Magistrate Judge Standish. Our actions have been consistent with Judge Snyder's comments. To that end, on September 17, we communicated to you a settlement offer from Elco, along the lines that I discussed with David the day before, immediately after the status conference. In that settlement offer, Elco agreed with virtually every term DMF has demanded. We have received no response from DMF to that offer in almost 4 weeks. During that time, rather than engage in settlement negotiations that might have already resulted in resolving this case, or at least closed the gap, you have continued to engage in your scorched earth discovery, churning more attorney's fees for your client, and forcing Elco to incur more attorney's fees that otherwise would have been available towards a settlement.

I also note that the discovery you want to take has nothing to do with DMF's motion for summary judgment. Indeed, David told me on September 16 that DMF did not need any discovery to file that motion. By contrast, the discovery Elco wants to take if the case does not settle does pertain to DMF's summary judgment motion, and Elco is entitled to take that discovery before its opposition to the MSJ will be due. You cannot hold Elco hostage by refusing to produce DMF's witnesses for deposition until after all of Elco's depositions are completed. I also note that you noticed Steve Cohen and his patent attorney, Eric Kelly's, depositions on the same date, which deprives Mr. Cohen of his right to be present during Mr. Kelly's deposition. There is no reason we need to double-track depositions in this case, and particularly on a day when Elco's patent counsel is giving testimony. And your suggestion that Elco incur the expense of flying in Dan or Erin to cover Mr. Kelly's deposition in the afternoon after I have to leave to catch my flight is unreasonable and just demonstrates your insensitivity to conserving legal expenses. My client is entitled to have me, as the lead attorney in the case, present for key depositions. Thus, the only party engaging in gamesmanship is DMF.

Fifth, DMF has not complied with its discovery obligations. It withheld producing a lot of documents and information until approximately one week ago. That included DMF's sales information regarding its products, including the DRD2, which you had promised back in July to produce, after many discussions with you about producing that information back into the Spring. The documents also included some 2,000 pages of materials, many of which appear to pertain to UL certification of DMF's products. DMF produced those 2,000 pages after earlier telling us, that same day (October 3rd), that it would not produce such documents, had not collected such documents, and that production would pose a hardship. While withholding those documents, you were repeatedly insisting that our client drop its unclean hands defense, without the benefit of receiving these documents or cross-examining DMF's witnesses. DMF also has not produced other documents, including engineering and design drawings pertaining to the design and development of the claimed invention that date back earlier than the filing date of the provisional application in July 2013, inventor's notes, etc. During our call on October 3rd, you claimed that DMF (and Danesh) do not have any such documents, and I asked you to amend DMF's discovery responses to such effect, but DMF has not done so.

Finally, DMF previously requested a continuance of the discovery cutoff date and expert disclosure deadlines, and we agreed to that continuance in the spirit of cooperation, because the parties were attempting to settle the case, and because, with the requested extension, there remained plenty of time to complete discovery before the dispositive motion cutoff date in January 2020 and the trial date in late March 2020. It is disappointing that DMF will not reciprocate that cooperation, particularly when religious holidays and overseas business travel for our clients are impacted.

So, we will produce Mr. Ardestani for deposition on October 31, the date to which we previously agreed. He will not appear for deposition on October 16. That is a religious holiday, and in any event, your amended notice is insufficient. You purportedly "served" that amended notice on a Saturday, and effectively only two days before the deposition date (even if we don't count Columbus Day, Monday, October 14, as a holiday).

6

Despite the fact that October 17 is a Jewish holiday and Mr. Cohen will not be able to attend Mr. Kelly's deposition, I will attend Mr. Kelly's deposition that day. As you have agreed, that deposition must conclude by 1:15 p.m. so I can make my flight. I appreciate you accommodating my schedule in that regard. If you want to take Mr. Kelly's deposition at my office, then we can conclude at 2 p.m. sharp. That will give us an additional 45 minutes to depose him. Let me know if you want to do that. Before proceeding with Mr. Kelly's deposition on the 17th, I suggest you check with him about whether he prefers to have his deposition completed in one day, as opposed to the prospect of coming back for a second day if we cannot conclude his deposition. If he does not want to appear twice, I think we should reschedule his deposition to another day, and a day on which Mr. Cohen is also available.

If you decide to reschedule Mr. Kelly's deposition, I will have Brandon Cohen appear on October 17 to complete his deposition, despite the fact that it is a Jewish holiday. You have 1 hour and 45 minutes left on the record with him. We will not agree to additional time. Steve Cohen may be present at that deposition. Contrary to your accusations, he was not disruptive to Brandon's deposition, nor was he coaching him. If you want to preclude Steve Cohen from attending Brandon's deposition, or any other deposition, for that matter, you'll have to get a court order.

Steve Cohen and Elco's 30(b)(6) deposition will have to take place after Mr. Cohen returns from his overseas business trip. Mr. Cohen can be available on November 18, 19, 20 or 21.

We will plan to depose DMF's witnesses on the dates noticed, and to which you have agreed, including Mr. Danesh on October 24 and 25. We also will depose Mr. Cajumban on November 4, starting at 10 a.m. for a half day; if we cannot finish he deposition, we will resume the following day or another mutually agreeable day(s) until completed.

Bob



ROBERT E. BOONE III

Partner

BRYAN CAVE LEIGHTON PAISNER LLP - Santa Monica, CA USA

reboone@bclplaw.com

T: +1 310 576 2385  M: +1 310 487 6556

---

**From:** Ben [mailto:Ben@dlgla.com]
**Sent:** Saturday, October 12, 2019 1:26 PM
**To:** Boone, Robert; Crowe, Daniel; Kelly, Erin
**Cc:** 'longdw@ergoniq.com'; Toni
**Subject:** RE: DMF v. ELCO et al. - deposition scheduling

Dear Bob, Dan, and Erin:

Enclosed please find an amended notice of deposition of Benjamin Ardestani and a notice of continued deposition for Brandon Cohen.

We can begin Mr. Kelly's deposition on October 17, as noticed by the subpoena. We believe that either Dan or Erin should cover the deposition if Bob has to leave by 1:15 p.m. But we will accommodate Bob's schedule by trying to complete the deposition by 1:15 p.m. and continuing it to another day if needed. We likely cannot begin at 8:00 a.m. because the court reporter and my receptionist cannot be here that early.

On September 30th, we served a notice to take ELCO's 30(b)(6) deposition on October 18. Bob's email below suggests for the first time that ELCO and Mr. Cohen should be deposed after November 8, which is four days after the discovery cutoff date. We cannot agree to do that. We will proceed on the noticed date of October 18 unless you provide another acceptable date before the discovery cutoff date or seek a protective order from the Court.

7

You previously had confirmed in writing that Mr. Ardestani's deposition would take place on October 16 rather than the initial date we had scheduled it for.   But you sent me an email on October 6 stating, "Due to his work schedule, personal commitments and religious holidays, [Mr. Ardestani's] first availability now is October 25."  We tried to accommodate ELCO on this about-face, but were assuming that ELCO was proceeding in good faith and not engaging in gamesmanship to delay depositions and the progress of this case.  We will take Mr. Ardestani's deposition on the confirmed date of October 16 and enclose with this email an amended notice of deposition requiring his attendance.

Also enclosed is a notice of continued deposition for Mr. Brandon Cohen for October 22, 2019.  We have accommodated his travel schedule by noticing the deposition before Bob has now stated he is planning to be out of the country.   Mr. Steve Cohen should not attend that deposition (or Mr. Ardestani's deposition) as he obstructed it the first time by interjecting comments, demanding breaks for the witness in the middle of my questioning, making hand gestures, and outrightly coaching the witness on his answers.

ELCO has noticed the depositions of Andy Wakefield and Ian Ibbitson on October 28 and Benjamin Chen on October 29.  Provided that our noticed depositions go forward, we will make Mr. Chen available on October 28, Messrs. Wakefield and Ibbitson available on October 29, and Mr. Danesh available individually and as DMF's 30(b)(6) witness on October 24th and, if necessary, part of October 25th.  ELCO also has noticed Mr. Dan Cajumban's deposition and declined to depose him on October 15, as he had offered before he loses the assistance of his mother in law to help care for his six-month old infant at home.  You have stated that you believe you can depose Mr. Cajumban in half a day.  Provided that you confirm the date promptly, Mr. Cajumban currently believes he will be available for a half a day deposition starting at 10:00 a.m. on November 4th in Hayward, California.

DMF also intends to complete the deposition of ELCO's sales representative, Mr. Keenley, including on the emails that he claimed had been deleted and the ones that he was about to send to us in response to the subpoena but that were intercepted by Mr. Cohen's letter to him.   There may also be other depositions before the fact discovery cutoff date depending on what we find in the documents and upcoming depositions.  We also reserve our rights to supplement disclosures and discovery as needed, including based on the delays caused thus far by ELCO in our trying to determine damages based on confidential information that we would have shared with our damages expert and its delayed discovery responses.

We do not agree that ELCO has good cause to extend the discovery cutoff date based on its scheduling travel for its counsel and its principals in the last few weeks of the discovery period when depositions must occur and when depositions have been noticed.  We also do not believe that any possible need for mediation justifies another thirty day extension of the discovery period.  We have not been mediating for the last month.  ELCO is plainly trying to create delay by using mediation as an excuse.  We do not need thirty days to have a one-hour call with the Magistrate Judge regarding mediation.  It is plain that ELCO is trying to slow down the progress of this case for strategic reasons.

If ELCO believes it has good cause for extending the discovery deadline or seeking a protective order, please identify that basis in response to my email.  To the extent that the depositions need to be taken or defended by Mr. Crowe or Ms. Kelly (or others at Bryan Cave) because of your travel or unavailability, we believe that is not good cause for causing yet another delay in the case, and yet another excuse for trying to delay a determination by the Court that ELCO infringes a valid patent based on the Court's claim construction rulings.

   --Ben

Ben M. Davidson
Davidson Law Group, ALC
4500 Park Granada Blvd., Suite 202

8

Calabasas, California 91302
818-918-4622

---

**From:** Boone, Robert <reboone@bclplaw.com>
**Sent:** Friday, October 11, 2019 5:16 PM
**To:** Ben <Ben@dlgla.com>; Crowe, Daniel <dacrowe@bclplaw.com>; Kelly, Erin <erin.kelly@bclplaw.com>
**Cc:** 'longdw@ergoniq.com' <longdw@ergoniq.com>; Toni <Toni@dlgla.com>
**Subject:** RE: DMF v. ELCO et al. - deposition scheduling

Ben,

We will need to reschedule the depositions of Steve Cohen and Elco's 30(b)(6) depositions, and possibly Eric Kelly's deposition. I am traveling the afternoon of the 17th, and out of town the rest of that week. I have a hard stop at 1:15 pm on the 17th to be able to catch my flight. Dan is not available on October 17 or 18.

If you believe we can finish Mr. Kelly's deposition by 1:15 p.m. on the 17th, I suggest that we proceed with his deposition on that day. I am agreeable to starting the deposition as early as 8 a.m. We believe you should be able to finish Mr. Kelly's deposition in that time span.

The Imtra depositions are on October 21 in New Bedford, MA, which will require travel October 20-22. I am also available on October 23, 24 or 25 for Mr. Kelly's deposition, if you don't want to start his deposition on October 17.

Mr. Cohen will be Elco's 30(b)(6) witness, but he and Brandon will be out of the country October 23 – November 8, which means we'll have to schedule those depositions for after their return. Due to the above, we're amenable to moving the dates for deposing DMF's witnesses, as well as stipulating to extending the discovery cutoff date another 30 days, as suggested by Judge Snyder at the last status conference, to allow the parties to further explore settlement and complete discovery.

Bob

ROBERT E. BOONE III
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - Santa Monica, CA USA
reboone@bclplaw.com
T: +1 310 576 2385  M: +1 310 487 6556

---

**From:** Ben [mailto:Ben@dlgla.com]
**Sent:** Thursday, October 10, 2019 6:02 PM
**To:** Boone, Robert; Crowe, Daniel; Kelly, Erin
**Cc:** 'longdw@ergoniq.com'; Toni
**Subject:** DMF v. ELCO et al. - deposition scheduling

Dear Bob, Dan, and Erin:

We are writing to confirm deposition dates remaining in the case. ELCO still has not given us a date to complete Brandon Cohen's deposition. Please provide that as soon as possible.

We had confirmed the deposition of Mr. Ardestani on October 16th but ELCO sent us an email last weekend stating that he now has a conflict that day but is available on October 31. We will take Mr. Ardestani's deposition on October 31. We are confirming the deposition of Steve Cohen and Eric Kelly on October 17th. David and I will be taking the depositions in different

9

conference rooms at my offices that day.  We will take ELCO's 30(b)(6) deposition on October 18th.  Please confirm who ELCO's witness(es) will be.

ELCO has scheduled the depositions of Andy Wakefield and Ian Ibbitson on October 28 and Benjamin Chen on October 29.  Provided that DMF's depositions of Mr. Steve Cohen, its 30(b)(6) designee, and Mr. Ardestani go forward as stated above, and that we obtain a date to complete Mr. Brandon Cohen's deposition, we will make Mr. Chen available on October 28, Messrs. Wakefield and Ibbitson available on October 29, and Mr. Danesh available individually and as DMF's 30(b)(6) witness on October 24th and, if necessary, part of October 25th.

Please let us know this week if the foregoing dates are confirmed by ELCO so that we can travel and plan accordingly.

   --Ben

Ben M. Davidson
Davidson Law Group, ALC
4500 Park Granada Blvd., Suite 202
Calabasas, California 91302
818-918-4622

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

11

# EXHIBIT 3

**From:** Ben [mailto:Ben@dlgla.com]
**Sent:** Monday, October 28, 2019 2:34 PM
**To:** Boone, Robert
**Cc:** longdw@ergoniq.com; Crowe, Daniel; Kelly, Erin
**Subject:** RE: DMF v Elco

Bob:

   The ELCO 30(b)(6) stenograph/videotaped deposition will go forward on October 30, 2019 commencing at 9:00 am as noticed at Davidson Law Group, ALC, 4500 Park Granada Blvd., Suite 202, Calabasas, CA 90032. Please let us know who will be ELCO's witness for that deposition.

   The stenograph/videotaped personal deposition of Mr. Steve Cohen will go forward on October 31, 2019 commencing at 9:00 am as noticed at that same location.

   Judge Standish recently stated the Court's displeasure that "right at the very end of the discovery -- and I believe it's an extended discovery cutoff -- the defendants [were] trying to avoid answering questions . . . about the most basic information in the case." DMF consistently made clear that Mr. Cohen's depositions must be completed by the end of fact discovery on November 4. Mr. Cohen's decision to leave the country instead of attending his noticed deposition continues ELCO's pattern of delay and disrespect for the Court. Mr. Cohen sought to avoid deposition through his false excuse that a religious holiday kept him from attending a prior noticed deposition date that you previously had confirmed (though you said he may choose to attend someone else's deposition). Caught in his lie, Mr. Cohen then requested and we agreed to re-notice his deposition for another date conditioned on your assurance of no further delay or gamesmanship in scheduling his deposition. Yet only a few minutes into his deposition, Mr. Cohen abruptly walked out claiming health concerns kept him from giving testimony. Given Mr. Cohen's history of avoidance and delay, a substantial cloud of doubt hangs over Mr. Cohen's new excuse; he only has himself to blame for this doubt given his history of "crying wolf." Moreover, at this point, it is clear that Mr. Cohen could attend his deposition this week, but chose instead to take 28-hour or longer round-trip international business flights to attend numerous overseas business meetings. Mr. Cohen's decision to fly out of the country to avoid his deposition plainly is no excuse here.

   According to your email, Mr. Cohen's doctor did not say that he could not be deposed this week. If Mr. Cohen provides a written doctor order that he requires a one-hour break for every two-hours of deposition, we will

1

honor such breaks if requested.

Ben M. Davidson
Davidson Law Group, ALC
4500 Park Granada Blvd., Suite 202
Calabasas, California 91302
818-918-4622

---

**From:** Boone, Robert <reboone@bclplaw.com>
**Sent:** Monday, October 28, 2019 9:43 AM
**To:** Ben <Ben@dlgla.com>
**Cc:** longdw@ergoniq.com; Crowe, Daniel <dacrowe@bclplaw.com>; Kelly, Erin <erin.kelly@bclplaw.com>
**Subject:** RE: DMF v Elco

Ben,

Steve Cohen is not available this week to resume his deposition. As my email from Friday clearly indicated, I did not have a date for resuming his deposition, and I did not commit to resuming his deposition this week. Mr. Cohen saw additional doctors on Friday, and I believe on Saturday as well, and is on medication that makes him very drowsy and, in my view, adversely affects his ability to testify. In any event, he was cleared by his doctor to travel and is now out of the country on business, as we previously informed you he would be, returning on November 7. He will be available to resume his deposition on November 8 and 15 (I am out of town on business November 9-14). When his deposition resumes, per doctor's orders, he must have a 1 hour rest period every 2 hours.

Mr. Cohen's health is paramount and certainly far more important than you taking his deposition, including getting to complete it before the discovery cutoff date.

Bob



ROBERT E. BOONE III
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - Santa Monica, CA USA
reboone@bclplaw.com
T: +1 310 576 2385  M: +1 310 487 6556

---

**From:** Ben [mailto:Ben@dlgla.com]
**Sent:** Saturday, October 26, 2019 10:01 AM
**To:** Boone, Robert
**Cc:** longdw@ergoniq.com; Crowe, Daniel; Kelly, Erin
**Subject:** RE: DMF v Elco

Dear Bob, Dan, and Erin:

Following up on our correspondence below and your indicating that Mr. Cohen is not available to complete his deposition until this coming week, enclosed please find a Notice of Continued Deposition of Steve Cohen and

2

of ELCO pursuant to Rule 30(b)(6) for October 30 and 31, 2019.


Ben M. Davidson
Davidson Law Group, ALC
4500 Park Granada Blvd., Suite 202
Calabasas, California 91302
818-918-4622

---

**From:** Ben
**Sent:** Thursday, October 24, 2019 6:41 PM
**To:** Boone, Robert <reboone@bclplaw.com>
**Cc:** longdw@ergoniq.com; Crowe, Daniel <dacrowe@bclplaw.com>; Kelly, Erin <erin.kelly@bclplaw.com>
**Subject:** RE: DMF v Elco

Dear Bob:

Thank you for letting us know that Mr. Cohen is alright. We are glad he is alright. In all candor, based on the history of this case, I was skeptical that he was unable to continue because of a medical emergency. Less than 20 minutes into the deposition, Mr. Cohen claimed that he was being harassed. Another 20 minutes later, Mr. Cohen walked out, again claiming he was harassed. After you left, I asked the videographer and court reporter if they saw anything approaching harassment in my questions. They have seen countless depositions and were as surprised by Mr. Cohen's comment as I was. I have now also seen the video of the deposition and it seems extremely unlikely to me that my questions could possibly have caused Mr. Cohen to have a medical emergency.

Your email states that Mr. Cohen is not available to be deposed until at least next week. I can take his deposition on October 28 or October 30. Please let me know which of those dates works for Mr. Cohen. Please recall that Mr. Cohen previously canceled his October 17th deposition, a date you had confirmed, and we only agreed to postpone the deposition to today after obtaining "your assurance that there will be no further attempts to delay or postpone the Elco depositions, including Steve Cohen on the 24th and 25th . . . ."

We will proceed with Brandon Cohen's deposition at the scheduled time tomorrow (noon) as I'm expecting to receive documents to use in the deposition at that time.

Thank you.


--Ben


Ben M. Davidson
**Davidson Law Group, ALC**
4500 Park Granada Blvd, Suite 202
Calabasas, California 91302
818-918-4622
Email: ben@dlgla.com
www.dlgla.com

3

**From:** Boone, Robert <reboone@bclplaw.com>
**Sent:** Thursday, October 24, 2019 4:24 PM
**To:** Ben <Ben@dlgla.com>
**Cc:** longdw@ergoniq.com; Crowe, Daniel <dacrowe@bclplaw.com>; Kelly, Erin <erin.kelly@bclplaw.com>
**Subject:** DMF v Elco

Ben,

I took Steve Cohen to the emergency room at the Tarzana Providence Hospital immediately following the adjournment of his deposition this morning.  Mr. Cohen is under doctor's orders not to resume his deposition until at least next week.  I believe he also is trying to see one of his regular doctors tomorrow.  Thus, Mr. Cohen's deposition cannot resume tomorrow, and I currently don't have a date to give you for resuming his deposition.

Brandon Cohen is still available tomorrow to finish his deposition.  Can we start at 10 a.m. instead of noon?

Bob



**ROBERT E. BOONE III**
Partner
reboone@bclplaw.com
T: +1 310 576 2385  F: +1 310 434 2085  M: +1 310 487 6556

BRYAN CAVE LEIGHTON PAISNER LLP
120 Broadway, Suite 300, Santa Monica, CA 90401-2386

**bclplaw.com**

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

# EXHIBIT 4

**From:** Ben [mailto:Ben@dlgla.com]
**Sent:** Wednesday, October 16, 2019 5:48 PM
**To:** Boone, Robert; Crowe, Daniel; Kelly, Erin
**Cc:** longdw@ergoniq.com
**Subject:** RE: DMF v. ELCO - Depositions of Eric Kelly and Steve Cohen

Dear Bob

We have not heard back from you on DMF's offer below that Mr. Steve Cohen's deposition proceed at Bryan Cave instead of my office as a courtesy to Mr. Cohen.  We therefore will proceed with the deposition as indicated in the notice of deposition, at my office in Calabasas.  The court reporter and videographer will be there to start the deposition at 9:00 a.m.

Also, as you know, I am a member of the Iranian-American Jewish community in Los Angeles.  I'm familiar with the holidays and with the synagogue that Mr. Cohen attends.  I confirmed by calling the synagogue that there are no holiday services either tomorrow or Friday, and it is not a day that precludes people from working.

--Ben

Ben M. Davidson
Davidson Law Group, ALC
4500 Park Granada Blvd., Suite 202
Calabasas, California 91302
818-918-4622

**From:** Ben
**Sent:** Tuesday, October 15, 2019 8:37 PM
**To:** Boone, Robert <reboone@bclplaw.com>; Crowe, Daniel <dacrowe@bclplaw.com>; Kelly, Erin <erin.kelly@bclplaw.com>
**Cc:** 'longdw@ergoniq.com' <longdw@ergoniq.com>
**Subject:** DMF v. ELCO - Depositions of Eric Kelly and Steve Cohen

Dear Bob

1

Eric Kelly has agreed to start his deposition at your office this Thursday at 8:00 a.m. as you proposed. Please let us know if we can enter your office at 7:30 a.m. to set up for the deposition with the court reporter and videographer so that we can let them know.

We can also take Mr. Cohen's deposition at your office if you have another conference room available, though we can start that deposition at 9:00 a.m. or 9:30 a.m. if you and Dan prefer.  Please let me know as soon as possible so that I can let the court reporter and videographer for that deposition know.

Thank you.

Ben M. Davidson
Davidson Law Group, ALC
4500 Park Granada Blvd., Suite 202
Calabasas, California 91302
818-918-4622

# EXHIBIT 5

102419 STEPHEN COHEN.txt

****ROUGH DRAFT ONLY****

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DMF, INC., A CALIFORNIA CORPORATION,  )
                                      )
                          PLAINTIFF,  )  CASE NO.
                                      )  2:18-CV-07090
                vs.                   )  CAS (GJSx)
                                      )
AMP PLUS, INC. D/B/A ELCO LIGHTING,   )
A CALIFORNIA CORPORATION; AND ELCO    )
LIGHTING INC., A CALIFORNIA           )
CORPORATION,                          )
                                      )
                         DEFENDANTS.  )
_____)


VIDEOTAPED DEPOSITION OF STEVE COHEN

TAKEN THURSDAY, OCTOBER 24, 2019

CALABASAS, CALIFORNIA


Reported by Audra E. Cramer, CSR No. 9901
Job No. 8952


                                                    1


****ROUGH DRAFT ONLY****

DEPOSITION OF STEVE COHEN, TAKEN ON BEHALF OF

THE PLAINTIFF, AT ^^^ A.M., THURSDAY, OCTOBER 24, 2019,

102419 STEPHEN COHEN.txt

AT 120 BROADWAY, CALABASAS, CALIFORNIA, BEFORE

AUDRA E. CRAMER, CSR NO. 9901, PURSUANT TO NOTICE.

APPEARANCES OF COUNSEL

FOR PLAINTIFF:

       ERGONIQ LLC
       BY:   DAVID W. LONG, ESQUIRE
       8200 GREENSBORO DRIVE, SUITE 900
       McLEAN, VIRGINIA 22102
       (202) 796-2344
       longdw@ergoniq.com

               - AND -

       DAVIDSON LAW GROUP ALC
       BY:   BEN M. DAVIDSON, ESQUIRE
       4500 PARK GRANADA BOULEVARD, SUITE 202
       CALABASAS, CALIFORNIA 91302
       (818) 918-4622
       ben@dlgla.com

FOR DEFENDANTS:

       BRYAN CAVE LEIGHTON PAISNER LLP
       BY:   ROBERT E. BOONE III, ESQUIRE
       120 BROADWAY, SUITE 300
       SANTA MONICA, CALIFORNIA 90401
       reboone@bclplaw.com
       (310) 576-2100

2

****ROUGH DRAFT ONLY****

ALSO PRESENT:

       KEITH FARRIS, VIDEOGRAPHER

102419 STEPHEN COHEN.txt

this deposition?

A.   Yes.

Q.   What do you mean by a few hours, approximately?

A.   Less than 10 hours.

Q.   Less than 10 hours?  When did you do that?

A.   Some of it yesterday.

(Discussion held off the record.)

BY MR. DAVIDSON:

Q.   So you spent less than 10 hours getting ready for this deposition.  Are you prepared to testify on topics 1 to 51 of this notice.

A.   You said if I'm ready to testify from 1 to 51?

19

****ROUGH DRAFT ONLY****

Q.   Yes.

A.   Yes.

Q.   So let me tell you since you may not know this.  Let me tell you something about the deposition process.  You know sir your answers are being written down by a court reporter; right?

A.   Okay.

Q.   You know that; right, sir?

A.   You're telling me.

Q.   You have to speak up so that she can

102419 STEPHEN COHEN.txt

write down the words you say.  Do you understand that?

A.   I am trying.

Q.   Okay.  Is there any reason you cannot give full and complete and truthful testimony today?

A.   I do not feel if.

Q.   You don't feel good?

A.   Absolutely not.

Q.   Why don't you feel good?

A.   Because I feel harassment because of my

20

****ROUGH DRAFT ONLY****

health.

Q.   Okay.  Well, let me understand, what is it about your health that makes it --

A.   I'm shaking my blood pressure is going up and down and I don't feel good at all.

Q.   You don't feel good, sir?

A.   Absolutely not.

Q.   So you think because you don't feel good, you're unable to give testimony today?

A.   I'm not sure.  I can try.  I'm trying my best.

Q.   So you were here for your son Brandon Cohen's deposition a couple of weeks ago; right?

A.   I was here, yes.

Q.   And you were actually participating in

102419 STEPHEN COHEN.txt

advertising the type of twist lock as patent

pending.  Is there any way that is true or not.

You see that, sir, on the first page.

A.   Not yet.  I'm looking at the document

you handed me.

Q.   I only asked you to look at the first

page, sir?

A.   I have to look at the document.

MR. BOONE:  I think it's fair for the

52

****ROUGH DRAFT ONLY****

witness to get the could not to get the context

he wants.

BY MR. DAVIDSON:

Q.   Sir we're not going to get through the

entire deposition if you sit here and read every

single page of every document so the record is

clear I'm asking you to look at the first page

of the document.  Please look at the first page

of the document I see you're still leaving

through page by page?

A.   Okay.  I do not feel good.  I cannot

continue.

Q.   I'm sorry?

A.   I'm shaking I don't feel good you're

harassing me and I cannot continue I'm not in

physical good testify ask I cannot testify.  I

have to leave.  I have to go to doctor.

102419 STEPHEN COHEN.txt

MR. DAVIDSON:  Can we have a record of why your witness is leaving?

MR. BOONE:  You heard what he had said.

MR. DAVIDSON:  I'd like to owe.

THE WITNESS:  I'm going to emergency

53

****ROUGH DRAFT ONLY****

room.  Make it for the record that you harass me and I have to go see a doctor.

MR. DAVIDSON:  Mr. Boone we're still on record, so why don't you explain to me what's going on.

MR. BOONE:  You want me to go talk to the witness.

MR. DAVIDSON:  We're still on record you can stay here and fell me what's going on.

MR. BOONE:  It looks to me like his blood pressure is up, and I think it's from the way you've been cross-examining him, Ben.

MR. DAVIDSON:  Are you going to come back?

MR. BOONE:  I'll come back after I talk to him.  I want to find out what's happening.

MR. DAVIDSON:  Why don't we go off record for a second?

THE VIDEOGRAPHER:  Going off the record at 10:34.

THE VIDEOGRAPHER:  Back on the record

102419 STEPHEN COHEN.txt
at 100 this is Media No. 2 in the deposition of

54

****ROUGH DRAFT ONLY****

Mr. standalone.

MR. BOONE:  I've conferred with Mr. Cohen, and I'm going to take him to the emergency room because I'm concerned about his medical well-being at the moment.  Anyway I just want to put it on the record that that's what I'm doing.

THE VIDEOGRAPHER:  All done, Counsel.

MR. BOONE:  Mr. Boone, take care of your client.  He seemed fine at the last deposition to give instruction to Brandon Cohen to give answers take care of your client.

MR. BOONE:  I'm not going to belabor with you I disagree with your characterization Mr. Cohen was not under cross-examination by you during that deposition.  And of course that was a different day.

MR. DAVIDSON:  Go to the emergency room I don't want to hold you up if that's really an issue.  This is highly irregular, and, you know, it comes on the heels of him saying he couldn't be at the deposition because of a Jewish holiday

Page 48

102419 STEPHEN COHEN.txt

55

****ROUGH DRAFT ONLY****

which turned out not to be true.  We are very skeptical but of course --

MR. BOONE:  I disagree those were Jewish holidays but I don't want to belabor the point because I'm going to get to the hospital.

MR. DAVIDSON:  Let us know what the status is.

MR. BOONE:  I will.  As soon as I know something definitive.

MR. DAVIDSON:  And Mr. Brandon is going to be at the deposition tomorrow I assume he's feeling well.

MR. BOONE:  As far as I know.  I'll check on that today, and if.

MR. DAVIDSON:  Why don't we go off record.  If he really has an issue he should go to the hospital.  Thank you.

THE VIDEOGRAPHER:  This concludes today's deposition of Mr. Steve Cohen at 10:42.

(At 10:42 a.m., the deposition of STEPHEN COHEN was adjourned.)

56

****ROUGH DRAFT ONLY****

STATE OF CALIFORNIA          )

COUNTY OF LOS ANGELES        )  SS.

Page 49

102419 STEPHEN COHEN.txt

I, STEPHEN COHEN, hereby certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of _____, 2019, at _____, California.

_____
STEPHEN COHEN

57

****ROUGH DRAFT ONLY****

STATE OF CALIFORNIA          )
COUNTY OF LOS ANGELES        )  SS.

I, AUDRA E. CRAMER, C.S.R. No. 9901, in and for the State of California, do hereby certify:

That, prior to being examined, the witness named

Page 50

102419 STEPHEN COHEN.txt

in the foregoing deposition was by me duly sworn to testify the truth, the whole truth and nothing but the truth;

That said deposition was taken down by me in shorthand at the time and place therein named, and thereafter reduced to typewriting under my direction, and the same is a true, correct and complete transcript of said proceedings;

I further certify that I am not interested in the event of the action.

Witness my hand this ____ day of _____, 2019.

_____

Certified Shorthand

Reporter for the

State of California

58

Page 51

# EXHIBIT 6

 **PROVIDENCE**
Health & Services

**PROVIDENCE TARZANA MED CTR
EMERGENCY CENTER**
18321 Clark St
Tarzana CA 91356-3501
Phone: 818-708-5172
Fax: 818-708-5484

October 24, 2019

Patient:     **Saeed Cohen**
Date of Birth: **3/7/1955**
Date of Visit: **10/24/2019**

To Whom It May Concern:

Saeed Cohen was seen and treated in our department on 10/24/2019. He        No further disposition until next
week..

Any further information will require written authorization from the patient/and or guardian.

Sincerely,

Attending Provider: Kenneth Moy, MD

# EXHIBIT 7

# ADAM D. KARNS, MD

## ENTERTAINMENT MEDICAL GROUP INC.

October 25, 2019

Re: Saeed Cohen

To Whom It May Concern:

The above named patient is currently under my care. Due to the patient medical condition, I have recommended for the patient to restrict the consecutive hours he can be deposed without breaking. Patient should be allowed a one hour break every two hours.

I am available for further comment.

Sincerely,

Adam D. Karns, M.D

5901 West Olympic Blvd.
Suite 208
Los Angeles, CA  90036

323.954.8084 (o)
323.587.9429 (F)

# EXHIBIT 8

Ben M. Davidson, Esq., Bar No. 181464
ben@dlgla.com
DAVIDSON LAW GROUP, ALC
4500 Park Granada Blvd., Suite 202
Calabasas, California 91302
Telephone: (818) 918-4622

David W. Long, Esq. (admitted *pro hac vice*)
longdw@ergoniq.com
ERGONIQ LLC
8200 Greensboro Drive, Suite 900
McLean, Virginia 22102
Telephone: (202) 847-6853

Attorneys for Plaintiff
DMF, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMF, Inc., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMP Plus, Inc. d/b/a ELCO Lighting, a California corporation; and<br><br>ELCO Lighting Inc., a California corporation,<br><br>Defendants. | Case No.  2:18-CV-07090 CAS (GJSx)<br><br>**NOTICE OF CONTINUED DEPOSITION OF STEVE COHEN AND ELCO PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)** |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Rules 30 and 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff DMF, Inc. ("DMF") will take the continued deposition of Defendants' employee Steve Cohen and Defendant AMP Plus, Inc., on October 30, 2019 and October 31, 2019.  The deposition will be recorded by a stenographer and videographer.  The deposition will take place at Davidson Law Group, ALC, 4500 Park Granada Blvd., Suite 202, Calabasas,

1

California 90032 and will comment at 9:00 a.m. and continue to the following day or another day if necessary to conclude the deposition.

The deposition will proceed under Rule 30(b)(6) pursuant to the Amended Notice of Deposition previously served by DMF and identified as Exhibit 212 in the October 24, 2019 deposition.

October 26, 2019                  /s/  Ben Davidson

                         Ben M. Davidson,
                         DAVIDSON LAW GROUP, ALC

                         David W. Long, Esq.
                         ERGONIQ, LLC


                         Attorneys for Plaintiff
                         DMF, Inc.

2

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 4500 Park Granada Boulevard, Suite 202, Calabasas, CA 91302.

On October 26 2019, I served the foregoing document(s): **NOTICE OF CONTINUED DEPOSITION OF STEVE COHEN AND ELCO** on the interested parties in this action addressed and sent as follows:

**Robert E. Boone III**
**BRYAN CAVE LEIGHTON PAISNER, LLP**
**120 Broadway, Suite 300**
**Santa Monica, CA 90401**
Email:  reboone@bclplaw.com

**Daniel A. Crowe**
**BRYAN CAVE LEIGHTON PAISNER, LLP**
**One Metropolitan Square**
**211 North Broadway, Suite 3600**
**St. Louis, MO 63103**
Email: dacrowe@bclplaw.com

☐   **BY ENVELOPE:**   by placing  ☐  the original  ☐  a true copy thereof enclosed in sealed envelope(s) addressed as indicated and delivery such envelope(s):

☐   **BY E-MAIL OR ELECTRONIC TRANSMISSION:**   Based on an agreement of the parties on April 22, 2019 to accept service by e-mail or electronic transmission, I caused the document(s) listed above to be transmitted to the person(s) at the e-mail address(es) as indicated.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was incomplete or unsuccessful.

☐   **BY PERSONAL SERVICE:**  I caused such envelope to be hand-delivered to the office or home of the addressee(s) as indicated.  A proof of service will be executed by process server upon completion.

☐   **FEDERAL:**  I declare that I am employed at the office of a member of the bar of this court at whose direction service was made.

Executed on October 26, 2019, at Los Angeles County, California.

_____
/s/ Ben Davidson
Ben Davidson

3

NOTICE OF CONTINUED DEPOSITION OF STEVE COHEN AND ELCO