Robert E. Boone III (California Bar No. 132780)
reboone@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, CA 90401
Telephone:  (310) 576-2100
Facsimile:   (310) 576-2200

Daniel A. Crowe (*Pro Hac Vice*)
dacrowe@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone:  (314) 259-2000
Facsimile:   (314) 259-2020

Erin A. Kelly (*Pro Hac Vice*)
erin.kelly@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone:  (303) 861-7000
Facsimile:   (303) 866-0200

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DMF, Inc., a California corporation,<br><br>                    Plaintiff,<br><br>         vs.<br><br>AMP Plus, Inc. d/b/a ELCO Lighting, a California corporation; and,<br><br>ELCO Lighting Inc., a California corporation,<br><br>                    Defendants.<br><br>AND RELATED COUNTER-ACTIONS. | Case No. 2:18-cv-07090-CAS-GJS<br><br>Hon. Christina A. Snyder<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES FOR ALL PURPOSES, INCLUDING TRIAL AND FOR AN EXTENSION OF THE DISCOVERY SCHEDULE**<br><br>**[REDACTED]**<br><br>[Filed with Declaration of Robert E. Boone III; (Proposed) Order]<br><br>Date:           December 2, 2019<br>Time:           10:00 a.m.<br>Courtroom:    8D |

1 **TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS**
2 **OF RECORD:**
3   **PLEASE TAKE NOTICE** that, on December 2, 2019, 2019, at 10:00 a.m.,
4 or as soon thereafter as the matter may be heard in Courtroom 8D of the Honorable
5 Christina A. Snyder, United States District Court, Central District of California,
6 Western Division located at 350 W. First Street, Los Angeles, CA 90012-4565,
7 Defendants AMP Plus, Inc. d/b/a ELCO Lighting ("AMP Plus" or "ELCO") and
8 Elco Lighting, Inc. ("ELI") (collectively, "Defendants"), will, and hereby do, move
9 for consolidation of this matter (the "Utility Patent Case") with the matter of *DMF,*
10 *Inc. v. AMP Plus, Inc. d/b/a ELCO Lighting and ELCO Lighting Inc.*, United States
11 District Court, Central District of California, Case No. 2:19-CV-4519 CAS (GJSx)
12 (the "Design Patent Case") for all purposes, including trial, that the trial date for the
13 consolidated cases be set within two months after the current trial setting in the
14 Utility Patent Case (i.e., May 2020) and that all remaining dates (*i.e.*, discovery,
15 expert discovery, dispositive motions) be adjusted accordingly, including a fact
16 discovery cutoff date in January 2020 to allow the parties to complete fact
17 discovery. Defendants seek consolidation on the grounds that it will eliminate the
18 risk of inconsistent adjudications, significantly increase judicial efficiency, and
19 conserve time and resources at little or no expense to the Court or the parties.
20   This Motion is based on this Notice of Motion and Motion, the attached
21 Memorandum of Points and Authorities, the pleadings, records, and papers filed
22 herein; and all other matters that the Court may consider, including the oral
23 argument of counsel.
24 ///
25 ///
26 ///
27 ///
28 ///

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 22, 2019.

Dated:  November 4, 2019        BRYAN CAVE LEIGHTON PAISNER LLP

By: */s/ Robert E. Boone III*
       Robert E. Boone III

Attorneys for Defendants
AMP Plus, Inc. d/b/a ELCO Lighting and Elco Lighting, Inc.

**Table of Contents**

I.   Introduction ........................................................................................................ 1

II.  Procedural Background ..................................................................................... 1

III. Applicable Legal Standard ................................................................................ 2

IV.  The Utility Patent Case and Design Patent Case Should be Consolidated .......... 3

    A.   The Actions Involve the Same Parties, and Related Products and Patents ..... 3

    B.   DMF Can Only Recover Once for Any Infringing Product ............................ 5

    C.   Consolidation Is Proper Despite the Different Stages of the Actions ............. 5

    D.   There Will Be No Prejudice From Consolidation ........................................... 9

V.   Conclusion ....................................................................................................... 10

# Table of Authorities

**Cases**

*Aroche v. Park*, No. SACV170367JGBKK, 2017 WL 2857525 (C.D. Cal. June 5, 2017) .................................................................................................................. 8

*Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-861 RSM, 2013 WL 6008308 (W.D. Wash. Nov. 13, 2013) ................................................................................... 7

*Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277 (Fed. Cir. 2002) ............. 4

*Dusky v. Bellasaire Investments*, No. SACV07-874DOC, 2007 WL 4403985 (C.D. Cal. Dec. 4, 2007) ..................................................................................................... 2

*Fabric Selection, Inc. v. Topson Downs of California, Inc.*, No. 217CV05721CASAFMX, 2018 WL 3917758 (C.D. Cal. Aug. 13, 2018) .............. 7

*Finder v. Leprino Foods Co.*, No. 115CV00105AWIBAM, 2016 WL 6875259 (E.D. Cal. Nov. 21, 2016)........................................................................................... 5

*FlyDive, Inc. v. ZapIP, LLC*, No. SACV1700074CJCJCGX, 2017 WL 3508728 (C.D. Cal. Feb. 22, 2017)................................................................................ 2, 3

*Gray v. Suttell & Associates; Midland Funding, LLC*, No. CV-09-251-EFS, 2010 WL 11437034 (E.D. Wash. Dec. 29, 2010) ............................................................ 5

*Investors Research Co. v. United States Dist. Ct.*, 877 F.2d 777 (9th Cir. 1989)........ 2

*Microsoft Corp. v. Corel Corp.*, No. 5:15-CV-05836-EJD, 2018 WL 2183268 (N.D. Cal. May 11, 2018) ................................................................................................. 4

*Modesto Irrigation Dist. v. Gutierrez*, Nos. l:06-cv-00453 OWW DLB, 1:06-CV-00308 OWW DLB, 2007 WL 915228 (E.D. Cal. Mar. 26, 2007) .......................... 7

*Shapiro v. Hasbro, Inc.*, No. CV1502964BROAJWX, 2016 WL 9113993 (C.D. Cal. Oct. 13, 2016) ................................................................................................... 7, 8

*Spigen Korea Co. v. Ultraproof, Inc.*, No. CV161985DOCDFMX, 2017 WL 5508664 (C.D. Cal. Oct. 20, 2017)................................................................ 2, 3, 4

*SZ DJI Tech. Co. v. Autel Robotics USA LLC*, No. CV 16-706-LPS, 2018 WL 1316203 (D. Del. Mar. 14, 2018) ............................................................................ 4

*Toyo Tire & Rubber Co., Ltd v. Wheel Grp. Holdings, LLC*, No. SACV161814DOCDFMX, 2016 WL 11525318 (C.D. Cal. Oct. 26, 2016) ........... 5

*Ull v. Fire Safety, Inc.*, No. 09-CV-509-DRH, 2009 WL 2982815 (S.D. Ill. Sept. 15, 2009) ................................................................................................................. 6

**Statutes**

35 U.S.C. § 284 ................................................................................................................. 4

35 U.S.C. § 289 ................................................................................................................. 4

**Rules**

Fed. R. Civ. P. 42(a) ......................................................................................................... 2

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

## I. Introduction

Pursuant to Federal Rule of Civil Procedure 42(a), Defendants AMP Plus, Inc. d/b/a ELCO Lighting ("AMP Plus" or "ELCO") and Elco Lighting, Inc. ("ELI") (collectively, "Defendants") hereby move this Court for an order consolidating this Action, Case No. 2:18-cv-07090-CAS-GJS (the "Utility Patent Case") with Case No. 2:19-CV-4519 CAS (GJSx) (the "Design Patent Case"), which is also pending before this Court.  Both Actions involve the same parties, related patents, and largely the same accused products.  The damages issues overlap.  Consolidation would serve the interests of judicial efficiency and economy, while causing no prejudice to either party.  Upon consolidation, Defendants suggest that both cases be set for trial in May 2020, resulting in only a two-month delay of the Utility Patent Case and accelerating trial for the Design Patent Case by six months.

## II. Procedural Background

Plaintiff DMF, Inc. ("DMF") filed the Utility Patent Case against Defendants on August 15, 2018. *See* Utility Patent Case Dkt. 1. In the Utility Patent Case, DMF has accused the following products of infringing DMF's U.S. Patent No. 9,964,266 (the "'266 Patent"):  versions 1, 2, and 3 of Defendants' ELL LED modules Model Nos. ELL0827, ELL0830, ELL0835, ELL0840, ELL08SD, ELL2127, ELL1130, ELL1135, ELL1140, and ELL11SD (collectively, the "Residential ELL Modules").  The '266 Patent is a utility Patent, the purported invention of which is a recessed lighting system consolidating a driver and light source module into a single casting. *See* Utility Patent Case Dkt. 1-1.

DMF moved for a preliminary injunction in the Utility Patent Case, which the Court granted on March 7, 2019, enjoining Defendants from making, using, selling, or offering to sell the accused products. *See* Utility Patent Case Dkt. 147.  The parties have since engaged in fact discovery, including some motion practice.  A claim construction hearing was held on July 29, 2019, and the Court issued its Claim Construction Order on August 2, 2019. *See* Utility Patent Case Dkt. 259, 266.

1 Expert discovery is set to occur between November 15 and December 23, 2019.  The
2 dispositive motion filing deadline is January 13, 2019, and trial is set for March 31,
3 2020.  *See* Utility Patent Case Dkt. 226.

4 In the Design Patent Case, DMF has asserted DMF's U.S. Patent No.
5 D847414 (the "D'414 Patent") and U.S. Patent No. D847415 (the "D'415 Patent")
6 (collectively, the "Design Patents").  *See* Design Patent Case Dkt. 18.  DMF accused
7 the same Residential ELL Modules at issue in the Utility Patent Case, as well as
8 Defendants' Model Nos. ELL1827D, ELL1830D, ELL1835D, ELL1840D,
9 ELL18SD, ELL2127D, ELL2130D, ELL2135D, ELL2140D, and ELL21SDD
10 (collectively, the "Commercial ELL Modules").  On July 22, 2019, the Court entered
11 a Scheduling Order, setting a fact discovery deadline of June 30, 2020, expert
12 discovery deadline of August 14, 2020, and trial to begin on November 12, 2020.
13 *See* Design Patent Case Dkt. 31.

## III. Applicable Legal Standard

15 Rule 42(a) provides that "[i]f actions before the court involve a common
16 question of law or fact, the court may: (1) join for hearing or trial all matters at issue
17 in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid
18 unnecessary cost or delay."  Fed. R. Civ. P. 42(a).

19 "To determine whether to consolidate, a court weighs the interest of judicial
20 convenience against the potential for delay, confusion and prejudice caused by
21 consolidation."  *FlyDive, Inc. v. ZapIP, LLC*, No. SACV1700074CJCJCGX, 2017
22 WL 3508728, at *2 (C.D. Cal. Feb. 22, 2017) (quoting *Dusky v. Bellasaire
23 Investments*, No. SACV07-874DOC, 2007 WL 4403985, at *2 (C.D. Cal. Dec. 4,
24 2007)).  "The fact that the cases are at different discovery stages is not fatal to
25 the consolidation motion," and cases at different stages are "routinely" consolidated.
26 *Spigen Korea Co. v. Ultraproof, Inc.*, No. CV161985DOCDFMX, 2017 WL
27 5508664, at *2 (C.D. Cal. Oct. 20, 2017) (internal citations omitted).

28

2
DEFENDANTS' MOTION TO CONSOLIDATE FOR ALL PURPOSES, INCLUDING TRIAL

"The decision whether to consolidate ultimately rests in the Court's sound discretion." *FlyDive, Inc.*, 2017 WL 3508728, at *2 (citing *Investors Research Co. v. United States Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989)).

## IV. The Utility Patent Case and Design Patent Case Should be Consolidated.

### A. The Actions Involve the Same Parties, and Related Products and Patents.

Both Actions include the same parties and the same counsel. The asserted patents in each case cover the same technology—recessed LED lighting systems—and have the same common inventor (Michael Danesh). *See* '266 Patent, D'414 Patent, D'415 Patent. The issue in both Actions is whether Defendants' ELL Modules infringe DMF's patents, and every product accused in the Utility Patent Case (*i.e.*, the 3 versions of Defendant's Residential ELL Modules) is also accused in the Design Patent Case. The principal witnesses appearing at trial will be the same – DMF's Michael Danesh and Elco's Steve Cohen and Brandon Cohen. *See* Plaintiff's Initial Disclosures for the Utility Patent Case and for the Design Patent Case (Exhibits A and B to Declaration of Robert E Boone III), in which DMF identifies such witnesses as holding similar information for both cases, including competition from Elco for sales of DMF's DRD2 product. Moreover, the evidence involved in both damages case will be largely redundant. Specifically, in the Utility Patent Case Elco has already produced information regarding sales of its Residential ELL Modules – the very same evidence that will be at issue in the Design Patent Case.

In other words, there are overlapping issues of both fact and law in the two Actions, supporting consolidation under Rule 42(a). Indeed, this Court has consolidated other similar cases before. *See FlyDive, Inc.*, 2017 WL 3508728; *Spigen Korea Co.*, 2017 WL 5508664. In *FlyDive*, one case concerned one product and eleven patents, while the second case concerned five products but only three of

the same patents. 2017 WL 3508728, at *2. The Court granted a motion to consolidate, holding:

> While . . . the two cases are not identical, consolidation is warranted because there is nevertheless substantial overlap in the patents and products involved, and the identities of parties in both cases are essentially the same. Consolidation will benefit both the Court *and* all parties involved by decreasing the amount of duplicative discovery, research, and motions practice that would inevitably result if the two cases proceeded independently.

2017 WL 3508728, at *2.

*Spigen Korea* is even more squarely on all fours with the present case. In *Spigen Korea*, Spigen filed a first case alleging that defendants' cell phone covers infringed its utility patents, and a second case accusing the same products of infringing its design patents. 2017 WL 5508664, at *1. The Court noted the many factors favoring consolidation:

> [T]he Court finds that the cases involve a common party and a common issue of fact or law. In both cases, Spigen alleges that products from Ultraproof's Trianium Line infringe Spigen's patents . . . The similarities between the cases will create issues of fact common to both cases. For instance, the patents involved in both cases were all invented by the same person . . . His testimony will be relevant to both cases . . . Additionally, Spigen's utility patents are relevant to the validity of their design patents.

*Id.* at *2 (internal citations omitted). *See also SZ DJI Tech. Co. v. Autel Robotics USA LLC*, No. CV 16-706-LPS, 2018 WL 1316203, at *1 (D. Del. Mar. 14, 2018) (consolidating cases where "[t]he parties involved are exactly the same, the patents share common applicants, inventors, and priority periods and relate to various aspects of the same unmanned aerial vehicles ("UAV") at issue, and the accused products are identical.").

The overlap in the witnesses and evidence between the two cases supports consolidation, which will simplify the issues and promote judicial efficiency.

### B. <u>DMF Can Only Recover Once for Any Infringing Product.</u>

DMF is seeking damages in both the Utility Patent Case and the Design Patent Case. Section 284 of the patent statute, which governs damages, permits DMF to seek lost profits or a reasonable royalty. 35 U.S.C. § 284. Section 289 further permits the holder of a design patent to seek disgorgement of profits from an alleged infringer. 35 U.S.C. § 289. However, a patentee cannot recover **both** infringer profits and a reasonable royalty by asserting infringement of both a design patent and a utility patent by a single product. *See Microsoft Corp. v. Corel Corp.*, No. 5:15-CV-05836-EJD, 2018 WL 2183268, at *5 (N.D. Cal. May 11, 2018) (citing *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277 (Fed. Cir. 2002)). In *Catalina Lighting*, the Federal Circuit held that "once [a patentee] receives profits under § 289 for each sale, [the patentee] is not entitled to a further recovery from the same sale because the award of infringer profits under § 289 also constitutes 'damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer.'" *Id.* at 1291 (quoting 35 U.S.C. § 284). Thus, it will be efficient for all patent claims to be tried in a single trial, one that will determine if DMF is entitled to recover Elco's profits for alleged infringement of DMF's design patents and, if not, then whether DMF is entitled to recover at least a reasonable royalty.

As noted above, there is significant overlap in the products accused in each action. Litigating the possible infringement by these products separately could lead to inconsistent results, at odds with the *Catalina* restriction on double recovery. Consolidation will thus avoid duplicative discovery and argument at trial, and improve judicial efficiency.

### C. <u>Consolidation Is Proper Despite the Different Stages of the Actions.</u>

While it is true that the two cases are at different stages of litigation, it is still well within the Court's discretion to consolidate. *See, e.g., Toyo Tire & Rubber Co., Ltd v. Wheel Grp. Holdings, LLC*, No. SACV161814DOCDFMX, 2016 WL

11525318, at *2 (C.D. Cal. Oct. 26, 2016) (noting that "The fact that the cases are at different discovery stages is not fatal to the consolidation motion" and "cases at different stages of litigation are routinely consolidated.") (internal citations omitted). In *Toyo Tire & Rubber Co.*, the Court consolidated two cases on October 26, 2016, despite the fact that the second case had only been filed on September 29, while the first case was less than two months from trial. *Id.* at *1-2.

Other courts have routinely reached the same conclusion. For example, in *Gray v. Suttell & Associates; Midland Funding, LLC*, No. CV-09-251-EFS, 2010 WL 11437034 (E.D. Wash. Dec. 29, 2010), the court granted a motion to consolidate despite "recogniz[ing] that these actions are in two different stages of litigation." *Id.* at *2. In fact, discovery in the first case was "nearly complete" and summary judgment motions had already been filed and fully briefed, whereas the second case was "still in its infancy." *Id.* Nonetheless, the court consolidated the cases because of their overlapping question of facts and law and redundancy of evidence and witnesses. *Id. See also, e.g., Finder v. Leprino Foods Co.*, No. 115CV00105AWIBAM, 2016 WL 6875259, at *4 (E.D. Cal. Nov. 21, 2016) (holding that consolidation was appropriate because cases had common questions of fact and law and would conserve judicial resources and decrease inconsistent judgments, despite the fact that the cases were at different stages and would have to be delayed); *Ull v. Fire Safety, Inc.*, No. 09-CV-509-DRH, 2009 WL 2982815, at *4 (S.D. Ill. Sept. 15, 2009) (consolidating cases where "[t]he only material difference is that they are different stage of the procedural process.").

Any delay to the Utility Patent Case would be significantly outweighed by various efficiencies gained in the remainder of litigation. Discovery in the Design Patent Case could be streamlined since information relevant to the Design Patent Case has already been produced in the Utility Patent Case, including, for example, information regarding both the design and the sales of the Residential ELL Modules accused in both cases. Expert discovery and dispositive motions could also likely be

6
DEFENDANTS' MOTION TO CONSOLIDATE FOR ALL PURPOSES, INCLUDING TRIAL

1 combined.  Perhaps most significantly, consolidation would benefit both parties, as
2 well as the Court, at trial, since the same products, evidence, and witnesses would
3 only need to be called for the single, combined trial.  Consolidation serves the
4 interests of efficiency, the differing stages of the Actions notwithstanding.

### D. A Slight Delay Will Allow the Parties to Complete Fact Discovery

A slight extension of the discovery schedule will allow the parties to complete discovery in both actions.  As an example, Elco will likely file a motion for additional time to depose DMF's Rule 30(b)(6) representative, Mr. Michael Danesh, due to the conduct and evasiveness of Mr. Danesh.  Elco took a combined deposition of Mr. Danesh, individually and as DMF's corporate representative on Friday, November 1, and Saturday, November 2, 2019.  Attached as Exhibit C to the Declaration of Robert E Boone III are portions of a rough draft of the transcript of this deposition, including the following passages:



7
DEFENDANTS' MOTION TO CONSOLIDATE FOR ALL PURPOSES, INCLUDING TRIAL



These are just three of many repeated examples of Mr. Danesh's evasiveness designed to impede his deposition. Clearly, Elco will require more time to depose Mr. Danesh.

ELCO recently became aware of potentially significant witnesses located in Hong Kong. Mr. James Kwong and Mr. Alex Kwong reside in Hong Kong and own Ulite Lighting located in Dongguan City, Guangdong Province, China, which is a manufacturer and exporter of lighting products. According to Mr. Alex Kwong, in 2011, Ulite designed a small, recessed light that included the LED module and the driver electronics placed inside a single housing/heat sink. According to Mr. Alex Kwong, Ulite showed the product to Mr. Danesh of DMF Lighting, DMF was interested in the product, and Ulite worked with DMF to refine the design. According to Mr. Kwong, DMF ultimately decided to use another lighting manufacturer to source the product for the U.S. market. Mr. Kwong understands that DMF Lighting currently markets the product under the name DRD2.

An extension of the discovery schedule will permit Elco to secure testimony from these witnesses either voluntarily or through the Hague Convention.

### E. There Will Be No Prejudice From Consolidation.

DMF will not be prejudiced by consolidation of these Actions. First, DMF will benefit from the improved efficiency just the same as Defendants and the Court, including, among other things, not needing to call the same witnesses and produce the same evidence and testimony for multiple trials. Moreover, the Court has already issued a preliminary injunction in the Utility Patent Case, enjoining Defendants from making, using, selling, or offering for sale Defendants' Residential ELL Modules. *See* Utility Patent Case Dkt. 147. Since these are the only products accused in the Utility Patent Case, and that is the only case that would experience a delay (albeit short), there is no risk whatsoever to DMF of any ongoing harm by extending the Utility Patent Case dates.

Indeed, this Court has repeatedly chosen in its discretion to consolidate cases where the improvement in judicial efficiencies outweighed any potential risk of prejudice. *See, e.g., Fabric Selection, Inc. v. Topson Downs of California, Inc.*, No. 217CV05721CASAFMX, 2018 WL 3917758 (C.D. Cal. Aug. 13, 2018). In *Fabric Selection*, the Court consolidated two cases even though the first case was filed over nine was nearing the end of fact discovery while the second case did not even have a scheduling order. *Id.* at *2. The non-moving party opposed consolidation, in part out of concern for prejudice from undue delay of the first action. *Id.* The Court held that the similarity in the cases warranted consolidation, and any prejudice from delay "can be addressed by continuing the dates . . . to permit the parties to conduct further discovery if necessary and to provide enough time to prepare for any pre-trial motions practice." *Id.*

Similarly, in *Shapiro v. Hasbro, Inc.*, No. CV1502964BROAJWX, 2016 WL 9113993 (C.D. Cal. Oct. 13, 2016), the Court consolidated two cases filed over a year apart, where the earlier case had progressed through a preliminary injunction

9

hearing (and appeal) and summary judgment, and the second case was in its mere infancy. *Id.* at *2-3. The non-moving party complained of prejudice, primarily as a result of delay in the earlier, more-developed case. *Id.* at *8. Rejecting this argument, the Court held:

> While the Court acknowledges that consolidating the actions will result in a delay of the trial in *Shapiro I*, **because both actions involve the same parties, the Court does not believe this delay will significantly prejudice either party**. *See Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-861 RSM, 2013 WL 6008308, at *5 (W.D. Wash. Nov. 13, 2013) (noting that where the actions "involve identical parties" risk of prejudice resulting from delay in trial is diminished); *Modesto Irrigation Dist. v. Gutierrez*, Nos. l:06-cv-00453 OWW DLB, 1:06-CV-00308 OWW DLB, 2007 WL 915228, at *6 (E.D. Cal. Mar. 26, 2007)(granting motion to consolidate even though it came "at a procedurally awkward stage"). In fact, trying the cases together will protect the interests of both parties, as it will ensure that issue preclusion is not a concern and the two cases will not result in conflicting decisions and contrary conclusions.

*Id.* (emphasis added). *See also Aroche v. Park*, No. SACV170367JGBKK, 2017 WL 2857525, at *7 (C.D. Cal. June 5, 2017) ("[A]s Petitioner is raising the same substantive legal claims, the Court does not find Petitioner will suffer prejudice if required to consolidate with a case that is, in fact *further along* in the litigation process.") (emphasis in original).

Just as in these cases, DMF will suffer no prejudice from consolidation, and Defendants' Motion should be granted.

## V. Conclusion

The Design Patent Case and the Utility Patent Case involve the same parties, related patents (with the same inventor), and predominantly the same accused products. The cases will involve significant overlap in evidence, witnesses and damages issues. DMF has already obtained an injunction, and is at absolutely no risk of injury or prejudice by any delay of the Utility Patent Case, particularly, as

this Court has repeatedly held, in light of the similarities between the cases and the promotion of judicial efficiency consolidation would bring. For these, and the other reasons stated above, Defendants respectfully request that this Court grant their Motion to Consolidate the Design Patent Case and the Utility Patent Case for all purposes, including trial.

Dated:  November 4, 2019    BRYAN CAVE LEIGHTON PAISNER LLP

By: */s/ Robert E. Boone III*
Robert E. Boone III

Attorneys for Defendants
AMP Plus, Inc. d/b/a ELCO Lighting and Elco Lighting, Inc.

11
DEFENDANTS' MOTION TO CONSOLIDATE FOR ALL PURPOSES, INCLUDING TRIAL