**BRYAN CAVE LEIGHTON PAISNER LLP**
Robert E. Boone III, California Bar No. 132780
120 Broadway, Suite 300
Santa Monica, CA  90401-2386
Telephone:   (310) 576-2100
Facsimile:   (310) 576-2200
E-Mail:       reboone@bclplaw.com

Daniel A. Crowe (*Pro Hac Vice*)
dacrowe@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO  63102
Telephone:   (314) 259-2000
Facsimile:   (314) 259-2020

Erin A. Kelly (*Pro Hac Vice*)
erin.kelly@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
1700 Lincoln Street, Suite 4100
Denver, CO  80203
Telephone:   (303) 861-7000
Facsimile:   (303) 866-0200

Attorneys for Defendants
AMP Plus, Inc. d/b/a ELCO Lighting and Elco Lighting, Inc.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMF, Inc., a California corporation, | Case No. 2:18-cv-07090-CAS-GJS |
| Plaintiff, | |
| v. | **DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER STAYING THIS ACTION PENDING THE PATENT TRIAL AND APPEAL BOARD'S *INTER PARTES* REVIEW OF THE '266 PATENT, AND AN ORDER STAYING THE NOVEMBER 29, 2019 EXPERT REBUTTAL REPORT DEADLINE** |
| AMP PLUS, INC., d/b/a ELCO LIGHTING, a California corporation; ELCO LIGHTING, INC., a California corporation, | |
| Defendants. | |
| AND RELATED COUNTER-ACTIONS. | Judge Christina A. Snyder |

601359724.9

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants AMP Plus, Inc. d/b/a ELCO Lighting ("ELCO") and Elco Lighting, Inc. ("ELI") (collectively, "Defendants") hereby apply *ex parte* for an order immediately staying this action in its entirety pending *Inter Partes* Review of all asserted claims of the patent-in-suit by the Patent Trial and Appeal Board ("PTAB").  Defendants further request that if the Court is unable to rule on the stay order before Wednesday, November 27, 2019, that the Court issue by such date an order staying the outstanding rebuttal expert report deadline of Friday, November 29, 2019 until such time that the Court is able to render a decision on the stay motion.  Defendants request such orders pursuant to Local Rule 7-19.

Good cause exists for the requested immediate stay of the entire action because:

(1) On November 21, 2019, the PTAB issued its decision to institute *inter partes* review of the patent-in-suit (U.S. Patent No. 9,964,266) (the "266 patent) based upon all asserted grounds in ELCO's IPR Petition filed in May 2019.  In its decision (copy attached as Exhibit A to the Declaration of Robert E. Boone III), the PTAB determined that ELCO is likely to prevail on its invalidity challenges under 35 U.S.C. §§ 102 and 103 against claims 1, 2, 4-11, 13-17, 19, 21, 22, 25, 26 and 28-30 of the '266 patent based on the prior art references Imtra Marine Lighting – Spring 2007 and Imtra Marine Lighting – Advanced LED Solutions 2011 recessed lighting product catalogs. The '266 patent claims at issue in the IPR proceeding include each and every claim that Plaintiff DMF, Inc. ("DMF") asserts in this action.

(2) Judicial economy is best-served by a stay of the action to allow a final decision in the IPR proceeding to be rendered.  If the PTAB invalidates the subject patent, there will be no need for further proceedings in this case.  Even if the PTAB invalidates some claims of the '266 patent, such a ruling will narrow the scope of this case, thus still saving valuable resources.  This would include significant resources now being devoted to completing expert discovery, including expert

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

rebuttal reports and all expert depositions, as well as remaining motion practice, trial preparation and trial.

(3) The PTAB is best-equipped to determine the invalidity of the '266 patent. The panel assigned to the IPR proceeding consists of three judges whose entire docket of cases is comprised of patentability disputes.

(4) DMF will not suffer any prejudice by a stay of the action pending a final decision in the IPR proceeding. The Court's preliminary injunction is in place, protecting DMF from any further purported injury from sales of the accused ELCO products.

Good cause exists for the requested stay of the November 29, 2019 expert rebuttal report deadline because:

(1) Again, judicial economy dictates that this expert deadline be stayed until the Court decides whether the entire action should be stayed. There is no need for the parties to expend valuable resources to prepare and serve rebuttal expert reports until the Court decides whether to stay the case. Those reports are not needed at this time if the Court is going to stay the case.

(2) Neither side will suffer any prejudice by an immediate stay of this deadline pending the Court's decision on Defendants' request to stay the entire action.

This Application is based upon the attached Memorandum of Points and Authorities, the PTAB's November 21, 2019 Institution Decision, the concurrently-filed declaration of Robert E. Boone III ("Boone Decl."), the records on file in this action, and all other matters that the Court may properly consider, including the oral argument of counsel.

601359724.9

Defendants have given notice of this Application to DMF's counsel.  (*See* Boone Decl. ¶ 7.)  It is anticipated that DMF will oppose this Application.  (*Id.*)

Dated:  November 22, 2019

**BRYAN CAVE LEIGHTON PAISNER LLP**
Robert E. Boone III
Daniel A. Crowe
Erin A. Kelly

By:    */s/ Robert E. Boone III*
Robert E. Boone III
Attorneys for Defendants
AMP PLUS, INC. d/b/a Elco Lighting and
Elco Lighting, Inc.

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

3

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.      INTRODUCTION .................................................................................... 1

II.     FACTUAL BACKGROUND ................................................................... 4

III.    LEGAL STANDARD ............................................................................... 7

IV.     ARGUMENT ............................................................................................ 8

        A.      As The PTAB Found, This Case Is Not In Its Final Stages ................. 8

        B.      Resolution of ELCO's IPR Petition Will Simplify the Case ............... 9

        C.      DMF Would Not Suffer Any Undue Prejudice From a Stay ............ 13

        D.      An Immediate Stay of the Expert Rebuttal Report Deadline Is Necessary ........................................................................................ 14

V.      CONCLUSION ...................................................................................... 15

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

*Aylus Networks, Inc. v. Apple, Inc.*,
  856 F.3d 1353 (Fed. Cir. 2017) ...................................................................10

4

5

*Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*,
  No. SACV16-00437-AG (JPRx), 2016 WL 7507760
  (C.D. Cal. Sept. 12, 2016) ...........................................................................10

6

7

*Cywee Group Ltd. v. Samsung Electronics Co. Ltd.*,
  No. 2:17-cv-001410WCB-RSP, ECF No. 331 (E.D. Tex. Feb. 14, 2019) ..............9

8

9

*EMSAT Advanced v. T-Mobile USA, Inc.*,
  No. 4:08CV00817, 2011 WL 843205 (N.D. Ohio Mar. 8, 2011) ..........................9

10

11

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988) ......................................................................7

12

13

*Gould v. Control Laser Corp.*,
  705 F.2d 1340 (Fed. Cir. 1983) ......................................................................7

14

15

*In re Cygnus Telecomms. Techs., LLC Patent Litigation*,
  385 F. Supp. 2d 1022 (N.D. Cal. 2005).............................................................7

16

17

*Mformation Techs., Inc. v. Research in Motion Ltd.*,
  764 F.3d 1392 (Fed. Cir. 2014) ....................................................................11

18

19

*PersonalWeb Techs., LLC v. Apple Inc.*,
  69 F. Supp. 3d 1022 (N.D. Cal. 2014)..............................................................8

20

21

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
  No. 5:13-CV-01356-EJD, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014).................9

22

23

*Pfizer, Inc. v. Teva Pharms., USA, Inc.*,
  429 F.3d 1364 (Fed. Cir. 2005) ....................................................................11

24

25

*Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*,
  No. SACV 16-00300-CJC(RAOx), 2017 WL 8220599
  (C.D. Cal. June 27, 2017) ..............................................................7, 8, 10, 13

26

27

*Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*,
  599 F.3d 1308 (Fed. Cir. 2010) ....................................................................11

28

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

ii

601359724.9

*TAS Energy, Inc. v. San Diego Gas & Elec. Co.*,
   No. 12-cv-2777-GPC, 2014 WL 794215 (S.D. Cal. Feb. 26, 2014) ...................... 11

*Tire Hanger Corp. v. My Car Guy Concierge Servs. Inc.*,
   No. 14-cv-00549, 2015 WL 857888 (C.D. Cal. Feb. 27, 2015) ........................... 10

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
   943 F. Supp. 2d 1028 (C.D. Cal. 2013) ........................................... 7, 13

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014) .................................................... 10

*Wonderland Nursery Goods Co. v. Baby Trend, Inc.*,
   No. EDCV 14-01153-VAP, 2015 WL 1809309 (C.D. Cal. Apr. 20, 2015) ...... 7, 11

*XR Commc'ns, LLC v. D-Link Sys., Inc.*,
   No. SACV1700596AGJGCX, 2018 WL 2734849
   (C.D. Cal. Apr. 10, 2018) ...................................................... 8, 10

**Statutes**

35 U.S.C. § 102 ...................................................................... 4

35 U.S.C. § 103 ...................................................................... 4

35 U.S.C. § 307 .................................................................... 12

35 U.S.C. § 315(e)(2) .............................................................. 12

35 U.S.C. § 316(a)(11) ............................................................. 12

35 U.S.C. § 316(c) ................................................................. 12

**Regulations**

77 Fed. Reg. 48,680 (Aug. 14, 2012) ............................................... 12

**Other Authorities**

H.R. Rep. No. 112-98 (2011), *reprinted in* 2011 U.S.C.C.A.N. 67 .................. 12

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

DEFENDANTS' EX PARTE APPLICATION FOR A STAY PENDING INTER PARTES REVIEW

601359724.9

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Defendants AMP Plus, Inc. dba Elco Lighting ("ELCO") and Elco Lighting, Inc. ("ELI") (collectively "Defendants"), respectfully apply for an order immediately staying this action pending final determination of the Patent Trial and Appeal Board's ("PTAB") *inter partes* review ("IPR") of the patent-in-suit, U.S. Patent No. 9,964,266 ("the '266 Patent" or "the patent-in-suit").   Pending the Court's decision on this stay request, Defendants ask the Court to issue an order no later than Wednesday, November 27, 2019, staying the deadline for the parties to serve expert rebuttal reports, at least until after the Court decides whether to stay the entire action.

In this litigation, Plaintiff DMF, Inc. ("DMF") has alleged that Defendants infringe over twenty claims of the '266 Patent.  To potentially resolve this case without further burdening the Court or, at the very least, significantly reduce the scope of the case, ELCO filed a Petition for *Inter Partes* Review (the "IPR Petition") with the PTAB in May 2019, challenging the validity of each of the claims of the '266 patent asserted by DMF in this litigation.

In July 2019, Defendants filed a Motion to Stay the case pending the PTAB's decision whether to institute *inter partes* review of the '266 patent.  (ECF No. 244) The Court denied that motion without prejudice to Defendants renewing the motion if the PTAB decided to institute *inter partes* review, signaling that the Court would in fact stay the case if that occurred.  (ECF No. 249.)

On November 21, 2019, the PTAB issued its decision to institute *inter partes* review of the '266 patent on all grounds asserted by ELCO in its IPR Petition. Decision by USPTO, Patent Trial and Appeal Board, *AMP Plus, Inc. dba ELCO Lighting v. DMF, Inc.*, IPR2019-01094 (Nov. 21, 2019) (the "PTAB Decision") (attached as Exh. A to the Boone Decl.).  The '266 patent claims at issue in the IPR proceeding include each and every claim that DMF asserts in this action.

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

An immediate stay of the entire action is warranted.  As explained below, each of the relevant factors courts generally consider in deciding stay motions weighs heavily in favor of granting a stay.

*First*, judicial economy is best-served by a stay of the action to allow a final decision in the IPR proceeding to be rendered, and to avoid unnecessary, duplicative, and/or inconsistent work by the Court and the parties.  The IPR proceeding is likely to simplify the issues in this case.  If the PTAB invalidates the subject patent in its entirety, there will be no need for further proceedings in this case.  Even if the PTAB invalidates just some claims of the '266 patent, such a ruling will still narrow the scope of this case.  Regardless of the outcome of the IPR proceeding, that decision will result in conserving valuable resources of this Court and the parties, which could include resources now being devoted to completing expert discovery, such as expert rebuttal reports and all expert depositions, as well as resources that no doubt will be devoted to remaining motion practice, trial preparation and trial.  For instance, DMF will be unable to assert any claim that is found invalid.  ELCO will be unable to challenge any claims found to be valid based upon the grounds it raised or could have raised in the IPR.  Furthermore, any statements or amendments made by DMF in the proceeding will become part of the patent's prosecution history and impact claim construction.  Indeed, the PTAB has already ruled that it disagrees with DMF's claim construction positions and this Court's claim construction order, signaling the likelihood that the PTAB in fact will invalidate the '266 patent.[1]

---

[1] ELCO filed a second IPR Petition with the PTAB in August 2019, challenging the '266 patent's validity based on other prior art Defendants also asserted in this case.  The PTAB's institution decision in that proceeding is due in March 2020.  In light of the November 21, 2019 PTAB Decision regarding ELCO's first IPR Petition, Defendants believe that the PTAB will institute further *inter partes* review of the '266 patent based on the second IPR petition.   The second IPR petition, if instituted, would further narrow the scope of this case and address other claim construction issues.

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

**Second,** this litigation is far from being completed, and at this juncture, what claims of the '266 patent ultimately will be at issue is uncertain due to the IPR. While fact discovery just closed, fact discovery issues still remain in dispute. Defendants have a pending motion to consolidate this case with DMF's separate design patent infringement action against Defendants, move the remaining trial and pre-trial dates in this action back a few months, and extend the fact discovery cutoff to conduct additional fact discovery.  *See* Defendants' Motion to Consolidate (ECF No. 298.)  That additional fact discovery would include re-opening the deposition of DMF's 30(b)(6), witness who evasively avoided answering straightforward questions and wasted enormous amounts of time, and taking the overseas deposition of another important witness.  *See id.; see also* Defendants' Reply in Support of Motion to Consolidate (ECF No. 319).  Furthermore, expert discovery remains to be completed.  In fact, the parties just disclosed initial expert reports; rebuttal expert reports are still outstanding, and no expert depositions have occurred.  But what claims of the '266 patent are valid and can be enforced is uncertain until the PTAB completes its work.  So, what claims the experts really need to address with respect to infringement likely will change.  If this case proceeds, the Court and the parties will be forced to spend significant time and resources on tasks that may ultimately prove unnecessary, including preparing for and conducting a trial.

**Third**, the PTAB is the best-equipped to determine the invalidity of the '266 patent.  The panel assigned to the IPR proceeding consists of three judges whose entire docket of cases is comprised of patent disputes.

**Fourth**, DMF will not suffer any prejudice by a stay of the action pending a final decision in the IPR proceeding.  The Court's preliminary injunction (ECF No. 148) is in place, protecting DMF from any further purported injury from sales of the accused ELCO products.

Good cause exists for the requested stay of the November 29, 2019 expert

3

1   rebuttal report deadline until the Court decides whether to stay the entire case
2   pending the IPR decision.  Again, judicial economy dictates that this looming
3   deadline be stayed until the Court decides whether the entire action should be
4   stayed.  There is no need for the parties to expend valuable resources to prepare and
5   serve rebuttal expert reports until the Court decides whether to stay the case.  Those
6   reports will not be needed at this time if the Court stays the case.  In addition, the
7   reports of the experts will be based on the Court's claim construction of several
8   important patent terms, which such construction has now been called into question.
9   Furthermore, and again, neither side will suffer any prejudice by an immediate stay
10  of this deadline pending the Court's decision on Defendants' request to stay the
11  entire action.

## II.   FACTUAL BACKGROUND

12   

13      ELCO filed its IPR Petition in May 2019, challenging the validity of the '266
14  patent based on certain prior art, including the *Imtra Marine Lighting – Spring*
15  *2007* and *Imtra Marine Lighting – Advanced LED Solutions 2011* recessed lighting
16  product catalogs (respectively, "2007 Imtra" and "2011 Imtra").  In July 2019,
17  Defendants filed a Motion to Stay the case pending the PTAB's decision whether to
18  institute *inter partes* review of the '266 patent.  (ECF No. 244)  The Court denied
19  that motion without prejudice to Defendants renewing the motion if the PTAB
20  decided to institute *inter partes* review, signaling that the Court would in fact stay
21  the case if that occurred.  (ECF No. 249; *see* PTAB Decision at 33-34.)

22      On November 21, 2019, the PTAB decided to institute *inter partes* review of
23  the '266 patent on all grounds asserted by ELCO in its IPR Petition.  *See* PTAB
24  Decision.  In its decision, the PTAB determined that ELCO **is likely to prevail** on
25  its invalidity challenges under 35 U.S.C. §§ 102 and 103 against claims 1, 2, 4-11,
26  13-17, 19, 21, 22, 25, 26 and 28-30 of the '266 patent.  PTAB Decision at 34.  The
27  PTAB applied the same *Phillips* standard that this Court applied in its claim
28  construction order (https://www.federalregister.gov/documents/2018/10/11/2018-

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

601359724.9

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1   22006/changes-to-the-claim-construction-standard-for-interpreting-claims-in-trial-

2   proceedings-before-the).

3        Notably, the PTAB disagreed with DMF's and this Court's construction of

4   "driver" to mean "a device that serves the function of supplying and regulating

5   electrical energy from building main power to the light source module."  PTAB

6   Decision at 15-21.  "As urged by [DMF], we have considered the District Court's

7   construction of driver…. Respectfully, we find the District Court's construction

8   limiting a driver to a device supplying and regulating electrical energy *from*

9   *building main power* to the light source module **too narrow**…"  *Id.* at 18 (italicized

10  emphasis original; bold, underline emphasis added).

11       The PTAB correctly determined that neither the Specification nor the

12  prosecution history of the '266 patent restricts the claimed compact recessed

13  lighting system "to be powered by only 'building main power.'"  *Id.* at 19.

14       In particular, the Specification discloses that the driver may be any

15       type of power supply that delivers AC *or DC* voltage to the light

16       source module.  … We interpret the statement as permitting the use of

17       a driver that receives DC voltage, *e.g.*, from batteries, which not be

18       connected to building main voltage."

19  *Id.*

20       The PTAB also found that the manner in which the claims are written clearly

21  demonstrates that "driver" cannot be construed as narrowly as urged by DMF and

22  determined by this Court.  "Where desired, the Applicant [Danesh] drafted the

23  claims to limit the recessed lighting system to one placed or installed in a

24  building…. In other claims, however, the plain language supports a recessed

25  lighting system powered by electricity from, or installed in, a structure that is not

26  limited to a building."  *Id.*

27       The PTAB found "no persuasive reason to adopt the narrow construction of

28  'driver' proposed by [DMF]" – that is, limit the supply source to building main

601359724.9

power.  *Id.* at 21.  Rather, "'[d]river' as used in the '266 patent is not limited to a device that receives electrical power from building main power, but is more broadly construed:  an electronic device to supply, regulate, or supply and regulate electrical energy to a light source module." *Id.*

The PTAB's construction of "driver" is significant because it removes DMF's principal argument that DMF's asserted patent is novel in light of the nearly identical product marketed by Imtra <u>years</u> before DMF claims to have invented its recessed lighting product.

The PTAB also disagreed with DMF's construction of "standard junction box."  The PTAB rejected DMF's argument that "standard junction box" should be construed as "accommodating wire splices to building main power" based on several grounds, including grounds this Court did not consider in rendering its claim construction order.  *Id.* at 8-15.  The PTAB construed "standard junction box" to mean "an enclosure of industry-specified size for housing electrical connections."  "The term is not limited to accommodating wire splices *to building main power*."  *Id.* at 15 (emphasis in original).

The PTAB also found "a reasonable likelihood that [ELCO] will prevail on the asserted ground of anticipation by Imtra 2011 of the challenged claims."  *Id.* at 28.  In addition, the PTAB found that Imtra 2007 and Imtra 2011 combined disclose the limitations of the challenged claims.  *Id.* at 29.  The PTAB further determined there is a reasonable likelihood that ELCO will prevail on its obviousness challenges based on Imtra 2007, Imtra 2011 and U.S. Patent No. 9,366,418 B2 to Gifford ("Gifford").  *Id.* at 30-32.

Finally, the PTAB rejected DMF's argument that the PTAB should deny ELCO's IPR Petition on the grounds that this case is approaching its final stages, finding that this Court's denial of Defendants' Motion to Stay without prejudice to signal a willingness to revisit the issue of a stay following the PTAB's institution decision.  *Id.* at 34.  Thus, the PTAB felt that ELCO's invalidity contentions are so

6

601359724.9

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1   strong that the stage of this litigation should not prevent the PTAB from instituting

2   *inter partes* review.

3      Oral argument in the IPR before the PTAB is scheduled in August 2020. *See*

4   IPR Scheduling Order (Exh. B to Boone Decl).

5   **III.   <u>LEGAL STANDARD</u>**

6      "Courts have inherent power to manage their dockets and stay proceedings,

7   including the authority to order a stay pending conclusion of a PTO

8   reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)

9   (citation omitted). A stay is "particularly justified where the outcome of the

10  reexamination would be likely to assist the court in determining patent validity, and

11  if the claims were cancelled in reexamination, would eliminate the need to try the

12  infringement issue." *In re Cygnus Telecomms. Techs., LLC Patent Litigation*, 385

13  F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing *Gould v. Control Laser Corp.*, 705

14  F.2d 1340, 1342 (Fed. Cir. 1983)).  This District recognizes a "liberal policy in

15  favor of granting motions to stay proceedings pending the outcome of re-

16  examination." *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. EDCV 14-

17  01153-VAP, 2015 WL 1809309, at *3 (C.D. Cal. Apr. 20, 2015) (quoting

18  *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028,

19  1031 (C.D. Cal. 2013)).

20     "In deciding a motion to stay pending IPR, courts typically consider three

21  factors: (1) the stage of the proceedings; (2) simplification of the issues in question;

22  and (3) undue prejudice or clear tactical disadvantage to the non-moving party."

23  *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, No. SACV 16-00300-

24  CJC(RAOx), 2017 WL 8220599, at *1 (C.D. Cal. June 27, 2017) (quoting

25  *Universal Elecs.,* 943 F. Supp. 2d at 1030-31. These factors are considered in

26  deciding whether to order a stay based on the totality of the circumstances.

27  *Universal Elecs.*, 943 F. Supp. 2d 1033.  As discussed below, each of these factors

28  weighs strongly in favor of granting a stay.

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

601359724.9

## IV. **ARGUMENT**

### A. **As The PTAB Found, This Case Is Not In Its Final Stages**

This case is not in its final stages.  As the Court knows, expert discovery ends in December 2019; motions for summary judgment are not due to be filed until near the end of January 2020; and the pre-trial conference and trial are not until March 2020.

Given the time and resources the parties and the Court are expected to expend from now until trial, this factor weighs in favor of a stay.  *See PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1026 (N.D. Cal. 2014) (recognizing that "while much has been done, much remains, and the remaining work is costly" and concluding that "the landscape of the litigation could change dramatically in light of any PTAB ruling and the parties should have the benefit of that change before making strategic choices for trial.").

"The proceedings to date ... do not place the parties on the cusp of trial and accordingly this factor supports a stay." *Polaris Innovations*, at *2 (finding in favor of a stay where "discovery is incomplete," "[n]o expert discovery has occurred and the parties are continuing to take depositions").  Other courts considering motions to stay at similar stages of litigation have also found this factor to weigh in favor of a stay.  *See, e.g.*, *XR Commc'ns, LLC v. D-Link Sys., Inc.*, No. SACV1700596AGJGCX, 2018 WL 2734849, at *2 (C.D. Cal. Apr. 10, 2018) (finding in favor of stay where parties "have submitted claim construction briefs," "[f]act discovery has begun, but it's not yet complete and expert discovery has not yet begun" and first trial date was in approximately eleven months); *PersonalWeb Techs.*, 69 F. Supp. 3d at 1026 (finding in favor of a stay where "[a] substantial amount of fact discovery has been completed: the parties have exchanged over 100 requests for production of documents and have in fact produced over 500,000 pages; have propounded and responded to over 50 interrogatories; and have taken a dozen depositions," but "several costly stages of discovery [the totality of expert

8

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

discovery and dispositive motion practice] remain."); *PersonalWeb Techs., LLC v. Facebook, Inc., ("PersonalWeb I")*, No. 5:13-CV-01356-EJD, 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014) (finding in favor of a stay where "a claim construction order ha[d] been issued and the close of fact discovery [was] fast approaching," but "a substantial portion of the work—expert discovery, summary judgment, pre-trial preparation, and trial itself—lies ahead."); *EMSAT Advanced v. T-Mobile USA, Inc.*, No. 4:08CV00817, 2011 WL 843205, at *2 (N.D. Ohio Mar. 8, 2011) (finding "the phase of this litigation, while not in its earliest stages, does not warrant denial of the motion to stay" because "there remain several costly stages of this litigation [expert discovery and dispositive motions] that may be eliminated or reduced depending upon the result of the reexamination of the patents-in-suit."); *Cywee Group Ltd. v. Samsung Electronics Co. Ltd.*, No. 2:17-cv-001410WCB-RSP, ECF No. 331 at 13 (E.D. Tex. Feb. 14, 2019) (granting a stay when trial was three months away and discovery was nearly complete because "the most burdensome parts of the case—filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all [lay] in the future" and citing cases where stays had been granted much closer to trial – seven, eight, ten weeks before trial).

With the completion of discovery, significant motion practice, preparation of pre-trial conference materials, and preparation for trial, all of which could be dramatically impacted by the PTAB's final decision, the stage of this case heavily favors a stay, to conserve valuable resources and avoid unnecessary work and inconsistent results.

### B.     Resolution of ELCO's IPR Petition Will Simplify the Case

The IPR instituted by the PTAB challenges every claim of the '266 Patent asserted by DMF.  "[W]e determine that the record demonstrates a reasonable likelihood that [Elco] will prevail with respect to at least one of the claims challenged in the Petition."  PTAB Decision at 34.  Thus, it is likely that the PTAB

9

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  will find the asserted patent claims invalid, which would completely dispose of the

2  issues in this case: "the ultimate simplification of issues." *VirtualAgility Inc. v.*

3  *Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014).

4      However, regardless of the outcome, an IPR proceeding will simplify and

5  focus the issues in this case.  Even if some claims survive, the remaining claims

6  will represent a smaller, more manageable set, and the Court will have avoided

7  expending resources on claims that are no longer relevant.  Additionally, the

8  removal of less than all challenged claims may also "simplify the issues and

9  streamline the litigation by reducing claim construction disputes and minimizing

10  the number of claims that the parties need to address." *Tire Hanger Corp. v. My*

11  *Car Guy Concierge Servs. Inc.*, No. 14-cv-00549, 2015 WL 857888, at *2 (C.D.

12  Cal. Feb. 27, 2015).

13      And even if the PTAB does not find all of the challenged claims

14  unpatentable, issues in the case will still be simplified.  This is true for two reasons.

15  First, "[e]ven if no patent claim is eliminated, the intrinsic record developed during

16  the IPR may inform on issues like claim construction." *XR Commc'ns, LLC v. D-*

17  *Link Sys., Inc.*, No. SACV1700596AGJGCX, 2018 WL 2734849, at *3 (C.D. Cal.

18  Apr. 10, 2018) (quoting *Core Optical Techs., LLC v. Fujitsu Network Commc'ns,*

19  *Inc.*, No. SACV16-00437-AG (JPRx), 2016 WL 7507760, at *2 (C.D. Cal. Sept.

20  12, 2016)).  Positions taken by DMF in the IPR will become part of the prosecution

21  history and may be relevant to issues of claim construction and infringement.  *See*

22  *Aylus Networks, Inc. v. Apple, Inc.*, 856 F.3d 1353, 1359-62 (Fed. Cir. 2017)

23  ("statements made by a patent owner during an IPR proceeding can be relied on to

24  support a finding of prosecution disclaimer during claim construction"); *see also*

25  Polaris, 2017 WL 8220599, at *2 ("the record in this case will still be developed

26  through the IPR proceedings").  And second, "significant judicial resources" may

27  be saved because "estoppel will prevent Defendants from raising in this Court

28  invalidity grounds that were or could reasonably have been raised during the IPR."

10

*Wonderland*, 2015 WL 1809309, at *3. As one court put it: "Whatever the PTAB's decision, the case will be simplified for this Court." *TAS Energy, Inc. v. San Diego Gas & Elec. Co.*, No. 12-cv-2777-GPC, 2014 WL 794215, at *4 (S.D. Cal. Feb. 26, 2014).

DMF may try to argue that this Court has already issued its claim construction order, and it is final. Any such argument would be contrary to the law. This Court can modify its claim construction order as it sees fit up through trial, including based on the PTAB's ruling and/or additional evidence, including that submitted at trial. The Federal Circuit has made clear that a district court may adopt an "evolving" or "rolling" claim construction, in which the court's construction of claims can be modified as the court better understands the technology and the patents at issue. *Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1316 (Fed. Cir. 2010) (trial testimony informed court to change claim construction); *Pfizer, Inc. v. Teva Pharms., USA, Inc.*, 429 F.3d 1364, 1377 (Fed. Cir. 2005) ("[D]istrict courts may engage in rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves."); *see Mformation Techs., Inc. v. Research in Motion Ltd.*, 764 F.3d 1392, 1397-98 (Fed. Cir. 2014) (affirming claim construction clarification made after jury trial and affirming JMOL of non-infringement).

DMF may also try to argue that this case is ready for disposition by summary judgment on infringement. That also is not true. At a minimum, the PTAB Decision raises a triable issue of fact as to whether the '266 patent is valid. An invalid patent is a complete defense to an infringement claim. Even proceeding with issues related solely to infringement in light of the substantial question regarding invalidity would not make sense. Institution of the IPR means that the prosecution history for the '266 Patent is re-opened. Any statements made by DMF in attempting to defend the IPR may be relevant to claim construction and,

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

11

601359724.9

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1   necessarily, infringement issues.  Thus, until the IPR proceeding is complete, and
2   the prosecution history closed, addressing infringement issues would be akin to
3   shooting at a moving target.  Further, addressing infringement issues at this time
4   would likely be a waste of judicial resources given the PTAB's strong suggestion
5   that Elco will ultimately prevail in establishing the invalidity of DMF's patent.

6        *Inter partes* review under the Leahy-Smith America Invents Act ("AIA") is
7   an expedited and streamlined procedure promulgated by Congress to help reduce
8   the cost and burden of litigation, and provide an alternative to district court
9   litigation, by allowing persons and entities to challenge the validity of patents based
10  on prior art patents and printed publications.  *See* H.R. Rep. No. 112-98, at 40
11  (2011), *reprinted in* 2011 U.S.C.C.A.N. 67, 70**.**  The IPR procedure was designed
12  to create "a more efficient and streamlined patent system that will improve patent
13  quality and limit unnecessary and counterproductive litigation costs." 77 Fed. Reg.
14  48,680 (Aug. 14, 2012).  The case law reflects an expectation that, in appropriate
15  circumstances, concurrent district court litigation will be stayed while the PTAB
16  review is performed.

17       Importantly, in the expedited proceedings, the PTAB will issue final orders
18  cancelling, modifying, or affirming the claims of the patent-in-issue within twelve
19  months after institution of the IPR. 35 U.S.C. § 316(a)(11); 35 U.S.C. § 307.  Here,
20  the PTAB has scheduled oral argument for the IPR on August 20, 2019.  (See
21  PTAB Scheduling Order attached as Exhibit B to the Declaration of Robert E.
22  Boone III)

23       The AIA provides patent owners with a variety of significant protections,
24  including estoppel provisions.  For example, the AIA precludes a petitioner from
25  later asserting in civil litigation the invalidity of a patent "on any ground that the
26  petitioner raised or reasonably could have raised during that inter partes review."
27  35 U.S.C. § 315(e)(2).  And, IPR proceedings are conducted by the Patent Trial and
28

601359724.9

1    Appeal Board, of the U.S. Patent and Trademark Office, using technically trained
2    panels comprised of three Administrative Patent Judges. 35 U.S.C. § 316(c).

3        Accordingly, accelerated IPR proceedings often result in the complete
4    disposition of a dispute and, at a minimum, will substantially narrow issues
5    involved in litigation resulting in increased efficiencies, lessened burdens on the
6    parties and court, and minimal delays.

7        ELCO's IPR petition provides a significant opportunity to simplify issues in
8    this case, and this factor weighs in favor of a stay.

9    **C.    DMF Would Not Suffer Any Undue Prejudice From a Stay**

10        The last factor courts regularly consider is whether the stay will result in
11    undue prejudice or clear tactical disadvantage to the non-moving party.   In
12    weighing this factor, courts often look to whether the non-moving party will suffer
13    injuries that cannot be compensated by monetary damages and whether the moving
14    party has engaged in dilatory tactics.  Neither is applicable here.

15        DMF already moved for and secured a preliminary injunction preventing
16    ELCO from selling its allegedly infringing products.  None of the harms alleged by
17    DMF in its briefing for its motion will be exacerbated by a stay in light of the
18    existence of the injunction.  DMF is protected by the preliminary injunction.  The
19    only "harm" DMF can plausibly complain about is simply delay.  But "[m]ere
20    delay in the litigation does not establish undue prejudice." *Polaris Innovations*, at
21    *1 (quoting *Universal Elecs.,* 943 F. Supp. 2d at 1033).  DMF has already received
22    any remedy necessary to safeguard it against irreparable harm or undue prejudice.

23        ELCO has not engaged in dilatory tactics.  Although DMF sued ELCO in
24    August 2018, ELCO was not made aware of each of the specific claims that DMF
25    intended to assert against ELCO until March 1, 2019, when DMF responded to
26    ELCO's interrogatory and provided its infringement contentions.  Had ELCO
27    proceeded with a petition based on the claims asserted in the Complaint, it would
28    have proceeded on only a subset of the claims ultimately asserted by DMF.  ELCO

13

601359724.9

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

filed its petition approximately eleven weeks after receiving DMF's infringement contentions.  ELCO then filed its original stay motion approximately six weeks after filing its petition.  Neither time period constitutes the sort of dilatory tactics courts consider prejudicial.

The lack of irreparable harm to DMF and ELCO's diligence thus weigh in favor of a stay.

### D.   An Immediate Stay of the Expert Rebuttal Report Deadline Is Necessary

On November 15, 2019, the parties exchanged their initial expert reports. Specifically, DMF served three reports – one on infringement, one on market conditions, and one on damages, and Elco served a report on invalidity.  According to the current case schedule, the parties must serve rebuttal expert reports by Friday, November 29, 2019, the day following the Thanksgiving holiday.  The expert discovery cut-off date is December 23, 2019.  Thus, the parties must prepare for and complete at least four expert depositions in approximately three weeks.

The issuance of the PTAB's institution decision calls the Court's claim construction order with respect to two significant terms into question.  Completion of expert discovery based on an incorrect claim construction is nonsensical.

Defendants ask that, if the Court cannot rule on Defendants' request to stay the entire case on or before Wednesday, November 27, 2019, the Court issue an order staying the expert rebuttal report deadline until after the Court has ruled on Defendants' request to stay the entire case.  At a minimum, the Court should issue such an order immediately to conserve the parties' resources in that regard.

///

//

///

///

///

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

V.   **CONCLUSION**

For the foregoing reasons, Defendants request the Court to grant this Application.

Dated:  November 22, 2019          **BRYAN CAVE LEIGHTON PAISNER LLP**
                                   Robert E. Boone III

                                   By:     */s/ Robert E. Boone III*
                                            Robert E. Boone III
                                   Attorneys for Defendants
                                   AMP PLUS, INC. d/b/a ELCO Lighting and
                                   Elco Lighting, Inc.

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

15

601359724.9