Robert E. Boone III (California Bar No. 132780)
reboone@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, CA 90401
Telephone:  (310) 576-2100
Facsimile:   (310) 576-2200

Daniel A. Crowe (*Pro Hac Vice*)
dacrowe@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone:  (314) 259-2000
Facsimile:   (314) 259-2020

Erin A. Kelly (*Pro Hac Vice*)
erin.kelly@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone:  (303) 861-7000
Facsimile:   (303) 866-0200

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DMF, Inc., a California corporation, | Case No. 2:18-cv-07090-CAS-GJS |
| Plaintiff, | Hon. Christina A. Snyder |
| vs. | **DEFENDANT AMP PLUS, INC.'S NOTICE OF MOTION AND MOTION TO WITHDRAW ADMISSIONS** |
| AMP Plus, Inc. d/b/a ELCO Lighting, a California corporation; and, | [Filed with (Proposed) Order] |
| ELCO Lighting Inc., a California corporation, | Date:           December 23, 2019<br>Time:           10:00 a.m.<br>Courtroom:   8D |
| Defendants. | |
| AND RELATED COUNTER-ACTIONS. | |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on December 23, 2019, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8D of the Honorable Christina A. Snyder, United States District Court, Central District of California, Western Division located at 350 W. First Street, Los Angeles, CA 90012-4565, Defendants AMP Plus, Inc. d/b/a ELCO Lighting ("ELCO"), will, and hereby does, move to withdraw admissions pursuant to Federal Rule of Civil Procedure 36(b). Permitting ELCO to withdraw its inadvertently-made admissions will promote the presentation of the merits of this case, and will not cause any prejudice to Plaintiff DMF, Inc. ("DMF").

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings, records, and papers filed herein; and all other matters that the Court may consider, including the oral argument of counsel.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on November 18, 2019.

Dated: November 25, 2019  BRYAN CAVE LEIGHTON PAISNER LLP

By: */s/ Robert E. Boone III*
Robert E. Boone III

Attorneys for Defendants
AMP Plus, Inc. d/b/a ELCO Lighting and Elco Lighting, Inc.

2
DEFENDANT AMP PLUS, INC.'S MOTION TO WITHDRAW ADMISSIONS

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant AMP Plus, Inc. d/b/a ELCO Lighting ("ELCO") hereby moves this Court, to withdraw admissions pursuant to Federal Rule of Civil Procedure 36(b).

## I. Background

Plaintiff DMF, Inc. ("DMF") served its First Set of Requests for Admission (the "RFAs") to ELCO on October 4, 2019. *See* Declaration of Robert E. Boone III ("Boone Decl."), ¶ 3 and Exhs. 1-2. Accordingly, ELCO's response was due 30 days after being served, or Monday, November 4, 2019. *See* Fed. R. Civ. P. 36(a)(3); Fed. R. Civ. P. 6(a)(1); Boone Decl. ¶ 4.

Also due that same day were ELCO's responses to DMF's Fifth Set of Requests for Production. Boone Decl., ¶ 3. In addition, in the late afternoon of November 4, 2019, ELCO and Defendant Elco Lighting, Inc. filed a motion to consolidate this case with another case involving the same parties in which DMF accuses Defendants of infringing on two design patents. That motion had to be filed under seal, so it involved several filings, including an application to file under seal. *See* ECF Nos. 297-299.

ELCO's responses to the RFAs were finalized and ready to file on November 4, 2019. Boone Decl. ¶ 6. That afternoon, ELCO's counsel separately sent the final drafts of ELCO's responses to the RFAs and the Requests for Production to counsel's secretary, Christine Kehlenbeck, with instructions to serve those documents that day to DMF's counsel via email (the parties' agreed service method). Boone Decl. ¶¶ 8-12; Declaration of Christine A. Kehlenback ("Kehlenbeck Decl."), ¶¶ 4-7. Indeed, ELCO's counsel sent an email to Ms. Kehlenbeck at 4:29 pm PST confirming that the RFA responses were final. Kehlenbeck Decl., ¶ 7; Boone Decl., ¶ 12. At 4:39 pm PST (*i.e.*, ten minutes later), Ms. Kehlenbeck sent an email to Plaintiff's counsel attaching only the responses to the Requests for Production. Kehlenbeck Decl., ¶ 8 and Exh. 1; Boone Decl., ¶ 13.

Ms. Kehlenbeck's omission of the RFA responses was completely inadvertent.  *See* Kehlenbeck Decl., ¶ 9.  ELCO's counsel, who had taken a deposition on November 4, 2019, in this case in Hayward, California, and was returning back to Los Angeles in the late afternoon and evening, saw the 4:39 p.m. email with an attachment while en route and believed all of the responses had been served.  Boone Decl., ¶ 13.

Three days later, on Thursday, November 7, 2019, Defendants' counsel discovered Ms. Kehlenbeck's omission.  *Id.*, ¶ 14.  Upon this discovery, counsel promptly served ELCO's responses to the RFAs.  *Id.*, ¶ 15; Kehlenbeck Decl., ¶ 10 and Exhs. B-C.  No changes were made to ELCO's RFA responses before service, or at any other time after those responses were sent to Ms. Kehlenbeck on November 4.  Boone Decl., ¶ 16.

Plaintiffs completed the Rule 30(b)(6) deposition of Defendants, and the individual deposition of Defendants' President, Steve Cohen, on November 8 and 11, 2019.  *Id.*, ¶ 19.  With this sole exception, and Defendants' request in their motion to consolidate to re-open fact discovery into January 2020, to depose certain witnesses (*see* ECF Nos. 301-302, 323), fact discovery closed on November 4, 2019.

## II.  Applicable Legal Standard

Under Rule 36, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3).  Rule 36 further provides that "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  Fed. R. Civ. P. 36(b).

## III.  Argument

Rule 36(b) explicitly contemplates allowing a party to withdraw or amend its responses.  Such action is permitted when "it would promote the presentation of the

merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). "The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995); *see also Sonoda v. Cabrera*, 255 F.3d 1035, 1040 (9th Cir. 2001) (no abuse of discretion to allow withdrawal of admissions where admissions would effectively eliminate a merits determination).

This test is met here. A few representative examples demonstrate how deeming all of DMF's requests admitted would "practically eliminate any presentation of the merits of the case," with respect to both infringement and willfulness:

> Request No. 4: Admit that ELCO's assertion on page 16 of its Third Amended Answer in this case that "DMF's junction boxes were never certified for fire rating under 514A" is false.

> Request No. 18: Admit that before "ELCO began selling the version 2 in early to mid-September 2018," as that term is used in ELCO's response to Interrogatory No. 2, Robert Boone communicated with ELCO regarding whether version 2 would infringe U.S. Patent No. 9,964,266.

> Request No. 22: Admit that before ELCO began selling the version 3 design of the ELL Module, Kelly Cunningham informed ELCO that he disagreed with Eric Kelly's opinion regarding whether version 3 would infringe U.S. Patent No. 9,964,266.

> Request No. 23: Admit that before January 1, 2019, ELCO obtained an opinion from a patent attorney who advised that version 3 of the ELL Module would infringe U.S. Patent No. 9,964,266.

> Request No. 25: Admit that Steve Cohen knew that Michael Danesh had filed a patent application on the DRD2 Module before August 3, 2018.

This Court has found the first prong to be met even in cases where the admissions do not completely "eliminate" presentation of the merits, so long as the admissions "would go a long way toward proving plaintiffs' . . . cause of action . . ." *Grossman v. Directors Guild of Am., Inc.*, No. EDCV161840GWSPX, 2018 WL

5914237, at *3 (C.D. Cal. Apr. 12, 2018).  Moreover, this Court has admonished parties for construing "the merits" too narrowly:  "[C]ourts consider whether the withdrawal will assist in the presentation of evidence on any claim or defense, including a claim for damages."  *AECOM Energy & Constr., Inc. v. Ripley*, No. CV175398RSWLSSX, 2018 WL 6266462, at *5 (C.D. Cal. Oct. 3, 2018.  There can be little dispute that this prong is met here.

As to prejudice, Rule 36(b) does not contemplate prejudice simply because "the party who obtained the admission will now have to convince the factfinder of its truth.  Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted."  *Hadley*, 45 F.3d at 1348 (quoting *Brook Village N. Assocs. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)).  The burden is on the party who obtained the admission to prove that withdrawing the admission would prejudice its case.  *Id.*

This Court has routinely held that there is no prejudice where, as here, a responding party quickly rectified the missed deadline, there could have been no material reliance on the admissions in the interim, and the case was not close to or on the eve of trial.  *See, e.g.*, *Grossman v. Directors Guild of Am., Inc.*, No. EDCV161840GWSPX, 2018 WL 5914237, at *3 (C.D. Cal. Apr. 12, 2018) (no prejudice where defendant "was only a few days late in serving its responses, a delay that could not have materially affected plaintiffs' deposition preparations."); *Vecron Exim Ltd. v. Stokes*, No. CV1702944CASRAOX, 2018 WL 6168022 (C.D. Cal. June 20, 2018) ("The prejudice contemplated by Rule 36(b) focuses on the prejudice that [the party relying on the admissions] could suffer at trial or close to trial, not four months prior.").  In fact, this Court has permitted a party to withdraw admissions even where the case for prejudice was far greater than exists here.  *See, e.g.*, *Patterson v. Boeing Co.*, No. CV 16-7613-GW (SKX), 2018 WL 5937317, at *2 (C.D. Cal. Feb. 22, 2018) (permitting withdrawal of admissions despite (1)

plaintiff's failure to correct its omission for over eight months, and (2) defendant's reliance on the admissions in its summary judgment motion).

Again, in this case, ELCO served its responses within three days of the deadline. Trial is still over four months away. After ELCO served its responses on November 7, DMF deposed ELCO's 30(b)(6) witness and president on November 8 and 11, with ample opportunity to ask about the subject matter covered by the RFAs.

Additionally, the original deadline for ELCO's responses—November 4, 2019—was also the last day of discovery. As such, to the extent DMF is of the opinion that any further discovery is needed to explore ELCO's responses, DMF is in the exact same position it would have been in even if the responses had been served on November 4. There is no prejudice. *See Cortez v. Chipotle Mexican Grill, Inc.*, No. CV 17-4787-GW(JPRX), 2018 WL 6017033, at *10 (C.D. Cal. May 7, 2018) (permitting withdrawal despite the fact that the requests were due on the last day of discovery, holding that "foregoing certain discovery [] does not by itself constitute prejudice."); *Vecron Exim Ltd.*, 2018 WL 6168022 at *4 (dismissing the close of discovery as a factor supporting prejudice); *Conlon v. United States*, 474 F.3d 616, 624 (9th Cir. 2007) ("[W]e are reluctant to conclude that a lack of discovery, without more, constitutes prejudice. The district court could have reopened the discovery period . . . and prejudice must relate to the difficulty a party may face in proving its case at trial.").

This Court has noted that "more than a failure to meet deadlines is required to deny a party relief from an admission." *AECOM Energy & Constr., Inc.*, 2018 WL 6266462, at *4 (quoting *Raiser v. Utah County*, 409 F.3d 1243, 1247 (10th Cir. 2005)). This is not such a case. Defendants quickly rectified their mistake, trial is still months away, and there could have been no material reliance on the admissions in the mere three days that passed after the deadline. This case should be resolved on the merits, and ELCO's admissions deemed withdrawn.

5
DEFENDANT AMP PLUS, INC.'S MOTION TO WITHDRAW ADMISSIONS

During the meet and confer between counsel on November 18, 2019, DMF's counsel took the position that ELCO cannot show good cause for withdrawing the admissions because ELCO objected to the RFAs and those objections are evasive. DMF's position is not tenable and irrelevant to deciding this motion. ELCO's substantive responses (or objections) to the RFAs is not a factor in determining whether the admissions should be deemed withdrawn. If the Court grants this Motion, and DMF has an issue with ELCO's RFA responses, then DMF can take up that issue with ELCO and the Court. DMF cannot argue that it is prejudiced by this situation because, had ELCO not made the service error in the first place, DMF would be faced with the same situation. *See, e.g., Morrow v. Boston Mut. Life Ins. Co.*, No. Civ 06-2635-PHX-SMM, 2007 WL 4335486, at *4 (D. Ariz. Dec. 7, 2007) (holding that neither defendants' "refusal to admit 'obviously true' facts" nor alleged "evasive" discovery conduct satisfies the prejudice prong under Rule 36(b)). Denying this Motion based on DMF's position would result in an unjustifiable windfall for DMF and penalize ELCO for a simple mistake made by a staff member of its counsel's firm.

Indeed, even if the Court found ELCO's objections deficient, what DMF is effectively seeking here—deeming those requests admitted—is not the appropriate relief. *See, e.g.*, *Sterling Jewelers Inc. v. Alex and Ani, LLC*, No. 5:17-cv-2540, 2018 WL 6064868 (N.D. Ohio, Nov. 20, 2018). As plainly stated in *Sterling*: "The rule [36] sets forth the proper sequence. First, if a party has objected to requests for admission, but the objection is not justified, the court 'must order that an answer be served.'" *Id.* at *3. Only if "the party answered, but the court finds that the answer 'does not comply with this rule, [then] the court may order either that the matter is admitted or than an amended answer be served.'" *Id.*

Just as in *Sterling*, DMF "appears to merge these two, arguing that [respondent's] objections are non-responsive and evasive and, therefore, the requests

1  should be immediately deemed admitted." *Id.* This is improper. *Id.* ("The Court
2  does not read the rule as permitting the immediate relief [sought].").

## IV. Conclusion

As discussed above, both factors of Rule 36(b) are met, and ELCO's inadvertent admissions should be deemed withdrawn. Should DMF have any complaints regarding the resulting responses and objections, this is a separate issue that it can take that up in its own motion to the extent appropriate.

Accordingly, ELCO respectfully requests this Court to grant this Motion and deem ELCO' admissions with respect to the RFAs withdrawn.

Respectfully submitted,

Dated: November 25, 2019           BRYAN CAVE LEIGHTON PAISNER LLP


By: */s/ Robert E. Boone III*
    Robert E. Boone III

Attorneys for Defendants
AMP Plus, Inc. d/b/a ELCO Lighting and Elco Lighting, Inc.