Ben M. Davidson (State Bar No. 181464)
ben@dlgla.com
DAVIDSON LAW GROUP, ALC
4500 Park Granada Blvd, Suite 202
Calabasas, California 91302
Office: (818) 918-4622
Fax: (310) 473-2941

David W. Long (admitted *pro hac vice*)
ERGONIQ LLC
8200 Greensboro Dr. Suite 900
McLean, VA 22102
Office: (202) 847-6853

*Attorneys for Plaintiff DMF, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DMF, Inc., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>AMP Plus, Inc. d/b/a ELCO Lighting, a California corporation; and<br><br>ELCO Lighting Inc., a California corporation,<br><br>        Defendants. | Civil Action No. 2:18-cv-07090 CAS (GJXx)<br><br>**Plaintiff DMF's Opposition To Defendant AMP Plus, Inc.'s Motion To Withdraw Admissions Without Providing Substantive Responses**<br><br>Date: December 23, 2019<br>Time: 10:00 a.m.<br>Courtroom: 8D |

## I. Introduction

In this District, when a court considers whether to exercise its discretion to deem late-served responses to Requests for Admissions timely, it simultaneously considers whether the substance of the responses makes them improper and, if they were, deems them admitted for that reason.[1]

Disappointingly, although ELCO is aware of this rule and of the court's holding in *Heritage*, it has declined several opportunities to provide substantive responses to DMF's RFAs, even *after* it missed the original deadline for responding to them. ELCO has insisted on filing this motion based on responses that were not merely late, but that were facially improper. Contrary to ELCO's position, the issue before the Court is not whether there was a clerical error when ELCO's counsel neglected to read an email from his staff member showing that the RFA responses had not been served. The issue is whether gamesmanship by ELCO's counsel should be rewarded when they have refused to provide actual answers to the RFAs:

>   (1) ELCO's late-served responses were evasive and non-responsive, and an obvious attempt to stonewall DMF as discovery came to a close: "the original deadline for ELCO's responses—November 4, 2019—was also the last day of discovery"[2];
>
>   (2) On November 18, when the parties met and conferred, ELCO refused to agree that the responses could be accepted outside the required time if they could simultaneously be reviewed by the Court to determine if they should be deemed admitted because they were evasive; and
>
>   (3) On December 2nd, after filing this motion, ELCO rejected DMF's suggestion that ELCO continue the hearing on this motion (because there is no urgency in resolving it) and that ELCO use that time to supplement its responses.

---

[1] *In re Heritage Bond Litig.*, 220 F.R.D. 624, 626-27 (C.D. Cal. 2004)(Magistrate Judge Chapman).

[2] Dkt. 329 at 5:7-11.

Rather than just answering DMF's Requests for Admissions, ELCO has created unnecessary work for the Court. ELCO first submitted a letter brief to the Magistrate Judge.[3] ELCO now is arguing that there should be at least two motions regarding its RFA responses—first the instant motion filed by ELCO to allow the untimely RFA responses to be deemed timely, and later, another motion to be filed by DMF regarding the substance of those responses and whether they were evasive.

As recently as on October 16, 2019, Magistrate Judge Standish warned ELCO that it had engaged in "a high level of gamesmanship" in providing evasive interrogatory responses, stating that the Court "really should not have needed to see a dispute like this, where right at the very end of the discovery -- and I believe it's an extended discovery cutoff -- the defendants trying to avoid answering questions which -- about -- much of which is about the most basic information in the case."[4] Instead of heeded that warning, ELCO seeks permission from this Court to serve late "responses" that are actually not responses, and it argues that the Court cannot even consider if ELCO is being evasive because "this is a separate issue that it [DMF] can take that up in its own motion to the extent appropriate."[5] ELCO is not entitled to the equitable relief that it seeks because it is not acting equitably but instead trying to create extra work for DMF and for the Court.

## II. ELCO's Responses Clearly Fail To Comply With the Federal Rules

Rule 36(a)(4) of the Federal Rules of Civil Procedure provides that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." The Rule further requires that

---

[3] Magistrate Judge Standish denied ELCO's motion stating that she no longer has jurisdiction to decide discovery disputes. Dkt. 324 (11/22/2019 Order by Magistrate Judge Standish). DMF's portion of the letter to Judge Standish identified the same deficiencies identified in this opposition.

[4] 10/16/2019 Tr. at 5, 16, attached as Exhibit 9 to Davidson Declaration filed 11/11/2019 (Dkt. 305-1, p. 110:20-111:15)

[5] ELCO's Motion (Dkt. 329) at 7.

"[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." An "evasive denial" may be deemed an admission.[6]

In violation of Rule 36, ELCO's response to 21 of the 58 RFAs concluded with the same phrase: "As there is no reasonable interpretation of this Request, Defendant is unable to admit or deny the Request." ELCO's response to RFA No. 8 is typical of its responses. ELCO remarkably claimed that the words "**ELCO**" and "**sold**" were so vague and ambiguous that ELCO was simply unable to provide any answer:

**REQUEST NO. 8:**[7]

Admit that **ELCO sold** the ELJ4S junction box.

**RESPONSE TO REQUEST NO. 8:**

In addition to its Preliminary Statement and General Objections, which are incorporated by reference as though fully set forth herein, Defendant objects to this Request on the grounds that it is vague and ambiguous including, with respect to the terms "**ELCO**" and "**sold**." ELCO is not defined and the scope of the word "sold" is unclear. Subject to and without waiving the foregoing objections, which are incorporated by reference as though fully set forth herein, Defendant responds as follows: **As there is no reasonable interpretation of this Request, Defendant is unable to admit or deny the Request.**

Based on ELCO's motion, three different ELCO attorneys working on these responses found "no reasonable interpretation" of the words "ELCO" and "sold."[8]

Similarly, in response to RFA 14, ELCO again claimed that "ELCO" was vague, and that ELCO did not know what DMF meant by the LED trims identified in the Complaint, *i.e.,* the parties' identical "UNO trims" and "OneLED trims":

---

[6] *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981).

[7] Dkt. 329-2 (Kehlenbeck Decl.) at p. 8 (emphasis added).

[8] Dkt. 329-1 at ¶¶8-11.

**REQUEST NO. 14:**[9]

Admit that the design of **ELCO's UNO trims** was based on the design of DMF's **OneLED trims**.

**RESPONSE TO REQUEST NO. 14:**

In addition to its Preliminary Statement and General Objections, which are incorporated by reference as though fully set forth herein, Defendant objects to this Request on the grounds that it is vague and ambiguous with respect to the terms '**ELCO**,' '**UNO trims**,' and '**OneLED trims**.' Further, **ELCO is not defined** and the 'trims' subject to the Request are not defined with any identifying indicia. Defendant further objects to this Request on the grounds that the Request is impermissibly compound.

Subject to and without waiving the foregoing objections, which are incorporated by reference as though fully set forth herein, Defendant responds as follows: **As there is no reasonable interpretation of this Request, Defendant is unable to admit or deny the Request.**

ELCO was similarly evasive in refusing to state whether ELCO's attorneys had warned ELCO not to rely on its opinion counsel's non-infringement advice. In response to RFA No. 22, ELCO failed to deny that its former trial counsel (Kelly Cunningham) had informed ELCO that he disagreed with the non-infringement opinion of ELCO's opinion counsel Eric Kelly. If ELCO's representations to this Court were true, ELCO should have denied this RFA. ELCO represented to the Court last May that "neither [Mr. Cunningham nor ELCO's new trial counsel Mr. Boone] provided ELCO with legal opinions regarding non-infringement, nor was involved in ELCO's communications with its opinion counsel (Mr. Kelly) or his advice regarding non-infringement."[10] Despite that representation, ELCO gave an evasive response and asserted privilege over a communication that supposedly did not exist, and as to which any privilege was waived when ELCO relied on Mr. Kelly's opinions. RFA 22 and ELCO's response are reproduced below:

**REQUEST NO. 22**:[11]

Admit that before ELCO began selling the version 3 design of the ELL Module, **Kelly Cunningham informed ELCO that he disagreed**

---

[9] Dkt. 329-2 at pp. 11-12 (emphasis added).

[10] Dkt. 189 (5/24/2019 opposition to motion to compel).

[11] Dkt. 329-2 at pp. 16-17 (emphasis added).

**with Eric Kelly's opinion regarding whether version 3 would infringe U.S. Patent No. 9,964,266**.

**RESPONSE TO REQUEST NO. 22:**

In addition to its Preliminary Statement and General Objections, which are incorporated by reference as though fully set forth herein, Defendant objects to this Request on the grounds that it seeks privileged or protected information, including, without limitation, information protected by the attorney-client privilege, the work product doctrine. Defendant objects to this Request on the grounds that it is vague and ambiguous with respect to the terms "informed," "ELCO," "opinion" and "whether version 3 would infringe." Defendant further objects to this Request on the grounds that it does not seek information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence in this case. Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving the foregoing objections, which are incorporated by reference as though fully set forth herein, Defendant responds as follows: **As there is no reasonable interpretation of this Request that would not invade the attorney client privilege, Defendant is unable to admit or deny the Request.**

ELCO's responses to RFAs 30-55 were evasive for a different reason. Apparently relying on its General Objections, ELCO refused to admit that a number of documents were "business records within the meaning of Rule 803(6) of the Federal Rules of Evidence."[12] These are ELCO company emails. They include, for example, an August 25, 2015 email that was sent by ELCO's head of engineering to an ELCO vendor.[13] ELCO did not identify what parts of the business-records rule it contends are not met by its own emails, *e.g.,* were they not made at or near the time of the events by someone with knowledge or kept in the regular course of activity of a business? No legitimate interest would be served if ELCO is allowed to provide these responses out of time. That would only require the parties to waste time at trial establishing that these are admissible business records.

---

[12] Dkt. 329-2 at pp. 21-32.

[13] The email was quoted in a prior, under-seal filing. *See* Dkt. 309 at 14:15-20.

### III. DMF's RFAs Seek To Narrow The Issues And Do Not Eliminate A Presentation On The Merits

Rule 36(b) provides that the court "may permit withdrawal" of admissions if it would promote the presentation of the merits of the action and if there would be no prejudice to the requesting party.[14] In seeking to withdraw its admissions, ELCO has not shown that the first prong of this test is met for the vast majority of the RFAs at issue here. In particular, the question of whether "upholding the admissions would practically eliminate any presentation of the merits of the case,"[15] does not apply to nearly all the RFAs because they seek admissions regarding discrete facts to narrow issues for trial and do not dispose of an entire claim or defense.[16]

RFAs 1-3 and 4-11 relate to discrete facts concerning ELCO's "unclean hands" defense, which is based on UL Standards.[17] Even if they disposed of an entire defense, however, that is a marginal defense, which supports the Court's denying leave to withdraw the admissions.[18] Moreover, ELCO will be precluded from pursuing this defense because it failed to comply with the Court's October 16, 2019 ordering ELCO to produce its documents regarding UL Standards.[19] Compounding this, though expert reports have been exchanged, ELCO submitted no expert report to support this hyper-technical defense. Therefore, permitting ELCO to withdraw its admissions regarding UL Standards would serve no purpose.

---

[14] Fed. R. Civ. P. Rule 36(b).

[15] *Hadley*, 45 F.3d at 1348.

[16] *See In re Heritage Bond Litig.*, 220 F.R.D. 624, 626-627 (C.D. Cal. 2004)(declining to permit late response to RFAs where "the requests for admissions propounded by class plaintiffs to defendant would merely narrow the issues for trial -- one of the purposes of Rule 36.")

[17] Dkt. 329-2 at pp. 4-10.

[18] *Conlon*, 474 F.3d at 625 (the district court may consider "whether the moving party appears to have a strong case on the merits.")

[19] *See* Dkt. 286 ("The Court finds that the information sought related to 'UL Standards' is relevant and also must be provided.")

RFAs 10-17 similarly relate to DMF's trademark claim but seek admissions regarding discrete facts, not ultimate issues of liability. For example, RFA 10 asked ELCO to admit that it "was aware of DMF's OneLED mark before it selected the UNO name for its trims" but ELCO claimed it did not know what these terms mean.[20] Further, RFA 22 discussed above does not establish willfulness; it narrows the dispute regarding ELCO's communications with another lawyer (Cunningham) that, according to ELCO's representations to the Court, was not "involved in ELCO's communications with its opinion counsel (Mr. Kelly) or his advice regarding non-infringement."[21] If ELCO's representations were true, it would have denied that RFA; but strangely it did not.

Finally, admitting that a number of ELCO emails satisfy at least some conditions of the "business records" rule would not eliminate any presentation of the merits; it would simply avoid lengthy examination on foundational issues at trial.

## IV. The Court Has Discretion To Deny Equitable Relief To ELCO Because ELCO Is Engaging In Gamesmanship

Whether or not ELCO satisfies the two-pronged test, it is not entitled to the equitable relief that it seeks. In the Ninth Circuit, although the two-part test must be considered, courts have discretion whether to permit admissions to be withdrawn.[22]

ELCO relies on an out-of-circuit case to suggest that the Court should not consider the evasiveness of its responses in determining whether the late responses

---

[20] Dkt. 329-2 at p. 9.

[21] Dkt. 189 (ELCO's opposition to motion to compel) at 3:24-4:3 ("DMF attemp[t]s to overreach and demands production of all privileged communications between ELCO and its current and prior trial counsel, neither of which provided ELCO with legal opinions regarding non-infringement, nor was involved in ELCO's communications with its opinion counsel (Mr. Kelly) or his advice regarding non-infringement.")

[22] *Conlon*, 474 F.3d at 624; *Rodriguez v. City of Montclair*, 2015 U.S. Dist. LEXIS 154085, *20 (C.D. Cal. November 13, 2015) ("Rule 36(b) relief is permissive, and the district court need not grant relief in every case that satisfies the two-pronged test.")

should be deemed admitted.[23] In *Sterling Jewelers*, the court found that the defendant's RFA responses were timely, so the evasiveness of its responses could not be considered absent a regularly-noticed motion to compel that gave the defendant a chance to supplement.[24]

Unlike the situation in *Sterling Jewelers*, ELCO's responses here were admittedly late, and, in this District, courts can and do consider the evasive nature of late responses in determining whether those late responses should be deemed timely. As discussed above, in *In re Heritage Bond Litigation,* the Court declined to permit responses filed twelve days late to be deemed timely because those responses were evasive and relied on business records to deny the substance of the requests.[25] The Court explained, that "even if this Court had found that defendant's responses to the class plaintiffs' first set of requests for admissions were timely, it would not have found that defendant's responses to requests for admissions … were proper, and it would have deemed those requests admitted."[26]

## V. Conclusion

The Court should deny ELCO's motion. ELCO seeks equitable discretion to have its late responses to RFAs deemed timely, but it has failed to act equitably by supplementing its responses to provide actual answers to the RFAs.

---

[23] *See* ELCO's Motion (Dkt. 329) at 6.

[24] *Sterling Jewelers Inc. v. Alex & Ani, LLC*, No. 5:17-cv-2540, 2018 U.S. Dist. LEXIS 197829, at *7-8 (N.D. Ohio Nov. 20, 2018) ("As an alternative to its timeliness argument (which the Court has rejected), Sterling argues that Requests for Admission Nos. 1, 2, and 4-10 should be deemed admitted because A&A's responses are non-compliant with the requirements of Rule 36 ….")

[25] *Heritage Bond*, 220 F.R.D. at 626-627.

[26] *Id.*

Dated: December 3, 2019

Respectfully submitted,

by: /s/Ben M. Davidson

Ben M. Davidson (Cal. Bar 181464)
DAVIDSON LAW GROUP, *ALC*

David W. Long (admitted *pro hac vice*)
ERGONIQ LLC

*Attorneys for Plaintiff DMF, Inc.*

DMF's Opposition to ELCO's Motion
To Withdraw Admissions — - 9 -