UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-7090-CAS (GJSx) | Date | January 9, 2020 |
|---|---|---|---|
| Title | DMF Inc. v. AMP Plus, Inc, et al. | | |

| Present: The Honorable | GAIL J. STANDISH, U.S. MAGISTRATE JUDGE |
|---|---|
| E. Carson | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| None present | None present |

**Proceedings:**   (IN CHAMBERS)

Pursuant to the Hon. Christina A. Snyder's order [Dkt. 333] referring Defendant's Motion To Withdraw Admissions [Dkt. 329] to the Magistrate Judge, the Court has reviewed the motion, opposition, and reply papers submitted by the parties and determined that a hearing is unnecessary in this instance. For the following reasons, Defendant's Motion is GRANTED.

The Requests for Admission (RFAs) at issue in Defendant's motion were served by Plaintiff on the last possible date allowed by the discovery cutoff set by the District Judge. Through a clerical error, Defendant's responses, which had been fully prepared and were due on the very last day of fact discovery, were not served on Plaintiff. Realizing their error, the RFAs were served three days later. Whether served on or three days after the discovery cutoff, the Magistrate Judge was then without jurisdiction to address any substantive issues related to Defendant's responses. This problem is of Plaintiff's own making.

That is not to say that the District Judge would not have granted a motion or application by Plaintiff at that point – or any reasonable time thereafter – to reopen discovery for the limited purpose of having the Magistrate Judge address Defendant's allegedly deficient responses. Frankly, the Magistrate Judge would have supported such an application, if

|  | : |  |
|---|---|---|
| | Initials of Preparer | efc |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-7090-CAS (GJSx) | Date | January 9, 2020 |
|---|---|---|---|
| Title | DMF Inc. v. AMP Plus, Inc, et al. | | |

timely made, because several of Defendant's responses are indeed deficient – in some instances, demonstrating tactical maneuvering that borders on sanctionable conduct.[1]  But Plaintiff did not bring the substantive issues to the Court's attention.  Rather, it was Defendant that made a timely motion to withdraw its barely-late admissions, doing so on November 25, 2019 after meeting and conferring with Plaintiff.  Even to date, now two months after it received the deficient responses, Plaintiff has not properly raised the substantive issues it touched on in its Opposition to Defendant's Motion.

Plaintiff recently and successfully opposed Defendant's motion to stay these proceedings.  Judge Snyder's order denying Defendant's motion states that the last day to file motions is only a few weeks away, and trial is set for March 2020.  Thus, in this Court's view, Plaintiff's delay in seeking substantive review of Defendant's RFA responses renders any future request for the Court to weigh in on discovery issues fatally untimely.

In sum, Defendant's service of its RFA responses three days late was excusable and did not cause any prejudice to Plaintiff.  Any "harm" to Plaintiff in not getting the substantive

---

[1] Defendant's alleged inability to understand certain simple terms, such as "ELCO" and "sold," is stunning.  Plaintiff's Opp. [Dkt. 332 at 3 (quoting Defendant's Response to Request No. 8).]  If this issue was fully and properly briefed at this time, the Court would seriously consider ordering more fulsome responses and shifting attorney's fees to the winner.  But the issue is not properly before the Court.  Moreover, Plaintiff should also note that not all of its arguments as to why Defendant's responses were improper appear to be well taken.  For example, Plaintiff excoriates Defendant for refusing to admit that company e-mails are "business records" for purposes of the hearsay rules.  While e-mails *may* be business records, and sometimes are, they do not automatically fall under this exemption from the hearsay rule.  Often, they are found to be *authentic* documents, but documents that still contain hearsay statements.  That the Court cannot, on the present record, determine which of Defendant's responses are proper and which would require supplementation demonstrates, in part, why Defendant's instant motion must be granted.

|  | : |
|---|---|
| Initials of Preparer | efc |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-7090-CAS (GJSx) | Date | January 9, 2020 |
|---|---|---|---|
| Title | DMF Inc. v. AMP Plus, Inc, et al. | | |

answers it desired was of its own doing. Defendant's Motion to Withdraw is therefore GRANTED.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | efc |