Ben M. Davidson (State Bar No. 181464)
ben@dlgla.com
DAVIDSON LAW GROUP, ALC
4500 Park Granada Blvd, Suite 202
Calabasas, California 91302
Office: (818) 918-4622
Fax: (310) 473-2941

David W. Long (admitted *pro hac vice*)
longdw@ergoniq.com
ERGONIQ LLC
8200 Greensboro Dr. Suite 900
McLean, VA 22102
Office: (202) 847-6853

*Attorneys for Plaintiff DMF, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMF, Inc., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>AMP Plus, Inc. d/b/a ELCO Lighting, a California corporation; and<br><br>ELCO Lighting Inc., a California corporation,<br><br>    Defendants. | Civil Action No. 2:18-cv-07090 CAS (GJXx)<br><br>**PLAINTIFF DMF'S *EX PARTE* APPLICATION TO CONFIRM OR OTHERWISE EXTEND DEADLINE TO FILE REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Ctrm: 350 W. First. Street, Room 8D<br>Hon. Christina A. Snyder |

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that Plaintiff DMF, Inc. ("DMF") hereby applies for L.R. 7-19 *ex parte* relief requesting that the Court confirm or otherwise extend its deadline to file its Reply papers in support of its Motion for Summary Judgment (dkt. 345).

When the Court continued the summary judgment briefing schedule to accommodate an unfortunate death in DMF's counsel's family, the hearing on DMF's motion was moved to March 2, 2019. See Dkt. 344 (extending last day to file summary judgment by one week). DMF filed its summary judgment motion on February 3rd; ELCO opposed on February 10th; and, having seven days to reply, DMF intended to reply on February 17th. DMF indicated its intention to ELCO during a Rule 16 meeting of counsel on Tuesday. After noting Wednesday afternoon that February 17th is a federal holiday, and to avoid any ambiguity and unnecessary motion practice regarding the timing of DMF's reply, DMF reached out to ELCO's counsel to confirm that ELCO was not planning to object to the filing of DMF's reply summary judgment papers on February 17th. ELCO indicated in response, contrary to recent case law in this district (*Asher v. E! Entm't TV, LLC*, No. CV 16-8919-RSWL-SSx, 2017 U.S. Dist. Aug. 16, 2017)), that it was planning to object based on a position that DMF's reply summary papers must be filed this Friday, February 14 – just a few days after ELCO filed its opposition papers.

DMF respectfully asks the Court to confirm, or otherwise extend, the deadline for DMF to file its reply in support of its motion for summary adjudication to February 17, 2020 or , if the Court's ECF system is still unavailable on February 17th due to the CM/ECF conversion on that day, as soon as possible on February 18, 2020. That is not only consistent with the 2017 *Asher* decision, but would give DMF seven days in which to reply to ELCO's opposition papers, as contemplated by the Local Rules, and coincides with when the Court's ECF system will be available based on the Notice from the Clerk sent early in the morning on February 13, 2020

with a reminder that the "CM/ECF will be unavailable beginning February 14, 2020 at 6:00 p.m. through Monday, February 17, 2020."

ELCO cannot possibly suffer any prejudice as a result of this request, nor has it identified any prejudice. DMF, however, would be prejudiced if forced to file a reply less than four full days after receiving ELCO's opposition papers in the same week when it must respond to ELCO's IPR petition and attend to Rule 16 meet and confer obligations and exchanges.

Good cause exists under L.R. 17-9 for this *ex parte* relief, because of the fast-approaching reply deadline, and the dispute between DMF and ELCO as to whether the reply papers must be filed on Friday (tomorrow) or Monday, and the fact that the Court's ECF system will be unavailable Friday from 6:00 p.m. through Monday.

This *ex parte* application is based on the attached Memorandum of Points & Authorities and such further argument and evidence as may be considered by the Court on this application. Submitted herewith is a proposed order that confirms or otherwise extends DMF's deadline to file its summary judgment reply papers until February 17, 2020 or, as soon as possible on February 18, 2020.

NOTICE OF APPLICATION TO COUNSEL: On February 12, 2020, immediately after ELCO's counsel took the position that DMF's brief is due on Friday, February 14, DMF provided notice to ELCO's counsel (Mr. Bob Boone III and Mr. Dan Crowe) that, absent ELCO's stipulation, DMF would file this *ex parte* with the Court, and that ELCO would have 48 hours to file its opposition. DMF understands that ELCO will oppose this application.

Dated: February 13, 2020

Respectfully submitted,

By: /s/ Ben. M. Davidson

Ben M. Davidson (State Bar No. 181464)
ben@dlgla.com
DAVIDSON LAW GROUP, ALC
4500 Park Granada Blvd, Suite 202
Calabasas, California 91302

| | |
|---|---|
| 1 | Office: (818) 918-4622<br>Fax: (310) 473-2941 |
| 2 | |
| 3 | David W. Long (admitted *pro hac vice*)<br>longdw@ergoniq.com<br>ERGONIQ LLC |
| 4 | 8200 Greensboro Dr. Suite 900<br>McLean, VA 22102 |
| 5 | Office: (202) 847-6853 |
| 6 | *Attorneys for Plaintiff DMF, Inc.* |

# MEMORANDUM OF POINTS AND AUTHORITIES

On January 24, 2020, the Court granted the parties' stipulation to continue the hearing – as well as the briefing schedule – on DMF's motion for summary adjudication. That stipulation pushed the dates back one week, to accommodate a death in DMF's counsel's family. Dkt. 344. DMF filed its motion for summary judgment on infringement, invalidity, and unclean hands on February 3, 2020. *See* Dkt. 345. Earlier this week, on February 10, ELCO filed its opposition papers from around 10:00 p.m. to 1:00 a.m. *See* Dkt. Nos. 365-381. The schedule contemplated ELCO having a week to file its opposition papers, and DMF to have a week to file its reply papers.

This week, in addition to having to review ELCO's summary judgment opposition papers and prepare its reply, the parties exchanged exhibit lists and witness lists, and held a lengthy Rule 16 meeting of counsel in which they previewed numerous motions *in limine* they will file with the Court this Friday, February 14. DMF has been diligently working on streamlining those motions. Separately, the deadline to respond to ELCO's petition in the IPR proceeding recently initiated by the PTAB is February 13, 2020. It has been a compacted and incredibly busy week. During the Rule 16 meet and confer, DMF's counsel indicated that DMF was filing its reply summary judgment papers on Monday, and that certain issues could be discussed after that filing deadline. Declaration of B. Davidson at ¶2. ELCO's counsel said nothing about that timing of the reply filing. Declaration of B. Davidson at ¶2.

On February 12, DMF's counsel noticed its reply deadline of February 17 was a federal holiday. To avoid any confusion, DMF's counsel wrote to ELCO's counsel as follows:

> As I mentioned during our call yesterday, we are filing our summary judgment reply brief Monday. We are also planning to file our motions in limine on Monday. It was just brought to my attention that Monday is a holiday and that, although unclear, the due date for our briefs and your in

DMF's *Ex Parte* App. To Reconsider Order (Dkt. 233)   - 1 -

> limine motions might be affected by this. We think the parties should probably file a stipulation and proposed order with the Court to clarify that the parties are planning to file their briefs Monday. Please let us know if you agree.

Davidson Decl. at ¶3.

ELCO's response indicated that it believed DMF's filing would be untimely:

> The rules are clear. DMF's MSJ reply brief is due on Friday, February 14. Motions in limine are due to be filed that day, too. Defendants are not agreeable to extending that deadline.

Davidson Decl. at ¶4.

Surprised, DMF immediately responded by 6:26 p.m. and provided ELCO with case law from this district supporting the view that when the deadline to file a responsive brief falls on a holiday, the deadline is continued to the next Court day. DMF's counsel informed ELCO's counsel that if it would not stipulate to the filing of the reply summary judgment papers on February 17 – one week after ELCO's opposition filing – DMF would be forced to file this *ex parte* application. DMF asked for a response by yesterday evening. ELCO did not provide a response.

It is only fair that DMF would have one week to respond to ELCO's opposition papers, when that was contemplated the schedule that was in place before DMF needed to move it due to unfortunate personal circumstances. ELCO should not attempt to squeeze DMF to file its reply papers less than four days after receiving its voluminous opposition papers, especially given the myriad other case deadlines that occupied the parties this week. Davidson Decl., ¶3.

Under *Asher v. E! Entm't TV, LLC*, No. CV 16-8919-RSWL-SSx, 2017 U.S. Dist. Aug. 16, 2017), "[p]ursuant to Federal Rules of Civil Procedure 6(a)(1)(C), when computing time in a Local Rule, if the deadline to file an Opposition falls on a legal holiday, like the Fourth of July, then the plaintiff has until the end of the next day, July 5, 2017, to file their Opposition." *Id.* *5 n. 2.

Rather than proceeding based soley on the *Asher* case, which indicates that DMF's deadline is Tuesday February 18, DMF desires to confirm that its reply brief filing deadline is February 17, or otherwise asks the Court to extend the deadline to when the CM/ECF system is available, and will e-file its papers at that time. Doing so would not prejudice ELCO in any conceivable way.

Moreover, given that the Clerk has indicated that "CM/ECF will be unavailable beginning February 14, 2020 at 6:00 p.m. through Monday, February 17, 2020," permitting DMF to file its reply when the system is available again would result in a more orderly presentation of the issues for the Court on DMF's dispositive motion. DMF will provide the Court with a courtesy chambers copy of its papers as soon as possible after receiving the notice of electronic filing.

                          Respectfully submitted,

Dated: February 13, 2020       By:   /s/ Ben M. Davidson

                          Ben M. Davidson (State Bar No. 181464)
                          ben@dlgla.com
                          DAVIDSON LAW GROUP, ALC
                          4500 Park Granada Blvd, Suite 202
                          Calabasas, California  91302
                          Office: (818) 918-4622
                          Fax: (310) 473-2941

                          David W. Long (admitted *pro hac vice*)
                          longdw@ergoniq.com
                          ERGONIQ LLC
                          8200 Greensboro Dr. Suite 900
                          McLean, VA  22102
                          Office: (202) 847-6853

                          *Attorneys for Plaintiff DMF, Inc.*