Robert E. Boone III (California Bar No. 132780)
reboone@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, CA  90401-2386
Tel:  (310) 576-2100/Fax: (310) 576-2200

Daniel A. Crowe (*Pro Hac Vice*)
dacrowe@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Tel:  (314) 259-2000/Fax (314) 259-2020

Erin A. Kelly (*Pro Hac Vice*)
erin.kelly@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Tel: (303) 861-7000/Fax: (303) 866-0200

Attorneys for Defendants AMP PLUS, INC.
d/b/a Elco Lighting and Elco Lighting, Inc.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMF, Inc., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>AMP Plus, Inc. d/b/a ELCO Lighting, a California corporation; and,<br><br>ELCO Lighting Inc., a California corporation,<br><br>    Defendants.<br>_____<br><br>AND RELATED COUNTER-ACTIONS. | Case No. 2:18-cv-07090-CAS-GJS<br><br>Hon. Christina A. Snyder<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 4 – TO EXCLUDE TESTIMONY REGARDING ALLEGED POTENTIAL DEFECTS IN ELCO MODULES**<br><br>[Filed with (Proposed) Order]<br><br>Date:          March 16, 2020<br>Time:          11:00 a.m.<br>Courtroom:    8D |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on March 16, 2020, at 11:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8D of the Honorable Christina A. Snyder, United States District Court, Central District of California, Western Division located at 350 W. First Street, Los Angeles, CA 90012-4565, Defendants AMP Plus, Inc. d/b/a ELCO Lighting ("ELCO") and Elco Lighting, Inc. ("ELI"), will, and hereby do, move the Court for an order excluding any and all testimony regarding any potential danger in the operation of the Elco modules due to a lack of a ground wire and/or the particular fuse used with the modules, on the grounds that DMF failed to designate any expert testimony on these topics and any such testimony by lay witnesses is purely speculative and highly prejudicial to Elco and, as such, does not satisfy the evidentiary requirements under Rules 402, 403, 602, and 702 of the Federal Rules of Evidence.  Any such evidence and testimony should also be excluded because DMF failed to comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings, records, and papers filed herein; and all other matters that the Court may consider, including the oral argument of counsel.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 11, 2020.

Dated:  February 13, 2020          BRYAN CAVE LEIGHTON PAISNER LLP


By: */s/ Robert E. Boone III*
        Robert E. Boone III

Attorneys for Defendants
AMP Plus, Inc. d/b/a ELCO Lighting and Elco
Lighting, Inc.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1  ## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2       There are a number of significant differences in the design of the lighting

3  modules sold by DMF and Elco.  Once such difference is that Elco was able to

4  design its ELL modules such that the modules do not require a separate ground

5  wire, yet still operate safely and in compliance with all applicable UL standards.

6       At trial, DMF plans to proffer unfounded evidence that Elco's modules are

7  somehow unsafe, either because the modules lack a ground wire or use a particular

8  fuse.  DMF has no basis for this speculation.  DMF did not designate any expert

9  witness to address this topic.  DMF's lay witnesses have no personal knowledge

10 that the design of Elco's modules may cause a safety concern, did not test any of

11 Elco's modules, and are simply relying on conjecture and speculation.

12 ## I.   <u>BACKGROUND</u>

13      During the preliminary injunction phase of this case, DMF attempted to

14 disparage the design and performance of the Elco ELL modules.  Specifically, in its

15 Motion for Preliminary Injunction [Dkt. No. 28-2], DMF asserted that Elco's ELL

16 modules present "a safety hazard" because the modules do not include a ground

17 wire and use an allegedly underrated safety fuse, citing to the Declarations of Peter

18 Maciel ("Maciel Decl.") and Benjamin Chen [Dkt. Nos. 27 and 29-8].  Michael

19 Danesh, who does not have an engineering degree, also offered his unfounded

20 speculation regarding the potential safety impact that the lack of a ground wire and

21 the type of fuse used in the Elco modules.  Declaration of Michael Danesh in

22 Support of DMF, Inc.'s Motion for Preliminary Injunction [Dkt. No. 29-2], ¶¶ 83-

23 84.  DMF offered Mr. Maciel as an expert during the preliminary injunction phase

24 only and he opined on the absence of a ground wire and the particular fuse used in

25 the Elco modules.  However, DMF did not designate Mr. Maciel as an expert or

26 serve any report from him during the expert discovery phase.  Further, DMF did not

27 disclose anyone to offer expert opinion on the ground wire and fuse issues.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

## II.  <u>APPLICABLE LEGAL STANDARD</u>

Courts have inherent power "to manage the course of [their] trials," including the granting of appropriate motions *in limine. Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  The Ninth Circuit has explained that motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." *Brodit v. Cabra*, 350 F.3d 985, 1004-05 (9th Cir. 2003) (citations omitted).

The Federal Rules of Evidence govern the Court's gate-keeping role concerning evidence.  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.  Further, relevant evidence is defined as evidence having "any tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Evidence that is not relevant is not admissible.  Fed. R. Evid. 402.  Even if relevant, evidence may still be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R.  Evid. 403.  Opinions on scientific or technical matters must be made by a witness who is qualified as an expert by knowledge, skill, experience, training, or education.  Fed. R. Evid. 702.  However, such opinions must be timely disclosed pursuant to Fed. Civ. P. Rule 26(a)(2).

## III.  <u>ARGUMENT</u>

The question of whether the absence of a ground wire, and the particular fuse used in the Elco modules, may cause a safety hazard certainly is the type of issue that requires testimony from someone with scientific, technical, or other specialized knowledge.  This type of testimony falls within Rules 702, 703 or 705 of the Federal Rules of Evidence.  DMF admits as such, as it referred to Mr. Maciel as its "product safety expert."  *See* Plaintiff DMF's Motion for Preliminary Injunction

[Dkt. 28-2] at p. 23.  However, DMF failed to disclose any such expert as required by Fed. R. Civ. P. Rule 26(a)(2).  As such, the Court should exclude any evidence regarding the appropriateness of the fuse used in the Elco modules and whether the absence of a ground wire in the Elco modules may present any safety issues.

DMF's lay witnesses should also be precluded from addressing this issue.  Not a single DMF witness claims to have firsthand knowledge that the absence of ground wire has any impact on the functionality of the Elco modules.  DMF cannot cite to any instances of building inspectors failing a contractor's inspection because of Elco's modules, including because the modules lack a ground wire.  DMF has no evidence that the Elco modules present a safety issue or have encountered any performance issues or problems.  That the lack of a ground wire, or the particular fuse used, may cause a potential danger is rank conjuncture.

DMF cannot properly lay a foundation for such testimony as none of DMF's witnesses conducted any testing of the ELL modules to determine if the lack of a ground wire or the selection of the fuse creates any risk.  In fact, the evidence is to the contrary.  Prior to the issuance of the preliminary injunction, Elco sold numerous ELL modules, which were installed in a number of locations.  Elco did not receive any complaints about any alleged "safety hazard" caused by the operation of the modules.  Without any firsthand knowledge, DMF's lay witnesses should not be permitted to testify on these issues under Rule 602.

Finally, the principal issues in this case involve DMF's claims of patent and trademark infringement, and Elco's counterclaims for non-infringement and invalidity.  Allegations regarding a ground wire and a fuse are not relevant to the claims of infringement.  Even if such allegations are relevant, any probative value of testimony regarding the absence of a ground wire allegedly leading to safety concerns is substantially outweighed by the danger of unfair prejudice to Elco and the potential for jury confusion.  Fed. Evid. R. 403.  The proferred evidence is also unduly prejudicial given the aforementioned lack of proof.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

IV.   **CONCLUSION**

Accordingly, ELCO respectfully requests this Court to grant this Motion and exclude any evidence that Elco's modules are somehow unsafe, either because the modules lack a ground wire or use a particular fuse.

Dated:  February 13, 2020          BRYAN CAVE LEIGHTON PAISNER LLP


                                   By: */s/ Robert E. Boone III*
                                       Robert E. Boone III

                                   Attorneys for Defendants
                                   AMP Plus, Inc. d/b/a ELCO Lighting and Elco Lighting, Inc.