Robert E. Boone III (California Bar No. 132780)
reboone@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: (310) 576-2100 / Fax: (310) 576-2200

Daniel A. Crowe (*Pro Hac Vice*)
dacrowe@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Tel: (314) 259-2000 / Fax: (314) 259-2020

Erin A. Kelly (*Pro Hac Vice*)
erin.kelly@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Tel: (303) 861-7000 / Fax: (303) 866-0200

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMF, Inc., a California corporation, | Case No. 2:18-cv-07090-CAS-GJS |
| Plaintiff, | Hon. Christina A. Snyder |
| vs. | **DEFENDANTS' MOTION IN LIMINE NO. 7 – TO PRECLUDE PLAINTIFF FROM RELYING ON *MARKMAN* ORDER DICTA** |
| AMP Plus, Inc. d/b/a ELCO Lighting, a California corporation; and, | [Filed with Declaration of Robert E. Boone III (Proposed) Order] |
| ELCO Lighting Inc., a California corporation, | Date:            March 16, 2020 |
| Defendants. | Time:            11:00 a.m. |
| | Courtroom:    8D |
| AND RELATED COUNTER-ACTIONS. | |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on March 16, 2020, at 11:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8D of the Honorable Christina A. Snyder, United States District Court, Central District of California, Western Division located at 350 W. First Street, Los Angeles, CA 90012-4565, Defendants AMP Plus, Inc. d/b/a ELCO Lighting ("ELCO") and Elco Lighting, Inc. ("ELI"), will, and hereby do, move the Court for an order precluding Plaintiff DMF, Inc. from presenting evidence, commentary or arguments at trial relying on dicta from the Court's Claim Construction Order, Dkt. No. 266, and excluding and/or striking portions of DMF's expert witness reports relying on the same.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Robert E. Boone III and exhibits thereto file in support of the Motion, the pleadings, records, and papers filed herein, and all other matters that the Court may consider, including the oral argument of counsel.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 11, 2020.

Dated:  February 13, 2020          BRYAN CAVE LEIGHTON PAISNER LLP

By: */s/ Robert E. Boone III*
        Robert E. Boone III

Attorneys for Defendants
AMP Plus, Inc. d/b/a ELCO Lighting and Elco Lighting, Inc.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

## MEMORANDUM OF POINTS AND AUTHORITIES

This Court should preclude DMF from proffering to the jury any evidence, commentary and/or argument referencing, describing or quoting any portion of the Court's Claim Construction Order ("CCO") (Dkt. No. 266) for the claim terms which the Court determined no construction is necessary, and for the claims terms the Court did construe, no portion of the Order other than the claim constructions themselves. The law is clear that DMF cannot reference dicta from the CCO during trial. Allowing DMF to do so would be reversible error.

## I.    BACKGROUND

Defendants believe that DMF will attempt to improperly influence the jury at trial with references to portions of the CCO besides the actual claim constructions. In particular, the expert report of James Benya, DMF's technical expert, improperly relies on claim construction arguments proffered by DMF and/or discussed by the Court in its CCO, but not made part of the Court's actual constructions. *See* Exh. A to Boone Decl., 11/16/19 Report of James Benya ("Benya Report"). A few representative examples are provided below:

> In ¶ 42 of his report, Mr. Benya states that "The Court's claim construction ruling on the term 'standard junction box' found that 'an ordinary juror would understand that, in the context of the '266 Patent, the term 'standard' means 'industry-specified' . . . and I apply the Court's ruling when applying the claim term 'standard junction box'." Benya Report, ¶ 42. The Court actually ruled that "the term 'standard' does not require construction" (CCO at 30), and only construed the term "junction box" (*i.e.*, without the word "standard") (*id.* at 27).

> In ¶ 55 of his report, Mr. Benya relies on two paragraphs of dicta from the Court's CCO regarding the term "driver." Benya Report, ¶ 55. But the Court ruled that "the term 'driver' does not require construction." CCO at 30.

> In ¶ 73 of his report, Mr. Benya relies on more than a full-page of discussion from the CCO regarding the term "unified casting," and further relies on DMF's proposed construction for that term. Benya

2

Report, ¶ 73.  The Court ruled that "no construction of 'unified casting' is necessary."  CCO at 9.

In ¶¶ 90-91 of his report, Mr. Benya cites multiple paragraphs from the CCO regarding the term "closed rear face" to support his opinion.  Ex. A, ¶¶ 90-91.  The Court ruled that "no construction is needed for the phrase 'closed rear face.'"  CCO at 14.

Again, these are but a few examples of Mr. Benya's reliance on language from the Court's CCO beyond the actual constructions themselves.  Defendants have highlighted those portions of Mr. Benya's report that improperly reference the CCO and.  *See* Exh. A.

## II.   **APPLICABLE LEGAL STANDARD**

Courts have routinely held that because "[c]laim construction is a question of law and exclusively within the province of the Court," at trial it is proper to exclude "[r]eference to the claim construction order, including the Court's reasoning," with the only exception being "references to the actual constructions."  *See, e.g., France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-cv-04967-WHO, 2014 WL 4272771, at *1 (N.D. Cal. Aug. 28, 2014) (because "[c]laim construction is a question of law and exclusively within the province of the Court," it is proper to exclude "[r]eference to the claim construction order, including the Court's reasoning," with the only exception being "references to the actual constructions.") (internal citations omitted); *Mobile Telecommunications Techs., LLC v. LG Elecs. Mobilecomm U.S.A., Inc.*, No. 2:13-CV947-JRG-RSP, 2016 WL 454894, at *2 (E.D. Tex. Feb. 5, 2016) (acknowledging previous order, which provided that "the parties shall not expressly or implicitly refer to each other's claim construction positions and shall not expressly refer to any portion of this order that is not a construction adopted by the Court").

This goes not only to lawyer argument, but expert testimony as well.  *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657-SI, 2019 WL

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

3

2493379 (N.D. Cal. June 14, 2019).  In *MLC Intellectual Property*, the court granted the defendant's motion in limine seeking to "preclude MLC and its technical expert [Dr. Lee] from discussing portions of the claim construction order other than the Court's actual claim constructions."  *Id.* at *1.  The court held that "[i]t is improper for any witness to testify about the Court's reasoning in the claim construction orders, and the Court will instruct the jury consistent with the claim construction." *Id.*

> The Federal Circuit has also approved of this approach:
>
> Michael Foods's complaint is that the district court provided the jury with merely the disputed claims and their respective definitions but excluded the dicta in the district court's claim construction order setting forth the reasoning accompanying the actual definitions. This court finds no error in this practice. The district court clearly instructed the jury on the meaning of the disputed claim terms. The law requires no more.

*Sunny Fresh Foods, Inc. v. Michael Foods, Inc.*, 130 F. App'x 459, 464-65 (Fed. Cir. 2005).

## III.   <u>ARGUMENT</u>

The law is clear.  DMF should be precluded from discussing or presenting at trial any arguments regarding claim construction that ignore or go beyond the Court's specific claim constructions.  Any attempt by DMF to introduce or present the legal reasoning underlying the Court's claim constructions, whether directly or through the testimony of Mr. Benya, would not assist the jury in determining any factual issues, and would serve only to confuse the issues and waste time at trial. *See Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1337 (Fed. Cir. 2009) ("it is improper to argue claim construction to the jury because the risk of confusing the jury is high when experts opine on claim construction.").

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

## IV.  **CONCLUSION**

Accordingly, Defendants respectfully requests this Court to grant this Motion and preclude DMF from proffering to the jury any evidence, including but not limited to Mr. Benya's testimony, or any commentary and/or argument referencing, describing or quoting any portion of the Court's Claim Construction Order ("CCO") (Dkt. No. 266) for the claim terms which the Court determined no construction is necessary, and for the claims terms the Court did construe, no portion of the Order other than the claim constructions themselves.  Defendants further request the Court to issue an order requiring DMF to redact the highlighted portions of Mr. Benya's report, as reflected in Exh. A attached to the Boone Decl., before any use at trial.

Dated:  February 13, 2020          BRYAN CAVE LEIGHTON PAISNER LLP


By: */s/ Robert E. Boone III*
       Robert E. Boone III

Attorneys for Defendants
AMP Plus, Inc. d/b/a ELCO Lighting and Elco Lighting, Inc.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386