UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | April 14, 2020 |
| Title | DMF, INC v. AMP PLUS, INC. ET AL. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:**   (IN CHAMBERS) - ORDER REGARDING JOINT STATUS REPORT (Dkt. [ 507 ], filed April 7, 2020)

The Court is in receipt of the joint status report filed by plaintiff DMF, Inc. ("DMF") and defendants AMP Plus, Inc. and Elco Lighting, Inc. (collectively, "ELCO"). Dkt. 507. The Court orders as follows:

1. The Court sets a further telephonic status conference for **10:00 a.m. PST** on **April 21, 2020**;

2. In advance of the April 21, 2020 status conference, the parties shall meet and confer regarding a proposed briefing schedule for the parties' anticipated motions for reconsideration;

3. Each party may file a motion for reconsideration that addresses both the Court's summary judgment and motions in limine orders in a single brief. Opening and opposition briefs shall be limited to no more than **twenty (20) pages**, and any replies shall be limited to no more than **ten (10) pages**[1];

---

[1] The Court reminds the parties that reconsideration is typically limited to circumstances where the Court: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013). In addition, any motion for reconsideration must comply with all applicable rules, including C.D. Cal. Local Rule 7–18, and pursuant to "L.R. 7–18, a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent." Pegasus Satellite Television, Inc. v. DirecTV, Inc., 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No. | 2:18-cv-07090-CAS(GJSx) |
| Title | DMF, INC v. AMP PLUS, INC. ET AL. |
| Date | April 14, 2020 |

4. During the April 21, 2020 status conference, the parties shall advise the Court regarding the parties' progress in resolving DMF's trademark and unfair competition claims, including a proposed deadline for the parties to attempt resolution of those claims;

5. The Court **DENIES** DMF's request to bifurcate ELCO's unclean hands defense. To the extent that the parties are unable to resolve DMF's trademark and unfair competition claims before trial, ELCO's unclean hands defense to those claims will be tried to an advisory jury;

6. The Court **DENIES** ELCO's request to bifurcate the issue of alleged willful infringement from other issues in this case. The Court will provide limiting instructions, as necessary, to minimize any alleged risk of juror confusion and undue prejudice;

7. Unless DMF agrees to dismiss its patent infringement claims for Claims 17 and 22 of the asserted patent with prejudice or otherwise provide ELCO with a covenant not to sue as to those claims, the Court will not require dismissal of ELCO's patent invalidity or noninfringement counterclaims.

IT IS SO ORDERED.

Initials of Preparer    00 : 00
    CMJ