1  Ben M. Davidson (State Bar No. 181464)
   ben@dlgla.com
2  DAVIDSON LAW GROUP, ALC
   4500 Park Granada Blvd, Suite 202
3  Calabasas, California  91302
   Office: (818) 918-4622
4  Fax: (310) 473-2941

5  David W. Long (admitted *pro hac vice*)
   longdw@ergoniq.comERGONIQ LLC
6  8200 Greensboro Dr. Suite 900
   McLean, VA  22102
7  Office: (202) 847-6853

8  *Attorneys for Plaintiff DMF, Inc.*

9

## IN THE UNITED STATES DISTRICT COURT

10

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  DMF, Inc., a California corporation, | Case No.   2:18-CV-07090 CAS (GJSx) |
| 13        Plaintiff, | |
| 14     v. | **JOINT SUBMISSION REGARDING BRIEFING SCHEDULE ON PARTIES' MOTIONS FOR RECONSIDERATION** |
| 15  AMP Plus, Inc. d/b/a ELCO Lighting, a California corporation; and | |
| 16  ELCO Lighting Inc., a California corporation, | Ctrm:  350 W. First. Street, Room 8D |
| 17        Defendants. | Hon. Christina A. Snyder |
| 18 | |

19

20

21          Pursuant to the Court's Minute Order dated April 21, 2020 (dkt. 513), Plaintiff

22  DMF, Inc. ("DMF") and Defendants AMP Plus, Inc., d/b/a ELCO Lighting

23  ("ELCO") and Elco Lighting, Inc. ("ELI") (collectively "Defendants") submit this

24  Joint Statement regarding a briefing and hearing schedule on the parties' respective

25  motions for reconsideration.  The parties were unable to agree on a schedule.

26

27

28

**DMF's Statement**

DMF asks the Court to adopt the schedule that ELCO itself proposed during the April 21st Status Conference (as well as on Friday April 17 and Monday April 20 when the parties met and conferred), with the hearing in mid-to-late June as the Court indicated during the Status Conference.  Right after that Court hearing, in an email to ELCO's counsel at 1:55 pm Tuesday April 21, DMF forwarded to ELCO a stipulation to file with the Court that accepts ELCO's proposed schedule below:

| | |
|---|---|
| Opening briefs due: | May 18, 2020 |
| Opposition briefs due: | June 1, 2020 |
| Reply briefs due: | June 15, 2020 |
| Hearing date: | June 22, 2020 or June 29, 2020, whichever is most convenient for the Court. |

During the April 21st Status Conference, ELCO explained that it wanted two weeks between briefs because it hoped to depose DMF's expert Mr. Benya in the co-pending IPR case sometime in May during the briefing schedule above.  This was different from ELCO's prior proposed schedule in the IPR that DMF had agreed with in which Mr. Benya's IPR deposition would be June 15 or 19.

So this morning, the PTAB held a scheduling conference with the parties and agreed with DMF that Mr. Benya's deposition should be taken on June 15 or within a couple days thereof, which flexibility DMF stated would avoid conflicting with an anticipated June 15 reply due date in this Court.  So the parties can flexibly schedule the Benya IPR deposition a few days after June 15 to avoid interfering with the briefing in this Court.  The PTAB also agreed that ELCO's IPR reply brief could be extended from May 7 to sometime after Mr. Benya's IPR deposition based on a schedule to be negotiated by the parties, so ELCO's IPR reply due date also can be

scheduled without conflicting with the hearing in this Court on either June 22 or 29. So there is now no interference between the schedule above in this Court and the IPR schedule.

Because DMF understood that ELCO wanted the two-week brief spacing _if_ Mr. Benya's IPR deposition was in May, DMF suggested after the PTAB ruling this morning that the parties consider a regular briefing schedule. ELCO, however, responded that the Bryan Cave law firm's attorneys and staff have problems working remotely and still need the two-week spacing. So DMF accepted that representation and continues to agree with the schedule above that ELCO suggested to the Court.

But ELCO now proposes a new briefing schedule that will interfere with the IPR schedule and creates an additional scheduling conflict: Mr. Long, who is DMF's lead counsel on the patent issues in this case, is scheduled to be out of the country from the evening of June 29 through and including the evening of July 12.

DMF respectfully asks that the Court adopt the schedule above.

**Defendants' Position**

As defense counsel advised the Court during the April 21 status conference call, Defendants' previously proposed briefing schedule was based on the assumption that ELCO would be allowed to take Mr. Benya's IPR deposition on May 21 or 22. That will not occur now the PTAB ruled today that Defendants can depose Mr. Benya on June 15, in person if that is possible but remotely if not. Defendants plan to depose Mr. Benya on June 15. The PTAB's ruling was not, as DMF suggests, based on an anticipated June 15 hearing date for the reconsideration motions.

Literally within minutes after the PTAB's ruling this morning, DMF's counsel sent an email proposing the following briefing schedule, reverting back to the one-week briefing intervals this Court rejected during the April 21 status conference:

<u>DMF's Schedule Proposed at 9:16 a.m. on 4/24/20</u>

| Opening briefs due: | May 18, 2020 |
|---|---|
| Opposition briefs due: | May 26, 2020 |
| Reply briefs due: | June 2, 2020 |
| Hearing date: | June 15, 2020 |

DMF did not offer to stipulate to Defendants' previously proposed briefing schedule (based on deposing Mr. Benya in May) until <u>after</u> Defendants responded to DMF's email following the PTAB hearing, proposing the following schedule, based on ELCO deposing Mr. Benya on June 15 (as ordered by the PTAB), <u>which schedule Defendants request this Court to adopt</u>:

<u>Defendants' Proposed Briefing Schedule</u>

| Opening briefs due: | May 22, 2020 |
|---|---|
| Opposition briefs due: | June 8, 2020 |
| Reply briefs due: | June 22, 2020 |
| Hearing date: | July 6, 2020 |

Defendants' proposed schedule avoids conflicts with the IPR proceeding and accommodates Mr. Long's first period of unavailability from April 17 through May 12.  By contrast, DMF's proposed schedule interferes with the IPR proceeding, which the Court indicated should be accounted for in a proposed briefing schedule.  First, DMF's proposed date for reply briefs conflicts with Mr. Benya's deposition on June 15.  Second, a hearing on June 22 or 29 will interfere with ELCO's ability to complete its IPR Reply brief.  Once Mr. Benya's deposition transcript becomes available, likely between June 19-22, defense counsel will be busy completing ELCO's IPR Reply brief, which will be due on June 29, 2020, per

discussions between the parties regarding that deadline.  Today, the PTAB stated that it will not move the IPR oral argument on August 20.  DMF's Sur-Reply is due July 27.  DMF wants at least four weeks to prepare that brief, which means June 29 is the last date for the IPR Reply.

DMF will not suffer any prejudice if the Court adopts Defendants' proposed schedule.  The preliminary injunction is in place.  The case is not going to trial anytime soon, so there is no rush to have the reconsideration motions heard.  As Court advised counsel during the hearing on Tuesday, once jury trials resume, whenever that is, criminal cases will take priority and the backlog of those is "extraordinary." If Mr. Long is not available for a hearing on July 6 due to his second period of unavailability, the hearing can be moved to July 13 (or later).

Accordingly, Defendants respectfully request this Court to issue an order adopting Defendants' proposed briefing schedule set forth above for the parties' motions for reconsideration.


Respectfully submitted,


By:  /s/ Ben M. Davidson
        Ben M. Davidson, Esq.

Ben M. Davidson
DAVIDSON LAW GROUP ALC

David W. Long
ERGONIQ LLC

*Attorneys for Plaintiff*
*DMF Inc.*

Date:

By:  Robert E. Boone III (with permission)
        Robert E. Boone III

Robert E. Boone III
BRYAN CAVE LEIGHTON PAISNER

*Attorneys for Defendants*
*AMP Plus, Inc., d/b/a ELCO Lighting,*
*and Elco Lighting, Inc..*

Date:

## **<u>Certification Pursuant To Local Rule 5-4.3.4(a)(2)(i)</u>**

Pursuant to Central District of California Local Rule 5-4.3(a)(2)(i), I hereby certify that the content of this document is acceptable to Robert Boone III, Esq., counsel for Defendants, and I have obtained his authorization to affix his electronic signature to this document.

Dated:                                    By:  /s/Ben Davidson
                                              Ben M. Davidson