UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - DEFENDANTS' MOTION FOR RECONSIDERATIO (Dkt. [ 520 ], fNiled May 22, 2020)

PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. [ 521 ], filed May 22, 2020)

## I.    INTRODUCTION AND BACKGROUND

On March 19, 2020, the Court issued an order regarding plaintiff DMF, Inc.'s ("DMF") motion for summary judgment against defendants AMP Plus, Inc. and Elco Lighting, Inc. (collectively, "ELCO"). Dkt. 499 ("MSJ Order"). On March 20, 2020, the Court issued an order regarding the parties' motions in limine. Dkt. 500 ("MIL Order").

ELCO filed a motion for reconsideration of portions of the Court's MSJ Order and MIL Order on May 22, 2020. Dkt. 520 ("ELCO Mot."). DMF filed an opposition on June 8, 2020. Dkt. 528 ("DMF Opp."). ELCO filed a reply on June 22, 2020. Dkt. 531 ("ELCO Reply").

On May 22, 2020, DMF filed a motion for reconsideration of portions of the Court's MSJ Order and MIL Order. Dkt. 521 ("DMF Mot."). ELCO filed an opposition on June 8, 2020. Dkt. 525 ("ELCO Opp."). DMF filed a reply on June 22, 2020. Dkt. 532 ("Reply").

The Court took the parties' motions under submission on June 30, 2020. Dkt. 533. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**

| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

## II.    LEGAL STANDARD

Reconsideration is an "'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). "In this district, motions for reconsideration are governed by Local Rule 7–18," Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc., 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008), which states: "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."  C.D. Cal. L.R. 7–18.  "Whether to grant a motion for reconsideration under Local Rule 7–18 is a matter within the court's discretion." Milton H. Greene, 568 F. Supp. 2d at 1162.  "Reargument should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Ernest Paper Products, Inc. v. Mobil Chemical Co., Inc., 1997 WL 33483520, at * 1 (C.D. Cal. Dec. 2, 1997) (quoting Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995)); see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."(emphasis in original)), Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

## III.    DISCUSSION

### A.    Summary Judgment Order

The parties each seek reconsideration of portions of the Court's MSJ Order.  The Court addresses the parties' requests in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

1. **DMF's Motion**

   a. **DMF's Arguments Regarding the Meaning of "driver"**

The MSJ Order stated:

> Preliminarily, the Court notes that although its constructions of "driver" and "standard junction box" require a relationship to building main power, the Court has not held that the claimed driver is limited to supplying only AC current . . . . The question of whether building mains voltage could lead to the low DC input level required by the Imtra references, which receive about 10–30VDC input, is factual.

MSJ Order at 21.

DMF's motion for reconsideration states, "the Court's decision erroneously was directed to the output of the claimed driver, but the issue presented concerns the input to the driver." DMF Mot. at 1.

DMF is correct that the MSJ Order conflated the concepts of the input and output of the driver. The MSJ Order referred to a portion of the patent specification that discussed the driver's output, noting that it could be either AC or DC current. The surrounding discussion in the MSJ Order also referred to the output. The MSJ Order, however, also referred to extrinsic evidence submitted by ELCO regarding building mains power (i.e., the input to the driver), including articles suggesting that "[a]lthough most building electrical mains are AC systems, DC mains were also known before July 5, 2013." MSJ Order at 21 (citing Declaration of Eric Bretschneider, Dkt. No. 370 ("Bretschneider Decl.") ¶ 370).

DMF does not address this extrinsic evidence in its motion for reconsideration. Instead, it reiterates the assertion that "building mains power in residential and commercial buildings are at high, dangerous power levels." DMF Mot. at 2 (citing '266 Patent at 2:33–36, 4:38–43). It states that "for safety reasons, building codes require connections to such mains power to be made inside a protective junction box to separate those connections from the surrounding area." Id. DMF asserts that the claimed driver "must receive at its input building mains power that requires a junction box." Id. at 3. DMF further states, "[a]s a matter of law (claim construction), if power input to a device alleged to be a 'driver' is not building mains voltage that requires a junction box, then that device is not the claimed *driver* in the context of the '266 Patent." Id. at 5 (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

DMF's argument effectively imports a standard junction box limitation into the driver limitation. Although the Court previously agreed with DMF that the terms "driver" and "standard junction box" in the asserted patent claims require a relationship to building mains power, DMF cites no evidence to show that the Court has ever reached the further conclusion that DMF proposes now (nor evidence to show that DMF previously presented this interpretation to the Court).[1] DMF's argument also relies on an assumption: that building mains power is always at a dangerous, high AC voltage. As noted, this assumption does not consider or address the evidence identified by ELCO and discussed by the MSJ Order regarding the factual disputes surrounding types of building mains power available at the time of the invention.[2]

As DMF itself frames the issue, even if a prior art reference discloses a "driver," DMF argues the prior art driver cannot be said to satisfy the "driver" limitation in the claims unless, in the context of the particular prior art reference, the prior art driver is already necessarily housed in a standard junction box and supplied with building mains power. The Court declines to import a requirement for a standard junction box into the driver limitation on this motion for reconsideration.[3] And as noted, the Court finds on the record

---

[1]     In response to ELCO's comment that DMF did not raise this argument during summary judgment briefing, DMF argues that it was raised in five of its statements of undisputed facts in support of its summary judgment motion and in seven paragraphs of its expert report. DMF Reply at 1. The Court agrees with ELCO that this record does not support that DMF adequately raised the issue for the Court's consideration during the summary judgment stage. United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). This provides another basis for the determination that reconsideration is not warranted.

[2]     The Court previously found that the examples disclosed in the asserted patent of building mains power ("e.g., 120 VAC or 277 VAC") should not be included in a construction of building mains power. See Dkt. No. 266 at 27 (referring to "the examples provided by DMF"). The Court has not otherwise found that building mains power should be limited to AC power as a matter of claim construction, and specifically rejected DMF's argument in its reply brief in support of its summary judgment motion on this issue. See Dkt. No. 440 at 12.

[3]     The Court notes that some, but not all, of the asserted claims already require a standard junction box in addition to a driver.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

presented by the parties that what constituted building mains power at the time of the invention (and, specifically, whether the drivers of the Imtra devices could be said to be supplied by building mains power) presents a fact question for the jury. On this record, DMF's bid for reconsideration is rejected.

        **b.**    **DMF's Arguments Regarding the Kim/Gifford Obviousness Combination**

DMF requests reconsideration of the MSJ Order's finding that questions of fact preclude summary judgment of no invalidity as to the Kim/Gifford obviousness combination. The MSJ Order found that ELCO had submitted sufficient information to show that a factual dispute existed regarding whether there was motivation to combine the two references. To support this determination, the Court quoted a paragraph of ELCO's expert's report where he stated:

> [i]t would also be within the skill set of a POSITA to modify the fasteners 160 of Kim to accommodate mounting in a standard junction box by moving the projections 150 to the opposite end of the housing. A POSITA would be motivated to do so as taught by Gifford. As disclosed in Gifford, one way to connect an LED lighting fixture to a ceiling was to include a plurality of elements (i.e., holes) in the support 110 of an adapter apparatus 100 . . . Screw fasteners may then be used to mount the LED lighting fixture to a standard junction box. Thus, the combination of Kim and Gifford show this limitation.

MSJ Order at 27 (citing Bretschneider Decl. ¶ 327).[4]

In its motion for reconsideration, DMF argues that "ELCO's Opposition [to the summary judgment motion] expressly disclaimed using the adapter apparatus 100 [of Gifford] as the 'unified casting' to house components, and even disparaged DMF for asserting otherwise." DMF Mot. at 7–8. In opposition to DMF's motion for reconsideration, ELCO states that DMF's waiver argument "does not even make sense." ELCO Opp. at 5. ELCO then states that its expert has "various opinions:"

> One is that Gifford's adapter apparatus 100 functions as the unified housing and screw fasteners are used to mount the LED lighting fixture to a junction

---

[4]    The MSJ Order conducted a separate analysis regarding whether these prior art references disclosed the "unified casting" limitation. That separate analysis did not refer to paragraphs 326 and 327 of Bretschneider's Declaration. <u>See</u> MSJ Order at 25–26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

box. Bretschneider Decl. ¶ 327. Another is that the prior art being modified is the Kim device, not the Gifford apparatus, such that Gifford's junction box, not the entirety of Gifford, is added to the modified Kim device. *Id.* at ¶ 303.

Id. at 6. However, in opposition to DMF's summary judgment motion, ELCO stated:

> DMF claims that a POSITA would not be motivated to put the internal components of Imtra into Gifford's adaptor apparatus. DMF completely misunderstands the obvious combination of Imtra and Gifford, or it is attempting to obfuscate the issue to confuse the Court . . . . [Bretschneider] testified that combining the Imtra brochures . . . with the teachings of Gifford's lighting device (having a flange with holes that line up with the holes in the junction box shown in Gifford) would result in extending the flange of Imtra to mate with holes of a standard junction box.

Dkt. No. 367 at 16.

Based on ELCO's statements in its opposition to DMF's summary judgment motion, the Court agrees with DMF that ELCO has "disclaimed using the adapter apparatus 100 as the 'unified casting' to house components." See DMF Mot. at 7–8. Thus, ELCO's argument in its opposition to DMF's motion for reconsideration improperly resurrects a claim "that Gifford's adapter apparatus 100 functions as the unified housing." ELCO Opp. at 5.

That being said, DMF has not adequately explained why a different outcome is warranted from the ultimate determination reached in the MSJ Order regarding the Kim/Gifford obviousness combination. Specifically, DMF has not shown that the cited paragraphs of Bretschneider's report in the MSJ Order are irrelevant to ELCO's invalidity theory that "the prior art being modified is the Kim device."[5] See id. at 6; see Bretschneider Decl. ¶ 327 ("[i]t would also be within the skill set of a POSITA to modify the fasteners

---

[5]     In reply in support of its motion for reconsideration, DMF suggests that ELCO's invalidity theory that involves modifying the Kim device in light of the teachings of Gifford is new. DMF Reply at 3–4. DMF's position, particularly as presented in its reply in support of a motion for reconsideration and when considered against the rest of the record, does not provide sufficient information to support excluding the theory under Rule 37(c) or otherwise reconsidering the basis for it. Indeed, DMF does not necessarily explain what relief it seeks on the issue when it discusses it in its reply brief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

160 of Kim to accommodate mounting in a standard junction box by moving the projections 150 to the opposite end of the housing."). DMF has not otherwise presented a basis for reconsideration of the conclusion that factual questions remain regarding the motivation to combine Kim and Gifford.

### c. DMF's Arguments Regarding the Kim/Imtra Obviousness Combination

DMF requests reconsideration of the MSJ Order's conclusion that ELCO has presented sufficient evidence to create a fact question about whether there is motivation to combine the Kim and Imtra references in an obviousness combination. DMF (1) repeats arguments that it made, and the Court considered, at the summary judgment stage and (2) presents new arguments that it could have made at the summary judgment stage, but did not. DMF has not otherwise shown reconsideration of the Court's determination on this issue is warranted on this record. See, e.g., Ernest Paper Products, 1997 WL 33483520, at *1 ("Reargument should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."); C.D. Cal. L.R. 7–18 ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion"); see also Golden Bridge Tech., Inc. v. Apple Inc., 758 F.3d 1362, 1369 (Fed. Cir. 2014).

### d. DMF's Arguments for Relief Under Rule 37(c)

The MSJ Order rejected DMF's late-raised arguments that certain of ELCO's noninfringement positions should be stricken under Rule 37(c). The Court stated:

> The Court has considered DMF's Rule 37(c) argument and finds it unpersuasive. DMF strongly urged at the hearing that it was prejudiced by ELCO's conduct. But neither DMF's opening memorandum nor its reply memorandum made arguments about untimeliness and resulting prejudice a focal discussion point. Instead, DMF addressed almost all of ELCO's allegedly late arguments solely on the merits.

MSJ Order at 6 n.4. Only after these observations did the Court additionally note ELCO's responsive assertion at the hearing that DMF's infringement contentions had been conclusory. Id. The Court concluded, "[i]n general on the current record, the Court does not find exclusion of ELCO's noninfringement arguments due to untimeliness warranted. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

DMF's decision to make its Rule 37(c) arguments a focal point on reconsideration comes too late. DMF could, and should, have raised its Rule 37(c) arguments in a more fulsome manner in its summary judgment briefs. That it failed to do so supports the conclusion that DMF was not meaningfully prejudiced by the timing of ELCO's various disclosures. Even in the context of its motion for reconsideration, DMF still fails to meaningfully show that it has been harmed by ELCO's conduct. See DMF Mot. at 12 (stating in conclusory fashion that "ELCO's failure to timely disclose these defenses during discovery deprived DMF an opportunity to take discovery or otherwise defend against them."). The record does not warrant reconsideration of the Court's Rule 37(c) determination.

### e. DMF's Arguments Regarding Infringement and the "coupled to" Limitations

DMF argues that the "coupled to" limitations in the asserted claims should be understood in a manner that results in a finding of infringement. DMF's arguments are based on characterizations of the patent record, including certain dependent claims. DMF does not respond to ELCO's arguments in opposition that DMF waived these arguments by failing to raise them during summary judgment proceedings. The Court finds that DMF could, and should, have presented such arguments in the context of summary judgment briefing. Reconsideration is thus not appropriate on the current record as to the "coupled to" limitations. Ernest Paper Products, 1997 WL 33483520, at * 1.

### 2. ELCO's Motion

### a. ELCO's Arguments Regarding Claim Construction

ELCO argues that the MSJ Order made claim construction rulings, and that it did so based on arguments DMF raised for the first time in its reply brief. ELCO Mot. at 2. ELCO argues (1) that DMF waived its claim construction positions by not raising them at the claim construction stage, (2) that "the jury should have been allowed to apply the plain meaning of [the disputed] terms," and (3) that it was clear error and manifestly unjust for the Court to construe the terms without allowing Defendants to first "conduct any discovery or file any briefing" on the issues. Id. at 2–9.

ELCO's assertion that the MSJ Order "construed" the terms "enclose," "cover," "coupled to," and "closed rear face" is not supported by the record. Instead, the MSJ Order reaffirmed the proper understanding of the plain and ordinary meanings of those claim terms to a person of skill in the art reviewing the asserted patent at the time of the invention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

For similar reasons, the Court rejects ELCO's argument that DMF waived its positions regarding the meanings of these claim terms by failing to raise them at the claim construction stage. The parties' claim construction disputes for these claim limitations were fully briefed through the summary judgment process, albeit framed in the context of the parties' competing positions regarding infringement and noninfringement. This process did not start with DMF's reply brief, nor did it result in manifest injustice. To state its infringement theory in its opening summary judgment brief (and preliminary injunction briefs), DMF effectively laid out its position regarding the scope of the claims, to which ELCO responded in its opposition to ELCO's summary judgment motion.[6]

Although ELCO asserts that it should have been permitted to conduct discovery on any claim construction issue that arose in the context of summary judgment briefing, it does not identify any specific discovery it would have needed to support a competing interpretation of these claim terms. For one of the terms, ELCO's expert had already asserted in his expert report how he was interpreting it, and the Court considered ELCO's expert's assertions on the issue. See, e.g. MSJ Order at 12. ELCO has now also taken the opportunity in connection with its motion for reconsideration to present its arguments regarding the intrinsic evidence and how it believes it relates to the meaning of these claim terms. See ELCO Mot. at 9–17. The Court has considered ELCO's arguments regarding the intrinsic and extrinsic evidence to support a certain meaning of each of the disputed claim terms on the merits.[7] Having fully considered them, the Court finds them unpersuasive. They do not support narrowing the meaning of the terms "enclose," "cover," "coupled to," or "closed rear face" in the manner ELCO has proposed in both its opposition

---

[6]     The Court finds this dispute intertwined with the parties' dispute over whether certain of ELCO's noninfringement arguments should be stricken under Rule 37(c). As noted, the Court finds that the record does not support striking ELCO's allegedly late-disclosed noninfringement arguments. On the other side of the coin, the Court finds that the record does not support finding waiver of DMF's alleged claim scope arguments in response to those noninfringement positions.

[7]     Technically, as with some of the other disputes considered herein both *infra* and *supra*, the Court has granted the request for reconsideration on this issue in that the Court has reconsidered it, but ultimately the Court finds that an inquiry on the merits does not warrant a different outcome here than the one reached in the MSJ Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

to DMF's MSJ motion or in its current motion for reconsideration. The Court maintains the determinations it reached in the MSJ Order on these issues.

Ultimately, ELCO has not shown that a different outcome is warranted regarding the proper scope of the plain meaning of the claim terms "enclose," "cover," "coupled to," and "closed rear face" in the asserted patent, as discussed in the MSJ Order.

### b.     ELCO's Arguments Regarding Noninfringement

ELCO argues for reconsideration of the infringement determinations reached in the MSJ Order for certain claim limitations. The majority of these arguments are premised on the assertion that the Court improperly construed the terms in the MSJ Order. Because, as discussed *supra*, ELCO's current claim construction arguments are rejected, its noninfringement arguments for "enclose," "cover," and "closed rear face" are similarly found unpersuasive. Although ELCO is correct that the Court must consider the evidence on summary judgment in the light most favorable to ELCO, that obligation does not mean that the Court must construe the plain meaning of the ***claims*** in the light most favorable to ELCO. As the parties know, claim construction presents a question of law with underlying facts resolved by the Court. Teva Pharm. USA, Inc. v. Sandoz, Inc., 574 U.S. 318, 326, 135 S. Ct. 831, 838, 190 L. Ed. 2d 719 (2015). Having considered the appropriate scope of the claims, including the appropriate plain and ordinary meanings of certain claim terms, ELCO's noninfringement positions fail as a matter of law.

ELCO also requests reconsideration of the MSJ Order's determination that DMF proved the accused products met the claim limitation "wherein the heat conducting closed rear face and the heat conducting sidewall of the unified casting significantly dissipate heat generated by the light source module." As DMF notes, "ELCO never asserted that the thermal grease is a heat sink and there is no evidence of record to support such an . . . argument." DMF Opp. at 13. In its reply, ELCO asserts that it did not have to use the word "heat sink" in describing the thermal grease in its summary judgment opposition because "it's included in the definition of 'significantly dissipates.'" Reply at 6. ELCO's reasoning is circular, and not necessarily supported in the manner ELCO suggests by the Claim Construction Order. More importantly, the assertion remains insufficient as any form of evidence showing that the thermal grease in the accused products is, indeed, a heat sink. Reconsideration is not warranted on this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           **'O'**

| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

c.   **ELCO's Arguments Regarding Invalidity Challenges to Certain Asserted Claims**

The MSJ Order concluded that ELCO had failed to identify evidence showing that it could prove invalidity of the asserted claims as anticipated by Imtra Hatteras (Ground 1) or the Imtra 2011 catalogue (Ground 2). For all relevant asserted claims, the MSJ Order first concluded that under relevant Federal Circuit legal authority, "anticipation is not proven by 'multiple, distinct teachings that the artisan might somehow combine to achieve the claimed invention.'" MSJ Order at 19 (quoting Microsoft Corp. v. Biscotti, Inc., 878 F.3d 1052, 1069 (Fed. Cir. 2017)). The Court noted that the Imtra 2011 catalogue "disclose[s] multiple, different lighting products, and ELCO's expert argues that a combination of features from among the various products disclose the limitations of the [asserted] claims." Id. In responding to DMF's statement of undisputed fact on this issue, ELCO simply challenged the applicable legal standard and provided a blanket citation to its expert declaration spanning over 100 paragraphs. ELCO did not identify testimony from its expert to show that the expert focused on a single summary disclosure or product disclosure in the Imtra catalogues as disclosing all of the limitations of a particular asserted claim. See, e.g., Dkt. 421-3 (redacted), 442 (sealed) (DMF's Reply to ELCO's Statement of Disputed Facts) ¶ 116; see also id. ¶ 101 (ELCO's genuine disputes, stating inter alia, "Imtra 2011 is a product catalog from Imtra Corporation and includes numerous embodiments and product models."). The MSJ Order additionally found "the Imtra references additionally fail to constitute anticipatory references (grounds 1 and 2) for some, but not all, of the asserted claims" because ELCO had not shown that they disclosed the "plurality of elements" limitation. MSJ Order at 20.

In its motion for reconsideration, ELCO requests reconsideration of the MSJ Order as to "claims 17 and 26." ELCO Mot. at 17. ELCO argues that those claims do not include the "plurality of elements" limitation and that DMF's "mixes and matches" argument was only applicable to the asserted claims that included the "plurality of elements" limitation. See id. In its reply brief, ELCO asserts that its reference to claim 26 "was a typographical error" and that it had intended to refer to Claim 22. ELCO Reply at 7. Although ELCO's motion for reconsideration repeatedly refers to Claim 26 in the context of this dispute, the Court will consider the issue as it applies to Claim 22.

The Court modifies its ruling regarding ELCO's invalidity Ground 1 as it relates to Claims 17 and 22. Ground 1 relates to a single product—the Imtra Hatteras product—not a product catalogue with multiple disclosed products. Thus, Federal Circuit authority about mixing and matching disclosure relating to different disclosed prior art products in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

particular prior art reference does not apply to that ground. The MSJ Order otherwise relied only on a lack of disclosure of the "plurality of elements" limitation to conclude that Ground 1 could not be used as an anticipatory reference. Because, as ELCO notes, the "plurality of elements" limitation is not included in Claims 17 and 22, the stated basis in the MSJ Order for a finding of no anticipation for Ground 1 does not apply.

Regarding Ground 2, ELCO's motion for reconsideration provides no citation to the record for the single-sentence assertion that DMF's "mixes and matches" argument was solely based on "Defendants' reference to other pages in the product catalog to satisfy the 'plurality of elements' limitation." ELCO Mot. at 17. It is not until ELCO's reply in support of its request for reconsideration that it elaborates on this assertion. On the current record, reconsideration is not warranted for this ground. Even in its reply brief in support of reconsideration, ELCO does not fully address the issue. See ELCO Reply at 9 (after presenting arguments for certain claim limitations stating, without citation or elaboration "[t]he same is true for the remaining limitations identified in fn. 24 [of DMF's opposition to ELCO's motion for reconsideration].") . ELCO Reply at 9. ELCO has not shown why it could not have fully identified the evidence supporting its position on this issue in its original opposition to DMF's motion for summary judgment, let alone in its reply brief in support of reconsideration. On such a record, reconsideration is inappropriate as to this issue. Ernest Paper Products, 1997 WL 33483520, at * 1.

### B.    Motions in Limine Order

The parties each seek reconsideration of portions of the Court's motions in limine order. The Court addresses the parties' requests in turn.

### 1.    ELCO MIL No. 1

ELCO's first motion in limine sought to exclude the testimony and opinions of DMF's lighting design expert, Chip Israel, on issues including, *inter alia*, whether "ELCO's use of 'UNO' with its ELL-compatible trims will cause confusion in the marketplace about the source of ELCO's products[.]" MIL Order at 4. ELCO challenged the reliability of Israel's opinions since, according to ELCO, Israel "did not conduct any formal market surveys, let alone any 'monkey' surveys or 'doodle' polls," and Israel instead "claims to have conducted one 'informal survey' of some of his staff, a poll of a smaller group of his staff, and a telephone call with a lighting distributor arranged by DMF's attorney." Id. The Court denied ELCO's first motion in limine, concluding that "Israel is qualified to opine on issues regarding lighting design" and explaining that "[a]n

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
|----------|--------------------------|------|----------------|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

expert need not conduct a formal market survey in order to opine on issues regarding consumer confusion and dilution." MIL Order at 4–5.

ELCO now argues that, for two reasons, "[t]he Court committed clear error in ruling that Chip Israel can testify about the likelihood of confusion between ELCO's UNO mark and DMF's OneLED and OneFrame marks." ELCO Mot. at 17. First, ELCO asserts that the Court erroneously "conflated the issues of trademark confusion and ELCO's industry reputation" because "[t]he Court's finding that Mr. Israel is qualified to 'opine on issues regarding lighting design' does not qualify him to opine on the specific confusion factors required under 9th Circuit law." Id. at 17. The Court does not find ELCO's argument availing. While ELCO's first motion in limine pointed out that Israel "is a lighting designer" who "has never testified as" an expert on trademark confusion and "is not a statistician, mathematician, psychologist or marketing behavior expert," it did not specifically seek to exclude Israel's consumer confusion opinions on the threshold basis of Israel's expert *qualifications*. See Dkt. 428 ("ELCO MIL No. 1"). To the contrary, ELCO sought to preclude Israel's opinions on the bases of relevance, reliability, and prejudice. See, e.g., Id. at 4 ("Israel failed to use a reliable method to reach his opinions. He conducted no trademark confusion surveys. He conducted no other survey that can be considered reliable."); see also Id. at 5 ("Israel's testimony is based on rank speculation. . . . [H]is testimony is not relevant. Even if it could be considered relevant, it is too prejudicial and will mislead and/or confuse the jury[.]" Id. For that reason, ELCO may not now seek reconsideration of the Court's order on the basis of Israel's qualifications. See Motorola, Inc. v. J.B. Rodgers Mech. Contractors, 215 F.R.D. 581, 582 (D. Ariz. 2003) ("Motions for reconsideration are disfavored . . . and are not the place for parties to make new arguments not raised in their original briefs."); MLC Intellectual Prop., LLC v. Micron Tech., Inc., No. 14-cv-03657-SI, 2019 WL 5269014, at *6 (N.D. Cal. Oct. 17, 2019) (finding that reconsideration of court's order on motion to preclude expert testimony was not appropriate where party seeking reconsideration "raises several new arguments" and "never raised any of these arguments" in connection with prior order); see also Covert v. Harris, No. 17-cv-522-R, 2018 WL 6004546, at *2 (C.D. Cal. May 8, 2018) (denying motion to reconsider prior order on motion in limine and reasoning that movant's "new . . . argument" is "an attempted second bite at the apple").

Even assuming that ELCO's argument regarding Israel's qualifications was now properly before the Court, "the admissibility of expert testimony is 'a subject peculiarly within the sound discretion of the trial judge, who alone must decide the qualifications of the expert on a given subject and the extent to which his opinions may be required.'" In re Live Concert Antitrust Litig., 863 F. Supp. 2d 966, 972 (C.D. Cal. 2012) (citing United

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**

| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

States v. Chang, 207 F.3d 1169, 1172 (9th Cir.2000)).  Should ELCO wish to challenge Israel's qualifications to opine on issues of consumer confusion, ELCO may do so through cross-examination at trial.  ELCO does not, however, provide any basis that would require the Court to reconsider its prior ruling that Israel is qualified to provide expert testimony.[8]

ELCO also argues that "it would be a greater error to allow Mr. Isreal [sic] to testify to the ultimate conclusion of likelihood of confusion as proposed by DMF."  ELCO Mot. at 18.  According to ELCO, "an expert should not be permitted to testify in effect that: 'I know what I'm talking about and I would be confused and I think most consumers are likely to be confused and if I were you (judge or jury), I'd find that there was a likelihood of confusion and infringement in this case."  Id. at 19; see also ELCO Reply at 9 ("All Mr. Israel says is 'based on my experience in the lighting industry,' blah-blah-blah.  But Mr. Israel never identifies in his report what that specific experience is; he never mentions a credible, reliable instance of actual confusion; and he conceded in his deposition that he never conducted a reliable survey (or any other investigation that actually supports his conjecture).").  As an initial matter, ELCO's characterization of Mr. Israel's opinion is factually inaccurate.  See, e.g., Dkt. 428-1 ("Israel Report") ¶ 14 (describing example of consumer confusion regarding whether parties' products shared common origin).  Moreover, should ELCO wish to challenge the underlying reliability or methodology of Israel's opinion regarding consumer confusion, ELCO may do so through cross-examination or by presenting contrary evidence at trial.  See Thompson v. Polaris Indus. Inc., No. 16-cv-02868-PH-DJH, 2019 WL 2100005, at *8 (D. Ariz. May 14, 2019) ("Concerns regarding the admission of 'shaky' evidence are resolved through the trial process through vigorous cross-examination, presentation of contrary evidence, and careful

---

[8]    Based on Israel's more than thirty-years of experience in lighting design, his founding of a lighting design consulting practice, and his service as a leader of various lighting design organizations, the Court concluded, "[b]ased on these credentials, . . . that Israel is qualified to opine on issues regarding lighting design."  MIL Order at 4.  To the extent that ELCO questions whether the Court's previous order denying ELCO's first motion in limine specifically found that Israel was qualified to opine on consumer confusion, the Court makes that finding now.  See PixArt Imaging, Inc. v. Avago Tech. Gen. IP (Singapore) Pte. Ltd., No. 10-cv-00544-JW, 2011 WL 5417090, at *4 (N.D. Cal. Oct. 27, 2011) ("Under Ninth Circuit law, an expert may be qualified through either practical training or academic experience.  The threshold for qualification is low for purposes of admissibility; minimal foundation of knowledge, skill, and experience suffices.") (internal citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

instruction on the burden of proof.") (internal citation and alteration omitted).  ELCO's unsupported critiques, however, fail to establish a ground for reconsideration of the Court's previous order denying ELCO's first motion in limine.

>       **2.      ELCO MIL No. 7**

ELCO's seventh motion in limine sought to "preclude DMF from proffering to the jury any evidence, commentary and/or argument referencing, describing or quoting any portion of the Court's Claim Construction Order ('CCO') for the claim terms which the Court determined no construction is necessary, and for the claim terms the Court did not construe, no portion of the Order other than the claim constructions themselves."  Dkt. 394 ("ELCO MIL No. 7) at 2.  ELCO argued that "[t]he law is clear that DMF cannot reference dicta from the CCO during trial."  Id.

The Court denied ELCO's seventh motion in limine, explaining that the Court "has already rejected ELCO's argument that ELCO can relitigate the meaning of those terms for which the Court determined no construction was necessary and where the Court determined that a typical juror would understand the terms to have the plain meaning set forth by the Court."  MIL Order at 12 (citing MSJ Order at 8).  The Court further "instruct[ed] ELCO that it must abide by all aspects of the Court's Claim Construction Order, including its analysis and determinations regarding the scope of the plain and ordinary meaning of the term to a person of skill in the art at the time of the invention."  MIL Order at 12.

ELCO now argues that the Court "failed to rule on the issue presented."  ELCO Mot. at 19.  According to ELCO, its seventh motion in limine "cited case law supporting its position that it is proper to exclude reference to the claim construction order, including the Court's reasoning, with the only exception being references to the actual constructions."  Id.  ELCO further asserts that its seventh motion in limine "also provided concrete examples from Mr. Benya's report where he appears poised to testify regarding the CCO, including testifying far beyond the actual constructions provided by the Court."  Id.  Nonetheless, "the Court denied the motion and instructed that *only* [ELCO] must abide by the CCO.  In so ruling, . . . the Court did not address the passages from Mr. Benya's report highlighted by [ELCO], did not address DMF's attempts to sidestep the CCO (for example, by arguing on summary judgment that the term 'driver' is limited to AC voltage only), and did not address the clear case law cited by [ELCO]."  Id. at 20.  ELCO therefore contends that "[a]t a minimum, the Court should modify its Order to instruct both parties to abide by the CCO.  The Court should also further preclude both parties from referencing the CCO,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

including the Court's reasoning, except for references to the actual constructions issued by the Court, in accordance with the case law cited by [ELCO]." ELCO Mot. at 20.

The Court does not find ELCO's arguments persuasive. As an initial matter, the Court's motion in limine order did not "instruct[] that *only*" ELCO "must abide by the CCO." To be clear, the Court expects that both DMF and ELCO abide by each and every one of the Court's orders in this case, including the Court's Claim Construction Order. Nor did the Court "ignore" the passages from the Benya report or the caselaw that ELCO cited in its seventh motion in limine. The Court explicitly noted that "ELCO seeks to preclude DMF 'from presenting . . . arguments at trial relying on the dicta from the Court's Claim Construction Order" and seeks to exclude or strike "portions of DMF's expert witness reports relying on the same." MIL Order at 12. The Court then explained that ELCO has repeatedly characterized as dicta those portions of the Court's Claim Construction Order regarding the terms "standard," "junction box," "driver," "unified casting," and "closed rear face." Id. The Court rejected ELCO's argument that the Claim Construction Order's reasoning and analysis regarding these terms is "dicta" simply because the Court determined, with respect to these terms, that no construction was necessary or that a typical juror would understand these terms to have the plain meaning set forth by the Court. See MIL Order at 12 ("The Court has already rejected ELCO's argument that ELCO can relitigate the meaning of those terms for which the Court determined that no construction was necessary and where the Court determined that a typical juror would understand the terms to have the plain meaning set forth by the Court."). In determining that the portions of the Claim Construction Order concerning these claims terms are not "dicta," and in denying ELCO's seventh motion in limine in its entirety, the Court necessarily decided that experts, including Benya, could opine regarding whether the products at issue in this case meet the limitations of the '266 Patent, consistent with the Court's analysis and construction of these claims terms, as articulated in the Court's Claims Construction Order. See Covert, 2018 WL 6004546, at *2 (denying motion to reconsider order on motion limine based on party's argument that "the Court's Order does not address the parties' Marital Settlement Agreement" and reasoning that "[w]hile this Court did not explicitly address the MSA in its Order, it did consider the MSA" and explaining that "the MSA was impossible to ignore, as it formed the basis for [movant's] argument") (internal alteration omitted).

In accordance with the foregoing, ELCO fails to establish that the Court erred in denying ELCO's seventh motion in limine so as to require reconsideration. To the extent that ELCO has concerns that DMF's expert witnesses, including Benya, may testify in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
|----------|--------------------------|------|----------------|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

manner that contradicts the Claims Construction Order, ELCO may raise an appropriate contemporaneous objection at trial.[9]

### 3.    ELCO's MIL No. 15

ELCO's fifteenth motion in limine sought to preclude Dr. Goedde, DMF's damages expert, "from testifying about DMF's investment costs at trial." Dkt. 439 ("ELCO MIL No. 15") at 2. ELCO argued that "Dr. Goedde's opinion that DMF's $3.5 million investment should somehow be added to or factored in the running royalty, without any explanation whatsoever as to how that figure would impact a hypothetical negotiation," was inadmissible. Id. at 4.

In response, DMF argued that ELCO's fifteenth motion was "based on a misunderstanding of what Dr. Goedde intends to testify at trial." Dkt. 487 ("ELCO MIL No. 15 Opp.") at 1. According to DMF, "Dr. Goedde calculated a minimum royalty and will explain that it is the minimum royalty that the jury should award. He did not consider development costs in this calculation, although such costs would be considered in a hypothetical negotiation." Id. DMF urged that "Dr. Goedde should be allowed to explain that his opinion was conservative, and why that is, and the jury should be allowed to consider all the evidence, including development costs and the testimony of the parties' witnesses, in determining what the reasonable royalty should be." Id.

The Court granted in part ELCO's fifteenth motion in limine. See MIL Order at 22. The Court determined that "DMF may not refer to either the general concept of development costs or specifically to DMF's own . . . development costs as a 'check' on the

---

[9]    On this point, the Court finds instructive Carucel Investments, L.P. v. Novatel Wireless, Inc. See No. 16-cv-118-H-KSC, 2017 WL 1215838, at *16 (S.D. Cal. Apr. 3, 2017). In that case, a party filed a motion in limine that would require the court to order "that the parties may not contradict the [c]ourt's claim construction order[.]" Id. The court explained that "[a] court's claim construction is 'law of the case' for purposes of trial" and that "[n]o party may contradict the court's construction to a jury." Id. (internal citations omitted). "Thus, any expert testimony must adhere to the court's claim constructions and must not apply alternative claim constructions." Id. The court ultimately concluded, however, "that any concerns about a party presenting argument or testimony that is contrary to the [c]ourt's claim constructions at trial would more appropriately be addressed through a contemporaneous objection at trial rather than through preclusion of certain arguments or testimony." Id. at *17.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

'conservative' nature of Dr. Goedde's proposed royalty figure." MIL Order at 22 (citing Juno Therapeutics, Inc. v. Kite Pharma, Inc., No. 2:17-cv-07639-SJO-KS (C.D. Cal. Dec. 3, 2019) (Dkt. 559 at 3)). The Court reserved ruling, however, "on whether evidence and argument regarding DMF's development costs may be admissible for some other purpose, such as with regards to ELCO's anticipated obviousness arguments." Id.

DMF now "seeks clarification that the Court did not intend to preclude DMF's fact witnesses from testifying about development costs or DMF's counsel from referring to them." DMF Mot. at 19. According to DMF, "ELCO's own motion *only* asked that Dr. Goedde be precluded from testifying about these costs." Id. (emphasis in original). The Court's order was clear, indicating that "DMF may not refer to either the general concept of development costs or specifically to DMF's own . . . development costs as a 'check' on the 'conservative' nature of Dr. Goedde's proposed royalty figure." MIL Order at 22. The Court's order only addressed any attempt to use DMF's specific development costs, or the concept of development costs generally, as a means to validate, verify, or check Dr. Goedde's proposed royalty as "conservative" or "reasonable." The Court's order explicitly reserved ruling, until trial, on "whether evidence and argument regarding DMF's development costs may be admissible for some other purpose, such as with regards to ELCO's anticipated obviousness arguments." MIL Order at 22. Accordingly, the Court reserved ruling, until trial, on whether other witnesses or counsel could refer to DMF's development costs for purposes other than validating the "reasonableness" of Dr. Goedde's proposed royalty rate. [10]

---

[10]    DMF's motion for reconsideration also argues that "DMF witnesses including its inventor should be allowed to testify about the costs to DMF of developing the patented DRD2 technology, to explain the financial risk that DMF took to gain a reputation as an engineering company, and the impact on DMF's business from ELCO's copying of technology that took years to develop and market." DMF Mot. at 19. A motion for reconsideration of the Court's order regarding ELCO's fifteenth motion in limine is not the proper vehicle to seek an order allowing the testimony of these additional witnesses for these additional purposes. Similarly, a motion for reconsideration is not the proper vehicle for DMF to "ask that ELCO also be precluded from introducing **any** damages testimony, evidence, or attorney argument on damages, because ELCO has proffered **no** damages expert to give any damages report or testimony." DMF Mot. at 19–20 (emphases in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

DMF further argues that "[t]he Court's reliance in the MIL ruling on <u>Juno Therapeutics</u> manifestly overlooked that the court in that case *permitted* the damages expert to refer to a figure he did not use in his damages calculations but that he claimed validated his conclusions—because that figure had a 'nexus' to the accused product[.]" DMF Mot. at 20 (emphasis added).[11] However, "a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent." <u>Pegasus Satellite Television, Inc. v. DirecTV, Inc.</u>, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004). The Court therefore declines to reconsider its ruling on ELCO's fifteenth motion in limine on this basis.

**4.      DMF MIL No. 1**

DMF's first motion in limine sought to preclude evidence and argument that, *inter alia*, the '266 Patent "is invalid based on the theory that the 'real' inventor was . . . an ELCO vendor in China named ULITE." MIL Order at 22–23. James and Alex Kwong operate ULITE. <u>Id.</u> at 23. DMF argued "that this evidence should be excluded because: (1) pursuant to Rule 37, ELCO did not timely disclose an invalidity defense based on inventorship; and (2) this evidence is unduly prejudicial pursuant to Federal Rule of Evidence 403."[12] MIL Order at 22–23. The Court denied in part DMF's first motion in

---

[11]     Contrary to DMF's argument, the Court did not "overlook" the court's ruling in <u>Juno</u>. DMF suggests that the court in <u>Juno</u> allowed the damages expert to refer to "a figure" that the expert "did not use in his damages calculations but that he claimed validated his conclusions" where "that figure had a 'nexus' to the accused product[.]" DMF Mot. at 20. The Court did not say otherwise in its order granting in part ELCO's fifteenth motion in limine.  Indeed, the Court noted that in <u>Juno</u>, the court "grant[ed] defendant's motion in limine to exclude references to *several figures*[.]" MIL Order at 22 (emphasis added). That is an accurate description of the court's order in <u>Juno</u>, where the court excluded some, but not all, of the expert's references to figures that the expert did not use in his expert report as "irrelevant and confusing, given the lack of nexus to the accused product." <u>Juno</u>, Dkt. 559 at 9. (excluding references to "Gilead's acquisition price of Kite" and "Gilead's values assigned to CAR-T therapies"). DMF may believe that references to its development costs are neither irrelevant nor confusing and instead have a "nexus to the accused product," but these arguments do not provide a DMF a basis for seeking reconsideration.

[12]     Although DMF's first motion in limine invoked Rule 403, DMF argued the that admission of evidence or argument regarding ELCO's inventorship defense would be "unfairly prejudicial" because of ELCO's alleged untimely disclosure of the defense. <u>See</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

limine, explaining that ELCO's reference to the Kwongs (1) in ELCO's January 2019 disclosures; (2) during two November 2019 depositions in this case; and (3) in ELCO's November 4, 2019 motion to consolidate were sufficient to put DMF on notice that ELCO could call the Kwongs as witnesses at trial.  MIL Order at 24.  The Court therefore concluded that "ELCO may . . . present evidence, testimony, and argument regarding whether Alex Kwong, James Kwong, and Ulite are the true inventors of the '266 Patent." Id.

DMF now seeks reconsideration of the Court's order denying in part DMF's first motion in limine based on "new information ELCO provided after" the Court issued its order. DMF Mot. at 15.  According to DMF, ELCO now indicates that it "does **not**" intend to "rely on purported Kwong inventorship to invalidate the '266 Patent" but instead now "states for the first time that it **does** intend to rely on purported Kwong inventorship for its willful infringement defense."  Id. (emphases in original).

As a preliminary matter, DMF's first motion in limine—which the Court denied—sought to preclude the Kwongs from testifying at trial on the issue of invalidity based on inventorship.  It does not follow, then, that DMF may file a motion for reconsideration of that order to seek to preclude the Kwongs from testifying on a different issue—willful infringement.  Moreover, DMF also argues that "Kwong inventorship is not relevant to willfullness as a matter of law."  DMF Mot. at 15.  That is because, according to DMF, "[w]illful infringement . . . concerns ELCO's belief *at the time* when ELCO sold the infringing products (not afterwards)," and "ELCO was enjoined from selling the infringing products in *March 2019 eight months before* ELCO 'became aware' of the purported Kwong inventorship."  Id. (emphases in original).  However, "motions in limine . . . should not be used as disguised motions for summary judgment."  Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc., No. 08-cv-08525-PSG-PJW, 2010 WL 2035800, at *1 (C.D. Cal.

Dkt. 410 ("DMF MIL No. 1") at 7 ("ELCO's evidence also should be excluded because it is irrelevant to an issue properly in the case under Rule 37 and unfairly prejudicial under Federal Rule of Evidence 403.").  In other words, DMF did not appear to argue that evidence regarding the Kwongs should be excluded because the substance of the evidence, in and of itself, was "unfairly prejudicial."  Instead, DMF argued that admission of the evidence would be "unfairly prejudicial" *because of* ELCO's allegedly untimely disclosure, which is duplicative of DMF's Rule 37 argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
|----------|--------------------------|------|----------------|
| Title    | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

May 19, 2010). The Court therefore declines to preclude the Kwongs' testimony regarding willfulness on relevancy grounds.

Finally, as the Court indicated in its order denying DMF's first motion in limine, ELCO's previous references to the Kwongs throughout this litigation were sufficient to place DMF on notice that ELCO could call the Kwongs at trial. See MIL Order at 24. In addition, evidence of a defendant's subjective belief regarding a patent's invalidity is relevant to whether a defendant engaged in willful infringement. See Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc., 946 F.3d 1367, 1379 (Fed. Cir. 2020) (determining that jury instruction regarding willful infringement correctly "provide[d] a list of facts that the jury could properly consider, including . . . 'whether or not ARM reasonably believed it did not infringe or that the patent was invalid.'"). Accordingly, because DMF had reasonable notice that ELCO could call the Kwongs as witnesses as trial on the issue of invalidity, and given the time until trial, the Court cannot say that allowing the Kwongs to testify at trial regarding willfulness would unduly prejudice DMF so as to require exclusion pursuant to Rule 37. See Juell v. Forest Pharm., Inc., No. 05-cv-0378-FCD-GGH, 2006 WL 768722, at *2 (E.D. Cal. Mar. 24, 2006) ("the party seeking exclusion of testimony under Rule 37 must demonstrate prejudice by [the] opposing party's failure to disclose.").

### 5.    DMF MIL No. 2

DMF's second motion in limine averred that "[d]uring the parties' pretrial conference . . . ELCO's counsel . . . indicated that it intend[ed] to rely on photographs that ELCO's Brandon Cohen allegedly took at a trade show in order to show that Mr. Cohen knew about 'prior art' from a company called Imtra, and therefore, DMF must also have known about Imtra's products but concealed this knowledge from the PTO." Dkt. 415-2 ("DMF MIL No. 2") at 4–5. Accordingly, DMF's second motion in limine sought to preclude, *inter alia*, evidence and argument based on these photographs on the grounds that "ELCO did not produce these photographs during discovery." Id. at 5.

ELCO's opposition to DMF's second motion in limine represented that, "with respect to Brandon Cohen's photograph of Imtra's recessed LED light, [d]efendants do not plan to argue that DMF knew about and concealed the Imtra prior art references from the PTO." Dkt. 449 ("DMF MIL No. 2 Opp.") at 3–4. ELCO argued, however, that the "photograph is relevant to what a [person of ordinary skill in the art] would have known, and to ELCO's state of mind." DMF MIL No. 2 Opp. at 4. ELCO further argued that "Mr. Cohen showed the photograph to DMF's counsel during deposition, but DMF's counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

elected not to ask questions about the photo, or even look at the photograph, despite a full and fair opportunity to do so while deposing Mr. Cohen." Id. ELCO further asserted that "DMF thus waived its right to question Mr. Cohen during his deposition about the photograph" and, "[i]n addition, DMF did not serve a document request asking for this photograph." Id.

The Court granted DMF's second motion in limine, explaining that it "previously granted summary judgment to DMF on ELCO's affirmative defense of inequitable conduct insofar as ELCO's defense was premised on DMF's alleged fraudulent representations regarding inventorship or DMF's industry awards." MIL Order at 25. The Court specifically noted that, "[a]s to DMF's argument regarding the Imtra prior art, ELCO avers that it does 'not plan to argue that DMF knew about and concealed the Imtra prior art references from the PTO.'" Id.

DMF now seeks reconsideration of the Court's order. According to DMF, "[a]lthough the Court granted Motion In Limine No. 2, it apparently overlooked DMF's request that the Imtra documents be excluded." DMF Mot. at 16–17. DMF further argues that: (1) "photographs from a March 2016 trade show are not relevant to what a person skilled in the art would have known *at the relevant time*—DMF filed its provisional application in June 2013, nearly 3 years before the trade show"; (2) "the 2016 trade show documents also are not relevant to any 'state of mind' defense to willful infringement"; (3) ELCO's interrogatory responses did not indicate that ELCO intended to rely on the trade show photographs as part of its willfulness defense, and "ELCO did not supplement this response during fact discovery"; (4) DMF did not "waive" the right to questioning on or production of the Imtra photographs, since "Brandon Cohen suggested that DMF's counsel physically take Mr. Cohen's cell phone and scroll through it" but "[t]he parties had an agreed protocol for producing electronic documents"; and (5) "DMF's discovery requests required production of the Imtra documents if ELCO intended to rely on them for any defense." DMF Mot. at 17–18.

The Court does not find DMF's arguments availing. To the extent that DMF contends the Court "overlooked" DMF's request to exclude the Imtra photographs for any reason whatsoever, DMF's second motion in limine specifically requested that the Court exclude "[a]ny claim, argument, or alleged evidence by ELCO relating to 'fraud' on the PTO[.]"[13] DMF MIL No. 2 at 1. With respect to DMF's argument that the Imtra's

---

[13] Although DMF's second motion in limine argued in passing that, "[u]nder Rule 37, the photographs and any testimony relating to the trade show allegedly attended by Mr.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
|----------|--------------------------|------|---------------|
| Title    | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

photographs are "irrelevant" to invalidity or willfulness, "motions in limine . . . should not be used as disguised motions for summary judgment." Colton, 2010 WL 2035800, at *1. Moreover, despite ELCO's apparent, repeated refusals produce the Imtra photographs, it does not appear that DMF ever specifically moved to compel production of the photographs. While Rule 37(c) "is self-executing" such that "there is no need for a litigant to make a motion to compel," the Court nonetheless considers a number of factors "[i]n determining whether to preclude introduction of evidence pursuant to" Rule 37(c). See Judge Virginia A. Phillips & Judge Karen L. Stevenson, Federal Civil Procedure Before Trial, § 11:2341–11:2343 (The Rutter Group 2019). For example, the Court must consider "the surprise to the party against whom the evidence would be offered[.]" Dey, L.P. v. Ivax Pharm., Inc., 233 F.R.D. 567, 571 (C.D. Cal. 2005). Although it appears that ELCO has not yet produced the actual photographs to DMF, DMF can hardly claim surprise because of: (1) the time until trial; and (2) DMF's knowledge regarding: (a) what the photographs purportedly capture (the alleged Imtra prior art); (b) who took the photographs (ELCO's Brandon Cohen); and (c) when and where the photographs were allegedly taken (a March 2016 trade show). Moreover, any hypothetical surprise could be cured by ordering ELCO to produce the photographs to DMF forthwith. Accordingly, should ELCO wish to rely on these photographs at trial for any purpose, ELCO **SHALL** produce these photographs to DMF on or before July 31, 2020.

/ / /

/ / /

---

Cohen should be excluded," DMF's second motion in limine was titled "Motion In Limine No. 2 To Preclude Evidence And Argument About Alleged Fraud Or Inequitable Conduct." DMF MIL No. 2 at 5. Similarly, DMF's motion represented that ELCO sought to introduce the Imtra photographs in an attempt to argue that since "Mr. Cohen knew about 'prior art' from a company called Imtra, . . . DMF must also have known about Imtra's products *but concealed this knowledge from the PTO*." Id. (emphasis added). Courts routinely deny motions in limine where "it [i]s unclear what evidence or matters [a]re actually at issue[.]" Miller v. Schmitz, No. 1:12-cv-00137-LJO, 2013 WL 5754945, at *2 (E.D. Cal. Oct. 23, 2013); accord Elseth ex rel. Elseth v. Elorduy, No. 2:08-cv-02890-GEB, 2011 WL 3794901, at *2 (E.D. Cal. Aug. 25, 2011) (denying motion in limine because "[t]he scope of this motion is unclear").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           **'O'**

| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 17, 2020 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

## IV.   CONCLUSION

In accordance with the foregoing, the Court orders as follows:

1.   As stated herein, the Court has effectively **GRANTED-IN-PART** and **DENIED-IN-PART** the parties' motions for reconsideration as they relate to the MSJ Order.   The Court ultimately declines to modify any of the determinations reached in the MSJ Order that DMF challenges by its reconsideration motion.   Regarding ELCO's reconsideration motion, the Court hereby **AMENDS** the MSJ Order in that it **DENIES-IN-PART** DMF's motion for summary judgment with respect to no invalidity as it relates to ELCO's prior art invalidity ground 1 against Claims 17 and 22 of the asserted patent.   The Court otherwise declines to modify any of the determinations reached in the MSJ Order that ELCO challenges by its reconsideration motion.

2.   The Court **DENIES** ELCO's motion to reconsider the MIL Order as to ELCO's first motion in limine and as to ELCO's seventh motion in limine.

3.   The Court **DENIES** DMF's motion to reconsider the MIL Order as to ELCO's fifteenth motion in limine, as to DMF's first motion in limine, and as to DMF's second motion in limine.

4.   To the extent that ELCO wishes to rely, at trial and for any purpose, on the photographs that Brandon Cohen took at the March 2016 tradeshow, ELCO **SHALL** produce these photographs to DMF on or before **July 31, 2020.**

IT IS SO ORDERED.

|  | 00 | : | 00 |
| Initials of Preparer | | CMJ | |