UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 22, 2020 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                         Not Present

**Proceedings:**     (IN CHAMBERS) - ORDER RE FED. R. CIV. P. 56(g)

     Plaintiff DMF, Inc. ("DMF") previously moved for summary judgment in this case, including for summary judgment of infringement of certain asserted claims of U.S. Patent No. 9,964,266 ("the '266 Patent"). After DMF's motion was fully briefed, the Court issued a Summary Judgment Order finding DMF had proven infringement of Claims 17, 19, 21, 22, 26, and 28–30 of the '266 Patent. See Dkt. No. 499 (sealed) ("MSJ Order"). The Summary Judgment Order found "questions of material fact remain as to whether the accused products satisfy the 'coupled [to]' limitations" in Claims 1, 2, 4–8, and 13–16 of the '266 Patent, and denied DMF's motion for summary judgment of infringement as to those claims. Id. at 17. However, the Summary Judgment Order found, pursuant to Rule 56(g), that defendants AMP Plus, Inc. and Elco Lighting, Inc. (collectively, "ELCO") had failed to set forth genuinely controverted material facts as to the remaining limitations in Claims 1, 2, 4–8, and 13–16. DMF was directed to file a proposed Rule 56(g) order as to those facts, and ELCO was permitted to file a response, including objections. Id.; see also id. at 6. The parties subsequently did so.[1] Dkt. Nos. 503-1, 506.

     As part of its objections, ELCO argues that it "did not accept DMF's alleged undisputed facts *for all purposes*" and suggests it is improper to enter a Rule 56(g) order in the circumstances presented here. See Dkt. No. 506 at 2 (emphasis in original). ELCO

---

[1] Both parties later moved for reconsideration of portions of the Summary Judgment Order. Their requests for reconsideration of portions of the Summary Judgment Order regarding patent infringement were denied. See generally Dkt. Nos. 535.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 22, 2020 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

did not include any such reservation of rights in its statement of disputed facts. See generally Statement of Disputed and Undisputed Facts, Dkt. Nos. 367 (redacted), 384 (sealed) ("SDF"). Moreover, DMF moved for summary judgment of infringement. By stating that certain of DMF's submitted facts were "undisputed" or otherwise failing show a genuine dispute of material fact on the record, ELCO risked a finding of summary judgment of infringement. And indeed, summary judgment of infringement was entered as to some of the asserted claims based on a finding that no genuine disputes of fact existed as to infringement of each and every claim limitation of those asserted claims. The entry of a Rule 56(g) Order is appropriate for the claim limitations in the remaining asserted claims at issue, where the parties did not show a genuine dispute of material fact as to satisfaction of those claim limitations by the accused products. See Kreg Therapeutics, Inc. v. VitalGo, Inc., 919 F.3d 405, 415–16 (7th Cir. 2019); Strong as Tr. of Consol. Legacy Debtors Liquidating Tr., v. Cochran, No. 2:14-CV-00788-TC-EJF, 2019 WL 7290835, at *3 (D. Utah Dec. 30, 2019).

The Court does not, however, enter a Rule 56(g) Order in the manner proposed by DMF. DMF's proposed order includes extraneous factual assertions that go beyond the requirements of the claim limitations. The Court instead simply identifies the claim limitations for which there is no genuine dispute of material fact that they are satisfied by the accused products. These are facts for which (1) ELCO responded to corresponding facts in the parties' SDF as "undisputed," (2) ELCO responded to the corresponding facts in the parties' SDF as "disputed," but either did not address the relevant aspects of the claim limitation identified herein, or did not support its assertion with evidence as required by C.D. Cal. L.R. 56-3, or (3) the Court considered a dispute between the parties regarding the claim limitation and found in the Summary Judgment Order that the parties did not have a question of material fact as to whether the accused products met that claim limitation.

Accordingly, **IT IS ORDERED THAT**:

ELCO either has not disputed [see C.D. Cal. L.R. 56-3], or has failed to show a genuine question of material fact, that the accused products each meet the following claim limitations of the remaining asserted claims of U.S. Patent No. 9,964,266 ("the '266 Patent"):

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 22, 2020 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

1. The preamble of Claim 1, which states, "[a] compact recessed lighting system." [undisputed; Statement of Disputed and Undisputed Facts, Dkt. Nos. 367 (redacted), 384 (sealed) ("SDF") ¶ 8]
2. Claim 1's limitation requiring "a light source module for emitting light." [undisputed; SDF ¶ 9]
3. Claim 1's limitation requiring "a driver for powering the light source module to emit light, the driver including an electronic device to at least one of supply and regulate electrical energy to the light source module." [not disputed in manner required by C.D. Cal. L.R. 56-3; Summary Judgment Order, Dkt. No. 499 (sealed) ("MSJ Order") at 8, SDF ¶ 10]
4. Claim 1's limitation requiring "a unified casting with a heat conducting closed rear face, a heat conducting sidewall and an open front face wherein the heat conducting sidewall is joined to the heat conducting closed rear face at one end and defines the open front face of the unified casting at another end." [no genuine dispute of fact and not otherwise disputed in manner required by C.D. Cal. L.R. 56-3; MSJ Order at 10–13, SDF ¶¶ 11–14]
5. Claim 1's limitation requiring "wherein the heat conducting sidewall has a first dimension between the heat conducting closed rear face and the open front face of less than 2 inches and extends 360 degrees around a center axis of the unified casting to define a first cavity that extends forward from the heat conducting closed rear face to the open front face of the unified casting and outward to the heat conducting sidewall." [not disputed in manner required by C.D. Cal. L.R. 56-3; SDF ¶ 15]
6. Claim 1's limitation requiring "such that the light source module is closer to the closed rear face of the unified casting than the open front face of the unified casting." [no genuine dispute of fact and not otherwise disputed in manner required by C.D. Cal. L.R. 56-3; MSJ Order at 9–10, SDF ¶ 22–24]
7. Claim 1's limitation requiring "wherein the unified casting includes a plurality of elements positioned proximate to the open front face so as to align with corresponding tabs of a standard junction box and thereby facilitate holding the unified casting up against the standard junction box when the unified casting is installed in the standard junction box." [undisputed; SDF ¶ 25]
8. Claim 1's limitation requiring "a reflector positioned inside the first cavity of the unified casting and coupled to and surrounding the light source module

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 22, 2020 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

    such that the reflector directs light produced by the light source module into an area surrounding the compact recessed lighting system while enclosing the driver from exposure to the area surrounding the compact recessed lighting system." [no genuine dispute of fact; MSJ Order at 13–14, 14 n.5, SDF ¶¶ 19, 26–29, 31]

9. Claim 1's limitation requiring "wherein the heat conducting closed rear face and the heat conducting sidewall of the unified casting significantly dissipate heat generated by the light source module during operation of the light source module." [no genuine dispute of fact; MSJ Order at 15–17, SDF ¶¶ 33, 35]

10. Dependent Claim 2's limitation requiring "[t]he compact recessed lighting system of claim 1, wherein the driver is donut shaped or 'C' shaped." [undisputed; SDF ¶ 36]

11. Dependent Claim 5's limitation requiring "a lens to shield the light source module while being transmissive to light emitted by the light source module" [undisputed; SDF ¶ 39]

12. Dependent Claim 6's limitation requiring "an inner closure for enclosing the driver within the unified casting." [undisputed; SDF ¶ 41]

13. Dependent Claim 7's limitation requiring "the heat conducting sidewall of the unified casting has heat sink fins formed on its outside surface." [undisputed; SDF ¶ 42]

14. Dependent Claim 8's limitation requiring "[t]he standard junction box having a closed rear end, an open front end, and a sidewall surrounding a second cavity, wherein: the heat conducting closed rear face of the unified casting has a second dimension across the closed rear face that is less than 3 ½ inches; and the unified casting, with the light source module, the driver and the reflector therein, are substantially contained within the second cavity of the standard junction box." [undisputed; SDF ¶¶ 43–45]

15. Dependent Claim 13's limitation requiring "wherein the reflector separates the driver from the light source module such that the reflector directs the light produced by the light source module into an area surrounding the compact recessed lighting system while enclosing the driver from exposure to the area surrounding the compact recessed lighting system." [no genuine dispute of fact; MSJ Order at 13–14, SDF ¶¶ 46–47]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 22, 2020 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

16. Dependent Claim 14's limitation requiring "the unified casting includes at least one rabbet proximate to the first cavity; and the heat conducting closed rear face of the unified casting includes one or more mounting elements to receive and hold at least one of the light source module and the driver" [undisputed; SDF ¶ 48]
17. Dependent Claim 15's limitation requiring "the unified casting includes at least one twist-and-lock connector integrated in the unified casting" [undisputed; SDF ¶¶ 51–52]
18. Dependent Claim 16's limitation requiring "a trim directly coupled to the unified casting, for covering a hole in a ceiling or wall of a building in which the compact recessed lighting system is placed, wherein the trim connects to the unified casting via the at least one twist-and-lock connector." [undisputed; SDF ¶¶ 53–55]

A question of fact remains as to whether DMF can prove infringement of the following claim limitations:

1. Claim 1's limitation requiring "wherein the light source module and the driver are positioned inside the first cavity while being coupled to the heat conducting closed rear face of the unified casting." [MSJ Order at 14–15]
2. Specifically, the SDF included the following disputed facts:
   a. FACT 16: In the ELCO ELL Modules (Versions 1, 2 and 3), the LED is positioned inside the first cavity and coupled to the internal surface of the closed rear face.
   b. FACT 17: A mounting post of the closed rear fac has a flat surface that is coated with a grey thermal paste to which the LD is affixed.
   c. FACT 18: The donut-shaped driver is coupled within a black enclosure that has a central portion that is placed over the LED with a hole through which the central, orange-colored part of the LED is positioned.
   d. FACT 20: Two screws are inserted through holes in the reflector, through holes in the central portion of the driver enclosure and into holes in the mounting post of the closed rear face. The LD and central portion of the driver enclosure are sandwiched between the reflector base and the closed rear face with the screws coupling them all together.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-07090-CAS(GJSx) | Date | July 22, 2020 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

    e.    FACT 21: All ELCO ELL Modules (Versions 1, 2 and 3) meet the Claim 1 limitation "wherein the light source module and the driver are positioned inside the first cavity while being coupled to the heat conducting closed rear face of the united casting."

SDF ¶¶ 16–18, 20, 21.

IT IS SO ORDERED.

Initials of Preparer     00 : 00
                                     CMJ