1   Ben M. Davidson (State Bar No. 181464)
    ben@dlgla.com
2   DAVIDSON LAW GROUP, ALC
    4500 Park Granada Blvd, Suite 202
3   Calabasas, California  91302
    Office: (818) 918-4622
4   Fax: (310) 473-2941

5   David W. Long (admitted *pro hac vice*)
    ERGONIQ LLC
6   8200 Greensboro Dr. Suite 900
    McLean, VA  22102
7   Office: (202) 847-6853

8   *Attorneys for Plaintiff DMF, Inc.*

9

            **IN THE UNITED STATES DISTRICT COURT**
10          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11

12   DMF, Inc., a California corporation,      Civil Action No. 2:18-cv-07090 CAS
                                                (GJXx)
13                Plaintiff,

14          v.                                  **Plaintiff DMF's Response To**
                                                **ELCO's Generic Form G-01**
15   AMP Plus, Inc. d/b/a ELCO Lighting,        **Request For Approval Of**
     a California corporation; and              **Substitution Or Withdrawal Of**
16                                              **Counsel**
     ELCO Lighting Inc., a California
17   corporation,

18                Defendants.

19

20

21

22

23

24

25

26

27   DMF's Response To Request To Substitute Counsel

28

1    Plaintiff DMF, Inc. ("DMF") responds to ELCO's surprise submission last

2    night of L.R. 83-2.3 Form G-01 Request For Approval Of Substitution Or

3    Withdrawal Of Counsel ("Form G-01 Request to Substitute Counsel").  DMF does

4    not oppose ELCO's request provided that ELCO cannot use substitution of counsel

5    as an excuse for delay in this case.  Otherwise, under the local rules, ELCO must

6    proceed under a regularly noticed motion with the procedural timing and safeguards

7    afforded therein, rather than use Form G-01 as a *de facto ex parte* application for

8    emergency relief.

9    Under L.R. 83-2.3.5 concerning "Delays by Substitution of Attorneys", the

10   requestor must show good cause before getting approval to substitute counsel if such

11   substitution would cause any delay in the case, stating:

12       Unless good cause is shown and the ends of justice require, no
         substitution or relief of attorney will be approved that will cause delay
13       in prosecution of the case to completion.

14   Further, the Form G-01 Request to Substitute Counsel itself states (just above the

15   Section 1 – Withdrawing Attorney heading) that the form cannot be used if there are

16   circumstances not covered by the form—a regularly noticed motion must be filed—

17   such as when the requester must show good cause for any substitution that would

18   cause any delay in the case, stating:

19       If the circumstances surrounding an attorney's withdrawal or request to
         substitute other counsel are not covered by this Form G-01, the attorney
20       may instead file a regularly noticed motion supported by a more
         detailed memorandum of points and authorities.
21

22   ELCO does not state in its Form G-01 that the requested substitution of counsel will

23   cause any "delay in prosecution of the case to completion" nor provide good cause

24   required before approval may be given of substitution that would case delay under

25   L.R. 83-2.3.5.  Further, ELCO's accompanying Form G-01 Proposed Order does not

26   provide for a ruling that good cause exists for substitution that may cause delay.

27   Thus, regardless of whether the Bryan Cave law firm remains available to

28   consult with substitution counsel during a transition period, substitution counsel

1  believes it may proceed without such consultation, or otherwise, ELCO cannot delay
2  this case based on its Form G-01 request here to substitute counsel.

3      DMF files this response in view of a timely opportunity to resolve this case
4  within a few weeks based on the Patent Trial and Appeal Board's ("PTAB")
5  November final written decision (also called a "judgment") (*see* Dkt. 537)[1] in the
6  *inter partes* review (IPR) Case No. IPR2019-01094 filed by ELCO that confirmed
7  the patentability of every asserted claim of U.S. Patent No. 9,964,266 ("the ′266
8  Patent") at issue in this case except Claim 17.

9      The PTAB's final written decision raises statutory estoppel under 35 U.S.C. §
10 315(e)(2) that bars ELCO from raising prior art invalidity defenses in this case that
11 ELCO raised or could have raised in the IPR.  DMF believes that the IPR estoppel in
12 conjunction with the Court's summary judgment rulings[2] in favor of DMF establish
13 that ELCO infringes valid and enforceable claims of the ′266 Patent.  DMF believes
14 this presents an opportunity to (1) issue a timely Rule 54(b) judgment of liability and
15 permanent injunction on the patent action part of this case that will (2) allow a timely
16 28 U.S.C. § 1292(c)(2) appeal of that judgment while the remaining "accounting"
17 part of the patent action is stayed (*i.e.*, damages, enhancement for willful
18 infringement and exceptional case).[3]  Such creative and proper procedural solutions
19 that can limit jury trial and conserve court resources seems prudent to consider in
20 these current times.

21     Further, any appeal of the PTAB's final written decision must be filed by
22 January 22, 2021.  Timely action in this case may permit further efficiencies by
23 consolidating or coordinating any appeals to the Federal Circuit of the patent issues
24

---

25 [1] The PTAB slightly revised its Final Written Decision to fix a typo in the last
26 two columns of the end table (the word "not" was put in the wrong column).  DMF
   will submit a revised notice with the corrected final written decision.

27 [2] Dkt 499; *see also* Reconsideration Order Dkt. 535 and Rule 56(g) Order Dkt.
   536.

28 [3] *See Robert Bosch, LLC v. Pylon Mfg*, 719 F.3d 1305 (Fed. Cir. 2013).

1   in this case with those in the IPR.  Further, timely action may relieve DMF from a

2   renewal payment for the Rule 65(c) bond required in the Court's preliminary

3   injunction order (Dkt. 147), which may be due in the next few weeks.

4           DMF's counsel has been conferring with ELCO since December 15: First with

5   ELCO's Bryan Cave counsel and later with ELCO's Buchalter firm counsel when

6   DMF was told that firm would appear for ELCO.  The parties appear to have agreed

7   on making a joint submission apprising the Court of the case status and their

8   proposed next steps on January 25, 2021 and requesting a status conference with the

9   Court the following week or soon thereafter (a joint filing for Court consideration of

10  such a process may be finalized and filed later today or early next week assuming no

11  unexpected disagreement).

12          DMF currently intends to file a motion on January 4, 2021 to allow timely

13  ruling from the Court on any dispute of whether patent liability has been established

14  in this case and provide relief from the Rule 65(c) preliminary injunction bond.  That

15  will inform timely consideration of next steps to be discussed in any status

16  conference that may allow substantial procedural efficiencies.

17          But ELCO has been pushing back on DMF filing the motion, claiming that the

18  proceedings in the case should be delayed because ELCO has retained substitute

19  counsel.  ELCO's instant filing of the generic Form G-01 Substitution of Counsel

20  that does not state that substitution of counsel will cause delay or show good cause if

21  there will be such delay now waives any ELCO argument that such substitution is a

22  basis for delay.

23          DMF, therefore, does not oppose approval of ELCO's Form G-01 request to

24  substitute counsel if the Court rules that ELCO has waived using such substitution as

25  a basis for delay.  Otherwise, DMF opposes approval of ELCO's Form G-01 request

26  to substitute counsel and it should be denied, because ELCO is attempting a *de facto*

27  unexplained *ex parte* application for emergency relief; rather, ELCO's request to

28  substitute counsel must be made under "a regularly noticed motion supported by a

1   more detailed memorandum of points and authorities," which will include ELCO

2   meeting and conferring on the basis of its request (which ELCO has not done) and an

3   opportunity for DMF to file a response without the pressure of yet another

4   emergency ex parte application filed by ELCO.

5

6   Dated: December 31, 2020                    Respectfully submitted,

7                                               by: /s/ David W. Long

8                                               David W. Long (admitted *pro hac vice*)
                                                ERGONIQ LLC

9

10                                              Ben M. Davidson (Cal. Bar 181464)
                                                DAVIDSON LAW GROUP, *ALC*
                                                *Attorneys for Plaintiff DMF, Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28