1  **BUCHALTER**
A Professional Corporation
2  J. Rick Taché (SBN: 195100)
Kari L. Barnes (SBN: 253640)
3  Roger L. Scott (SBN: 247165)
18400 Von Karman Avenue, Suite 800
4  Irvine, CA 92612-0514
Telephone: 949.760.1121
5  Facsimile:  949.720.0182
E-mail:  rtaché@buchalter.com
6            kbarnes@buchalter.com
           rscott@buchalter.com
7
Attorneys for Defendants,
8  AMP Plus, Inc. doing business as
ELCO Lighting and ELCO Lighting, Inc.
9

10
11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13  | DMF, INC. a California Corporation, | Case No. 2:18-cv-007090-CAS-GJS |
|---|---|
| Plaintiff, | |
14  | v. | **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO REQUEST FOR APPROVAL OF SUBSTITUTION OR WITHDRAWAL OF COUNSEL** |
15  | AMP PLUS, INC. d/b/a ELCO LIGHTING, a California Corporation; ELCO LIGHTING, INC., a California corporation; | |
16  | | |
17  | Defendants. | |
18

1  Plaintiff DMF, Inc.'s ("DMF") "response" to Defendants AMP Plus, Inc. and
2 ELCO Lighting, Inc.'s (collectively "ELCO") Request for Approval of Substitution
3 or Withdrawal of Counsel (ECF No. 542) is an improper effort to unduly restrict
4 new counsel upon their entry into the case.  DMF's position misstates the basic
5 procedures and law applying to a motion to withdraw or substitute counsel.

6  First, DMF falsely claims that ELCO is required to file a noticed motion
7 rather than using this District's standard from, G-01, to request substitution.  DMF
8 asserts that "the Form G-01 Request to Substitute Counsel itself states (just above
9 the Section 1—Withdrawing Attorney heading) that the form ***cannot be used*** if
10 there are circumstances not covered by the form—a regularly noticed motion ***must
11 be filed***."  ECF No. 542 at 2:14-17 (emphasis added).  Form G-01 says no such
12 thing.  The form is permissive, allowing a party to file a noticed motion if they so
13 desire, but not requiring one.  Form G-01 ("If the circumstances surrounding an
14 attorney's withdrawal or request to substitute other counsel are not covered by this
15 Form G-01, the attorney *may* instead *file* a regularly noticed motion").

16  Second, DMF's claim of delay is unfounded.  There are no dates or deadlines
17 on calendar in this case to be delayed by the requested substitution.  Instead, DMF
18 bases its response on a threatened motion that has not yet been set for hearing.

19  ELCO has requested that DMF withhold filing of its threatened motion until
20 January 25, 2020 so that its newly-retained counsel can educate themselves as to
21 the issues, meet and confer in an effort to narrow or avoid motion practice, and, if
22 that meet and confer is unsuccessful, be prepared to oppose the motion (given that
23 any opposition would be due within one week of filing based on a standard 28-day
24 motion schedule).  DMF has cited no prejudice it will suffer by withholding its
25 motion for a mere three weeks.

26  The brief extension ELCO has requested is not the sort of "delay in
27 prosecution of the case" Local Rule 83-2.3.5 seeks to prevent.  To the contrary,
28 courts in this District, routinely find no prejudice where, as here, there is no

pending trial date, or the trial date will not be delayed. *Clasby v. Ivanovic*, No. 218CV02313ODWJPRX, 2020 WL 6450287, at *3 (C.D. Cal. Nov. 3, 2020) (finding no delay or prejudice where "this matter is currently stayed, and no trial date has been set" (citing *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009) (no prejudice where "[t]he case remained inactive, with no imminent deadlines and ample time for Blech to retain new counsel."); *Bureau of Consumer Fin. Prot. v. Certified Forensic Loan Auditors, LLC*, No. 219CV07722ODWJEMX, 2020 WL 2556417, at *5 (C.D. Cal. May 20, 2020) ("although Counsel's withdrawal will leave Lehman *pro se*, it should not cause delay or prejudice in this action. The Court has not set a trial date yet and no scheduling conference date has been set, so the likelihood of delay is minimal."); *Bureau of Consumer Fin. Prot. v. Certified Forensic Loan Auditors, LLC*, No. 219CV07722ODWJEMX, 2020 WL 2556417, at *5 (C.D. Cal. May 20, 2020) ("although Counsel's withdrawal will leave Lehman *pro se*, it should not cause delay or prejudice in this action. The Court has not set a trial date yet and no scheduling conference date has been set, so the likelihood of delay is minimal."); *Medina v. Nike, Inc.*, No. 518CV01485ODWKKX, 2019 WL 1789882, at *2 (C.D. Cal. Apr. 23, 2019) ("Trial is currently set for September 2019, five months away, so the likelihood of delay is minimal."); *Bragel Int'l Inc. v. Stickeebra*, No. CV1704860ABJEMX, 2018 WL 8244001, at *2 (C.D. Cal. Aug. 15, 2018) ("Buchalter's withdrawal will not prejudice Plaintiff or result in undue delay. Trial is more than nine months away. (*See* Dkt. No. 25.) Defendant will have enough time to find new counsel and litigate the case without moving the trial date.").

In fact, this Court has specifically rejected the argument presented by DMF—that allowing new counsel time to educate themselves constitutes undue delay. *Wimbeldon Fund SPC (Class TT) v. Graybox, LLC*, No. 215CV6633CASAJWX, 2017 WL 2841325, at *2 (C.D. Cal. June 30, 2017) ("Wimbledon argues that granting the motion would create undue delay, impede the

administration of justice, 'and further prejudice the [plaintiff]'s ability to prosecute the case,' as it would take defendants' new counsel time to 'familiarize himself/herself with the case.' Opp'n at 6. The Court finds this argument unpersuasive" where case lacked trial date or impending deadlines).  Similarly, this Court has found that a delay in filing a dispositive motion is not sufficient to prohibit the withdrawal of counsel.  *Wimbeldon Fund, SPC (Class TT) v. Graybox, LLC*, No. 215CV6633CASAJWX, 2018 WL 3323874, at *3 (C.D. Cal. July 5, 2018) ("The Court is not persuaded that summary adjudication of the remaining third-party claims is necessary before allowing BMK to withdraw. Société Générale has not made an adequate showing that granting the instant motion would cause undue delay, prejudice, or otherwise prevent it from being able to defend against the third-party claims.").

ELCO hopes that DMF will recognize that basic professional courtesy is not the same as prejudicial delay and withhold its threatened motion until January 25, 2020.  However, should DMF refuse to do so, ELCO has already met and conferred regarding its intent to apply *ex parte* to the Court to continue the hearing date to allow ELCO's new counsel adequate time to file an informed opposition.

DATED:  December 31, 2020  
   BUCHALTER  
   A Professional Corporation

   By: */s/ Roger L. Scott*  

   BUCHALTER  
   A Professional Corporation  
   J. Rick Taché  
   Kari L. Barnes  
   Roger L. Scott

   Attorneys for Defendants  
   AMP Plus, Inc. doing business as ELCO Lighting and ELCO Lighting, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 31, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5-3.2.1. Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

*/s/ Roger L. Scott*_____
Roger L. Scott