**BUCHALTER**
A Professional Corporation
J. Rick Taché (SBN: 195100)
Kari L. Barnes (SBN: 253640)
Roger L. Scott (SBN: 247165)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone:  949.760.1121
Facsimile:   949.720.0182
E-mail:   rtaché@buchalter.com
          kbarnes@buchalter.com
          rscott@buchalter.com

Attorneys for Defendants,
AMP Plus, Inc. doing business as
ELCO Lighting and ELCO Lighting, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMF, INC. a California Corporation, | Case No. 2:18-cv-007090-CAS-GJS |
| Plaintiff, | |
| v. | **DEFENDANTS'** *EX PARTE* **APPLICATION FOR AN ORDER CONTINUING THE HEARING DATE ON PLAINTIFF'S MOTION TO ENFORCE IPR ESTOPPEL (ECF NO. 544); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| AMP PLUS, INC. d/b/a ELCO LIGHTING, a California Corporation; ELCO LIGHTING, INC., a California corporation; | |
| Defendants. | *(Declaration of Roger L. Scott and Proposed Order submitted concurrently herewith)* |
| | Ctrm: 8D |
| | Judge: Hon. Christina A. Snyder |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to L.R. 7-19 Defendants AMP Plus, Inc. and ELCO Lighting, Inc.'s (collectively "ELCO") herby apply *ex parte* to the Court for an order continuing the hearing date on Plaintiff DMF, INC.'s (hereinafter "DMF") Motion to Enforce the Statutory IPR Estoppel and Relieve DMF of the Rule 65(c) Preliminary Injunction Bond Requirement which is currently set for February 1, 2021.  ECF No. 544.

This application is made on the grounds that ELCO's new counsel has only recently substituted in and requires time to review the substantive issues in this matter before opposing DMF's Motion.  *See* Declaration of Roger L. Scott ("Scott Decl."), ¶ 7.  This application is made on an *ex parte* basis because ELCO's opposition to DMF's motion is currently due in six days, on January 11, 2021.  The application is necessary because, despite repeated requests that DMF delay filing its motion (which is not required to be filed by any existing deadline) to allow ELCO's counsel to investigate the issues, DMF insisted on filing its motion "to have something on calendar."  Scott Decl. ¶ 13.  ELCO is not at fault for the circumstances leading to this application.  At the time ELCO retained new counsel no motion was on calendar, nor did any Court deadline exist that would have put ELCO on notice that it would face a substantive motion within a few weeks of substituting in and immediately following the holiday period.  Scott Decl. ¶ 4.

**Notice:** Pursuant to Local Rule 7-19.1, notice of this ex parte application was given to DMF's counsel on January 5, 2021, and DMF's counsel has informed ELCO's counsel that it will oppose this application. Scott Decl., ¶ 17.

The name, address, telephone number, and email address of DMF's counsel is provided pursuant to Local Rule 7-19:

Ben M. Davidson (State Bar No. 181464)
ben@dlgla.com
DAVIDSON LAW GROUP, ALC
4500 Park Granada Blvd, Suite 202
Calabasas, California 91302
Office: (818) 918-4622
Fax: (310) 473-2941

David W. Long (admitted *pro hac vice*)
ERGONIQ LLC
8200 Greensboro Dr. Suite 900
McLean, VA 22102
Office: (202) 847-6853

Attorneys for Plaintiff DMF, INC.

This Application is based upon this Application, the Memorandum of Points and Authorities in support hereof, the declaration of Roger L. Scott, the exhibits attached thereto, and the concurrently filed Proposed Order, and such other and further evidence and arguments as may be presented at the hearing on this Application.

DATED:  January 5, 2021
BUCHALTER
A Professional Corporation


By: */s/ Roger L. Scott*

BUCHALTER
A Professional Corporation
J. Rick Taché
Kari L. Barnes
Roger L. Scott

Attorneys for Defendants
AMP Plus, Inc. doing business as ELCO Lighting and ELCO Lighting, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants AMP Plus, Inc. and ELCO Lighting, Inc. (collectively "ELCO") are disappointed that they are required to burden the Court with this *ex parte* application that could easily have been avoided had Plaintiff DMF, Inc. ("DMF") extended the simple professional courtesy of allowing new counsel time to educate themselves before engaging in what amounts to dispositive motion practice.  This is particularly troubling given that ELCO has repeatedly stated that it could likely narrow the issues, or even eliminate the need for, motion practice if DMF simply provided it time to review the issues.

DMF's Motion asks the Court to find that ELCO are liable for patent infringement and disposing of all of ELCO's affirmative defenses.  Given the gravity of the motion, and the lack of any pending deadlines in this case, ELCO's newly appearing counsel, Buchalter, requested that DMF withhold its motion for a few weeks.  DMF refused.  When asked why it insisted on filing its motion immediately when there no dates or deadlines in this case, DMF's counsel responded "The reason is to have something on calendar."  ELCO explained that if DMF insisted on filing its motion as planned, ELCO would be forced to seek *ex parte* relief to allow its counsel adequately to prepare an informed opposition.

Since DMF refused, ELCO requests that the Court continue the hearing on DMF's recently filed Motion to Enforce the Statutory IPR Estoppel and Relieve DMF of the Rule 65(c) Preliminary Injunction Bond Requirement (ECF No. 544, "Motion") by three weeks, from February 1, 2021 to February 22, 2021.  This brief extension would make ELCO's opposition due on February 1, 2021 rather than January 11, 2021, and provide ELCO's new counsel time to learn the substantive issues.

## II. STATEMENT OF FACTS

### A. ELCO Has Made Every Reasonable Effort To Transition This Case To New Counsel

On December 18, 2020, attorneys at Buchalter appeared as ELCO's counsel of record. ECF Nos. 538, 539,540. Following its appearance, Buchalter has made every effort to transition this case from prior counsel, Bryan Cave, to Buchalter. ELCO informed Bryan Cave that Buchalter, and not Bryan Cave, would act as counsel going forward, and instructed Bryan Cave to stop work. Declaration of Roger L. Scott ("Scott Decl.") ¶ 3. Buchalter requested, and Bryan Cave has cooperated, with transferring case files to Buchalter, with a priority on materials not available from the public docket including items filed under seal, discovery, and expert reports. *Id*.

Buchalter attorneys spent their holidays reviewing documents both in this case and the related design patent case in an effort to educate themselves, and corresponding with opposing counsel on a near daily basis. Scott Decl. ¶ 4. When Buchalter entered the case, there were no dates, deadlines, or pending motions in this matter. *Id*.

### B. DMF Refuses To Provide ELCO's New Counsel Time To Transition Before Facing An Effectively Dispositive Motion

On December 18, 2020—the same day it first appeared—Buchalter contacted DMF's counsel to inform them that Buchalter was substituting into the case and to schedule a meet and confer call. Scott Decl. ¶ 5. Later that afternoon, Buchalter and DMF's counsel held a meet and confer call that lasted nearly an hour. *Id*. Buchalter informed DMF's counsel that it had appeared as counsel, that ELCO's existing counsel at Bryan Cave had been instructed to stop work, and that Buchalter was transitioning into the case as quickly as possible. *Id*.

During the course of the call, attorneys for DMF stated that, the day prior, they had informed Bryan Cave of DMF's intent to file a motion to establish the

preclusive effect of the final written decision in the *Inter Partes* Review of United States Patent No. 9,964,266 (the " '266 Patent") (the "IPR").  Scott Decl. ¶ 6.  DMF's counsel asked if Buchalter would stipulate to the motion.  *Id*.  Buchalter explained that they understood that the IPR was likely to have some preclusive effect, but that Buchalter could not make an informed decision on the issue without educating themselves as to the substantive issues in the case.  *Id*. ¶ 7.  DMF threatened that, absent stipulation, it would file its motion on December 28, 2020.

On December 21, 2020, DMF sent ELCO a draft stipulation relating to IPR estoppel.  Scott Decl., Ex. 1.  Apparently recognizing the transition of counsel, DMF sent the stipulation only to Buchalter.  Scott Decl. ¶ 8, Exh 1. As drafted, the proposed stipulation required ELCO to agree that DMF had established infringement liability and that the asserted claims are not invalid or unenforceable.  Exh. 1 to Scott Decl. at ¶ 11.  To reach that conclusion, DMF required ELCO to agree that it lacked any affirmative defenses, including those based on physical products and other materials, which were not and could not have been presented at the IPR.  *Id*. ¶ 10.

On December 22, 2020, ELCO responded and again explained that, while ELCO understood the IPR would have some preclusive effect, "[t]he stipulation, as written, requires agreement to an expansive preclusion that may exceed that actually resulting from the IPR decision.  We cannot agree to such wide ranging relief without properly educating ourselves on the issues."  Scott Decl. ¶ 9, Ex. 2. ELCO explained that it required a reasonable amount of time to understand the underlying issues to enable ELCO to "engage in a substantive meet and confer *which will likely narrow the scope of any such motions*."  *Id*.  ELCO stated that, if DMF insisted on filing on December 28, 2020, ELCO would move *ex parte* to continue the hearing date to allow ELCO to prepare.  *Id*.  In response, DMF falsely claimed that "[t]he stipulation concerns essentially administrative procedural issues" that required review of "a handful of documents." Scott Decl. ¶ 10, Ex. 3.

On December 23, 2020, ELCO reiterated its position, stating "[w]e are simply requesting that DMF delay filing of the motion it has threatened . . . so that we, as new counsel, can properly educate ourselves on the case and make an informed decision before entering into a stipulation or opposing any motion. Scott Decl. ¶ 11, Ex. 4. ELCO explained that, in order to answer the questions posed by DMF's stipulation or any related motion, ELCO would require, "at a minimum, a thorough review of:

- ELCO's affirmative defenses.
- ELCO's invalidity contentions and any expert reports relating to invalidity.
- The briefing and ruling on the motion for preliminary injunction.
- The briefing and ruling on the motion for summary judgment (we are informed there was a motion for reconsideration that would also need to be reviewed).
- The briefing and ruling on the IPR petition including the scope of prior art that was presented and what prior art remains at issue.
- The relevant authority on the scope of IPR estoppel.
- The relevant authority governing a party's obligation to post a bond and when they can be relieved of that obligation (ELCO cannot rely solely on DMF's citation to a single case)."*Id*.

ELCO agreed to hold a telephonic meet and confer at 3:00 p.m. that day. Scott Decl. ¶ 12. The parties' December 23, 2020 telephone call was Kafkaesque. DMF would demand to know what ELCO needed to do to inform itself, and ELCO would explain the case documents it needed to review and the research it needed to perform, referring DMF to the list in its email. *Id.* DMF would then claim that ELCO had not explained what work it needed to do, and the process would start again. *Id.* DMF refused to accept that ELCO's new counsel needed to spend time learning the case, instead insisting that agreeing to wide-ranging issue preclusion was "simple." *Id.*

1	Finally, ELCO attempted to re-frame the question: was DMF willing to provide the professional courtesy of waiting four weeks to file its threatened motion? Scott Decl. ¶ 13. DMF was not. *Id*. Instead, DMF said it would withhold its motion for *one week*, i.e. it would file immediately after the holidays instead of between Christmas and the New Year. *Id*. ELCO explained that one week, over the holidays, was insufficient and it would seek *ex parte* relief should DMF proceed. *Id*. When ELCO asked why DMF so urgently needed to file its motion when there were no dates or deadlines in the case, DMF's counsel responded "[t]he reason is to have something on calendar." *Id*.

During the course of the meet and confer process, DMF indicated that, although its injunction bond was posted in March, it was required to make a payment in late January 2021. Scott Decl. ¶ 14. In an effort to address this specific issue, ELCO agreed to waive the bond requirement, provided that ELCO's agreement not be used against it on any substantive issue. *Id*. DMF appeared to agree, but later circulated a draft stipulation and proposed order that failed to include this critical limitation, but included DMF's assertion that it had established infringement liability and that ELCO lacked any defenses. Scott Decl. ¶ 15. When ELCO attempted to revise the language to prevent DMF from gaining an advantage, DMF withdrew its agreement to the stipulation. *Id*.

Subsequently, the parties exchanged further emails regarding DMF's threatened motion, with ELCO again explaining why it requires time to educate itself on the case, and DMF refusing to agree, even claiming that ELCO had not explained its positon. Scott Decl. ¶ 15-16, Ex. 5, 6, 7. On January 4, 2021, DMF filed its threatened motion. As a result, ELCO brings this *ex parte* application.

## III. ARGUMENT

The Court has the authority to continue hearing dates and control its docket. *See Leyva v. Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 863-64 (9th Cir. 1979) (Holding that a trial court may stay or continue an action "pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it"). The Court may grant relief on an *ex parte* basis where the moving party's cause will be irreparably harmed if the request is heard according to a regularly noticed motion and the moving party is without fault in creating the crisis that requires *ex parte* relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Here, good cause exists to continue hearing on DMF's Motion because, absent Court intervention, ELCO will be forced to oppose the Motion before its newly-retained counsel has had the opportunity to educate themselves as to the issues in this matter. In contrast, DMF will not suffer any prejudice by a short continuance of this hearing as there are no other dates or deadlines on calendar in this case to be delayed by the requested continuance.

Nor can ELCO be found at fault for the crisis caused by DMF's insistence on filing its Motion despite ELCO's repeated requests that it delay filing by a few weeks to allow new counsel to get up to speed. DMF is simply seeking to take advantage of the transition of counsel for its own benefit.

During the meet and confer process, DMF took the myopic position that ELCO's new counsel must specifically identify what issues in DMF's (then threatened) motion counsel disagreed with or required additional time to review. Of course, DMF's position intentionally misses the point: new counsel cannot adequately assess what areas it agrees or disagrees on, or require further research, without first educating themselves on the substantive issues in the case.

Similarly, DMF has asserted that the fact that Bryan Cave has not been formally excused from the case means that Bryan Cave, and not Buchalter, can assess

and oppose the motion in an informed manner. Again, DMF ignores how transition of counsel works. California Rule of Professional Conduct 3-700(C)(5) allows for permissive withdrawal of counsel if a client "knowingly and freely assents to termination of the employment." When changing counsel, it is not uncommon for a client to ask its prior counsel to cease work while it retains new counsel. *See, e.g.*, *Bragel Int'l Inc. v. Stickeebra*, No. CV1704860ABJEMX, 2018 WL 8244001, at *2 (C.D. Cal. Aug. 15, 2018) ("Because Defendant has demanded that Buchalter cease its representation, Buchalter has stated an adequate reason to withdraw."). It would be unfair to insist that ELCO be charged by two law firms (one of which it has terminated) simply because DMF wants to file its Motion *now*. Moreover, DMF knows that Buchalter, and not Bryan Cave, is ELCO's chosen counsel: *since Buchalter first appeared on December 18, 2020, DMF has not copied Bryan Cave on any of its correspondence*. Thus, any argument that Bryan Cave is, or should be, involved in the current dispute is specious.

Finally, DMF cannot demonstrate any prejudice from continuing the motion hearing by three weeks. DMF first claimed that it's "prejudice" was a requirement to make a bond payment in "the last week of January 2021." Of course, DMF made this claim on December 21, 2020, when it was already too late to have a motion heard prior to that supposed deadline. Other than that, DMF's only justification for the purported urgency of its Motion was "to have something on calendar" with the Court. Continuing the hearing on DMF's motion would still satisfy DMF's questionable objective.

## IV. CONCLUSION

For the foregoing reasons, ELCO respectfully requests that this Court continue the hearing on DMF's Motion to Enforce the Statutory IPR Estoppel and Relieve DMF of the Rule 65(c) Preliminary Injunction Bond Requirement for three weeks to February 22, 2021, and continue ELCO's opposition deadline accordingly.

DATED: January 5, 2021

BUCHALTER
A Professional Corporation

By: */s/ Roger L. Scott*

BUCHALTER
A Professional Corporation
J. Rick Taché
Kari L. Barnes
Roger L. Scott

Attorneys for Defendants
AMP Plus, Inc. doing business as ELCO Lighting and ELCO Lighting, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 5, 2121 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5-3.2.1.  Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

                    */s/ Roger L. Scott*
                    Roger L. Scott