UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | May 5, 2021 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

| | |
|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER |

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION TO ENFORCE THE STATUTORY IPR ESTOPPEL AND RELIEVE DMF OF THE RULE 65(c) PRELIMINARY INJUNCTION BOND REQUIREMENT (Dkt. [ 544 ], filed January 4, 2021)

## I. INTRODUCTION

Presently before the Court is plaintiff DMF, Inc.'s ("DMF") motion to enforce the statutory IPR estoppel. Dkt. 544-1 ("Motion"). Defendants AMP Plus, Inc. and ELCO Lighting, Inc. (collectively, "ELCO") have filed an opposition. Dkt. 549 ("Opposition"). DMF has filed a reply. Dkt. 550 ("Reply").

The Court held a hearing on the Motion on February 22, 2021. Dkt. 556 ("Hearing Transcript").

Having carefully considered the parties' arguments, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion as stated herein.

## II. BACKGROUND

### a. District Court Procedural History

The Court previously provided a detailed description of the procedural history of this case in deciding ELCO's renewed motion to stay, see Dkt. 341 ("Renewed Stay Order" (public, redacted version)) at 1–8, and described DMF's and ELCO's competing products in deciding DMF's motion for a preliminary injunction. Dkt. 147 (public), 148 (sealed) ("Preliminary Injunction Order") at 2–6. The Court assumes the parties' familiarity with those orders, and, as such, recites only those facts necessary to resolve DMF's present motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | May 5, 2021 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

In brief, DMF filed this case against ELCO in August 2018, alleging infringement of U.S. Patent No. 9,964,266 ("the '266 Patent"). Dkt. 1 ("Compl."). The '266 Patent is titled "Unified Driver and Light Source Assembly" and relates to certain types of recessed lighting systems and products. See also Renewed Stay Order at 2 (describing prior recessed lighting systems as well as the lighting systems described in the '266 Patent). The '266 Patent claims priority to Provisional Application No. 61/843,278, filed on July 5, 2013. DMF designs, manufactures, and distributes recessed lighting products that it alleges are commercial embodiments covered by the claims of the '266 Patent. Compl. ¶ 28. The Complaint alleges, among other things, that ELCO began infringing certain claims of the '266 Patent when it started manufacturing "knock-off products" that copy DMF's patent-protected products. Id. ¶¶ 47–48. DMF currently asserts infringement of Claim 1, 2, 4–8, 13–17, 19, 21, 22, 25, 26, 28–30 of the '266 Patent. Mot. at 3.

In March 2019, the Court issued a preliminary injunction enjoining ELCO from making, using, selling, or offering to sell "both the original version and the modified versions of ELCO's ELL LED Modules." Preliminary Injunction Order at 13. The Court concluded that DMF had shown it was more likely than not that it would prevail on its infringement claim. Id. at 13. It also found that DMF would be irreparably harmed by ELCO's ongoing sales of those products during the pendency of this suit. See id. at 21. The Court further found it unlikely that ELCO would prevail in its arguments that the asserted claims of the '266 Patent are invalid. See id. at 13–17; see also Renewed Stay Order at 3–4 (summarizing invalidity arguments considered and rejected in Preliminary Injunction Order). The Court's preliminary injunction remains in effect. Renewed Stay Order at 4.

In March 2020, the Court granted-in-part and denied-in-part DMF's motion for partial summary judgment that (1) Claims 1, 2, 4–8, 13–17, 19, 21, 22, 26, and 28–30 of the '266 Patent are infringed by ELCO's Versions 1, 2, and 3 ELL LED Modules and trims sold for those modules; (2) all asserted claims of the '266 Patent are not invalid based on ELCO's prior art invalidity defenses; and (3) ELCO's unclean hands defense fails as a matter of law. Dkt. 499 ("MSJ Order"); see also Dkt. 345 ("MSJ").

The Court concluded that DMF established as a matter of law that ELCO infringed Claims 17, 19, 21, 22, 26, and 28–30 and that ELCO's prior art invalidity grounds 1, 2, and 11 failed as a matter of law. Id. As to ground 2, which asserts that the claims are anticipated by the "Imtra 2011" product catalog prior art reference, the Court held that it failed as a matter of law because it "mixes and matches components from various products disclosed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              'O'

| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | May 5, 2021 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

in the Imtra 2011" reference. Id. at 19–20. Regarding ground 11, the Court found that ELCO failed to show that the "Cree LMH2 Module" reference was relevant prior art. Id. at 27–30. The Court also granted DMF's motion for summary judgment on ELCO's unclean hands defense to the extent that it is based on DMF's alleged misrepresentations to the PTO regarding inventorship. Specifically, the Court determined that "ELCO fail[ed] to raise a genuine dispute on the merits as to inventorship." Id. at 33 n.18. The Court denied DMF's motion on all other grounds.

In May 2020, the parties moved for reconsideration of the Court's MSJ Order. Dkt. 520, 521. In July 2020, the Court granted-in-part and denied-in-part the parties' motions for reconsideration. Dkt. 534 ("Reconsideration Order"). The Court determined that reconsideration was not warranted with regard to the Court's ruling on ELCO's prior art invalidity defenses but modified its ruling regarding prior art invalidity ground 1 as it relates to Claims 17 and 22. Id. at 11–12. The Court granted reconsideration of this issue because, despite ELCO's repeated reference to Claim 26 in its motion for reconsideration, ELCO asserted in its reply brief that the reference to Claim 26 "was a typographical error," and ELCO intended to instead reference Claim 22 in its motion. Dkt. 531 at 7.

### b. IPR Procedural History

In May 2019, ELCO filed a petition for *inter partes* review ("IPR") of the '266 Patent before the Patent Trial and Appeal Board ("PTAB"). See Dkt. 244-2 ("the IPR Petition"). The PTAB granted ELCO's IPR Petition in November 2019. Dkt. 325-2 ("PTAB Preliminary Decision"). The PTAB found that ELCO had shown a reasonable likelihood that it would prevail in a challenge to the patentability of the asserted claims over a prior art reference to "Imtra 2011" both alone as well as in combination with other references ("Imtra 2007" and "Gifford").

In November 2020, the PTAB issued a final written decision regarding ELCO's IPR Petition. See Dkt. 537. The PTAB held that Claim 17 was unpatentable and Claims 1, 2, 4–11, 13–16, 19, 21, 22, 25, 26, and 28–30 not unpatentable. Id. The PTAB found that DMF had not shown by preponderance of the evidence that the prior art references disclosed or rendered obvious the claimed "plurality of elements" limitation in independent claims 1 and 26, as well as their challenged dependent claims. See id. at 31–51. Further, the PTAB rejected DMF's argument that ELCO "improperly mixes and matches alleged features of different products in" the Imtra 2011 reference. See id. at 29–30.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | May 5, 2021 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

## IV. LEGAL STANDARD

Under 35 U.S.C. § 315(e)(2), when an IPR against a particular asserted claim results in a final written decision holding a claim not to be unpatentable, the IPR petitioner may not assert in a civil action "that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that [IPR]," where petitioners are limited to prior art consisting of patents or printed publications. 35 U.S.C. § 315(e)(2); see also 35 U.S.C § 331. This is referred to as IPR estoppel. Courts in this district have explained that "an invalidity 'ground' before the PTAB is 'the basis or bases on which a petitioner challenges a claim.'" California Inst. of Tech. v. Broadcom Ltd., No. 2:16-cv-03714-GW (AGRx), 2018 WL 7456042, at *4 (C.D. Cal. Dec. 28, 2018) ("CalTech I") (quoting iLife Techs, Inc. v. Nintendo of Am., Inc., No. 13-cv-4987-M, 2017 U.S. Dist. LEXIS 87769, at *9 (N.D. Tex. May 30, 2017)). Additionally, a petitioner "reasonably could have raised" a prior art reference if the petitioner "actually knew about [the reference] at the time the IPR was filed, or [if a] skilled searcher conducting a diligent search reasonably could have been expected to discover" the reference. See SPEX Techs. Inc v. Kingston Tech. Corp., No. 8:16-cv-01790-JVS (AGRx), 2020 WL 4342254, at *15 (C.D. Cal. June 16, 2020) (internal quotation marks omitted). "The party asserting estoppel bears the burden to show that estoppel applies." Vaporstream, Inc. v. Snap Inc., No. 2:17-cv-00220-MLH (KSx), 2020 WL 136591, at *23 (C.D. Cal. Jan. 13, 2020); see also Pavo Solutions LLC v. Kingston Tech. Co., No. 8:14-cv-01352-JLS (KESx), 2020 WL 1049911, at *4 (C.D. Cal. Feb. 18, 2020).

Generally, physical products are not subject to IPR estoppel because petitioners are limited in IPRs to arguing invalidity grounds "under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311. To date, neither the Federal Circuit nor the Supreme Court has addressed whether IPR estoppel may extend to physical products. However, several courts in this district have concluded that IPR estoppel may extend to physical products under certain circumstances, applying two distinct standards.

First, the court in Star Envirotech, Inc. v. Redline Detection, LLC, applied a "superior and separate reference" standard, under which physical product prior art is subject to IPR estoppel unless it is not only different from, but also substantively stronger than, the patent or printed publication. No. 8:12-cv-01861-JGB (DFMx), 2015 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | May 5, 2021 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

4744394, at *4 (C.D. Cal. Jan. 29, 2015) (declining to apply IPR estoppel because "the physical machine itself discloses features claimed in the [Patent-in-Suit] that are not included in the instruction manual, and it is therefore a *superior and separate reference*."). More recently, other courts have declined to follow Star Envirotech and instead applied a standard that asks whether there is "*some substantive* difference between [the physical product and the patent or printed publication] that is germane to the invalidity dispute at hand." California Inst. of Tech. v. Broadcom, Ltd., No. 2:16-cv-03714-GW (AGRx), 2019 WL 8192255, at *6–10 (C.D. Cal. Aug. 9, 2019) ("CalTech II"); see also SPEX Techs. Inc v. Kingston Tech. Corp., No. 8:16-cv-01790-JVS (AGRx), 2020 WL 4342254, at *14–15 (C.D. Cal. June 16, 2020). Under this latter approach, which courts refer to as the "substantively, germanely different" standard, IPR estoppel applies to physical products only where a party is attempting to "cloak" its reliance on a prior art ground based on a patent or printed publication that discloses all elements of the physical product or system. Id.

## V. DISCUSSION

### A. Whether ELCO Is Estopped from Asserting Prior Art Invalidity Grounds 2, 4, 5, and 7–9

DMF argues that IPR estoppel bars ELCO from asserting prior art invalidity grounds 2, 4, 5, and 7–9 because each ground is based on prior art that either was raised or could have been raised in ELCO's IPR Petition. See Motion at 17–18. ELCO does not appear to dispute that IPR estoppel applies to these grounds. See Opposition at 2 ("ELCO does not challenge that IPR estoppel applies to grounds based solely upon printed publications that were or could reasonably have been presented at IPR.").

Accordingly, the Court **GRANTS** DMF's Motion as to these invalidity grounds.

### B. Whether ELCO Is Estopped from Asserting Prior Art Invalidity Grounds Based on the Imtra Hatteras Product (Grounds 1, 3, 6, and 10)

DMF argues that ELCO is also estopped from asserting the prior art invalidity grounds based on the "Imtra Hatteras" physical product because "ELCO has not shown [that those grounds] raise[] any different issues from invalidity grounds that ELCO did or could have raised in the IPR...." See Motion at 18–21. According to DMF, ELCO has treated the Imtra Hatteras product as the same reference as the Imtra 2011 reference throughout the course of this litigation. See id. at 7–8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | May 5, 2021 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

ELCO responds that DMF improperly shifts the burden of proving that IPR estoppel does or does not apply to ELCO. See Opposition at 7–8. Further, ELCO asserts that IPR estoppel does not apply to the Imtra Hatteras product under either the "superior and separate reference" standard or "substantively, germanely different" standard. See id. at 8–11. Finally, ELCO argues that "DMF cannot demonstrate that ELCO is label swapping." See id. at 11–12.

As discussed *supra*, there is a split among courts in this district as to whether to apply the more stringent "superior and separate reference" standard, under which physical product prior art must be stronger than the patent or printed publication to avoid estoppel, see Star Envirotech, 2015 WL 4744394, at *4, or the "separate, germanely different" standard, under which estoppel does not apply so long as there is some relevant distinction between the physical product and patent or printed publication prior art. See SPEX Techs., 2020 WL 4342254. Although the parties discuss both the "superior and separate reference" and "substantively, germanely different" standards in their briefs, the parties stated at the hearing that they agree that the "substantively, germanely different" standard should apply. See Reply at 18; Hearing Transcript at 14:4–17.

On balance, the Court is persuaded by the reasoning of the CalTech II and SPEX Techs decisions applying the "separate, germanely different" standard. As the CalTech II court explained, the "superior and separate reference" standard appears to apply a higher standard than is contemplated by the IPR statute and "would likely extend the reach of statutory IPR estoppel beyond its intended scope." 2019 WL 8192255 at * 7; see also 35 U.S.C. § 315(e). Rather, the relevant question is whether "a patent challenge is simply swapping labels for what is otherwise a patent or printed publication ground in order to 'cloak' its prior art ground and 'skirt estoppel'." Id. at *7-8 (explaining that, under this standard, estoppel would apply where a party attempts to "'cloak' its prior art ground based on a datasheet by characterizing it as a prior art ground based on a product itself," or "cloaks" its prior art ground based on a scientific conference slideshow presentation by characterizing it as a prior art ground based on the speech reading the slides verbatim). As the SPEX Techs. court put it, "the reliance on some printed publications in an overall collection of documents being used to describe a [system or physical product] should not lead to estoppel over the [system or product] itself […] absent a showing that the [system or product] is a patent or printed publication in disguise." 2020 WL 4342254, at * 15. Accordingly, the Court agrees with the parties and will apply the "substantively, germanely different" standard.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | May 5, 2021 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

The Court finds that DMF initially satisfied its burden to show that IPR estoppel should apply to the Imtra Hatteras product. DMF cites evidence showing that: (1) both the Imtra 2011 and Imtra 2007 references describe the Imtra Hatteras product, (2) ELCO's expert's invalidity analysis grouped the Imtra Hatteras product with the Imtra 2011 and Imtra 2007 references, (3) ELCO argued to the PTAB that the Imtra Hatteras product described in the Imtra 2011 reference discloses every element alone, and (4) ELCO used photos of the Imtra Hatteras product in its reply brief during the IPR. See Motion at 7–8. Thus, despite DMF's statements implying that ELCO had the initial burden to show why IPR estoppel should not apply, DMF nonetheless satisfied its initial burden.

However, ELCO has shown that the Imtra Hatteras reference is "substantively, germanely different" than the Imtra 2011 reference. As stated in the MSJ Order, "the Imtra 2007 and Imtra 2011 catalogues disclose multiple, different lighting products, and ELCO's expert argues that a combination of features from among the various products disclose limitations of the claims of the '266 Patent." See MSJ Order at 19. The Court found – and DMF argued – that the prior art invalidity grounds based on the Imtra 2011 reference improperly "mixes and matches components from various products disclosed in the Imtra 2011" reference. See id. at 19–20. Thus, the Court held that the Imtra 2011 catalog could not anticipate the asserted claims as a matter of law. See id. By contrast, the Imtra Hatteras product does not have this same issue as it is a single, physical product. Accordingly, the Imtra Hatteras product is substantively, germanely different from the Imtra 2011 reference.

DMF argues that ELCO is judicially and administratively estopped from arguing that the Imtra Hatteras product is substantively, germanely different from the Imtra 2011 reference on the basis that the Imtra 2011 reference mixed and matched products. See Reply at 19–20; Hearing Transcript at 18:4–19:21. Specifically, DMF argues that ELCO opposed DMF's argument that the Imtra 2011 reference mixed and matched products in both its opposition to DMF's motion for partial summary judgment and during the IPR proceeding. See id. DMF also highlights that the PTAB agreed with ELCO and found that the Imtra 2011 reference may still be an anticipatory reference despite the citations to multiple products. See id.

The Court disagrees with DMF's characterization of ELCO's argument. Contrary to DMF's assertion, ELCO is not reversing its course regarding the Imtra 2011 reference to give rise to "judicial/administrative estoppel." See Reply at 20. Rather, ELCO highlights that this Court already found that the Imtra 2011 mixes and matches components and applies that ruling. See Opposition at 8 ("In fact, this Court has already found that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | May 5, 2021 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

Imtra Hatteras product is superior and separate from the printed prior art references."). Additionally, in rejecting the argument that plaintiff was judicially estopped from making arguments that were "clearly inconsistent" with its position before the PTAB, the court in CalTech II found that for the purposes of IPR estoppel "it is Defendants' actions, not Plaintiff's, that matter." 2019 WL 8192255, at *14 n.21 (citing CalTech I, 2018 WL 7456042, at *14). Thus, neither judicial nor administrative estoppel bars ECLO's argument.

ELCO's argument that it independently relies on the Imtra Hatteras product for various limitations is also persuasive. As argued in its opposition brief, "ELCO relies separately on the Imtra Hatteras product because the catalog descriptions of the Hatteras product do not disclose its features." See Opposition at 9. The physical Imtra Hatteras product is necessary to demonstrate certain features that do not appear in the catalog references, including a "unified casting with a heat conducting closed rear face" and the positioning of the light source module "closer to" the rear face of the product. Id. at 9-10. In contrast, where the Imtra 2007 and Imtra 2011 references do not describe the Imtra Hatteras product, ELCO raises separate, although similar, invalidity grounds using the catalogs by citing "to features in the description of different products in the Imtra 2007 and 2011 catalogs, including an unidentified representative powerLED module, as well as the Portland, Ventura, and Avalon products." Id. at 10 (citing Dkt. 370 at 74–75, 81–84). In other words, ELCO uses the various Imtra references in different ways for its invalidity theories. Having reviewed the evidence cited by ELCO, the Court concludes that the Imtra Hatteras product is substantively, germanely different from the Imtra 2011 or Imtra 2007 references. See CalTech II, 2019 WL 8192255, at *7–8.

DMF asserts that the differences ELCO cites are not "germane to the invalidity dispute at hand" because DMF does not dispute that the Imtra Hatteras, Imtra 2011, and Imtra 2007 references meet the "unified casting" and "closer to" limitations that ELCO relies on the physical product to demonstrate. See Reply at 18–19. In so arguing, DMF reads the caselaw too narrowly. The court in CalTech II explicitly rejected a standard that required "that certain claim limitations be independently satisfied by prior art in a way that is different from an associated prior art patent or printed publication." See CalTech II, 2019 WL 8192255, at *7. To hold otherwise would permit the party asserting estoppel to concede that a disputed limitation is met in a particular prior art reference to bring it into the scope of the estoppel. Here, it is enough that there is some substantive, germane difference between the Imtra Hatteras reference and the Imtra 2011/Imtra 2007 references for each asserted claim. Further, even for the limitations that DMF asserts are still disputed,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | May 5, 2021 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

such as the "plurality of the elements" limitation, ELCO relies on the Imtra Hatteras in a substantively, germanely different way than the Imtra 2011 reference. See Dkt. 370 at 81 (declaring that the "Imtra 2011 states that screw mount fixtures are also available," while the Imtra Hatteras actually "includes holes in the housing for screw mounting the device").

Finally, DMF argues that even if IPR estoppel does not apply to the Imtra Hatteras product, "only the Ground 1 challenge to Claim 17 would remain for trial." Reply at 20. DMF is correct that the Court's MSJ Order and Reconsideration Order limited ELCO's prior art invalidity ground 1 to Claims 17 and 22. See MSJ Order at 19–21; Reconsideration Order at 11–12. Additionally, "ELCO does not dispute that the Court's order on the motion to reconsider summary judgment should be corrected to reflect that ELCO's first and second grounds for invalidity were not asserted against Claim 22." Opposition at 2.

To the extent DMF asserts that ELCO is barred from asserting grounds 3, 6, or 10, the Court disagrees. DMF argues that estoppel applies on a ground-by-ground basis and that only ELCO's anticipation theory based on the Imtra Hatteras product would remain if the Court rejected DMF's arguments discussed above. See Hearing Transcript at 17:10–18:3 (arguing that the "mix-and-match issue doesn't apply to obviousness"); 19:24–20:19. According to DMF, it is irrelevant that the Imtra 2011 reference mixed and matched products for obviousness because obviousness requires a combination of references in any event. See id. But ELCO would still need to prove that a person of ordinary skill in the art would be motivated to combine the products in the Imtra 2011 reference, whereas the Imtra Hatteras product does not have this same issue because the physical product is a single prior art reference that requires no combination. Thus, the Imtra Hatteras product is substantively, germanely different for grounds 3, 6, and 10 as well.

Accordingly, the Court **DENIES** DMF's Motion as to these invalidity grounds and modifies its prior MSJ Order and Reconsideration Order to reflect that ELCO is not permitted to assert prior art invalidity grounds 1 or 2 against Claim 22.

C.   **Whether ELCO May Rely on the Cree LMH2 Product (Ground 11)**

DMF argues that ELCO should not be allowed to rely on Ground 11 because it never produced a physical LMH2 product, and because the Court already granted summary judgment in favor of DMF on Ground 11 given that ELCO failed to establish that the LMH2 product was prior art. See Motion at 5–6, 14–15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | May 5, 2021 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

ELCO responds that it is still "entitled to rely on the Cree LMH2 product in combination with the Imtra Hatteras product and other prior art references." See Opposition at 13–14. ELCO argues that, contrary to DMF's assertion, it provided an exemplar of the LMH2 for inspection. See id. at 13. ELCO also argues that the LMH2 is a physical product and thus IPR estoppel does not apply to it. See id. Additionally, ELCO argues that the Court only found that "ELCO's reliance on 'a collection of documents' was insufficient to demonstrate that the Cree LMH2 product was" prior art. ELCO argues that the Court did not determine in its MSJ order that the physical product was not prior art. See id. at 13–14. According to ELCO, "[a] physical inspection of the product reveals that the product itself is stamped with a 2011 copyright, as opposed to the broader 2011–2015 range specified in the documentation." See id. at 14.

DMF replies that ELCO never provided any of this information in opposing DMF's motion for partial summary judgment and should be precluded from doing so now. See Reply at 22. Further, DMF argues that the arguments by ELCO regarding the copyright date of the physical LMH2 product are purely speculative and should be ignored. See id.

The Court agrees with ELCO that DMF has not demonstrated that IPR estoppel applies to the physical LMH2 product. However, the Court notes that ELCO's new arguments attempting to establish the LMH2 product as prior art are untimely. In granting DMF's motion for partial summary judgment with regard to the LMH2 reference, the Court found that "ELCO has not presented facts to show that it could prove by clear and convincing evidence that LMH2 was publicly available before the critical date, and thus it cannot maintain its invalidity Ground 11." See MSJ Order at 30. There, ELCO relied on the copyright dates on certain documents depicting the LMH2 product spanning from 2011–2014 and 2011–2015 to establish the LMH2 reference as prior art. See id. at 28. The Court concluded that the copyright date ranges were insufficient to show that "all relevant LMH2 material was publicly available before the critical date of the '266 Patent (as opposed to being material that was 'revised and updated' during a later 2014–2015 timeframe)." See id. Similarly, the Court rejected ELCO's expert's "conclusory assertions" that the LMH2 product was publicly available as of 2011. See id. The Court's order was directed at Ground 11 as a whole and not limited to the specific documents ELCO relied on to prove that the LMH2 product was prior art, as evidenced by the Court's rejection of ELCO's expert's testimony. To the extent ECLO seeks reconsideration of the Court's MSJ Order, the Court declines to consider ELCO's untimely arguments and evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | May 5, 2021 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

Although the Court agrees with DMF that the Court granted summary judgement in its favor as to Ground 11, including the physical LMH2 product, DMF has not presented any argument as to why IPR estoppel applies to this ground. Accordingly, the Court **DENIES** DMF's Motion as to prior art invalidity Ground 11.

### D. Whether DMF Should Be Relieved of the Rule 65(c) Preliminary Injunction Bond Requirement

The Court's Preliminary Injunction Order required DMF to post a $500,000 bond under Fed. R. Civ. P. 65(c). See Preliminary Injunction Order at 28. DMF asserts that because it has now succeeded on the merits, "the current posture of the injunction [is] akin to that of a permanent injunction to which the Rule 65(c) bond requirement does not apply." See Motion at 22. As explained above, however, ELCO retains its invalidity defenses based on the Imtra Hatteras product. See infra V.B. Thus, DMF has not demonstrated that it has succeeded on the merits.

Additionally, ELCO argues that it retains its wrongful inventorship defense based on its assertion that "Alex and James Kwong, rather than Michael Danesh, are the true inventors of the '266 Patent[,]" relying on the Court's order denying DMF's motion *in limine* one. See Opposition at 14 (citing Dkt. 500 ("MIL Order") at 22–24). DMF responds that ELCO does not retain an *invalidity* inventorship defense because ELCO's memorandum of contentions of fact and law only lists James and Alex Kwong (collectively, "the Kwongs") as evidence to disprove DMF's willfulness claim and not under its inventorship defense. See Reply at 23. Additionally, DMF argues that ELCO has not designated any corroborating evidence necessary to show that the Kwongs were the true inventors, nor has it proffered expert testimony to explain how the evidence shows that the Kwongs invented the claimed invention. See id. at 23–24; Hearing Transcript at 10:25–11:4. Thus, according to DMF, ELCO's defense is "frivolous." See id.

In the Court's MIL Order, the Court determined that ELCO may "present evidence, testimony, and argument regarding whether Alex Kwong, James Kwong, and Ulite are the true inventors of the '266 Patent." MIL Order at 24. In that order, the Court rejected DMF's argument that evidence regarding ELCO's *invalidity* inventorship defense should be excluded "pursuant to Rule 37, [because] ELCO did not timely disclos[e] an invalidity defense based on inventorship." See MIL Order at 22–23. In finding that ELCO sufficiently disclosed the Kwongs as witnesses during discovery, the Court explained that deposition testimony from Michael D. Danesh, the named inventor on the '266 Patent, who

<007>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | May 5, 2021 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

was questioned regarding whether the Kwongs "were involved in DMF's DRD2 product," demonstrated that DMF was on notice that the Kwongs were potential witnesses. See MIL Order at 23 (citing Dkt. 490-2, Exh. A (Danesh Dep. Tr.") at 171:18–173:18). Thus, the Court has already rejected DMF's arguments and identified potentially corroborating evidence that ELCO may offer at trial. To the extent DMF now requests that the Court determine the merits of ELCO's defense, the Court declines to consider DMF's request because it is untimely and raises disputed questions for the trier of fact to resolve.

The Court also rejects DMF's new arguments regarding ELCO's inventorship defense. As stated, DMF argues that ELCO's memorandum of contentions of fact and law only lists the Kwongs as potential witnesses to disprove DMF's willfulness claim and not as potential witnesses under its incorrect inventorship defense. See Reply at 23. However, DMF's argument reads ELCO's disclosures of its potential evidence too narrowly. Although DMF is correct that the Kwongs are not listed as potential witnesses to support its inventorship defense, see dkt. 459 at 25, ELCO's memorandum plainly discloses that its "Evidence that Defendants are Not Liable for Infringement under 35 U.S.C. § 271(a)" includes "testimony of James Kwong and Alex Kwong about, among other things, their development and design of a recessed LED light module like the DRD2 before Michael Danesh applied for the '266 Patent." Id. at 7. That disclosure, despite appearing in a separate section of ELCO's memorandum from its incorrect inventorship defense, was sufficient to put DMF on notice that ELCO intends to offer testimony from the Kwongs to demonstrate that the Kwongs are the true inventors. Finally, to the extent that DMF also argues that ELCO's inventorship defense based on the Kwongs must fail because it conflicts with its prior inventorship defense, the Court finds nothing contradictory with ELCO's differing theories. Thus, the Court holds that ELCO retains its invalidity inventorship defense.[1]

Accordingly, the Court **DENIES** DMF's request to relieve it of the Rule 65(c) preliminary injunction bond requirement.

---

[1] The Court agrees with DMF that ELCO's "Notice of Errata" improperly attempts to further argue its position on the inventorship issue as opposed to correcting an error. See Dkt. 553 ("Notice of Errata"); Dkt. 554 ("Response"). Because the Court ultimately agrees with ELCO that it retains its invalidity inventorship defense for trial should it choose to pursue it, the Court finds ELCO's proposed footnote unnecessary.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** 'O'

| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | May 5, 2021 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

## VI. CONCLUSION

For the reasons stated herein, the Court rules as follows:

- DMF's Motion is **GRANTED** with respect to prior art invalidity grounds 2, 4, 5, and 7–9;

- DMF's Motion is **DENIED** with respect to prior art invalidity grounds 1, 3, 6, and 10 and modifies its prior MSJ Order and Reconsideration Order to reflect that ELCO is not permitted to assert prior art invalidity grounds 1 or 2 against Claim 22;

- DMF's Motion is **DENIED** with respect to prior art invalidity ground 11 as moot; and

- DMF's Motion is **DENIED** with respect to ELCO's request to relieve it of the Rule 65(c) preliminary injunction bond requirement.

After reviewing the parties' memoranda of contentions of fact and law (Dkt. 459, 461), the following issues remain in dispute for trial:

- DMF's direct infringement claims under 35 U.S.C. § 271(a) for Claims 1, 2, 4–8, 13–16, and 25 of the '266 Patent;

- DMF's indirect infringement claims under 35 U.S.C. § 271(b) and (c) for the asserted claims of the '266 Patent;

- DMF's willful infringement and enhanced damages claim under 35 U.S.C. § 284 for the asserted claims of the '266 Patent;

- DMF's claims for damages under 35 U.S.C. § 284 for patent infringement;

- DMF's request for permanent injunction to prevent ELCO's alleged infringement of the '266 Patent;

- DMF's trademark infringement claims under 15 U.S.C. § 1114;

- DMF's unfair competition claims under 15 U.S.C. § 1125(a);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | May 5, 2021 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

- DMF's trademark infringement claims under California common law;
- DMF's California Business & Professions Code § 17200 and common law unfair competition claims;
- ELCO's non-infringement defenses and declaratory judgment counterclaim for Claims 1, 2, 4–8, 13–16, and 25 of the '266 Patent;
- Grounds 3, 6, and 10 of ELCO's prior art invalidity defenses and declaratory judgment counterclaims under 35 U.S.C. §§ 102 and 103 for the '266 Patent;
- ELCO's inventorship defense under 35 U.S.C. § 256 regarding whether Alex Kwong, James Kwong, and Ulite are the true inventors of the '266 Patent;
- ELCO's failure to mark defense under 35 U.S.C. § 287(b)(2);
- ELCO's unclean hands defense as to DMF's trademark and unfair competition claims;
- ELCO's non-infringement defense and declaratory judgment counterclaim for DMF's trademark infringement claims;
- ELCO's defense that it did not commit any acts of unfair competition or violate California Business & Professions Code §17200;
- ELCO's defense that DMF is not entitled to its claimed damages;
- ELCO's defense that DMF is not entitled to injunctive relief; and
- ELCO's defense that it did not willfully infringe and DMF is not entitled to enhanced damages.

**IT IS SO ORDERED**.

Initials of Preparer  00 : 00  CMJ