Case 2:18-cv-07090-CAS-GJS Document 565 Filed 09/09/21 Page 1 of 4 Page ID #:36187



**RECEIVED**
CLERK, U.S. DISTRICT COURT
9/9/21
CENTRAL DISTRICT OF CALIFORNIA
BY: ____MAT____ DEPUTY

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In re: DMF, INC., a California corporation,**
*Petitioner*

2021-153

On Petition for Writ of Mandamus to the United States District Court for the Central District of California in No. 2:18-cv-07090-CAS-GJS, Senior Judge Christina A. Snyder.

**ON PETITION**

Before LOURIE, BRYSON, and TARANTO, *Circuit Judges*.

PER CURIAM.

### O R D E R

DMF, Inc. petitions for a writ of mandamus challenging the district court's ruling that AMP Plus, Inc., dba ELCO Lighting ("ELCO") was not statutorily estopped from raising a particular ground of invalidity. ELCO opposes. DMF replies.

This petition concerns the scope of statutory estoppel under 35 U.S.C. § 315(e)(2). A petitioner in an *inter partes* review may request to cancel as unpatentable one or more claims of a patent only "on the basis of prior art consisting

of patents or printed publications." 35 U.S.C. § 311(b). Section 315(e)(2) provides that the "petitioner in an *inter partes* review of a claim in a patent . . . may not assert . . . in a civil action . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review."

DMF is the owner of U.S. Patent No. 9,964,266 ("the '266 patent") directed to certain compact recessed lighting products. In August 2018, DMF filed this suit in the United States District Court for the Central District of California, alleging ELCO infringes various claims of the '266 patent. ELCO raised several invalidity grounds, including arguments premised on a boating light product sold under the name Hatteras that had been featured in a product catalog published in 2011 by Imtra Marine Lighting.

In May 2019, ELCO petitioned for *inter partes* review of the '266 patent. The Patent Trial and Appeal Board instituted review of all the challenged claims on three grounds based on the Imtra 2011 catalog either alone or in combination with other references. In its final written decision, the Board held that ELCO had not proved that all the challenged claims were unpatentable. Following the Board's decision, DMF moved the district court under § 315(e)(2) to bar ELCO from asserting invalidity in the litigation based on the Hatteras product itself.

The parties agreed that section 315(e)(2) estoppel was to be assessed based on whether there was a substantive difference between the physical Hatteras product relied upon by ELCO in this case and the description of the product in the 2011 Imtra catalog germane to the invalidity dispute. *See* Appx6; Appx112 (DMF's reply brief in support of motion) ("The parties appear to agree that courts in this District and elsewhere require that—as stated in ELCO's own Opp. at 7—there be some substantive difference between the product and the printed prior art that is germane

to the invalidity dispute at hand" (internal quotation marks and emphasis omitted)).

Applying that standard, the district court denied the motion. Relying on DMF's own prior argument that the Imtra reference could not anticipate the claims because ELCO's invalidity contentions mixed and matched components from various products disclosed in the catalog, the district court found that anticipation arguments based solely on the Hatteras product were substantively, germanely different. The court added that ELCO was relying on the physical product as a reference for various limitations because the descriptions in the Imtra catalog did not disclose all of the Hatteras product's features.

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). Under the well-established standard for obtaining such relief, the petitioner must: (1) show it does not have any other method of obtaining relief; (2) show that it has a clear and indisputable legal right; and (3) convince the court that the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted). We cannot say that DMF has satisfied that standard.

DMF has not shown that a post-judgment appeal is an inadequate remedy for asserting a statutory estoppel argument. *See In re Verinata Health, Inc.*, No. 2017-109, 2017 WL 1422489, at *2 (Fed. Cir. Mar. 9, 2017). Nor has DMF shown that it has a clear and indisputable right to relief. Significantly, DMF agreed to the legal standard for assessing statutory estoppel applied by the district court. In essence, DMF is challenging the district court's application of that standard and its findings that ELCO was not judicially estopped from raising its arguments based on actions before the Patent Office. We are not convinced that DMF has met its heavy burden of showing that the district

court's rulings in these regards are clearly and indisputably erroneous.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

September 09, 2021 /s/ Peter R. Marksteiner
Date Peter R. Marksteiner
Clerk of Court

s29