UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | August 11, 2023 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - ELCO'S MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. [614], filed June 20, 2023)

## I. INTRODUCTION

Presently before the Court is defendants AMP Plus, Inc. and Elco Lighting, Inc.'s (collectively, "ELCO") motion for judgment on the pleadings. Dkt. 614 ("Motion"). Plaintiff DMF, Inc. ("DMF") has filed an opposition. Dkts. 627, 637 (sealed) ("Opposition"). ELCO has filed a reply. Dkt. 636 ("Reply").

A review of the briefing demonstrates that this matter is appropriate for decision without oral argument. Therefore, the hearing set for August 14, 2023 is **VACATED**. See Fed. R. Civ. P. 78; Local Rule 7-15.

Having carefully considered the parties' arguments, the Court **DENIES** the Motion as stated herein.

## II. BACKGROUND

### a. Willfulness Allegations

In this patent infringement action, DMF alleges that ELCO infringes U.S. Patent No. 9,964,266 (the "'266 Patent"), which discloses a "Unified Driver and Light Source Assembly For Recessed Lighting." Dkt. 1 ("Compl.") at 1. The provisional patent application to which the '266 Patent claims priority was filed on July 5, 2013, and the '266 Patent issued on May 8, 2018. Id. ¶¶ 20-23. DMF avers that the LED module claimed in the '266 Patent is designed with "a low-profile heat conducting casting that could both house LED components and significantly dissipate heat from the LED light source, rather than stacking a conventional heat-sink on top of a separate component housing." Id. ¶ 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | August 11, 2023 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

Further, the claimed module "could fit in traditional 'cans' or other lighting fixtures, but also was small enough to fit into standard junction boxes without using a separate firebox, 'can' or lighting fixture." Id.

DMF alleges that ELCO sells knockoff versions of DMS's flagship DRD2 LED Modules, which are a commercial embodiment of the '266 Patent. Id. ¶ 47. To create the knockoff products, DMF alleges, on information and belief, that "ELCO reviewed and considered information about DMF's flagship DRD2 LED Module products when designing one or more ELCO products, such as the ELCO ELL LED Module, ELCO Trim or ELCO Hanger Junction Box." Id. ¶ 89; see also id. at ¶¶ 90-91. Specifically, DMF avers that ELCO copied its products after accessing the following information: tradeshow exhibit booths; DMF's website; the published patent application underlying the '266 Patent (published Jan. 8, 2015); and the '266 Patent." Id. ¶¶ 48-53. On August 3, 2018, DMF sent a cease-and-desist letter to ELCO outlining its theory of infringement. Id. ¶ 54.

In this action, DMF alleges infringement of the '266 Patent. See id. ¶¶ 117-132 (alleging direct, induced, and contributory infringement). DMF also alleges willful infringement. Id. ¶¶ 134-39. Specifically, DMF alleges that (1) ELCO has been aware of the '266 Patent at least since it received the cease-and-desist letter, and should have been aware of it as soon as it issued; and (2) ELCO copied DMF's LED module knowing that DMF was seeking patents on the technology, including because of ELCO's own patent application activity, the underlying published patent application, and prior art searches. See id. Thus, DMF alleges that, "ELCO's infringement of the '266 Patent has been willful at least after it received the Cease & Desist Letter and failed to take remedial action. ELCO, with knowledge of the patent and its infringement, and despite having copied its competitor's patented product, not only failed to take remedial action but continued to offer the product to DMF's customers and potential customers." Id. ¶ 138. Based on these willfulness allegations, DMF seeks treble damages under 35 U.S.C. § 284. Id. ¶ 139.

  b. **Rule 12(c) Motion**

During a status conference on June 5, 2023, ELCO sought permission to file its Motion for judgment on the pleadings that DMF's willfulness claim fails as a matter of law. See Dkt. 612 (minutes). The Court allowed ELCO to lodge the Motion for further review; upon further review, the Court ordered the Motion filed and set a briefing schedule. Dkt. 616. The Court ordered that, "[i]n the response and reply, the parties shall address

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | August 11, 2023 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

applicable law concerning the sufficiency of minimal pre-suit notice (e.g., twelve days)." Id.

In its Motion, ELCO argues that DMF has failed to plausibly state a claim for willful infringement where the Complaint does not sufficiently allege pre-suit knowledge. See generally Motion. Specifically, ELCO contends that the cease-and-desist letter does not create pre-suit knowledge because it was sent a mere eight business days before the Complaint was filed, which is insufficient time to evaluate the claims and respond; and it does not identify any particular claims of the '266 Patent that are allegedly infringed. Id. at 12-17.[1] ELCO argues that the other allegations do not save the willfulness claim, because publication of a patent application is not sufficient to establish knowledge of a patent, especially where the original claims were rejected. Id. at 15-16; see also id. at 16-17 (noting patent application was filed in inventor's name, not DMF's, and DMF's products were not market "patent pending"). Because the products were unmarked, ELCO alleges that even assuming it copied those products, doing so was permissible. Id. at 17.

DMF responds that, although minimal, the pre-suit knowledge established by the cease-and-desist letter is sufficient to support the willfulness allegations because willfulness is evaluated under the totality of the circumstances. See generally Opp. at 17-25.[2] DMF argues that all of the circumstances, including ELCO's direct copying and competitive motivation, ELCO's efforts to avoid service of the cease-and-desist letter, and ELCO's suspect redesign efforts, should all be considered in support of finding willfulness. See id.

---

[1] The Motion also argues that the Complaint fails to allege post-suit willfulness, because, inter alia, ELCO's reasonable defenses preclude a finding of willfulness. See id. at 18-23. The Court declines to reach post-suit willfulness in the context of the pleadings Motion, however, because, assuming pre-suit willfulness is alleged adequately, taking the allegations of the Complaint as true, ELCO's other challenges present factual disputes that must be resolved by the jury (i.e., assuming adequate pre-suit notice, whether ELCO's post-suit actions support a finding of willfulness turns on whether a jury finds ELCO acted in good faith, etc.).

[2] To the extent DMF cites evidence obtained during discovery to support the plausibility of its allegations, the Court disregards that evidence as it is irrelevant for purposes of a Rule 12(c) Motion. Instead, the Court takes as true all allegations in the Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | August 11, 2023 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

In its Reply, ELCO argues that, given the deficiencies identified with DMF's purported notice letter, "[i]t is difficult to escape the conclusion that DMF's letter was designed to ambush, not afford ELCO notice." Reply at 11. ELCO criticizes this approach, arguing that, "'[t]he purpose of enhanced damages is to punish and deter bad actors from egregious conduct, not to provide a financial incentive for opportunistic plaintiffs to spring suits for patent infringement on innocent actors who have no knowledge of the existence of the asserted patents.'" Id. (quoting ZapFraud, Inc. v. Barracuda Networks, Inc., 528 F. Supp. 3d 247, 251 (D. Del. 2021)).

## IV.   LEGAL STANDARDS

### A.   Rule 12(c)

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion challenges the legal sufficiency of the pleadings. Judgment under this rule is proper when, taking all of the pleaded material facts as true, the moving party is entitled to judgment as a matter of law. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). The standard for judgment under Rule 12(c) is essentially the same as under Rule 12(b)(6). See Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012).

### B.   Willfulness

To prove willful infringement, a plaintiff must show that an infringer has engaged in conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrong, flagrant, or... characteristic of a pirate." Halo Elecs., Inc. v. Pulse Elecs., Inc., 579 U.S. 93, 103-104 (2016). "Willfulness does not equate to fraud," however, so "the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)." Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega systems, LLC, 350 F.3d 1327, 1343 (Fed. Cir. 2003).

To sufficiently plead willful infringement, the willfulness allegations "must necessarily be grounded exclusively in the accused infringer's prefiling conduct." Soteria Encryption, LLC v. Lenovo United States, Inc., No. CV 16-7958-GW(JPRx), 2017 WL 3449058, at *3 (C.D. Cal. Feb. 27, 2017) (emphasis added). Further, following Halo, "[a]t a minimum, the discretion that [the Supreme Court] confer[red] on district courts to award

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | August 11, 2023 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

enhanced damages based on the nature of specific misconduct in a given case counsels hesitation before dismissing allegations of willfulness at the pleading stage." Bobcar Media, LLC v. Aardvark Event Logistics, Inc., No. 16-CV-885 (JPO), 2017 WL 74729, at *6 (S.D.N.Y. Jan. 4, 2017).

## V. DISCUSSION

### A. Notice Letter

The Court finds unpersuasive ELCO's argument that the cease-and-desist letter cannot provide pre-suit notice because it does not allege specifically which claims of the '266 Patent have been infringed. It is true that, when a patentee relies on a notice letter to establish notice of infringement, "[t]o serve as actual notice, [such] a letter must be sufficiently specific to support an objective understanding that the recipient may be an infringer." Funai Elec. Co. v. Daewoo Elecs. Corp., 616 F.3d 1357, 1373 (Fed. Cir. 2010) (citing Gart v. Logitech, Inc., 254 F.3d 1334, 1346 (Fed. Cir. 2001)). Thus, to be sufficiently specific, "[t]he letter must communicate a charge of infringement of specific patents by a specific product or group of products." Id. (citing Amsted Industries Inc. v. Buckeye Steel Castings Co., 24 F.3d 178, 187 (Fed. Cir. 1994) ("Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device.")). The cease-and-desist letter meets this standard. See Dkt. 1-10 (alleging infringement of the '266 Patent by ELCO ELL LED Module). ELCO provides no authority suggesting that notice must include specific patent claims.

### B. Pre-Suit Notice

To establish willfulness, pre-suit notice of the patent and infringement of that patent is required. "To willfully infringe a patent, the patent must exist and one must have knowledge of it." State Industries, Inc. v. A.O. Smith Corp., 751 F.2d 1226, 1236 (Fed. Cir. 1985). Even where an application has been filed, there is "no guarantee any patent will issue" and "the scope of claims" that may eventually issue is "something totally unforeseeable." Id.; see also Gustafson, Inc. v. Intersystems Indus. Products, Inc., 897 F.2d 508, 510–11 (Fed. Cir. 1990) ("It is obvious that a party cannot be held liable for 'infringement,' and thus not for 'willful' infringement, of a nonexistent patent."). Applying this standard, the relevant pre-suit notice window in which ELCO could have learned about the patent only runs from May 8, 2018 (the date the patent issued) to August 15, 2018 (the date the Complaint was filed).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | August 11, 2023 |
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

With this pre-suit notice window in mind, the Court considers the allegations in the Complaint. DMF alleges that ELCO had notice of the '266 Patent and its infringement thereof by at least the date ELCO received the cease-and-desist letter, and even before receiving the letter. Compl. ¶¶ 134-36. For example, the Complaint alleges that ELCO knew about the patent before receiving the letter based on ELCO's "own patent application activity, DMF's U.S. Patent Application No. U.S. 2015/0009676 (Exhibit 3) published in January 2015, prior art searches by ELCO or its patent counsel or prior art identified to ELCO by the Patent Office." Id. ¶ 137. These allegations are sufficient to allege pre-suit knowledge (1) at least by August 3, 2018 (the date ELCO is alleged to have received the cease-and-desist letter (id. ¶ 134), and (2) possibly during the three-month period between when the patent issued and the letter was received. Whether DMF can prove its second notice theory (i.e., that ELCO learned about the patent before the letter was received) need not be resolved in the context of a Rule 12(c) motion, which examines and accepts as true the pleading allegations only.

In the context of actual notice, the Court asked the parties to address whether actual notice of twelve days could be sufficient pre-suit notice as a matter of law. See Dkt. 616. DMF relies on cases with minimal notice periods to argue that it can suffice, and ELCO attempts to distinguish those cases. Compare Mot. at 17-18, 20-21 with Reply at 7-10. A common thread that may be gleaned from these cases is that courts do not examine the notice period in a vacuum. Rather, they consider the totality of facts that may support or undermine willfulness.

For example, the Federal Circuit has found that "pre-patent conduct may . . . support a finding of willfulness" because "[t]he willfulness *vel non* of infringement is determined by reviewing the totality of the circumstances." Kaufman Co. v. Lantech, Inc., 807 F.2d 970, 979 (Fed. Cir. 1986) (rejecting argument that copying was irrelevant because it "took place before the patent was issued and therefore cannot be considered"). Pre-patent conduct can be relevant because "a party's conduct and knowledge of the events leading to the issuance of a patent can have a direct bearing on whether that party willfully infringed upon a patent" after it issued. Simpson Performance Products, Inc. v. NecksGen, Inc., No. 3:18-cv-01260, 2019 WL 4187463, *2 (S.D. Cal. Mar. 25, 2019).

Notably, the parties agree that "[p]re-patent copying of the invention ... is relevant to the defendant's state of mind *after* issuance," and "the fact finder may look at ... pre-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | August 11, 2023 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

issuance copying ... to determine what the accused infringer's state of mind was *after* issuance and notice of the patent." Compare Reply at 15-16 with Opp. at 20-21 & n.118 (citing Pelican Int'l Inc. v. Hobie Cat Co., 2023 WL 2127994, *16-17 (S.D. Cal. Feb. 10, 2023) (willfulness may be based on evidence of pre-patent copying in assessing infringer's state of mind after patent issued and infringer received notice thereof) (citing, inter alia, Barry v. Medtronic, Inc., 250 F. Supp. 3d 107, 114 (E.D. Tex. 2017) ("[C]onduct before the patents issued can be ... probative of copying... A patent need not have issued before the ideas of the inventor can be copied in bad faith.")).

Of course, copying is not a substitute for pre-suit notice. But assuming the jury finds pre-suit notice (either through the cease-and-desist letter and/or ELCO otherwise becoming aware of the patent after it issued through the theories alleged in the Complaint), if the jury also finds that, pre-suit, ELCO copied DMF in bad faith, the jury can decide what impact this fact finding has on its overall determination of ELCO's state of mind during the notice period.  For example, if the jury believes the direct copying allegations, it could conclude that upon receiving the cease-and-desist letter alerting ELCO about the patent and infringement, at that time ELCO knew or should have known it was infringing, and to argue otherwise supports a finding of willfulness. Conversely, if the jury finds no copying, this may support ELCO's arguments supporting no willfulness (e.g., during the short notice period it believed in good faith it was not infringing, and it had insufficient time to otherwise evaluate the claim).  See, e.g., Gustafson, 897 F.2d at 511 (no "universal rule that to avoid willfulness one must cease manufacture of a product immediately upon learning of a patent, or upon receipt of a patentee's charge of infringement, or upon the filing of suit").

Based on the facts alleged in the Complaint, the Court concludes that Plaintiff has sufficiently alleged willfulness to allow a jury to evaluate whether Plaintiff can prove willfulness by a preponderance of the evidence.  In making this conclusion, the Court joins ""[o]ther courts, including the Federal Circuit, [that] have held [] evidence that the defendant copied the plaintiff's products prior to the issuance of the plaintiff's patent is relevant to willfulness, at least in some circumstances." Sonos, Inc. v. D&M Holdings, Inc., No. 14-1339, 2017 WL 56332204, *3-4 (D. Del. Nov. 21, 2017) (collecting cases). This is true even where a short notice period was provided.  Compare Kaufman, 807 F.2d at 973 (affirming district court's finding of willfulness where patentee gave only two weeks' notice of infringement, where another "persuasive factor" was that the accused infringer "copied the invention before the patent issued") with Compl. ¶¶ 48-53 (alleging

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:18-cv-07090-CAS (GJSx) | Date | August 11, 2023 |
|---|---|---|---|
| Title | DMF, INC. v. AMP PLUS, INC. ET AL. | | |

blatant copying based on ELCO visiting tradeshow exhibit booths, viewing DMF's website, reviewing the published patent application underlying the '266 Patent, reviewing the '266 Patent after it issued, etc.).

ELCO's remaining arguments, see, e.g., Reply at 12-13, go to factual issues that cannot be resolved at the Rule 12(c) stage. For example, a jury will have to consider when ELCO first learned about the patent (e.g., when was the cease-and-desist letter received; what, if anything, did ELCO's patent searches reveal); whether the notice period was sufficient for ELCO to conduct an infringement analysis; whether ELCO copied, and if so, whether it believed in good faith that the product it was copying was not subject to patent protection.

***

The Court agrees with ELCO that "[t]he purpose of enhanced damages is to punish and deter bad actors from egregious conduct, not to provide a financial incentive for opportunistic plaintiffs to spring suits for patent infringement on innocent actors who have no knowledge of the existence of the asserted patents." ZapFraud, Inc. v. Barracuda Networks, Inc., 528 F. Supp. 3d 247, 251 (D. Del. 2021). Indeed, allowing ambush infringement claims to support willfulness would undermine "the worthwhile practice [of] send[ing] a cease-and-desist letter before suit." Sonos, Inc. v. Google LLC, 591 F. Supp. 3d 638, 646 (N.D. Cal. 2022). Whether the short notice period provided in this case was akin to a token ambush letter followed by filing suit, or instead was confirming what ELCO already knew based on earlier notice of the patent and/or bad faith copying, depends on resolving factual disputes, which cannot be done at this stage.

Accordingly, taking the allegations in the pleadings as true, the Court **DENIES** ELCO's Rule 12(c) Motion.

## VI.   CONCLUSION

For the reasons stated herein, the Court **DENIES** the Motion.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |