O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMF, Inc.,<br><br>           Plaintiff,<br><br>– v. –<br><br>AMP Plus, Inc. d/b/a ELCO Lighting, and ELCO Lighting Inc.,<br><br>           Defendants. | No. 2:18-cv-07090-CAS-GJSx<br><br>**RULINGS ON OBJECTIONS TO PROPOSED FINAL JUDGMENT AND REMAINING MATTERS** |

## I.     INTRODUCTION

DMF, Inc. ("DMF" or "Plaintiff") brought this patent infringement action against AMP Plus, Inc. d/b/a ELCO LIGHTING and ELCO Lighting, Inc ("ELCO" or "Defendants," generally, or "AMP Plus" and "ELI," only when it is necessary to discuss both entities separately) on August 15, 2018. Complaint, Docket No. 1. DMF alleged that ELCO's light emitting diode ("LED") products infringe U.S. Patent No. 9,964,266 (the "'266 Patent"). See id. ¶ 119. To promote settlement, the Court held a bench trial on willful infringement only. See Interim Judgment Regarding Willfulness, Docket No. 744. The Court determined that DMF failed to carry its burden to prove willful infringement. Id. The Court later held a second bench trial regarding infringement, damages, and invalidity. The Court then made the following findings:

- Claims 1, 2, 4-8, 13-16, 19, 21, 25, 26, and 28-30 of the '266 Patent are not invalid.
- AMP Plus infringes Claims 1, 2, 4-8, and 13-15 of the '266 Patent.
- AMP Plus does not infringe Claims 16 and 30 of the '266 Patent
- ELI does not infringe Claims 1, 2, 4-8, 13-16, and 30 of the '266 Patent
- DMF is entitled to $15,940.60 in damages for AMP Plus's infringement.

Findings of Fact and Conclusions of Law ("FFCL"), Docket Nos. 829, 831 (sealed) § VI, ¶¶ 1-2. The Court ordered DMF to lodge a proposed final judgment. Id. § VI, ¶ 3. The Court also ordered the parties to file a status report regarding post-trial issues. Id. § VI, ¶ 4. The Court addresses the proposed final judgment and the issues discussed in the status report here.

## II.   OBJECTIONS TO PROPOSED FINAL JUDGMENT

1. ELCO objects to the summary in DMF's proposed judgment. Defendants' Objections to DMF's Proposed Judgment ("Obj."), Docket No. 835 ¶ 1. A judgment should not include this kind of summary. Fed. R. Civ. P. 54(a) ("A judgment should not include . . . a record of prior proceedings."). Accordingly, DMF shall omit the summary from its revised proposed judgment.

2. ELCO indicates that, as between DMF and ELI, judgment should be entered in favor of ELI. Obj. ¶ 2. The Court discusses this issue in § III, ¶ 24, below. DMF shall revise its proposed judgment, consistent with the Court's ruling on this issue.

3. ELCO objects to DMF's proposed judgment because it does not mention the Patent Trial and Appeal Board ("PTAB") determination that Claim 17 of the '266 Patent is invalid. Obj. ¶ 3. The Federal Circuit affirmed the PTAB's determination that Claim 17 is invalid. AMP Plus, Inc. v. DMF, Inc., No. 2021-1595, 2022 WL 16844516, at *7 (Fed. Cir. Nov. 10, 2022) ("[W]e therefore affirm the Board's decision finding claim 17 to be unpatentable.") This decision is binding. Accordingly, as of the Federal

Circuit ruling, Claim 17 was no longer a part of this case. The final judgment need not include a determination as to Claim 17.

4. ELCO objects to DMF's proposed language regarding enforceability because ELCO did not make an enforceability challenge in this action. Obj. ¶ 4. Enforceability is not an issue in this case. DMF shall omit this language from its revised proposed judgment.

5. ELCO objects to DMF's proposed judgment regarding infringement to the extent it includes language inconsistent with the Court's findings. Obj. ¶ 5. DMF shall revise its proposed judgment to conform to the Court's ruling and shall omit superfluous material or findings the Court did not make.

6. ELCO objects to DMF's proposed judgment for not repeating the Court's ruling on willfulness. Obj. ¶ 6. The Court entered an interim judgment on willfulness but indicated that judgment was not final because the underlying infringement claim had not yet been finally adjudicated. Interim Judgment Regarding Willfulness, Docket No. 744. DMF shall revise its proposed final judgment to include the Court's now final determination as to willful infringement.

7. ELCO argues the judgment should include dismissal of the trademark and unfair competition claims. Obj. ¶ 7. The parties stipulated to dismiss these claims without prejudice. Stipulation, Docket No. 560; Order Granting Stipulation, Docket No. 561. DMF shall conclude its revised proposed judgment by indicating that all other claims are dismissed without prejudice, and that the parties shall bear their own costs as to these other claims.

8. ELCO objects to the proposed judgment because it does not reference the parties' claims regarding Junction Boxes, Housing, and Trims. Obj. ¶ 8. ELCO suggests the Court enter judgment on these claims in its favor and against DMF. Id. The Court determined that AMP Plus infringes certain claims of the '266 Patent and that ELI does not infringe certain claims of the '266 Patent. See generally FFCL. The Court

2

1 made its findings as to the Accused Products.  Id.  The scope of the findings, based on
2 the parties' definition of Accused Products, is clear.  ELCO's suggestion is not
3 appropriate.

4     9.    ELCO argues the judgment should indicate that DMF's claim that
5 commercial ELL Modules infringe should be dismissed with prejudice.  Obj. ¶ 9.  DMF
6 mentioned these modules in its Complaint but later withdrew its contention that these
7 products infringe.  FFCL ¶ 138.  ELCO acknowledged that DMF does not accuse these
8 products.  Id.  As the Court found, these products are outside the scope of this case.  Id.
9 Accordingly, the Court finds it inappropriate to reference non-accused products in the
10 final judgment.

11     10.    ELCO objects to DMF's inclusion of permanent injunction language.  As
12 discussed below, the parties will brief the injunction issue and then DMF shall lodge a
13 revised proposed judgment after the Court's ruling on the injunction issues.  See § III, ¶
14 14, below.  If the Court grants an injunction, DMF's revised proposed judgment shall
15 accurately capture the Court's ruling on the injunction.  If the Court does not grant an
16 injunction, DMF shall omit the injunction language.

17     11.    ELCO objects to the proposed judgment for not identifying the prevailing
18 party.  The Court discusses this issue below at § III, ¶ 24.  DMF shall revise its proposed
19 judgment to correctly indicate the prevailing party.

20     12.    DMF shall file a revised proposed judgment, consistent with the above
21 guidance, within three days of the Court's ruling on DMF's motion for permanent
22 injunction.  ELCO shall lodge any objections within five days of DMF's lodging.  DMF
23 shall not file any further response.

24 ///
25 ///
26 ///
27 ///
28

3

## III. REMAINING MATTERS

At the Court's direction, the parties filed a joint status report concerning remaining, post-trial matters. See Status Report, Docket No. 839.[1] The Court addresses those matters.

13. The Court addressed DMF's request for a response to ELCO's objections to the proposed final judgment above. See ¶ 12, supra.

14. **Injunction Motion.** The parties agree that the Court must decide the injunction motion before entering final judgment. See Status Report, Docket No. 839 at 3 and 8. They agree on the briefing schedule. See id. Accordingly, the Court defers entering final judgment pending resolution of the injunction motion. Consistent with their agreement, the parties shall brief the injunction motion as follows:

- DMF's Opening Brief is due on October 7, 2024
- ELCO's Opposition Brief is due on November 11, 2024
- DMF may file a reply on or before December 2, 2024
- ELCO may file a sur-reply on or before December 16, 2024

15. **Rule 52(b) Motions.** The entry of a judgment triggers the applicable deadlines for Rule 52(b) motions. Fed. R. Civ. P. 52(b). The Court has not yet issued a final judgment in this matter. Accordingly, the Court declines to set a briefing schedule for Rule 52(b) motions. The parties shall brief those motions, if desired, in accordance with the applicable rules following entry of final judgment.

16. **Exceptional Case Status Determination**. ELCO asks that the Court determine whether this case is exceptional before entering final judgment. Status Report, Docket No. 839 at 9. ELCO indicates that unless the Court awards fees, it has little incentive to continue litigation in this matter through the appeal stage. Id. Thus,

---

[1] The parties filed an initial status report, available at Docket No. 836. The parties then sought an extension to accommodate further review of the objections to the proposed final judgment. See Docket No. 839. They then filed an additional status report, available at Docket No. 839. The Court considers only the latter status report herein. Additionally, the briefing discusses squabbles between the parties concerning the process of preparing the Status Report. Id., fn.7; see also id., at 8 and fn.8. This material does not interest or aid the Court. The parties shall limit further briefing to only relevant and helpful material.

1  ELCO would like an early determination on this issue to inform its strategy.  The Court
2  will resolve any fee motions consistent with the applicable rules, discussed below.  Still,
3  to aid the parties, the Court offers the following guidance.

4       17.    An exceptional case "stands out from others with respect to the substantive
5  strength of a party's litigating position (considering both the governing law and the facts
6  of the case) or the unreasonable manner in which the case was litigated." <u>Octane</u>
7  <u>Fitness, LLC v. ICON Health & Fitness, Inc.</u>, 572 U.S. 545, 545 (2014).  Tentatively, the
8  Court would not find the strength of either party's litigation position particularly strong
9  or weak here.  In fact, as to liability the Court found for DMF as to some claims and for
10 ELCO as to other claims.  <u>See</u> <u>generally</u>, FFCL.  Additionally, the Court would
11 tentatively fault both parties for the unreasonable manner in which this case was
12 litigated.  Accordingly, the Court is highly unlikely to award fees here.  Of course, the
13 Court will consider and rule upon a fee motion, should DMF choose to file one.  The
14 views expressed herein are tentative.  Still, the Court would urge DMF to carefully
15 consider whether filing such a motion is prudent given the outcome and the manner in
16 which it litigated this case.

17      18.    **<u>Timing of Attorney Fee Motions</u>**.  The entry of a final judgment also
18 triggers the applicable deadlines for filing a motion for attorneys' fees unless the Court
19 imposes some other deadline. Fed. R. Civ. P. 54(d)(2)(B).  Again, the Court has not yet
20 issued a final judgment in this matter.  Accordingly, the Court declines to set a briefing
21 schedule for fee motions. Additionally, the Court acknowledges that it should resolve
22 any Rule 52(b) motions before ruling on any fee motions.  Accordingly, to the extent the
23 parties file both Rule 52(b) motions and fee motions following entry of final judgment,
24 the Court will first rule on the Rule 52(b) motions and then on the fee motions.  To the
25 extent the parties can agree on a briefing schedule for these motions, the parties may file
26 a stipulation asking the Court to adopt their agreed upon briefing schedule.  If the parties
27
28

cannot agree upon a briefing schedule, they shall brief these motions in accordance with the applicable rules.

19. **Costs.**  The applicable rules require that the parties file the bill of costs and any motions to shift costs simultaneously, 14 days after entry of final judgment.  Again, the entry of the final judgment triggers these events, and again, the Court has not yet issued a final judgment in this matter.  Accordingly, the Court declines to set any briefing schedule for the bill of costs or motions to shift costs.  The parties shall file the bill of costs and any motions to shift costs, if desired, in accordance with the applicable rules.  The Court declines to address the parties' substantive arguments concerning the appropriateness of costs at this time.

20. **Prevailing Party Determination.**  The fact that the Court held a protracted bench trial on willfulness in the hopes of promoting settlement is not relevant here.  Ultimately, there is no willful infringement without an underlying infringement finding.  Thus, AMP Plus cannot be the prevailing partly solely because the Court determined its infringement was not willful.  The Court found that AMP Plus infringed several claims of the '266 Patent.  Accordingly, as between DMF and AMP Plus, DMF is the prevailing party.  As between DMF and ELI, ELI is the prevailing party.  The Court requires no further briefing on this issue.

21. To the extent the Status Report includes substantive argument regarding remaining issues, the Court declines to consider that material.  Both parties will have a full and fair opportunity to brief any remaining issues, consistent with the rulings herein.

**VI.  CONCLUSION**

In accordance with the foregoing, the Court orders as follows:

1. The parties shall brief the Injunction Motion following the schedule provided above.

///

///

2. DMF shall lodge a revised, proposed final judgment within three days of the Court's rulings on the Injunction Motion. ELCO shall lodge any objections within five days of DMF's lodging.

3. The parties shall brief any remaining motions following the entry of final judgment, consistent with the applicable rules.

IT IS SO ORDERED.

Dated: August 29, 2024

*Christina A. Snyder*

Christina A. Snyder
UNITED STATES DISTRICT JUDGE